# EXHIBIT "2"

424B3 1 d424b3.htm CARDIAC SCIENCE PROSPECTUS SUPPLEMENT

| | |
|---|---|
| **PROSPECTUS SUPPLEMENT NO. 1** | Filed Pursuant to Rule 424(b)(3) |
| (To Prospectus Dated December 19, 2003) | Registration No. 333-110898 |

# CARDIAC SCIENCE, INC.

## 26,638,319 Shares of Common Stock
## ($0.001 par value)

This prospectus supplement supplements information contained in that certain prospectus dated December 19, 2003 of Cardiac Science, Inc., relating to the offer and sale from time to time of up to (i) 12,483,334 shares of our outstanding common stock and (ii) 14,154,985 shares of our common stock issuable upon exercise of warrants, which are held by certain stockholders and warrant holders named in the prospectus under the section entitled "Selling Stockholders." This prospectus supplement is not complete without, and may not be delivered or utilized except in connection with, the prospectus, including any amendments or supplements thereto. Capitalized terms used in this prospectus supplement but not defined shall have the meanings assigned to such terms in the prospectus.

Subsequent to the date of the prospectus, an aggregate of 7,534,911 shares of our common stock set forth in the prospectus as being owned by Complient Corporation were assigned to certain of Complient Corporation's stockholders in connection with Complient Corporation's plan of liquidation and dissolution. The following table amends and restates in its entirety the table set forth in the prospectus under the caption "Selling Stockholders" to reflect the foregoing assignments (no additional shares of our common stock are being offered for resale hereunder):

| Selling Stockholder | Number of Shares of Common Stock Beneficially Owned Prior to Offering(1) | Number of Shares of Common Stock Offered for Sale Hereunder | Number of Shares of Common Stock Beneficially Owned Assuming Sale of All Shares offered Hereunder | Percentage of Common Stock Beneficially Owned Assuming Sale of All Shares Offered Hereunder |
|---|---|---|---|---|
| Perseus Acquisition/ Recapitalization Fund, LLC(2) | 5,731,039 | 5,731,039 | — | * |
| Perseus Market Opportunity Fund, LP(3) | 5,334,109 | 5,334,109 | — | * |

| | | | | |
|---|---|---|---|---|
| Cardiac Science Co-Investment, LP(4) | 2,086,504 | 2,086,504 | — | * |
| Complient Corporation | 1,690,089 | 1,690,089 | — | * |
| Embassy & Co.(5) | 1,025,000 | 1,025,000 | — | * |
| Walter Villiger(6) | 1,454,979 | 495,000 | 959,979 | 1.2% |
| Langley Partners L.P.(7) | 1,411,667 | 1,411,667 | — | * |
| Thomas Girschweiler(8) | 990,000 | 495,000 | 495,000 | * |
| General Electric Medical Information Systems(9) | 750,000 | 750,000 | — | * |
| Truk Opportunity Fund L.L.C.(10) | 55,000 | 55,000 | — | * |
| Allen & Caron, Inc.(11) | 24,000 | 24,000 | — | * |
| Matt Clawson(12) | 9,000 | 6,000 | 3,000 | * |
| County Line Limited, L.L.C.(13) | 65,118 | 65,118 | — | * |
| Medtronic Physio-Control Corp.(13) | 145,835 | 145,835 | — | * |
| J.P. Morgan Partners (BHCA), L.P.(13) | 1,776,817 | 1,776,817 | — | * |
| Healthcare Equity Partners, L.P.(13) | 80,944 | 80,944 | — | * |
| Healthcare Equity QP Partners, L.P.(13) | 247,430 | 247,430 | — | * |
| Healthcare Equity CPR, L.L.C.(13) | 3,447 | 3,447 | — | * |
| Great Lakes Capital Investments II, | 14,716 | 14,716 | — | * |

| | | | | |
|---|---:|---:|---:|---:|
| L.L.C.(13) | | | | |
| Great Lakes Capital Investments III, L.L.C.(13) | 11,335 | 11,335 | — | * |
| Great Lakes Capital Investments IV, L.L.C.(13) | 7,444 | 7,444 | — | * |
| National City Equity Partners, Inc.(13) | 189,187 | 189,187 | — | * |
| The Kindt-Collins Company LLC(13) | 550,525 | 550,525 | — | * |

(Continued from prior page)

| Selling Stockholder | Number of Shares of Common Stock Beneficially Owned Prior to Offering(1) | Number of Shares of Common Stock Offered for Sale Hereunder | Number of Shares of Common Stock Beneficially Owned Assuming Sale of All Shares offered Hereunder | Percentage of Common Stock Beneficially Owned Assuming Sale of All Shares Offered Hereunder |
|---|---|---|---|---|
| Marvin Marks(13) | 19,444 | 19,444 | — | * |
| Stephen W. and Barbara Schuman(13) | 1,646 | 1,646 | — | * |
| Laura McKenna(13) | 15,967 | 15,967 | — | * |
| PineTree Co. Ltd.(13) | 127,622 | 127,622 | — | * |
| Sells Investment Co.(13) | 1,719 | 1,719 | — | * |
| Boake A. Sells Trust dtd. 12/14/88(13) | 121,865 | 121,865 | — | * |
| John W. Dorsey(13) | 4,861 | 4,861 | — | * |
| Brenton P. Cook, Trustee, Brenton P. Cook Trust dtd. 6/28/99(13) | 740 | 740 | — | * |
| McDonald Investments Inc. C/FBO John J. Meilner IRA A/C 85879052 dtd. 6/6/96(13) | 1,042 | 1,042 | — | * |
| Wayne Van Dam(13) | 740 | 740 | — | * |
| Cleveland Clinic Foundation(13) | 72,917 | 72,917 | — | * |

| | | | | |
|---|---:|---:|---:|---:|
| GS Capital Partners III, L.P.(13) | 1,305,010 | 1,305,010 | — | * |
| GS Capital Partners III Offshore, L.P.(13) | 358,763 | 358,763 | — | * |
| Goldman Sachs & Co. Verwaltungs GmbH(13) | 60,246 | 60,246 | — | * |
| Stone Street Fund 2000, L.P.(13) | 164,193 | 164,193 | — | * |
| Bridge Street Special Opportunities Fund 2000, L.P.(13) | 82,096 | 82,096 | — | * |
| Seligman New Technologies Fund, Inc.(13) | 63,607 | 63,607 | — | * |
| Seligman Investment Opportunities (Master) Fund—NTV Portfolio(13) | 32,504 | 32,504 | — | * |
| Seligman Investment Opportunities (Master) Fund—NTV II Portfolio(13) | 195,559 | 195,559 | — | * |
| BancBoston Capital, Inc.(13) | 636,050 | 636,050 | — | * |
| Roundwood Capital L.P.(13) | 48,612 | 48,612 | — | * |
| Roundwood Capital II L.P.(13) | 48,612 | 48,612 | — | * |

| | | | | |
|---|---:|---:|---:|---:|
| Key Principal Partners LLC(13) | 722,692 | 722,692 | — | * |
| R. Louis Schneeberger(13) | 20,694 | 20,694 | — | * |
| Frank D. Gruttadauria(13) | 9,197 | 9,197 | — | * |
| Charles W. Walton(13) | 25,760 | 25,760 | — | * |
| Jack A. Staph(13) | 9,722 | 9,722 | — | * |
| Marvin Solganik(13) | 9,722 | 9,722 | — | * |
| Calfee, Halter & Griswold LLP(13) | 9,722 | 9,722 | — | * |
| Thomas R. Kully(13) | 7,292 | 7,292 | — | * |
| NonQuitt Partners(13) | 9,722 | 9,722 | — | * |
| Clark Callander(13) | 9,467 | 9,467 | — | * |
| Dominique Sémon(13) | 972 | 972 | — | * |
| Thomas G. Kelly(13) | 2,429 | 2,429 | — | * |
| Jeanne Chung(13) | 1,458 | 1,458 | — | * |
| Thomas W. Killilea(13) | 487 | 487 | — | * |
| Sheryl Skolnick(13) | 973 | 973 | — | * |
| Peter McNierney (13) | 1,944 | 1,944 | — | * |
| Cleveland Pacific Equity Partners I, L.P.(13) | 97,223 | 97,223 | — | * |
| EPKO Investment, Inc.(13) | 24,306 | 24,306 | — | * |
| Alain M. Oberrotman(13) | 6,448 | 6,448 | — | * |
| Robert A. Lauer(13) | 21,748 | 20,748 | 1,000 | * |
| David Strang(13) | 32,194 | 32,194 | — | * |

| | | | | |
|---|---:|---:|---:|---:|
| Moxahela Enterprises, LLC(13) | 55,126 | 55,126 | — | * |
| Totals: | 28,097,298 | 26,638,319 | 1,458,979 | 1.8% |

\*  Indicates less than one percent (1%).

(1) "Prior to Offering" means prior to the offering by the selling stockholders of the securities registered under this S-3 for resale.

(2) Pursuant to that certain Senior Note and Warrant Purchase Agreement dated as of May 29, 2002 (the "Purchase Agreement"), Perseus Acquisition/Recapitalization Fund, LLC purchased (i) warrants to purchase 4,357,657 shares of our common stock at an exercise price of $3.00 as adjusted (ii) warrants to purchase 1,318,911 shares of our common stock at an exercise price of $3.96 as adjusted, (iii) warrants to purchase 43,577 shares of our common stock an exercise price of $4.61 as adjusted and (iv) warrants to purchase 10,894 shares of our common stock an exercise price of $1.75 as adjusted. All of the warrants are exercisable until May 30, 2009. The shares underlying the warrants are included in the registration statement of which this prospectus is a part. Ray E. Newton, III is a managing director of Perseus, LLC, is also a member of our board of directors.

(3) Pursuant to the Purchase Agreement, Perseus Market Opportunity Fund, LP, purchased (i) warrants to purchase 4,055,847 shares of our common stock at an exercise price of $3.00 as adjusted (ii) warrants to purchase 1,227,564 shares of our common stock at an exercise price of $3.96 as adjusted, (iii) warrants to purchase 40,558 shares of our common stock at an exercise price of $4.61 as adjusted and (iv) warrants to purchase 10,140 shares of our common stock at an exercise price of $1.75 as adjusted. All of the warrants are exercisable until May 30, 2009. The shares underlying the warrants are included in the registration statement of which this prospectus is a part. Ray E. Newton III is a managing director of Perseus, LLC, and is also a member of our board of directors.

(4) Pursuant to the Purchase Agreement, Cardiac Science Co-Investment, LP, purchased (i) warrants to purchase 1,586,496 shares of our common stock at an exercise price of $3.00 as adjusted, (ii) warrants to purchase 480,177 shares of our common stock at an exercise price of $3.96 as adjusted, (iii) warrants to purchase 15,865 shares of our common stock an exercise price of $4.61 as adjusted and (iv) warrants to purchase 3,966 shares of our common stock at an exercise price of $1.75 as adjusted. All of the warrants are exercisable until May 30, 2009. The shares underlying the warrants are included in the registration statement of which this prospectus is a part. Ray E. Newton III is a managing director of Perseus, LLC, and is also a member of our board of directors.

(5) Embassy & Co. is holding the shares as nominee for U.S. Bank N.A. in its capacity as escrow agent for the benefit of Complient Corporation.

(6) Represents 1,409,979 shares of common stock and warrants to purchase 45,000 shares of common stock at $5.00.

(7) Represents 1,283,334 shares of common stock and warrants to purchase 128,333 shares of common stock at $5.00.

(8) Represents 945,000 shares of common stock and warrants to purchase 45,000 shares of common stock at $5.00.

(9) Pursuant to a development agreement, we issued GE a warrant to purchase 750,000 shares of our common stock with an exercise price of $3.00 per share.

(10) Represents 50,000 shares of common stock and warrants to purchase 5,000 shares of common stock at $5.00.

(11) Represents warrants to purchase 12,000 shares of common stock at $1.80 and 12,000 at $3.27. Allen & Caron, Inc. provides corporate communication services to us and is compensated partly through warrants to purchase shares of our common stock.

(12) Represents warrants to purchase 3,000 shares of common stock at $1.80, 3,000 at $3.27 and 3,000 at $2.00. Matt Clawson is an employee of Allen & Caron, Inc., which provides corporate communication services to us and is compensated partly through warrants to purchase shares of our common stock.

(13) Represents shares of common stock assigned by Complient Corporation to certain of its stockholders, respectively, pursuant to an assignment instrument dated January 20, 2004, as amended March 19, 2004, in connection with Complient Corporation's plan of liquidation and dissolution. Prior to the delivery of any shares to a Complient Corporation stockholder, such stockholder shall have entered into a lock-up agreement that provides for, among other things, a proportionate monthly release of a portion of the stockholder's shares from lock-up over an 8-month period ending on or about November 14, 2004.

---

All information in this prospectus supplement is as of March 31, 2004.

---

**The date of this prospectus supplement is March 31 2004.**

**EXHIBIT "3"**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant ) | **AFFIDAVIT OF**<br>**DONALD C. HUTCHINS** |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1. I am over 18 years of age and have personal knowledge of the matters attested to herein.

2. I believe that I am likely to succeed on the merits of this case because Cardiac Science, owed a duty to me and all the parties to use due diligence in the purchase of my intellectual properties as part of the purchase of Complient. Cardiac Science was negligent in not reading or understanding the Patent License Agreement. As of this date I have received no notification from the Complient Corporation or Cardiac Science, Inc. regarding the sale, patent royalty payments, patent transfer or any other notification required in the Patent License Agreement.

3. If I am not granted the relief that has been requested, I will suffer irreparable harm. If the Court's restraining order is either denied or delayed, all the common stock involved in the Complient purchase will be disbursed. Complient Corporation will be dissolved. As a consequence, it will be impossible for me to

       track down and retrieve damages from the 60 individual stockholders. After years of litigation, the only possible relief could come from a judgment for damages against Cardiac Science. At that time Cardiac Science may not have the ability to pay damages due to lack of working capital. *Price, Waterhouse* questions if Cardiac Science will continue to be an ongoing concern.

4.     The only reliable source of funds to pay for my damages are currently in the "lock-up" trust.

5.     The Restraining Order that I seek will not harm the Defendant in any way. A review of the facts will show that irreparable harm to me far outweighs any harm that may be suffered by Cardiac Science. This Court Order will give Cardiac Science the time and opportunity to review the due diligence in conjunction with Complient. A fresh look should furnish both Complient as seller and Cardiac Science as buyer, the opportunity to meet the obligations to me as found in the Patent License Agreement.

       For all of the foregoing reasons, the Plaintiff's Motion for an Ex Parte, Emergency Temporary Restraining Order should be granted.

           FURTHER AFFIANT SAYETH NAUGHT.

                             *[signature]*
                             DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 17th day of August, 2004

                        *Johanna Rivera*
                        NOTARY PUBLIC
                        Commission Expires March 31, 2011