### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

          Plaintiff,                  Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,

          Defendant.

_____

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS
### MOTION FOR A TEMPORARY RESTRAINING ORDER

### INTRODUCTION

Plaintiff's August 18 motion for a temporary restraining order should be denied. First, Plaintiff does not have a likelihood of prevailing on the merits, as evidenced by Cardiac Science Inc.'s ("Cardiac Science") Rule 12(b) motion to dismiss. Second, Plaintiff would not be irreparably harmed by a failure to grant the motion because this court does not have Jurisdiction to impact the lock-up agreement between Cardiac Science and Complient Corporation.

### ARGUMENT

Plaintiff has failed to establish the requirements for a grant of a temporary restraining order. Plaintiff does not have a likelihood of success on the merits and Plaintiff will suffer no irreparable harm. In light of Plaintiff's small chances of winning the case and lack of harm from not granting the motion, the motion should be denied.

## I.    <u>PLAINTIFF IS UNLIKELY TO PREVAIL ON THE MERITS OF THE CASE</u>

As more fully argued in Cardiac Science's attached Memorandum of Law in Support of its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Plaintiff has not stated any claims upon which relief can be granted and this Court does not even have jurisdiction to hear several of his claims.  Counts I, II, and III of Plaintiff's Complaint should be dismissed because Plaintiff did not meet the conditions precedent in the June 1, 1994 licensing agreement to reclaim his intellectual property, so Cardiac Science is the exclusive licensee of the intellectual property at issue and cannot be an infringer.  The negligence counts in the Complaint, Counts IV and V, should be dismissed because Plaintiff has not demonstrated that Cardiac Science owed him a duty and Cardiac Science is not the proximate cause of his alleged damage.  The breach of contract claim, Count VI, should be dismissed because Plaintiff failed to provide the notice of breach required by the June 1, 1994 agreement.  Counts I, II, III, and VI should also be dismissed because this Court lacks jurisdiction to adjudicate whether there has been a breach of the June 1, 1994 license agreement according to the terms of the agreement.  As Cardiac Science's motion demonstrates, all of Plaintiff's claims should be dismissed and therefore he is not likely to succeed on the merits of the case.

## II.    <u>PLAINTIFF WILL NOT BE HARMED IF THE TEMPORARY RESTRAINING ORDER IS DENIED</u>

Plaintiff misinterprets the nature of the lock-up agreement between Cardiac Science and Complient Corporation and the requested temporary restraining order would not prevent any perceived harm.  Plaintiff's requested order would restrain Cardiac Science from disbursing any lock-up installments.  However, Cardiac Science has long since transferred the required shares under the lock-up agreement to Compliant.  There is no ongoing transfer of "lock-up" shares from Cardiac Science to Complient pursuant to the lock up agreement and thus nothing to enjoin.

The shares were transferred at the outset, and the lock-up agreement merely prevents Complient from selling all of its acquired shares at once. (Exhibit 1, p.1 ¶ 4).  Complient can only sell its shares according to a prescribed schedule in the lock-up agreement.  (Exhibit 1, p. 10).  Any order to prevent the transfer of shares pursuant to the lock-up agreement would therefore have to be issued against Complient, a non-party to this action.  Such an order against Cardiac Science would accomplish nothing and prevent no harm to Plaintiff, so the motion for a temporary restraining order should be denied.

## CONCLUSION

Plaintiff has failed to establish: (1) a likelihood of success on the merits and (2) that he will be irreparably harmed by a failure to grant a temporary restraining order.  Therefore, his motion should be denied.

Respectfully submitted,

**CARDIAC SCIENCE, INC.**

Dated:  August 20, 2004

Randall T. Skaar
Scott G. Ulbrich
**PATTERSON, THUENTE, SKAAR**
**& CHRISTENSEN, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

By:    /s/Paul H. Rothschild
         Paul H. Rothschild
         **BACON & WILSON P.C.**
         33 State Street
         Springfield, MA 01103
         Phone: (413) 781-0560
         Fax: (413) 739-7740
         BBO#  431100

### CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on the 20th day of August , 2004, I caused a copy of the foregoing  Defendant's Memorandum of Law in Opposition to Plaintiffs Motion For a Temporary Restraining Order to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to: Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, MA   01106.

/s/Paul H. Rothschild
PAUL H. ROTHSCHILD