UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,
           Plaintiff,                          Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,
           Defendant.

_____

**DEFENDANT'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

      This Memorandum of Law is submitted in order to amend certain factual reference errors inadvertently included in Defendant's Memorandum of Law filed last Friday, August 20, 2004. The present Memorandum is a complete replacement for the previously filed Memorandum.

**INTRODUCTION**

      Defendant Cardiac Science, Inc. ("Cardiac Science") seeks dismissal of the claims in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because many of the claims are ultimately subject to a mandatory and binding arbitration clause. However, even without the consideration of Arbitration, the Plaintiff has not pled sufficient material facts to sustain any claim for relief under the identified legal theories.

      Plaintiff's claims for patent and copyright infringement (I, II and III) must fail because Cardiac Science is the exclusive licensee to the intellectual property allegedly infringed. Plaintiff has not pled sufficient facts to show that he satisfied the condition precedent of re-claiming his intellectual property in order to have standing to bring an infringement suit.

Plaintiff's complaint must also be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because there is no jurisdiction to decide the condition precedent (breach of contract) to the stated causes of action.

Though not clearly pled, Plaintiff cannot maintain an action for infringement of U.S. Patent No. 5,913,685, if that is his intent, because he does not plead that Cardiac Science ever committed an infringing act.

Plaintiff's negligence causes of action (IV and V) cannot survive because he has not pled sufficient facts to show that Cardiac Science's owed any duty of care to Plaintiff, breached any owed duty, that Cardiac Science is the proximate cause of any claimed damages, or that Plaintiff was in fact damaged. In fact, Plaintiff's claim for damages is based upon an alleged breach of contract between Plaintiff and another entity that is not a party to this lawsuit.

Plaintiff's breach of contract claim (VI) must also be dismissed, even if one assumes Cardiac Science is now the "licensee" under the June 1, 1994 license agreement, because Plaintiff has not shown or alleged that he gave the required notice of breach under the terms of the license and because any breach dispute is subject to mandatory and binding arbitration. Cardiac Science, therefore, requests this Court to dismiss all counts of Plaintiff's Complaint.

## FACTUAL BACKGROUND

Plaintiff licensed the intellectual property at issue on June 1, 1994 to County Line Limited ("Hutchins License"). (Exhibit 1). On September 19, 1994 an "Agreement of Limited Partnership" was executed in order to establish an affiliate to whom the June 1, 1994 license rights were transferred pursuant to § 3.10 of the License. (Exhibit 2). County Line Limited had a 99% partnership interest in the affiliate, CPR Limited Partnership. (Exhibit 2, p. 13). Complient Corporation became the eventual successor to County Line Limited. Cardiac Science

2

acquired rights to the Hutchins License and specific assets of Complient by way of an October 21, 2003 asset purchase agreement. The asset purchase agreement did not include the transfer of Complient's partnership interest in CPR Limited Partnership.

## ARGUMENT

I. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) BECAUSE HE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

   A. **RULE 12(b)(6) LEGAL STANDARD**

A claim may be dismissed under Rule 12(b)(6) if Plaintiff fails to allege sufficient facts to support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). Under Rule 12(b)(6), all allegations in the complaint are to be treated as true and all reasonable inferences therefrom drawn in favor of the plaintiff. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). "[A[ plaintiff . . . is nonetheless required to set forth factual allegations, either direct or inferential, *respecting each material element necessary to sustain recovery under some actionable legal theory*." Id. at 998 (emphasis original). "The pleading requirements, though 'minimal,' are not 'non-existent.'" Id.

   B. **THE COPYRIGHT AND PATENT INFRINGEMENT COUNTS (I, II AND III) SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT MET THE CONDITIONS PRECEDENT TO RE-CLAIMING HIS INTELLECTUAL PROPERTY.**

Plaintiff claims that Cardiac Science infringes his copyrights and re-issue Patent RE34,800. These allegations assume that Plaintiff has the requisite ownership and right to have proper standing to bring suit. He does not. According to his Complaint, Complient Corporation ("Complient") received exclusive license rights to the CPR Prompt copyrights (¶ 9) and RE34,800 (¶ 7) by way of a June 1, 1994 License Agreement. (¶ 13). The June 1, 1994 license

3

specifies a specific procedure that must be followed in order to reclaim the intellectual property, which Plaintiff does not follow allege he followed. (Exhibit 1).[1]

Plaintiff claims in ¶¶ 11-13 of the Complaint that Complient was in breach of the June 1, 1994 license by late summer of 2003. Plaintiff then alleges he "reclaimed" his intellectual property. (¶ 13). First, Plaintiff allegations of a Complient breach in the summer of 2003 and his subsequent reclaiming of the intellectual property are put into dispute by Plaintiff's factual statement that Complient submitted a Royalty check pursuant to the license to Plaintiff in *December* of 2003. (See ¶ 30 and Exhibit K). Plaintiff's own pleading establishes that Complient did not act consistent with Plaintiff's allegation that he took back the intellectual property in issue.

Second, even assuming that Complient was in breach, Plaintiff does not allege or establish that he followed the proper termination requirements of §8.2 of the June 1, 1994 exclusive license agreement. To cancel, Plaintiff must first provide the required notice of a material breach. (Exhibit 1, § 8.2). Then Complient would have had 90 days to cure. Id.

Plaintiff does not allege what, if any, attempts he made to provide notice of a material breach. Plaintiff's allegation that Complient was no longer in business is contradicted by the fact that he received a December 2003 royalty check from Complient. (See ¶ 30 and Exhibit K). Plaintiff's allegation that he attempted to contact Complient and thereafter reclaimed his intellectual property is inconsistent with Complient's continuing payment of royalties to Plaintiff, and does not support Plaintiff's allegation that he had terminated the license agreement.

---

[1] Plaintiff neglected to attach a copy of this agreement to his Complaint, so Cardiac Science provides it herewith as Exhibit 1. A Court may consider documents outside the Complaint for Rule 12(b)(6) motions, under a limited exception, when those documents are "central to plaintiff's claim; or . . . documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Here, the June 1, 1994 License agreement is both central to Plaintiff's claims and specifically referenced in the Complaint.

The facts as plead by Plaintiff more squarely support the proposition that the June 1, 1994 license agreement is still in effect, which is fatal to Plaintiff's case.

Plaintiff also alleges that Cardiac Science acquired the June 1, 1994 license rights to the Hutchins intellectual property as a result of an October 21, 2003 asset purchase. (¶ 18). Assuming this is true, Cardiac Science is the exclusive licensee to the very same intellectual property that Cardiac Science is alleged to have infringed.[2]  Levin v. Ripple Twist Mills, Inc., 416 F.Supp 876, 879 (E.D. PA. 1976) ("A patentee cannot assert an infringement claim against his licensee with respect to the patent licensed under a subsisting agreement." "If the Agreement is still in force it is a total and complete defense . . ."). Plaintiff cannot, therefore, state a claim upon which relief can be granted because establishing the breach by Complient is a condition precedent to suing Cardiac Science as an unlicensed entity.

    **C.    ALL CLAIMS OF INFRINGEMENT OF U.S. PATENT 5,913,685 SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS MADE NO ALLEGATIONS OF ACTUAL INFRINGEMENT.**

Plaintiff does not make specific reference to infringement of U.S. Patent 5,913,685 ("the '685 Patent") in either Count II or III of the Complaint, but does reference the '685 in his prayer for relief. Even if Plaintiff's Complaint is construed to have made a cognizable claim for infringement of the '685 Patent, such claim must fail. 35 U.S.C. § 271 limits claims of infringement to acts of making, using or selling the patented invention or actively inducing others to do the same. *See* 35 U.S.C. § 271(a) & (b). Plaintiff's only allegation with respect to the '685 Patent is that Cardiac Science "expected to use" the '685 Patent. (¶ 17). Intent to use is not an act of making, using or selling. Plaintiff's claim, if any, is therefore premature. Plaintiff's

---

[2] This same reasoning also applies to the extent that Plaintiff has a cognizable claim for Trademark infringement.

claim must be dismissed in regards to the '685 Patent because there can be no infringement without an infringing act under the statute.

### D. PLAINTIFF'S NEGLIGENCE CLAIMS (IV AND V) SHOULD BE DISMISSED BECAUSE HE HAS NOT PLED ALL OF THE REQUIRED ELEMENTS OF A NEGLIGENCE CAUSE OF ACTION.

Counts IV and V in the Complaint are based upon a negligence theory. Under Massachusetts law, "a plaintiff must show by preponderance of evidence (1) legal duty owed by defendant to plaintiff, (2) breach of that duty, (3) proximate or legal cause, and (4) actual damage or injury. Primus v. Galgano, 329 F.3d 236, 241 (1st Cir. 2003) (quoting Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522 (1st Cir. 1990)). Plaintiff's negligence claims must fail because he has not pled sufficient facts to establish that Cardiac Science owes a duty of care to Plaintiff, that Cardiac Science is the proximate cause of the claimed damages, or that Plaintiff was in fact damaged.

#### 1. Cardiac Science Does Not Owe Plaintiff A Duty Of Care

Plaintiff has not pled a legally recognizable duty of care that Cardiac Science owed to Plaintiff. Any obligations that Cardiac Science might owe to Plaintiff pursuant to the transactions at issue in this case would be contractual in nature only, and thus would not give rise to any cause of action for negligence.

In Count IV, Plaintiff claims that Cardiac Science breached a duty to Plaintiff to demand that Complient notify him of the pending acquisition. Plaintiff does not identify the basis for alleging that Cardiac Science had the legal duty to compel Complient's notice.

In Count V, Plaintiff claims that Cardiac Science breached a duty to Plaintiff by failing to adequately inspect a September 19, 1994 "license" agreement between two parties not in this case.[3] Cardiac Science is unaware of a recognized legal duty owed to Plaintiff to "adequately inspect" an agreement to which Plaintiff was not even a party. Cardiac Science cannot have breached a duty that does not exist at law. Plaintiff's negligence claims cannot be sustained because he has failed to show that Cardiac Science owed him a duty of care. See Spinner v. Nutt, 631 N.E.2d 542, 544 (Mass. 1994).

      2.      Cardiac Science Is Not The Proximate Cause Of Plaintiff's Alleged Damages.

Plaintiff also failed to state a negligence cause of action because Cardiac Science was not the proximate cause of the alleged damages. Plaintiff claims he was damaged by not receiving 7.5% of the proceeds of Complient's sale of certain assets to Cardiac Science. (¶ 51). Plaintiff claims that he is owed a portion of Complient's monetary consideration pursuant to the June 1, 1994 License Agreement between Plaintiff and County Line Limited. (¶ 51). That license agreement, however, states that **County Line** (now Complient) is the party possessing the duty to pay Plaintiff if certain events were to occur. (Ex. 1, § 3.10). Therefore, Complient, if anyone, is the proximate cause of Plaintiff's alleged damages, not Cardiac Science. Plaintiff also fails to plead that Cardiac Science ever assumed Complient's responsibility to compensate Plaintiff, which it did not do. Therefore, Cardiac Science is not the proximate cause of Plaintiff's damages and his negligence claims should be dismissed.

---

[3] The alleged "license agreement" is actually a partnership agreement, which is attached as Exhibit 2 to the present motion.

      3.      Plaintiff Has Not Been Damaged

Plaintiff further failed to plead sufficient facts to demonstrate that he has, in fact, been damaged. Only the occurrence of the sale of any or all of the partnership interest of CPR Limited to any person or entity which is not an Affiliate of its partners will trigger the 7.5% clause in the June 1, 1994 license. Plaintiff has not pled that this triggering event ever occurred. In the absence of this triggering event, Plaintiff is not entitlement to his claimed 7.5%. Plaintiff's damages allegation, therefore, is premature. Consequently, his claims must fail.

      E.      **COUNT VI OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO PROVIDE THE REQUIRED NOTICE OF BREACH AS REQUIRED BY THE TERMS OF THE LICENSE**

Even if one assumes Cardiac Science is now the "licensee" under the June 1, 1994 license agreement, Plaintiff's breach of contract claim must be dismissed because Plaintiff has not provided the required notice of breach under the terms of the license. Sections 8.2 and 9.1 of the June 1, 1994 License Agreement require the licensor to provide formal notice of any material breach, which then triggers an opportunity to cure. (Ex. 1, §§ 8.2 and 9.1). Plaintiff has not alleged that he has provided such notice, and thus cannot maintain an action against Cardiac Science for breach of contract even if Cardiac Science is the licensee under the agreement.

**II.**      **COUNTS I, II, III AND VI SHOULD ALSO BE DISMISSED UNDER 12(b)(1) BECAUSE THIS COURT LACKS JURISDICTION TO ADJUDICATE WHETHER THERE HAS BEEN A BREACH OF THE JUNE 1, 1994 LICENSE AGREEMENT.**

Each of counts I, II, III and VI is predicated upon the allegation that the June 1, 1994 license agreement has been breached. Plaintiff's own Complaint puts this allegation into question. Plaintiff's claims in his Complaint that he had not received any royalty payments from Complient "since late summer in 2003", and that Complient was therefore in breach of their agreement. (¶ 11). He claims that he then reclaimed his intellectual property. (¶ 13). His

complaint puts these assertions into dispute, however, because Exhibit K is a royalty payment from Complient paid in December of 2003. (¶ 30 and Ex. K). If Complient was not in breach of the agreement before December 2003, then Plaintiff could not have reclaimed his intellectual property before the October 2003 asset sale to Cardiac Science. (¶ 32). There is no reason that Complient would send Hutchins a royalty check in December of 2003 or sell certain assets to Cardiac Science in October of 2003 if it believed Hutchins took back the intellectual property rights transferred by the license agreement. Therefore, there is a clear dispute under the June 1, 1994 license agreement.

All disputes under the June 1, 1994 license agreement must be submitted to and settled by arbitration pursuant to § 9.4 of the agreement. The arbitration is to be held in Cleveland Ohio and must apply Ohio law. §§ 9.4 and 9.6. Because arbitration is mandatory and binding, this Court lacks subject matter jurisdiction to decide the disputed breach issues pursuant to (CITE FAA and precedent). The infringement counts are statutory causes of action that only become ripe after a determination on the breach issue has been made by the arbiter. This court should, therefore, dismiss or stay these claims pending the arbiter's decision. The disputed issue of breach per Count VI is wholly contained within the arbitration. Therefore, Count six should be dismissed with prejudice.

## CONCLUSION

All of Plaintiff's claims should be dismissed. Counts I, II, and III should be dismissed because Plaintiff did not meet the conditions precedent in the June 1, 1994 licensing agreement to reclaim his intellectual property, so Cardiac Science is the exclusive licensee of the intellectual property at issue and cannot be an infringer. Counts IV and V should be dismissed because Plaintiff has not demonstrated that Cardiac Science owed him a duty and Cardiac

9

Science is not the proximate cause of his alleged damage. Count VI should be dismissed because Plaintiff failed to provide the notice of breach required by the June 1, 1994 agreement. Counts I, II, III, and VI should also be dismissed because this Court lacks jurisdiction to adjudicate whether there has been a breach of the June 1, 1994 license agreement according to the terms of the agreement. Therefore, Cardiac Science respectfully requests this Court to dismiss all of Plaintiff's claims.

Respectfully submitted,

**CARDIAC SCIENCE, INC.**

Dated: August 23, 2004   By   /s/ Paul H. Rothschild
Paul H. Rothschild

Randall T. Skaar
Scott G. Ulbrich
**PATTERSON, THUENTE, SKAAR
& CHRISTENSEN, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

**BACON & WILSON P.C.**
33 State Street
Springfield, MA 01103
Phone: (413) 781-0560
Fax: (413) 739-7740
BBO# 431100

**CERTIFICATE OF SERVICE**

I, PAUL H. ROTHSCHILD, hereby certify that on the 23rd day of August 2004, I caused a copy of the foregoing Defendant's Amended Memorandum of Law in Support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to: Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, MA  01106.

/s/Paul H. Rothschild
PAUL H. ROTHSCHILD