UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>) <br>) Civil Action: **04-30126-MAP**<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | |

## MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION FOR JOINDER UNDER R. 19(a)(1) AND R. 19(a)(2)(ii) OF CIVIL PROCEDURE

The Plaintiff, Donald C. Hutchins files this memorandum in support of the Plaintiff's Motion For Joinder Under R. 19(a)(1) and R. (a)(2)(ii) of Civil Procedure.

### I.  SUMMARY OF POSITION

Defendant's Memorandum Of Law in Opposition To Plaintiff's Motion To Dismiss For A Temporary Restraining Order was filed with the Court August 20, 2004. Paragraph II of this Memorandum clearly states:

"There is no ongoing transfer of "lock-up" shares form Cardiac Science to Complient pursuant to the lock-up agreement and thus nothing to enjoin. The shares were transferred at the outset, and the lock-up agreement merely prevents Complient from selling all of its acquired shares at once. (Exhibit 1, p.1 ¶ 4). Complient can only sell its shares according to a prescribed schedule in the lock-up agreement. (Exhibit 1, p.10). Any order to prevent the transfer of shares pursuant to the lock-up agreement would therefore have to be issued against Complient, a non-party to this action."

Cardiac Science has the responsibility of the registering and transfer of its stock, as does every publicly traded corporation. Registration of transferred stock is the key to

controlling this "lock-up" stock. However, should Cardiac Science's argument succeed, it is imperative the Complient Corporation is joined to this action as a defendant so that complete relief is accorded among those parties already joined.

## II.  ARGUMENT

The standard used to consider a request for joinder is found in Rule 19 of the Code of Civil Procedure. The tests are:

"(1) in the person's absence complete relief cannot be accorded among the parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Hutchins and Cardiac Science meet the test that in absence of Complient Corporation relief can not be accorded among the parties.

Cardiac Science and Hutchins meet the test that in the absence of Complient Corporation both will be subject to inconsistent obligations by reason of the claimed interest.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion to order the Complient Corporation to be made a party to Civil Action: 04-30126-MAP should be granted.

> The Plaintiff
> Donald C. Hutchins, Pro Se
>
> _____
> 1047 Longmeadow Street
> Longmeadow, Massachusetts 01106
> (413) 567-0606

Dated: September 2, 2004

2