UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,
                Plaintiff,              Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,
                Defendant.

_____

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AND IN REPLY TO PLAINTIFF'S OPPOSITION TO THE
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

**INTRODUCTION**

      Plaintiff's combined Opposition Memorandum and Motion to Strike (Court #14) does not address Defendant Cardiac Science's noted fatal deficiencies in Plaintiff's Complaint. In addition, Plaintiff's Motion to Strike must also fail because there is no basis for his allegation that the Partnership Agreement, attached as Exhibit 2 to Cardiac Science's Motion, is not a legal document. Plaintiff cites no other grounds for his motion to strike.

**ARGUMENT**

**I.    THE PARTNERSHIP AGREEMENT OF EXHIBIT 2 IS A VALID LEGAL DOCUMENT.**

      Plaintiff claims that the Partnership agreement is not a legal document (even calling it a fraud) because he was not a party to this agreement and because it does not bear his signature. However, Plaintiff's own allegations in his brief that CPR Limited Partnership owns the June 1, 1994 License rights proves that the document is legitimate. Plaintiff's argument is simply based upon a legal misunderstanding of the nature of a Partnership Agreement.

Section 3.10 of the June 1, 1994 License Agreement requires that County Line, "will assign all of its rights and obligations under this Agreement to an affiliate of [County Line]." The Partnership Agreement of September 19, 1994 served to create the affiliate, CPR Limited Partnership, so that County Line (now named Complient Corp.) could satisfy the license assignment requirements of section 3.10 of the June 1, 1994 License with Plaintiff.

Plaintiff's claim that his signature was required to make the Partnership Agreement a binding legal document is unsupported. The June 1, 1994 License contained no restrictions on County Lines right to transfer its license rights. To the contrary, the License required County Line to transfer the rights to an Affiliate, such as CPR Limited Partnership. Plaintiff's signature was not required on the Partnership Agreement because 1) Plaintiff had no ownership interest in the affiliate, and 2) he did not have any veto rights under the June 1, 1994 License Agreement. Therefore, Plaintiff's claim that the Partnership Agreement is not a valid legal document has no basis in law or fact and his motion to strike must be dismissed.

II. **PLAINTIFF HAS FAILED TO ESTABLISH THAT HE RECLAIMED HIS INTELLECTUAL PROPERTY AS A CONDITION PRECEDENT TO ASSERTING COUNTS I. II AND III OF HIS COMPLAINT.**

Plaintiff does not have the requisite ownership and right to bring any claims for infringement. Cardiac Science explained in its moving Brief that Plaintiff failed to plead that he followed the specific procedure outlined in the June 1, 1994 License in order to have reclaimed the intellectual property he licensed to another that is now the subject of this lawsuit. Plaintiff's

Opposition brief does not dispute this threshold issue.[1] Since Plaintiff does not have the rights to the underlying intellectual property at issue, his counts for infringement must be dismissed.

### III. PLAINTIFF DOES NOT OPPOSE CARDIAC SCIENCE'S REQUEST TO DISMISS ALLEGATIONS OF INFRINGEMENT OF U.S. PATENT 5,913,685, NEGLIGENCE COUNTS IV AND V AND BREACH OF CONTRACT COUNT VI.

Plaintiff's Response Brief never mentions U.S. Patent No. 5,913, 685. Therefore, this portion of Cardiac Sciences motion to dismiss is unopposed. Likewise, Plaintiff does not contest Cardiac Science's argument that he failed to state a legally sufficient negligence cause of action. Plaintiff also does not contest that his breach of contract claim must fail for failure to provide the notice of breach required by the terms of the June 1, 1994 License.

All claims of Plaintiff's Complaint must, therefore, be dismissed under Fed. R. Civ. P. 12(b)(6) because he has failed to state a claim upon which relief can be granted.

### IV. PLAINTIFF DOES NOT CONTEST THE FACT THAT THERE IS NO SUBJECT MATTER JURISDICTION TO ADJUDICATE WHETHER THERE HAS BEEN A BREACH OF THE JUNE 1, 1994 LICENSE AGREEMENT.

Plaintiff's argument that this Court has personal jurisdiction over Cardiac Science is irrelevant to the consideration of whether there is proper subject matter jurisdiction under Rule 12(b)(1). Plaintiff's only subject matter comment is that §271 provides subject matter jurisdiction over the intellectual property claims. However, Cardiac Science did not argue that patent and copyright infringement are not federal questions. Instead, Cardiac Science based its

---

[1] The only thing that Plaintiff does appear to dispute is whether Complient had the right to transfer the June 1, 1994 License rights to Cardiac Science. This argument is a red-herring because Cardiac Science acquired the rights to the License rights from CPR Limited Partnership, not Complient. [See section 1.1A of the Asset Purchase Agreement attached to Cardiac Science's Nov. 4, 2003 Form 8-K Report (Exhibit 3, hereto)].

Rule 12(b)(1) motion to dismiss counts I, II, III and VI upon the fact that all disputes under the June 1, 1994 license agreement must be submitted to and settled by arbitration pursuant to § 9.4 of the agreement.

Each of Counts I, II, III and VI is predicated upon a breach of the June 1, 1994 License. Because the breach issue must be decided by mandatory and binding arbitration, this Court lacks subject matter jurisdiction to decide the breach issue, which is a condition precedent to the precedent to Counts I, II, III and VI. Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 90, 121 S.Ct. 513, 521-22 (2000) (enforcing arbitration agreement agreed to by the parties); Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers, 411 Mass. 39, 45, 577 N.E.2d 283 (1991) (A "condition precedent defines an event which must occur before a contract becomes effective or before an obligation to perform arises under the Contract. If the condition is not fulfilled, the contract, or obligations attached to the condition, may not be enforced."). Plaintiff has not alleged that he ever obtained an arbitration finding that Cardiac Science or Complient breached the June 1, 1994 license. This is a fatal omission. Therefore, each of counts I. II, III and VI must be dismissed for lack of jurisdiction over the subject matter.

## CONCLUSION

Plaintiff's motion to strike should be denied because he has not met his burden to show cause why such action is warranted. In addition, all of Plaintiff's claims in his Complaint should be dismissed for the reasons set forth in this Brief and Cardiac Sciences Amended Brief in support of its Rule 12(b) motion.

                    Respectfully submitted,

                    **CARDIAC SCIENCE, INC.**

Dated: September 7, 2004    By: /s/ Paul H. Rothschild
                                  Paul H. Rothschild

Randall T. Skaar                        **BACON & WILSON P.C.**
Scott G. Ulbrich                        33 State Street
**PATTERSON, THUENTE, SKAAR**    Springfield, MA 01103
**& CHRISTENSEN, P.A.**           Phone: (413) 781-0560
4800 IDS Center                      Fax: (413) 739-7740
80 South 8th Street
Minneapolis, MN 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

### CERTIFICATE OF SERVICE

    I, PAUL H. ROTHSCHILD, hereby certify that on the 7th day of September 2004, I caused a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike and in Reply to Plaintiff's Opposition to the Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

    Donald C. Hutchins
    1047 Longmeadow Street
    Longmeadow, MA 01106.

                                        /s/ Paul H. Rothschild
                                        PAUL H. ROTHSCHILD