## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

                        Plaintiff,                           Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,

                        Defendant.

_____


### CARDIAC SCIENCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIMS

Defendant Cardiac Science, Inc., by its attorneys, answers Plaintiff Hutchins' Complaint as follows:

Cardiac Science, Inc. denies each and every allegation, matter, and thing contained in said Complaint, except that which is hereinafter specifically admitted, qualified, or otherwise pleaded.

### <u>ANSWER TO COMPLAINT</u>

1.      Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2.      Cardiac Science, Inc. admits it is a Delaware Corporation, but denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint as

Cardiac Science is unable to ascertain which Title of the United States Code is being referred to, and therefore denies same.

4.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5.     Cardiac Science, Inc. admits it is a corporation with its headquarters in Irvine, California.  Cardiac Science, Inc. denies the remaining allegations of paragraph 5.

6.     Cardiac Science, Inc. admits that in Exhibit A Donald C. Hutchins (hereinafter "Hutchins") is the named inventor on U.S. Patent No. 4,583,524 entitled, "Cardiopulmonary Resuscitation Prompting", issued on April 22, 1986.  The patent speaks for itself and is the best evidence of its contents.

7.     Cardiac Science, Inc. admits, upon information, that Hutchins is the named inventor on United States Reissue Patent No. RE34,800 entitled, "Cardiopulmonary Resuscitation Prompting", issued on November 29, 1994.  The patent speaks for itself and is the best evidence of its contents. Cardiac Science, Inc is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies same.

8.     Cardiac Science, Inc. admits, upon information, that Hutchins is the named inventor on United States Patent No. 5,913,685 entitled, "CPR Computer Aiding" issued on June 22, 1999.  The patent speaks for itself and is the best evidence of its contents.

9.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10.    Cardiac Science admits, upon information, that the United States Patent and Trademark Office registered the trademark, "CPR Prompt" to Hutchins on June 24, 1986.  The registration speaks for itself and is the best evidence of its contents.

11.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore denies same.

12.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore denies same.

13.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies same.

14.    Cardiac Science, Inc. denies Attorney Randall T. Skaar spoke to Hutchins on April 29, 2004 regarding a patent infringement suit filed by William T. Parker involving Hutchins' patents.  Cardiac Science, Inc. admits that Attorney Skaar sent a letter to Hutchins, attached as Exhibit E to Plaintiff's Complaint.  The letter speaks for itself and is the best evidence of its contents.

15.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies same.  Cardiac Science, Inc. further specifically denies it is infringing any of Hutchins' patents, copyrights, or trademarks.

16.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies same.

3

17.    Cardiac Science, Inc. admits Attorney Skaar sent the email identified as Exhibit G to Plaintiff's Complaint.  The email speaks for itself and is the best evidence of its contents. Cardiac Science denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore denies same.

19.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore denies same.

20.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and therefore denies same.

21.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore denies same.

22.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore denies same.

23.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore denies same.

24.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint, as Cardiac Science, Inc. has no basis to know if Exhibit I is what it purports to be.  To the extent

Exhibit I is what it purports to be, the document speaks for itself and is the best evidence of its contents.

25.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore denies same.

26.    Cardiac Science, Inc. admits, upon information, that the June 1, 1994 License Agreement exists.  The June 1, 1994 License Agreement speaks for itself and is the best evidence of its contents.  Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the remaining allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore denies same.

27.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore denies same.

28.    Cardiac Science, Inc., upon information and belief, denies the allegations in paragraph 28 as there is no "September 19, 1994 License Agreement".  Cardiac Science, upon information and belief, asserts there exists a "September 19, 1994 Partnership Agreement".  Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore denies same.

29.    Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint, and therefore denies same.

30.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint, and therefore denies same.

31.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore denies same.

32.     Cardiac Science, Inc. denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore denies same.

34.     Cardiac Science, Inc. admits Hutchins sent a letter dated June 5, 2004.  The letter speaks for itself and is the best evidence of its contents.  Cardiac Science, Inc. denies the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35.     Cardiac Science denies that the affidavit of Hutchins supports the allegations stated in paragraphs 1-35 of Plaintiff's Complaint.

<u>**COUNT I**</u>
**COPYRIGHT INFRINGEMENT**

36.     Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-35.

37.     Cardiac Science, Inc denies the allegations a set forth in paragraph 37 of Plaintiff's Complaint.

38.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations as Cardiac Science, Inc. cannot be certain as to the object of the allegation contained in paragraph 38 of Plaintiff's Complaint, and therefore denies same.

39.     Cardiac Science, Inc denies the allegations a set forth in paragraph 39 of Plaintiff's Complaint.

## COUNT II
## PATENT INFRINGEMENT BY MEANS OF SALES

40.     Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-39.

41.      Cardiac Science, Inc. asserts it possesses license rights under the June 1, 1994 License Agreement.  Cardiac Science, Inc denies the remaining allegations set forth in paragraph 41 of Plaintiff's Complaint.

42.     Cardiac Science, Inc. denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Cardiac Science denies it is now or ever has infringed any claims of the RE34,800 Patent.

## COUNT III
## PATENT INFRINGEMENT BY MEANS OF MANUFACTURE

44.     Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-43.

45.     Cardiac Science denies it is now or ever has infringed any claims of the RE34,800 Patent.

## COUNT IV-DISMISSED

## COUNT V-DISMISSED

## COUNT VI
**BREACH OF CONTRACT**

55.     Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-45.

56.     Cardiac Science, Inc. denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Cardiac Science, Inc. denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58.     Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint, and therefore denies same.  Cardiac Science, Inc. generally denies it has failed to comply with any of its obligations under the June 1, 1994 License Agreement.

59.     Cardiac Science, Inc. denies the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60.     Cardiac Science, Inc. acknowledges Plaintiff's demand for a jury trial.  Cardiac Science, Inc. also demands a trial by jury.

61.     Cardiac Science, Inc. denies that Plaintiff is entitled to the relief sought in the prayer for relief in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Cardiac Science, Inc. asserts the following defenses and affirmative defenses:

62.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

63.     Cardiac Science, Inc. is a licensee to the intellectual property asserted by the Plaintiff in Counts I, II, and III.

64.    Cardiac Science, Inc. has not infringed any of the Plaintiff's intellectual property, directly, by inducement, or otherwise.

65.    Cardiac Science, Inc. has not breached any of the terms of the June 1, 1994 License Agreement.

66.    Plaintiff claims are barred in whole or in part by the doctrines of license, fair use, acquiescence, abandonment, estoppel, waiver, payment, release and/or laches.

67.    Cardiac Science, Inc. reserves the right to rely on additional defenses to the extent that such defenses are supported by information developed through discovery or at trial.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Defendant/Counterclaimant Cardiac Science, Inc. states and alleges as follows:

## PARTIES

68.    Cardiac Science, Inc. is a Delaware corporation with its principal place of business at 16931 Millikan Avenue, Irvine, California 92606.

69.    Upon information and belief, Plaintiff Donald Hutchins is an individual residing at 1047 Longmeadow Street, Longmeadow, Massachusetts.

## JURISDICTION AND VENUE

70.    Subject matter jurisdiction is based on 28 U.S.C. §1332, as there is diversity between the parties to these Counterclaims, and Cardiac Science's Counterclaims against Plaintiff Donald Hutchins exceed the sum or value of $75,000, exclusive of interests and costs. This Court also has supplemental jurisdiction with regard to Cardiac Science's Counterclaims under 28 U.S.C. §1367.

71.    This Court has jurisdiction over the counterclaim for declaratory judgment of noninfringement, no breach of contract and license rights under the Federal Declaratory

Judgment Act, 28 U.S.C. §§2201 and 2202, in that Plaintiff has accused Defendant of infringing its intellectual property and breaching contracts. Cardiac Science, Inc. denies Plaintiff's accusations and further, thereby creating an actual controversy between the parties. This Court has subject matter jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. §§1338(a) and 1367, and Fed.R.Civ.P. 13.

72.    Upon information and belief, Plaintiff Donald Hutchins, who resides in this District, filed a Complaint against Cardiac Science in this District and is subject to personal jurisdiction pursuant to M.G.L.A. 223A § 3.

73.    Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) and (c) as Plaintiff Donald Hutchins is subject to personal jurisdiction, resides in, and has filed a Complaint against Cardiac Science, Inc. in this District.

## COUNT I
## BREACH OF CONTRACT

74.    Cardiac Science, Inc. realleges paragraphs 68-73 as though fully set forth herein.

75.    Cardiac Science, Inc. and Plaintiff Donald Hutchins are both parties to the June 1, 1994 License Agreement.

76.    Section 8.2 of the June 1, 1994 License Agreement requires that a party may only terminate the license early upon a material breach by the other party and written notice to the other party.

77.    Plaintiff Donald Hutchins has never provided a written notice pursuant to Section 8.2 of the June 1, 1994 License Agreement.

78.    Plaintiff Donald Hutchins breached the June 1, 1994 License Agreement by suing Cardiac Science, Inc. on intellectual property that was subject to the June 1, 1994 License Agreement.

79.     As a result of this breach, Cardiac Science, Inc. has suffered damages in an amount to be determined at trial, but which amount is in excess of $75,000.00, including, but not limited to, costs and loss of goodwill.

## COUNT II
## ABUSE OF PROCESS

80.     Cardiac Science, Inc. realleges paragraphs 68-79 as though fully set forth herein.

81.     Plaintiff admits in paragraph 18 of his Complaint that he is aware of the terms of the October 21, 2003 Asset Purchase Agreement.

82.     Plaintiff is also aware of the terms of the June 1, 1994 License Agreement.

83.     Plaintiff has not terminated the June 1, 1994 License Agreement.

84.     Cardiac Science is the rightful licensee pursuant to the June 1, 1994 License Agreement and the October 21, 2003 Asset Purchase Agreement.

85.     Plaintiff is seeking diversion to him of 7-and-½ percent of the Cardiac Science, Inc. stock that is to be transferred to CPR, L.P. as payment under the terms of the October 21, 2003 Asset Purchase Agreement and/or $3,525,000, which Plaintiff claims is 7-and-½ percent of the value of Complient.

86.     Plaintiff is duly aware pursuant to the declaratory judgment from the Cuyahoga County Court of Common Pleas in Ohio, in Complient v. CPR Prompt, Case No. 429394, and the express terms of Section 3.10 of the June 1, 1994 License Agreement that Plaintiff is only entitled to 7-and-½ percent of the net sales of the partnership interests in CPR, L.P.  Plaintiff is aware that no such sale of partnership interests has occurred.

87.     Plaintiff is further aware that the filing of the Complaint will delay the transfer of Cardiac Science, Inc. stock to CPR, L.P. pursuant to the October 21, 2003 Asset Purchase Agreement.

88.    Plaintiff filed the Complaint against Cardiac Science, Inc. with the ulterior purpose of extorting 7-and-½ percent of the asset purchase payment, for which Plaintiff knows he is not owed, and further extorting money for frivolous claims of infringement, when Plaintiff knows Cardiac Science, Inc. is duly licensed under the October 21, 2003 Asset Purchase Agreement.

89.    Plaintiff's wrongful and illegitimate filing of the Complaint has and will cause Cardiac Science, Inc. to suffer compensatory damages and losses in an amount to be determined at trial, but which amount is greater than $75,000 as well as attorney fees and costs.

<u>COUNT III</u>
**TORTIOUS INTERFERENCE WITH CONTRACT**

**A.    The October 23, 2003 Asset Purchase Agreement**

90.    Cardiac Science, Inc. realleges paragraphs 68-89 as though fully set forth herein.

91.    Plaintiff admits in paragraph 18 of his Complaint that he is aware of the terms of the October 21, 2003 Asset Purchase Agreement between Cardiac Science, Inc., Complient, and CPR, Limited Partnership.

92.    Plaintiff is also aware of the terms of the June 1, 1994 License Agreement.

93.    Plaintiff has not terminated the June 1, 1994 License Agreement.

94.    Cardiac Science is the rightful licensee pursuant to the June 1, 1994 License Agreement and the October 21, 2003 Asset Purchase Agreement.

95.    Plaintiff is seeking diversion to him of 7-and-½ percent of the Cardiac Science, Inc. stock that is to be transferred to CPR, L.P. as payment under the terms of the October 21, 2003 Asset Purchase Agreement and/or $3,525,000, which Plaintiff claims is 7-and-½ percent of the value of CPR, L.P.

96.     Plaintiff is duly aware pursuant to the declaratory judgment from the Cuyahoga County Court of Common Pleas in Ohio, in <u>Complient v. CPR Prompt</u>, Case No. 429394 and the express terms of Section 3.10 of the June 1, 1994 License Agreement that Plaintiff is only entitled to 7-and-½ percent of the net sales of the partnership interests in CPR, L.P.  Plaintiff is aware that no such sale of partnership interests has occurred.

97.     Plaintiff is further aware that the filing of the Complaint will delay the transfer of Cardiac Science, Inc. stock to CPR, L.P. pursuant to the October 21, 2003 Asset Purchase Agreement.

98.     On July 28, 2004, Cardiac Science, Inc., by virtue of the Complaint, was forced to file a demand for indemnity to Complient pursuant to the terms of the October 21, 2003 Asset Purchase Agreement.

99.     Plaintiff's Complaint and delay tactics constitute a tortious interference with the October 21, 2003 Asset Purchase Agreement between Complient, CPR, L.P. and Cardiac Science, for which Plaintiff is liable to Cardiac Science for compensatory and punitive damages in an amount to be determined at trial, but which is in excess of $75,000.

**<u>COUNT IV</u>**
**TORTIOUS INTERFERENCE WITH CONTRACT**

**B.     The June 1, 1994 License Agreement**

100.    Cardiac Science, Inc. realleges paragraphs 68-99 as though fully set forth herein.

101.    Plaintiff Donald Hutchins retained no right to license or sublicense the intellectual property subject to the June 1, 1994 License Agreement.

102.    Subsequent to the October 23, 2003 Asset Purchase Agreement, Plaintiff Donald Hutchins has knowingly contacted Cardiac Science, Inc.'s third-party distributors and attempted

13

to license and/or allege infringement of intellectual property subject to the June 1, 1994 License Agreement.

103.    Subsequent to the October 23, 2003 Asset Purchase Agreement, Cardiac Science, Inc. is the only entity with rights to license or sublicense the intellectual property subject to the June 1, 1994 License Agreement.

104.    Plaintiff's attempts to profit from Cardiac Science's rights under the June 1, 1994 License Agreement is a tortious interference with the June 1, 1994 Agreement.  Plaintiff is liable to Cardiac Science for damages resulting from this interference, including, but not limited to, costs, loss of contractual relations, and loss of business goodwill in an amount to be determined at trial, but at least in the amount of $75,000.

## COUNT V
## INTERFERENCE WITH PROSPECTIVE ADVANTAGE

105.    Cardiac Science, Inc. realleges paragraphs 68-104 as though fully set forth herein.

106.    Upon information and belief, Plaintiff Donald Hutchins has engaged in conduct intended to confuse and create misunderstanding to Cardiac Science, Inc.'s customers, potential customers, and members of the public such that they would prospectively purchase, license and/or distribute products from Plaintiff Donald Hutchins rather than from Cardiac Science, Inc.

107.    Upon information and belief, through their course of their business, Plaintiff Donald Hutchins has intentionally and improperly interfered with Cardiac Science, Inc.'s prospective contractual relationships by inducing and/or causing potential customers not to enter or continue in a relationship with Cardiac Science, Inc.

108.    Upon information and belief, through their course of their business, Plaintiff Donald Hutchins has intentionally and improperly interfered with Cardiac Science, Inc.'s

prospective contractual relationships by preventing potential customers from entering or continuing a relationship with Cardiac Science, Inc.

109.    As a result of Plaintiff Donald Hutchins' intentional and improper interference, Cardiac Science, Inc. has been damaged in amounts exceeding $75,000.

**COUNT VI**
**ATTORNEYS FEES AND COSTS**

110.    Cardiac Science, Inc. realleges paragraphs 68-109 as though fully set forth herein.

111.    Plaintiff's assertion of patent infringement against Cardiac Science, Inc. is sufficiently lacking in merit so as to render this action an "exceptional case" within the meaning of 35 U.S.C. §285.

112.    Cardiac Science, Inc, is entitled to a recovery of its respective attorney fees and costs in connection with this action pursuant to applicable law, including 35 U.S.C. §285.

**COUNT VII**
**DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT**

113.    Cardiac Science, Inc. realleges paragraphs 68-112 as though fully set forth herein.

114.    Pursuant to Plaintiff's express admissions in the Complaint, and his "*Ex Parte* Emergency Motion for Temporary Restraining Order," Plaintiff is aware of the existence and terms of the October 21, 2003 Asset Purchase Agreement and the fact that Cardiac Science is not Complient's successor.

115.    Cardiac Science, Inc. has been and is now meeting its obligations to Plaintiff pursuant to the October 21, 2003 Asset Purchase Agreement.

116.    The plain language of the October 21, 2003 Asset Purchase Agreement, specifically section 1.2(i), expressly states that the partnership interests in CPR, L.P. were not sold to Cardiac Science, Inc.

15

117.    The 7-and-½ percent payment provision of Section 3.10 of the June 1, 1994 License Agreement was not activated by the October 21, 2003 Asset Purchase Agreement between Cardiac Science, Inc., Complient, and CPR, L.P.

118.    An actual and justiciable controversy exists between Plaintiff and Cardiac Science, Inc. with respect to Cardiac Science, Inc.'s obligations to Plaintiff under the October 21, 2003 Asset Purchase Agreement for which declaratory relief is necessary.

119.    A declaration is therefore necessary and appropriate in order that Cardiac Science, Inc. may establish its compliance with the terms of the October 21, 2003 Asset Purchase Agreement.

120.    Cardiac Science, Inc. therefore respectfully requests a declaration that Cardiac Science, Inc. has not breached the October 21, 2003 Asset Purchase Agreement.

<u>COUNT VIII</u>
**DECLARATORY JUDGMENT OF NO INFRINGEMENT**

121.    Cardiac Science realleges paragraphs 68-120 as though fully set forth herein.

122.    CPR, L.P. owned the license rights to the intellectual property asserted by Plaintiff in the Complaint.

123.    Cardiac Science, Inc. purchased these license rights from CPR, L.P. in the October 21, 2003 Asset Purchase Agreement and therefore Cardiac Science, Inc. is duly licensed and cannot infringe the intellectual property rights asserted by Plaintiff in the Complaint.

124.    An actual and justiciable controversy exists between Plaintiff and Cardiac Science, Inc. with respect to the license rights Cardiac Science, Inc. purchased in the October 21, 2003 Asset Purchase Agreement for which declaratory relief is necessary.

125.    A declaration is therefore necessary and appropriate in order that Cardiac Science, Inc. may establish it is not infringing any of Plaintiff's asserted intellectual property rights.

126.    Cardiac Science, Inc. therefore respectfully requests a declaration of noninfringement of Plaintiff's asserted intellectual property.

## COUNT IX
## DECLARATORY JUDGMENT OF LICENSE RIGHTS

127.    Cardiac Science realleges paragraphs 68-126 as though fully set forth herein.

128.    An actual and justiciable controversy exists between Plaintiff and Cardiac Science, Inc. with respect to the license rights Cardiac Science, Inc. purchased in the October 21, 2003 Asset Purchase Agreement for which declaratory relief is necessary.

129.    A declaration is therefore necessary and appropriate in order that Cardiac Science, Inc. may establish its rights as a licensee pursuant to the October 21, 2003 Asset Purchase Agreement.

130.    Cardiac Science, Inc. therefore respectfully requests a declaration of its license rights pursuant to the October 21, 2003 Asset Purchase Agreement.

## COUNT X
## INJUNCTIVE RELIEF

131.    Cardiac Science realleges paragraphs 68-130 as though fully set forth herein.

132.    Upon information and belief, Plaintiff's assertion of an ownership interest in the asserted intellectual property and Plaintiff's allegations of infringement are willful, intentional, and in conscious disregard of Cardiac Science, Inc.'s rights in the asserted intellectual property.

133.    As a result of Plaintiff's false ownership assertions and baseless infringement allegations, Cardiac Science, Inc. has been and will continue to be irreparably damaged and deprived of its rights secured by the October 21, 2003 Asset Purchase Agreement.

134.    Cardiac Science, Inc. has been and will continue to be deprived of revenue, profit, and gain that it would otherwise have generated but for such ownership assertions and infringement allegations, and Plaintiff Donald Hutchins has caused and will continue to cause

losses and damages in amounts that cannot be determined with specificity including irreparable losses and damages.

135.    Cardiac Science, Inc. is entitled to a preliminary and permanent injunctive relief, enjoining Plaintiff Donald Hutchins from further (i) continuing to assert an ownership interest in the asserted intellectual property, (ii) continuing to assert allegations of infringement against Cardiac Science, Inc., its customers and prospective customers, and (iii) continuing to breach the June 1, 1994 License Agreement.

## JURY DEMAND

136.    Pursuant to FED. R. CIV. P. 38(a), Cardiac Science, Inc. requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cardiac Science, Inc. prays that judgment be entered in its favor as follows:

A.    Dismiss Plaintiff's Complaint with prejudice;

B.    Enter judgment sustaining Cardiac Science, Inc.'s affirmative defenses and defenses;

C.    On Count I of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

D.    On Count II of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

E.    On Count III of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

F.    On Count IV of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

G.    On Count V of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

H.    On Count VI of the Counterclaims, all relief authorized under 35 U.S.C. §285, including attorney fees;

I.    On Count VII of the Counterclaims, a declaratory judgment against Plaintiff Donald Hutchins that Cardiac Science, Inc. is not in breach of the October 21, 2003 Asset Purchase Agreement;

J.    On Count VIII of the Counterclaims, a declaratory judgment against Plaintiff Donald Hutchins that Cardiac Science does not infringe any of Plaintiff's asserted intellectual property rights;

K.    On Count IX of the Counterclaims, a declaratory judgment against Plaintiff Donald Hutchins that Cardiac Science is a rightful licensee under the October 21, 2003 Asset Purchase Agreement;

L.    On Count X of the Counterclaims, a judgment preliminarily and permanently enjoining and restraining Plaintiff from attempting to license or enforce the intellectual property rights subject to the June 1, 1994 License.

M.    A judgment awarding damages to Cardiac Science, Inc. for its costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest;

N.    Such other relief as this Court and/or jury deem just and proper.

**Respectfully Submitted,**

**CARDIAC SCIENCE, INC.**


Dated:                                      By:    /s/ Paul H. Rothschild
                                                   Paul H. Rothschild
Randall T. Skaar                            **BACON & WILSON P.C.**
Scott G. Ulbrich                            33 State Street
**PATTERSON, THUENTE, SKAAR**              Springfield, MA 01103
**& CHRISTENSEN, P.A.**                    Phone: (413) 781-0560
4800 IDS Center                             Fax: (413) 739-7740
80 South 8th Street                         BBO# 431100
Minneapolis, MN 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

**CERTIFICATE OF SERVICE**

I, PAUL H. ROTHSCHILD, hereby certify that on the 22nd day of September 2004, I caused a copy of the foregoing Cardiac Science, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Complaint and Counterclaims to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, MA   01106.

                              /s/ Paul H. Rothschild
                              PAUL H. ROTHSCHILD