UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS )
)
Plaintiff )
)
v. ) Civil Action: 04-30126-MAP
)
CARDIAC SCIENCE, INC. )
)
Defendant )
)

**COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR JOINDER**

I. **INTRODUCTION**

Non-party Complient Corporation respectfully requests that Plaintiff Donald C. Hutchins ("Hutchins") Motion for Joinder of Complient Corporation (the "Motion") be denied. Hutchins' Motion should be denied because Hutchins failed to establish that Complient's presence in this action is necessary for a full resolution of the claims existing between the parties. In fact, as explained below, the basis for Hutchins' request for joinder of Complient -- his claimed entitlement to assets of Complient -- was previously rejected by an Ohio Court. Accordingly, Hutchins' Motion for Joinder should be denied.

This case is but one example of many where Hutchins has claimed entitlement to some portion of the assets of Complient. This, contrary to his wishful thinking, simply is not what he is entitled to under the express terms of the License Agreement at issue and a Judgment Entry entered by an Ohio court attached hereto as Exhibit A. Hutchins has sued Complient, its

{JAB5504;1}

shareholders, the AAA and now the purchaser of Complient's assets to unjustifiably belabor this point. Complient has been forced to expend its personnel time, resources and funds to guard against Hutchins' unjustified claims. Complient should not be compelled to join this action to defend a claim it has already won (at least twice).

## II. FACTUAL BACKGROUND

CPR L.P. and Hutchins (and Hutchins' company CPR-Prompt Corporation) are parties to a License Agreement dated June 1, 1994, pursuant to which CPR L.P. is the Affiliate referenced therein. The subject of the License Agreement is a CPR-Prompt device which provides rescue aid services. Complient is the 99% general partner of CPR L.P. The assets of Complient were sold in October of 2003 to Defendant Cardiac Science; however, its partnership interest in CPR L.P. was not sold.

Hutchins has disputed the effect of the License Agreement since its inception. Specifically, Hutchins has historically and incorrectly claimed that he is entitled to assets of entities related to CPR L.P., particularly Complient Corporation, despite the express terms of the License Agreement to the contrary. See License Agreement at § 3.10 ("[CPR L.P.] will cause each partner of [CPR L.P.] who purchases or otherwise acquires a partnership interest of [CPR L.P.] directly from [CPR L.P.] to agree to pay to CPR-Prompt seven and one-half percent (7.5%) of the net proceeds of any sale of any or all of such partnership interest to any person or entity which is not an Affiliate of such partner.").

Hutchins' dissatisfaction with the License Agreement he entered into led to a series of manufactured efforts by Hutchins beginning in the late 1990s to terminate and/or rewrite the License Agreement. This vexatious conduct by Hutchins, which often would embroil third parties with whom Complient had contractual relationships, left Complient, CPR L.P.'s general

partner, with no alternative but to seek judicial relief. Accordingly, in February, 2001, Complient filed a Complaint for Declaratory Judgment against Hutchins and CPR-Prompt in the State of Ohio, Cuyahoga County Court of Common Pleas, wherein Complient sought a declaratory judgment as to the construction and effect of Section 3.10 of the License Agreement. On May 30, 2001, Complient was awarded the declaratory relief it requested -- specifically, a judgment that neither Hutchins or CPR-Prompt is entitled to 7.5% of the sale of the assets of Complient as they had claimed for years. A copy of this Judgment Entry is attached hereto as Exhibit A.[1] This judgment is final and non-appealable.[2]

Hutchins then instituted a frivolous and vexatious claim against the shareholders of Complient in the Massachusetts District Court in June, 2001 in an effort to effect an end-run around the outcome of the Ohio declaratory judgment action. See Hutchins v. Lindseth, D. Mass., Case No. 01-30120-KPN. This case was dismissed, and Hutchins unsuccessfully appealed this dismissal to the United States Court of Appeals for the First Circuit. Complient assumed the defense of that matter on behalf of its shareholders.

In October, 2003, Complient sold its assets to Cardiac Science. Hutchins filed yet another lawsuit in June 2004, the subject action, wherein he appears to claim that Cardiac is infringing his patent and copyrights, and/or is somehow liable to him for breach of contract for

---

[1] The May 30, 2001 Ohio judgment was entered against CPR-Prompt Corporation. The same judgment was entered against Hutchins in that case in September of 2001.

[2] CPR L.P. likewise had no alternative but to file, pursuant to the express terms of the License Agreement, a Demand for Arbitration in February of 2001. CPR L.P. later voluntarily dismissed the arbitration because Hutchins refused to participate in the proceedings. In fact, Hutchins subsequently sued the American Arbitration Association in the Massachusetts District Court for attempting to collect the fees owed associated with the filing of his Counterclaim and for allegedly somehow impairing his patent rights by presiding over the parties' claims associated with the License Agreement. See Hutchins v. American Arbitration Association, D. Mass., Case No. 03-30181-MAP.

not paying him 7.5% of the value of the assets of Complient. He makes this claim despite the fact that <u>an Ohio Court has already decided that he is not entitled to 7.5% of the value of the assets of Complient upon their sale</u>. See Exhibit A.

By suing Cardiac in this matter, Hutchins seeks, without justification, to obtain a portion of the proceeds of the sale of Complient's assets. An Ohio Court has already entered judgment that Hutchins is not entitled to these assets, regardless of their form or source, <u>i.e.</u> Cardiac shares of stock. See Exhibit A. In the face of this action and to protect its interests and the interests of its shareholders, Complient was again left with no alternative but to institute litigation against Hutchins; it filed <u>Complient v. Hutchins</u>, State of Ohio, Cuyahoga County Court of Common Pleas Case No. 540066. In <u>Complient v. Hutchins</u>, Complient asserts claims for tortious interference with contract and abuse of process against Hutchins and declaratory judgment against both Hutchins and CPR-Prompt. Complient filed the Ohio action on August 27, 2004 and Hutchins was served with the Ohio Complaint on September 2, 2004. Hutchins filed his Motion for Joinder of Complient in this case on September 3, 2004 -- the day after he learned of the Ohio action.

### III.   LAW & ARGUMENT

In wholly conclusory fashion, Hutchins claims in his Motion for Joinder that Complient must be joined and compelled to defend itself in Massachusetts so that relief can be "accorded among the parties" and, further, to prevent "inconsistent obligations" to both Cardiac Science and Hutchins. See Hutchins Mem. at 2. Hutchins' mere recitation of the standards of Federal Rule of Civil Procedure 19 for the compulsory joinder of a non-party, without factual justification, are insufficient to warrant the requested joinder.

Hutchins gives no clear explanation or factual recitation as to why Rule 19 compels Complient's joinder to this action. While Hutchins refers to the transfer of "lock up" shares from Cardiac Science to Complient as the supposed grounds for the necessity of the joinder of Complient to this action, he does not come close to establishing any factual or legal basis for his claimed interest in any shares of either company. In fact, an Ohio court previously ruled that he is not entitled to the assets of Complient under the License Agreement he invokes for his alleged claims in this case and the others he has brought. See Exhibit A. Thus, as a court has already adjudicated, Hutchins is not entitled to the shares of stock he invokes as the alleged basis for joinder of Complient in this matter. See Exhibit A.

Underlying Hutchins' efforts to join Complient is his desire to avoid answering for his wrongful conduct in response to the litigation recently filed by Complient in the State of Ohio. Hutchins was admittedly aware of the terms of the APA at the time he filed the Complaint in this case, yet only decided to endeavor to join Complient when he was faced with the reality of expending funds to answer for claims in Ohio. Complient's claims against Hutchins and CPR-Prompt in Ohio are wholly separate claims under Ohio law and will not subject Hutchins to inconsistent obligations. See, e.g., Delgado v. Plaza Las Americas, 139 F.3d 1, 3 (1st Cir. 1998) ("where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages.") As a result, Federal Rule 19 does not compel the joinder of Complient to this action. Clearly, neither the facts of nor law applicable to the Motion warrant joinder of Complient herein.

IV. **CONCLUSION**

Based on the foregoing arguments and authorities, it is clear that joinder of Complient to this action is not warranted pursuant to the tenets of Federal Rule of Civil Procedure 19. Hutchins is simply not entitled to any portion of the assets of Complient, which is the basis of his claim for the necessity of joinder of Complient herein. Accordingly, Complient respectfully requests that Hutchins' Motion for Joinder be denied.

Respectfully submitted,

*[signature]*

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA 01102-9035
(216) 622-8200
FAX (216) 241-0816
Attorneys for Complient Corporation

{JAB5504;1}                                6

## CERTIFICATE OF SERVICE

A copy of the foregoing Complient Corporation's Memorandum in Opposition to Plaintiff's Motion for Joinder is being served via first-class mail this 7th day of October, 2004:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts 01106

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

And

Randall T. Skaar, Esq.
Scott G. Ulbrich
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Attorneys for Defendant Cardiac Science, Inc.

_____
One of the attorneys for Complient Corporation



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| COMPLIENT CORPORATION | ) | CASE NO: 429394 |
| Plaintiff, | ) | |
| | ) | JUDGE MATIA |
| v. | ) | |
| | ) | |
| CPR PROMPT CORPORATION, et al., | ) | **JUDGMENT ENTRY** |
| | ) | |
| Defendants. | ) | |

This matter came on for hearing upon Plaintiff Complient Corporation's ("Complient") Motion for Default Judgment ("Plaintiff's Motion") against Defendant CPR Prompt Corporation ("CPR Prompt") pursuant to Civ. R. 55(A). Upon consideration of Plaintiff's Motion, the proof of service of the Complaint upon CPR Prompt, and the Affidavit of Steven Lindseth, this Court finds that service has been perfected against Defendant CPR Prompt, that CPR Prompt has failed to answer the Complaint within the time set forth in the Ohio Rules of Civil Procedure, that CPR Prompt is in default of answering the Complaint and, therefore, that Complient is entitled to a default judgment against CPR Prompt pursuant to Civ. R. 55(A).

WHEREFORE, this Court hereby grants Plaintiff Complient Corporation's Motion for Default Judgment against CPR Prompt Corporation. It is the order of this Court that Plaintiff Complient Corporation is hereby granted a default judgment pursuant to Civ. R. 55(A) against Defendant CPR Prompt Corporation as follows:

Pursuant to Section 3.10 of the License Agreement, in the event that the partners of CPR L.P., including, but not limited to Plaintiff Complient Corporation, sell all r part of their respective partnership interest in CPR L.P. to an unrelated third party, Defendant CPR Prompt is entitled to 7.5%

DOCKETED
JUN 28 2001

A/A R432.DOC/1)  VOL2601 PG 449

of the net proceeds of that sale. Section 3.10 of the License Agreement does not entitle CPR Prompt to 7.5% of the sale of any or all assets of any entity other than CPR L.P.

IT IS SO ORDERED.

JUDGE DAVID MATIA

RECEIVED FOR FILING

MAY 3 0 2001

GERALD E. FUERST, CLERK
BY _____ DEP.

{JAB2482.DOC;1}            2            VOL 2601 PG 450