UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

---

DONALD C. HUTCHINS,
                Plaintiff,    Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,

                Defendant.

---

**DEFENDANT CARDIAC SCIENCE, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS CARDIAC SCIENCE'S COUNTERCLAIMS**

**INTRODUCTION**

Plaintiff Donald Hutchins' motion to dismiss Cardiac Science's counterclaims under FED. R. CIV. P. 9(b) and 12(b)(6) is unfounded and should be denied. Mr. Hutchins does not set forth any reasoned analysis as to how he meets his burden. Because he makes no argument showing why Cardiac Science's counterclaims are deficient, Hutchins' motion to dismiss should be denied.

**ARGUMENT**

**HUTCHINS' MOTION TO DISMISS UNDER FED. R. CIV. P. 9(b) SHOULD BE DENIED BECAUSE CARDIAC SCIENCE HAS NOT ALLEGED FRAUD**

Mr. Hutchins requests a dismissal of Cardiac Science's counterclaims I-V pursuant to Fed. R. Civ. P. 9(b). Rule 9(b) applies to fraud claims and requires fraud be pled with particularity. However, Cardiac Science has not alleged fraud. Therefore, Rule 9(b) is not a proper basis for a motion to dismiss Cardiac Science's counterclaims. Hutchins' motion must be denied accordingly.

1

### HUTCHINS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) SHOULD BE DENIED BECAUSE HE PROVIDES NO SUPPORT FOR HIS MOTION

Hutchins filed a sweeping motion to dismiss, wherein he asserts that all of Defendant's counterclaims fail to state a claim for which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). However, Hutchins has not met his burden because he simply recites the Rule 12(b)(6) standard. He does not support his motion with any analysis explaining how the facts pled in Cardiac Science's counterclaims are insufficient to meet the basic pleading requirement pursuant to Rule 12(b)(6).

As Plaintiff Hutchins stated in his motion to dismiss, " Under Rule 12(b)(6), all allegations in the complaint are to be treated as true and all reasonable inferences therefrom drawn in favor of plaintiff." citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). A court should not allow a motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." Gavrilles v. O'Connor, 579 F.Supp. 301, 303 (D.Mass. 1984) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.ED.2d 90 (1957). Cardiac Science has presented facts in support of each counterclaim asserted, which when taken as true and proven will entitle Cardiac Science to the relief it seeks.

To survive a motion to dismiss, a complaint need only satisfy the basic requirements of FED. R. CIV. P. 8(a). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) citing FED. R. CIV. P. 8(a)(2). FED. R. CIV. P. 8(a)(2) only requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Contrary to the law Hutchins cites, a Plaintiff is not required to plead facts supporting each element of his prima facie case. Swierkiewicz, 122 S.Ct. at 997. A complaint need only include enough facts to provide the Defendant with fair notice of what the

claim is and the grounds upon which it rests.  Id. at 998.  In its counterclaims, Cardiac Science has thoroughly pled facts beyond what is necessary to survive a motion to dismiss.  Cardiac Science pled facts sufficient to support each and every element of every counterclaim.   The facts in Cardiac Science's counterclaims fulfill the requirement in that they provide Hutchins with fair notice of its claims and the grounds upon which the claims rest.  Because Hutchins has failed to allege a basis for why Cardiac Science's pleadings violate Rule 12(b)(6), Hutchins' motion to dismiss  must be denied.

## CONCLUSION

Hutchins' motion to dismiss under FED. R. CIV. P. 9(b) must be denied, because Cardiac Science has not alleged fraud in its counterclaims.  In addition, Hutchins' motion to dismiss under FED. R. CIV. P. 12(b)(6) must also be denied because he offers no argument or explanation as to why Cardiac Science's counterclaims fail to state a claim upon which relief may be granted.  Therefore, Mr. Hutchins' motion to dismiss should be denied.

**Respectfully Submitted,**
**CARDIAC SCIENCE, INC.**

Dated: October 19, 2004

By:    /s/ *Paul H. Rothschild*
       Paul H. Rothschild

Randall T. Skaar
Scott G. Ulbrich
**PATTERSON, THUENTE, SKAAR**
**& CHRISTENSEN, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

**BACON & WILSON P.C.**
33 State Street
Springfield, MA 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on the 19th day of October 2004, I caused a copy of the foregoing Defendant Cardiac Science, Inc.'s Response to Plaintiff's Motion to Dismiss Cardiac Science's Counterclaims to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, MA   01106.

       /s/ *Paul H. Rothschild*
       PAUL H. ROTHSCHILD