UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | Civil Action: 04-30126-MAP |

### PLAINTIFF'S MOTION FOR REMOVAL PURSUANT TO
### FED. R. CIV. 11 and TITLE 28, PART IV, ¶ 1446 (a) and LOCAL RULE 81.1

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court grant Plaintiff a Motion for Removal in Case CV 040540066, the Court of Common Pleas, Cuyahoga County, Ohio in which the Complient Corporation is the Plaintiff and Donald C. Hutchins is a Defendant. In support thereof and in accordance with Title 28, Part IV, ¶ 1446, 1447 and 1448, the Plaintiff submits the attached Memorandum containing a short and plain statement on the grounds for removal together with a copy of the process served on Hutchins and the affidavit of Donald C. Hutchins.

                                                                       The Plaintiff
                                                                       Donald C. Hutchins, Pro Se

                                                                       _____
                                                                       1047 Longmeadow Street
                                                                       Longmeadow, Massachusetts 01106
                                                                       (413) 567-0606

Dated: October 28, 2004

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by registered mail to: Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402 and Paul H. Rothschild, Esq. Bacon & Wilson PC, 33 State Street, Springfield, MA 01103.

Dated: 10/28/04

Richard J. Moriarty

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS <br><br> Plaintiff <br><br> v. <br><br> CARDIAC SCIENCE, INC. <br><br> Defendant | Civil Action: 04-30126-MAP |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR REMOVAL PURSUANT TO FED. R. CIV. 11 and TITLE 28, PART IV, ¶ 1446 (a) and LOCAL RULE 81.1**

**INTRODUCTION**

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court grant Plaintiff's Motion for Removal of Case CV 04 540066, the Court of Common Pleas, Cuyahoga County, Ohio because district courts have been granted subject matter jurisdiction by the Constitution and federal legislation.

Case No. CV 04 540066 was filed by the Complient Corporation in response to Hutchins' Civil Action 04-30126-MAP as is clearly stated in paragraph 3 of Complient Corporation's Complaint herein attached as Exhibit 1. This Complaint for Ohio Case CV 04 540066 asks that the same issues be resolved that are at issue in this Court in Civil Action 04-30126-MAP. The issues involve the authority to exercise rights to Hutchins' intellectual properties. The dispute between Hutchins and Cardiac Science is directly related to the Complient Corporation's relationship to Hutchins and Cardiac Science. The issues can be resolved most equitably on evidence produced by all three parties. The

absence of the Complient Corporation places an unfair burden on Cardiac Science to defend fraudulent acts committed by the Complient Corporation, County Line Limited, and Steven Lindseth prior to the Cardiac Science asset purchase.

Complient asks for damages of $25,000 on two counts in the Ohio Case while also asking for a declaratory judgement to "resolve the 7.5% payment provision of Section 3.10." The asset sale to Cardiac Science places a value of $3,525,000 on Cardiac Science stock rather than the total of $50,000 demanded as damages by Complient as plaintiff in Case No. CV 04 540066. This low demand when so much is at stake with the 7.5% payment is clearly an attempt by Complient to obstruct justice by deceiving the Ohio court into believing that damages fall below the federal limits of $75,000 set by Congress for actions that involve citizens of different states.

Plaintiff, Donald C. Hutchins filed Civil Action: 04-30126-MAP citing subject matter and personal jurisdiction. This court has recognized this jurisdiction and there have been no challenges with regard to jurisdiction from the Defendant, Cardiac Science.

Hutchins has previously moved to join the Complient Corporation and a judgment is pending. During a Hearing before this Court held on September 9, 2004, Cardiac Science stated that only Complient can be held responsible for damages incurred by Hutchins prior to the asset sale. Cardiac Science has not objected to Hutchins' Motion for Joinder and appears to welcome the opportunity to have Complient be a party to Civil Action: 04-30126-MAP. It is economical, just, and in the best interest of all the parties to

2

have evidence presented and all issues resolved in this Court. A judgement in Ohio will have no relevance to the dispute between Cardiac Science and Hutchins and could place an unjust burden on Cardiac Science in this Court.

The sworn Affidavit of Donald C. Hutchins attesting to these facts is included herein as Exhibit #2.

## ARGUMENT

Paragraph 1441 (a) states:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Paragraph 1446 (a) states:

"A defendant or defendants desiring to remove any civil action or criminal prosecution for a State court shall file in the district court of the United States for the district and division within which such action is pending."

Paragraph 1447 (a) states:

"In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State or otherwise."

Local Rule 81.1 (a) REMOVAL states:

"Within thirty (30) days after filing a notice for removal of an action from state court to this court pursuant to 28 U.S.C. ¶ 1446, the party filing the notice shall file certified or attested copies of all records and proceeding in the state court and a certified or attested copy of all docket entries in the state court."

3

## **CONCLUSION**

The jurisdiction for this action is settled and not disputed by the parties. The Plaintiff, Donald C. Hutchins testifies that participation by the Complient Corporation is the most just and economical path to resolution.

Plaintiff agrees to comply with Local Rule 81.1 and all other procedures required for removal of Ohio Case No. CV 04 540066 to this Court. For all of the foregoing reasons, the Plaintiff's prays that his Motion for Removal should be granted and that the Court issue all necessary orders and process to bring it before all proper parties.

The Plaintiff
Donald C. Hutchins, Pro Se

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

Dated: October 28, 2004

4

**EXHIBIT "1"**