UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC. ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO COMPLIENT
CORPORATION'S OPPOSITION TO JOINDER**

I. **INTRODUCTION**

The Plaintiff, Donald C. Hutchins filed a Motion For Joinder of the Complient Corporation to Civil Action: 04-30126-MAP Under R. 19(a)(1) and R. (a)(2)(ii) of Civil Procedure on September 2, 2004. John J. Egan, an attorney with the law offices of Egan, Flanagan & Cohen, P.C. of Springfield has responded with a Memorandum in Opposition to Hutchins' Motion as the representative of the Complient Corporation. Attorney Egan is recognized as one of the better litigators in this venue. There is no question that the Complient Corporation will be well represented and their interests protected should they be joined to Civil Action: 04-30126-MAP.

Donald C. Hutchins through affidavit herein attached as Exhibit 1, swears that Cardiac Science is not authorized to practice his intellectual properties; that he has not licensed, sublicensed or sold these assets to Cardiac Science; and that the 1994 License Agreement does not allow a sublicense or transfer without his written permission which

he has not given. As a result, Cardiac Science has infringed and continues to infringe these intellectual properties.

Cardiac Science has relied on an asset sale agreement with the Complient Corporation to defend its position. Without the participation of the Complient Corporation in Civil Action: 04-30126-MAP, Cardiac Science lacks support for its position.

In his Memorandum Attorney Egan relies on an Ohio Court Judgment Entry that he attaches as Exhibit A. This Ohio Judgement states that the CPR Prompt Corporation is in default of answering the Complaint. Attorney Egan attempts to mislead the Court when he fails to report that this Judgment is a Judgment against the CPR Prompt Corporation. The CPR Prompt Corporation is not a party to Civil Action: 04-30126-MAP. Therefore Attorney Egan's Exhibit A is not relevant to Hutchins' Motion for Joinder.

## II.   **ARGUMENT**

The standard used to consider a request for joinder is found in Rule 19 of the Code of Civil Procedure. The tests are:

"(1) in the person's absence complete relief cannot be accorded among the parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Hutchins and Cardiac Science meet the test that in absence of Complient Corporation "complete relief cannot be accorded among the parties."

Cardiac Science and Hutchins meet the test that in the absence of Complient Corporation both will be subject to "inconsistent obligations by reason of the claimed interest."

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion to order the Complient Corporation to be made a party to Civil Action: 04-30126-MAP should be granted.

>The Plaintiff
>Donald C. Hutchins, Pro Se
>
>_____
>1047 Longmeadow Street
>Longmeadow, Massachusetts 01106
>(413) 567-0606

Dated: November 2, 2004

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01101-9035

Dated: 11/2/04       _____
                     Richard J. Moriarty

3

# EXHIBIT "1"

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | **AFFIDAVIT OF** |
| v. ) | **DONALD C. HUTCHINS** |
| ) | |
| CARDIAC SCIENCE, INC. ) | |
| ) | |
| Defendant ) | |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1. I am over 18 years of age and have personal knowledge of the matters attested to herein.

2. I filed a Motion For Joinder of the Complient Corporation to Civil Action: 04-30126-MAP Under R. 19(a)(1) and R. (a)(2)(ii) of Civil Procedure on September 2, 2004.

3. Attorney John J. Egan has responded with a Memorandum in Opposition to my Motion as the representative of the Complient Corporation. I have been told that Attorney Egan is one of the three best litigators in Springfield. There is no question that the Complient Corporation will suffer no additional burden and their interests will be well protected should Complient be joined to Civil Action: 04-30126-MAP.

4. I have never authorized the use of my intellectual properties to Cardiac Science. I have not licensed, sublicensed or sold any patent to Cardiac Science and can

assure anyone that the 1994 License Agreement does not allow a sublicense or transfer without my written permission which I have not given. As a result, Cardiac Science has infringed and continues to infringe these intellectual properties.

5. Cardiac Science has relied on an asset sale agreement with the Complient Corporation to defend its use of my properties. Without the participation of the Complient Corporation in Civil Action: 04-30126-MAP, Cardiac Science claims that it lacks important evidence regarding events that transpired prior to signing the Asset Purchase Agreement that only Complient can provide to support for its position.

6. In his Memorandum Attorney Egan relies on Ohio Court Judgment Entry that he attaches to his Memorandum as Exhibit A. This Ohio Default Judgement states that the CPR Prompt Corporation is in default of answering the Complaint. The Ohio Court accepted Complient's argument that, " A corporation must be represented by an attorney registered in Ohio."

7. I traveled to Cleveland to represent the CPR Prompt Corporation for a Hearing scheduled for May 25, 2001. Attorney Colleen O'Neil entered the courtroom to represent the Complient Corporation and passed immediately into Judge Matia's chambers. She returned with the clerk who told me that the Judge would not speak with me or recognize me as a representative of the CPR Prompt Corporation because I was not an attorney. As a result, the scheduled Hearing did not take place and Complient was given the Default Judgement that Attorney

Egan has listed as Exhibit A. I am able to produce documents and an audit trail to substantiate this testimony.

8. Exhibit A is not relevant to my request for Joinder. Attorney Egan attempts to mislead this Court when he fails to report that this Judgement Entry clearly is a Judgment against the CPR Prompt Corporation and not against Donald C. Hutchins, the Plaintiff in Civil Action: 04-30126-MAP.

9. In April of 1994 I negotiated a deal with John Lindseth, Steven Lindseth's father, in which I accepted an extremely low royalty of 2% and a $100,000 up-front payment. The "deal-maker" was Jon Lindseth's commitment to a 7-1/2% share that he called an "exit return" that I would receive when the venture built around CPR Prompt was sold or offered as an IPO. Considering that Jon Lindseth had exited the ventures *Thermoscan* and *Interplak* for over $100 million each and expected to do even better with CPR Prompt, this was a sound business and financial decision. Jon Lindseth has never denied the 7-1/2 "exit return". Jon's son Steven Lindseth is the person that has reneged on the commitment.

10. In June of 1994 I signed an agreement with County Line LLC that provided County Line LLC a license to use my intellectual properties within the framework of the Agreement. CPR L.P. has no business office or staff. I have never signed any agreement with CPR L.P. I have received royalty checks from County Line LLC and the Complient Corporation, but never from CPR L.P. All evidence points to the fact that CPR L.P. is a bogus entity organized by Steven Lindseth with the sole purpose of denying my investors and me the 7-1/2% "exit return".

11. I was represented by Attorney Gary Martinelli and Jon Lindseth used Attorney Mark Kaufman of the Atlanta firm of Sutherland, Asbill & Brennan. Five drafts of the License Agreement passed between the attorneys during the next two months. All the drafts included a clear understanding of the 7-1/2% "exit return" to Hutchins.

12. A few days prior to the June 1, 1994 signing, Steven Lindseth asked to change the wording to accommodate the Christmas tree stand product and birdfeeder product lines already being marketed by County Line. There was no intent to alter the 7-1/2% "exit return" to Hutchins. (I have copies of all the drafts from Attorney Kaufman that give a clear trail of evidence to support these claims)

13. After June 1, 1994, the signing date of the License Agreement, the Cleveland law offices of Calfee, Halter & Griswold replaced Attorney Kaufman. Since that time Steven Lindseth and the attorneys at Calfee have misrepresented the 7-1/2% "exit return". Attorney Martinelli continues to practice in Springfield and is prepared to testify to the validity of my claims.

14. In his Memorandum Attorney Egan reports Complient is the 99% general partner of CPR L.P. I was never informed that County Line LLC had sold or otherwise transferred this 99% general partnership interest. The June 1, 1994 License Agreement with County Line stipulates I would be notified of any sale or transfer.

15. Under accounting and Federal income tax rules, there must be more than a 3% equity investment by another party for a partnership to be independent from the controlling entity. If CPR L.P. is 99% owned by Complient it can not be

4

recognized as an independent entity. The debts and assets of CPR L.P. must be consolidated with Complient's to meet IRS, SEC and FTC accounting standards.

16. The Ohio Secretary of State's records show that Steven Lindseth organized CPR L.P. with the small investment of $500. This 1% interest was held in the name of Steven Lindseth's company called *Catalog Products*.

17. The Complient Corporation closed down its operation at 27070 Miles Road, Cleveland, Ohio and released its employees in November 2003 after the asset sale to Cardiac Science. During the last six months my telephone calls to Complient's main phone number of 440-498-8800 are met day after day with only a busy signal.

18. Robert I. Thompson who signed the Asset Sale Agreement with Cardiac Science as President and CEO appears to be relieved of his duties. He can not be found at any Complient facility.

19. I recently refused a settlement offer that was sent to me by Complient. The offer came from the law offices of Calfee, Halter and Griswold LLP and the settlement check was signed by Steven Lindseth who remains the only visible person even remotely active with the Complient Corporation or CPR L.P.

20. The Complient Corporation is a Delaware corporation. Complient can not claim citizenship in Ohio because it no longer operates as a business in Ohio. Any activities relating me to Cardiac Science have not taken place in Ohio.

21. The dispute between Hutchins and Cardiac Science is directly related to the Complient Corporation's relationship to Hutchins and Cardiac Science. The issues can be resolved most equitably on evidence produced by all three parties.

The absence of the Complient Corporation places an unfair burden on Cardiac Science to defend fraudulent acts committed by the Complient Corporation, County Line Limited, and Steven Lindseth prior to the Cardiac Science asset purchase.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 2nd Day of November, 2004

_____
NOTARY PUBLIC   Karen M. Brisbois

My Commission Expires: May 5, 2011

6