UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC. ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF, DONALD C. HUTCHINS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff, Donald C. Hutchins, pro se, answers Defendant Cardiac Science Inc.'s ("Cardiac Science") Counterclaims as follows:

Donald C. Hutchins ("Hutchins") denies each and every allegation, matter, and thing contained in said Counterclaims, except that which is hereinafter specifically admitted, qualified, or otherwise pleaded.

### ANSWER TO COUNTERCLAIMS

1.  Upon information and belief, Cardiac Science is a Delaware Corporation with its principal place of business at 16931 Millikan Avenue, Irvine, California 92606 as alleged in paragraph 68 of Defendant's Counterclaims.

2.  Plaintiff, Donald C. Hutchins admits that he is an individual residing at 1047 Longmeadow Street, Longmeadow, Massachusetts as contained in paragraph 69 of Defendant's Counterclaims.

3. Donald C. Hutchins admits that this Court has subject matter and supplemental jurisdiction as contained in paragraph 70 of Defendant's Counterclaims.

4. Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations as contained in paragraph 71 of Defendant's Counterclaims, and therefore denies same.

5. Donald C. Hutchins admits that he resides in this district, filed a Complaint against Cardiac Science in this District and is subject to personal jurisdiction as contained in paragraph 72 of Defendant's Counterclaims.

6. Donald C. Hutchins admits that venue is proper as contained in paragraph 73 of Defendant's Counterclaims.

## COUNT I
## BREACH OF CONTRACT

7. Donald C. Hutchins realleges paragraphs 1-6 as though fully set forth herein.

8. Donald C. Hutchins denies the allegation that Cardiac Science is a party to the June 1, 1994 License Agreement as contained in paragraph 75 of Defendant's Counterclaims.

9. Donald C. Hutchins denies the allegations as contained in paragraph 76 of Defendant's Counterclaims.

10. Donald C. Hutchins denies the allegations as contained in paragraph 77 of Defendant's Counterclaims.

11. Donald C. Hutchins denies the allegations as contained in paragraph 78 of Defendant's Counterclaims.

12. Donald C. Hutchins denies the breach of contract allegations and is therefore without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 79 of the Defendant's Counterclaims and therefore denies same.

## COUNT II
## ABUSE OF PROCESS

13. Donald C. Hutchins realleges paragraphs 1-12 as though fully set forth herein.

14. Attorney Randall T. Skaar, the Cardiac Science patent attorney, E-mailed Hutchins what he referred to as the relevant portion of the IP agreement between Complient and Cardiac Science on May 10, 2004. This consisted of 4 pages herein attached as Exhibit 1. Of great concern to Hutchins was reference to Hutchins' U.S. Patent (No. 5,913,685} and the false statement, "Complient is of the opinion that this patent is already included in the license."

15. Donald C. Hutchins states without equivocation that he owns Patent #5,913,685 and has not licensed, transferred or sold this Patent to County Line Limited or any of its successors. Claiming Patent #5,913,685 as part of the Asset Purchase Agreement of October 21, 2003 as contained in paragraph 81 of Defendant's Counterclaims, places Cardiac Science in the position of infringing Hutchins' Patent #5,913,685.

16. With reference to paragraph 81 of Defendant's Counterclaims, Schedule A of Exhibit 1 is instructive. It shows the Complient Corporation as owner of over 25 intellectual properties being transferred to Cardiac Science and does not show the

3

intellectual properties owned by Donald C. Hutchins' being transferred to Cardiac Science by Complient.

17. Attorney Randall T. Skaar followed his E-mail of May 10th with another on May 13, 2004 herein attached as Exhibit 2, in which he explains that even though he is Cardiac Science's chief patent attorney, "I actually didn't review the patents for CSI (Cardiac Science) when they purchased Complient's assets. I am not sure who did. They obviously missed the reissue issue." Donald C. Hutchins accepts this as further evidence that Cardiac Science as a publicly traded corporation did not follow the accepted SEC standards of due diligence with the acquisition of assets from Complient. Should Cardiac Science have used patent Attorney Skaar as part of the acquisition Cardiac Science would not have, "missed" Complient's deception with regard to Hutchins' intellectual properties.

18. Donald C. Hutchins obtained information about the October 21, 2003 Asset Purchase Agreement and an abridged copy as public information from the SEC web site. Donald C. Hutchins was never consulted or made aware of the Cardiac Science asset acquisition by either Complient, CPR L.P. or Cardiac Science and was never supplied a copy of the October 21, 2003 by these parties as is common business practice in these matters. As a result Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 81 of the Defendant's Counterclaims and therefore denies same.

19. Donald C. Hutchins admits that he is aware of the terms of the June 1, 1994 License Agreement as contained in paragraph 83 of Defendant's Counterclaims.

Hutchins can provide numerous drafts of the Agreement that passed between Attorneys Kaufman and Martinelli to clarify the terms of the June 1, 1994 Agreement.

20. Donald C. Hutchins denies the allegations as contained in paragraph 84 of Defendant's Counterclaims.

21. Donald C. Hutchins denies the allegations as contained in paragraph 85 of Defendant's Counterclaims.

22. Donald C. Hutchins denies the allegations as contained in paragraph 86 of Defendant's Counterclaims.

23. Donald C. Hutchins denies the allegations as contained in paragraph 87 of Defendant's Counterclaims.

24. Donald C. Hutchins denies the allegations as contained in paragraph 88 of Defendant's Counterclaims.

25. Donald C. Hutchins denies the allegations as contained in paragraph 89 of Defendant's Counterclaims

## COUNT III.
## TORTIOUS INTERFERENCE WITH CONTRACT

**A.  The October 23, 2003 Asset Purchase Agreement**

26. Donald C. Hutchins realleges paragraphs 1-25 as though fully set forth herein.

27. Donald C. Hutchins denies the allegations as contained in paragraph 91 of Defendant's Counterclaims.

28. Donald C. Hutchins admits that he is aware of the terms of the June 1, 1994 License Agreement as contained in paragraph 92 of Defendant's Counterclaims.

Hutchins can provide numerous drafts of the June 1, 1994 Agreement that passed between Attorneys Kaufman and Martinelli to clarify the terms of the Agreement.

29. Donald C. Hutchins denies the allegations as contained in paragraph 93 of Defendant's Counterclaims.

30. Donald C. Hutchins denies the allegations as contained in paragraph 94 of Defendant's Counterclaims.

31. Donald C. Hutchins denies the allegations as contained in paragraph 95 of Defendant's Counterclaims.

32. Donald C. Hutchins denies the allegations as contained in paragraph 96 of Defendant's Counterclaims.

33. Cardiac Science never informed Donald C. Hutchins of this "demand for indemnity" against the Complient Corporation as contained in paragraphs 97 and 98 of Defendant's Counterclaims. At a Hearing held before Judge Ponsor on Thursday, September 9, 2004, Attorney Skaar testified that the asset acquisition was completed and the stock already dispersed to Complient so there could be no relief to Hutchins.

34. Donald C. Hutchins denies the allegations as contained in paragraph 99 of Defendant's Counterclaims.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT

**B.    The June 1, 1994 License Agreement**

35. Donald C. Hutchins realleges paragraphs 1-34 as though fully set forth herein.

36. Donald C. Hutchins denies the allegations as contained in paragraph 101 of Defendant's Counterclaims.

6

37. Donald C. Hutchins denies the allegations as contained in paragraph 102 of Defendant's Counterclaims.

38. Donald C. Hutchins denies the allegations as contained in paragraph 103 of Defendant's Counterclaims.

39. Donald C. Hutchins denies the allegations as contained in paragraph 104 of Defendant's Counterclaims.

## COUNT V
## INTERFERENCE WITH PROSPECTIVE ADVANTAGE

40. Donald C. Hutchins realleges paragraphs 1-39 as though fully set forth herein.

41. Donald C. Hutchins denies the allegations as contained in paragraph 106 of Defendant's Counterclaims.

42. Donald C. Hutchins denies the allegations as contained in paragraph 107 of Defendant's Counterclaims.

43. Donald C. Hutchins denies the allegations as contained in paragraph 108 of Defendant's Counterclaims.

44. Donald C. Hutchins denies the allegations as contained in paragraph 109 of Defendant's Counterclaims.

## COUNT VI
## ATTORNEYS FEES AND COSTS

45. Donald C. Hutchins realleges paragraphs 1-44 as though fully set forth herein.

46. Donald C. Hutchins denies the allegations as contained in paragraph 111 of Defendant's Counterclaims.

47. Donald C. Hutchins denies the allegations as contained in paragraph 112 of Defendant's Counterclaims.

## COUNT VII
## DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT

48. Donald C. Hutchins realleges paragraphs 1-47 as though fully set forth herein.

49. Donald C. Hutchins denies the allegations as contained in paragraph 114 of Defendant's Counterclaims.

50. Donald C. Hutchins denies the allegations as contained in paragraph 115 of Defendant's Counterclaims.

51. Donald C. Hutchins denies the allegations as contained in paragraph 116 of Defendant's Counterclaims.

52. Donald C. Hutchins denies the allegations as contained in paragraph 117 of Defendant's Counterclaims.

53. Donald C. Hutchins denies the allegations as contained in paragraph 118 of Defendant's Counterclaims.

54. Donald C. Hutchins denies the allegations as contained in paragraph 119 of Defendant's Counterclaims.

55. Donald C. Hutchins respectfully requests that the Court deny the declaration contained in paragraph 120 of Defendant's Counterclaims.

## COUNT VIII
## DECLARATORY JUDGMENT OF NO INFRINGEMENT

56. Donald C. Hutchins realleges paragraphs 1-55 as though fully set forth herein.

57. Donald C. Hutchins denies the allegations as contained in paragraph 122 of Defendant's Counterclaims.

58. Donald C. Hutchins denies the allegations as contained in paragraph 123 of Defendant's Counterclaims.

59. Donald C. Hutchins denies the allegations as contained in paragraph 124 of Defendant's Counterclaims.

60. Donald C. Hutchins denies the allegations as contained in paragraph 125 of Defendant's Counterclaims.

61. Donald C. Hutchins respectfully requests that the Court deny the declaration contained in paragraph 126 of Defendant's Counterclaims.

## COUNT IX
## DCLARATORY JUDGMENT OF LICENSE RIGHTS

62. Donald C. Hutchins realleges paragraphs 1-61 as though fully set forth herein.

63. Donald C. Hutchins denies the allegations as contained in paragraph 128 of Defendant's Counterclaims.

64. Donald C. Hutchins denies the allegations as contained in paragraph 129 of Defendant's Counterclaims.

65. Donald C. Hutchins respectfully requests that the Court deny the declaration contained in paragraph 130 of Defendant's Counterclaims.

## COUNT X
## INJUNCTIVE RELIEF

66. Donald C. Hutchins realleges paragraphs 1-65 as though fully set forth herein.

67.  Donald C. Hutchins denies the allegations as contained in paragraph 132 of Defendant's Counterclaims.

68.  Donald C. Hutchins denies the allegations as contained in paragraph 133 of Defendant's Counterclaims.

69.  Donald C. Hutchins denies the allegations as contained in paragraph 134 of Defendant's Counterclaims.

70.  Donald C. Hutchins denies that Cardiac Science, Inc. is entitled to a preliminary and permanent injunctive relief as contained in paragraph 135 of Defendant's Counterclaims.

71.  Donald C. Hutchins acknowledges Defendant's demand for a jury trial. Donald C. Hutchins also demands a trial by jury.

72.  Donald C. Hutchins denies that Defendant in entitled to the relief sought in the prayer for relief in Defendant's Counterclaims.

## AFFIRMATIVE DEFENSES

Donald C. Hutchins asserts that following defenses and affirmative defenses:

73.  Defendant's Counterclaims fail to state claims upon which relief can be granted.

74.  Donald C. Hutchins is the owner of Patent Number Re. 34,800 and has never authorized or licensed its use, manufacture or product sales by Cardiac Science, Inc. Therefore Cardiac Science has and continues to infringe Patent #Re 34,800.

75.  Donald C. Hutchins is the owner of Patent Number 5,913,685 that Cardiac Science claims as part of the Complient asset purchase. The pursuit of this claim to

Hutchins' Patent Number 5,913,685 by Cardiac Science places Cardiac Science in the illegal position of infringing.

76.     Donald C. Hutchins is the owner of Certificate of Registration No. 1398334 for exclusive use of the mark CPR Prompt® for devices that guide persons through CPR with sound and graphic prompting. Donald C. Hutchins has never authorized or licensed the trademark CPR Prompt® for its use in product sales by Cardiac Science, Inc. Therefore Cardiac Science by the use of the CPR Prompt® registered trademark for the CPR prompting device that it manufactures and markets has and continues to infringe Hutchins' Registration No. 1398334.

77.     Donald C. Hutchins is the owner of Copyright Registration Number TXu-210-208 that covers, "Script & word list, "CPR PROMPT", that was copyrighted in September 1985. This script & word list has been the foundation for every CPR prompting device since Hutchins created the word list in 1985. This includes the devices that are now being manufactured and sold by Cardiac Science. Donald C. Hutchins has never authorized this copyrighted material for use, manufacture or product sales by Cardiac Science, Inc. Therefore Cardiac Science has and continues to infringe Copyright Registration Number TXu-210-208.

78.     Donald C. Hutchins is the owner of Copyright Registration Number TXu-213-859 that covers, LC5800 series cross assembler, the software program that controls the CPR Prompt® that was created and copyrighted in 1985. This software program has been basic to every CPR prompting device including that now being manufactured and sold by Cardiac Science. Donald C. Hutchins has never authorized this copyrighted material for use, manufacture or product sales by Cardiac Science, Inc. Therefore

Cardiac Science has and continues to infringe Copyright Registration Number TXu-213-859.

79.    Defendant's Counterclaims are barred in whole or in part by the doctrines of license, fair use, estoppel, release and/or laches.

80.    Donald C. Hutchins reserves the right to rely on additional defenses to Defendant's Counterclaims to the extent that such defenses are supported by information developed through discovery or at trial.

## PLAINTIFF'S COUNTERCLAIMS AGAINST DEFENDANT'S COUNTERCLAIMS

Defendant/Counterclaimant Cardiac Science's Counterclaims are intended to intimidate Donald C. Hutchins, diminish his resources and destroy his will to defend his intellectual properties. As a consequence to this tortious behavior, Donald C. Hutchins has no recourse but to introduce his own Counterclaims to Defendant's Counterclaims

## COUNTERCLAIMS

For his Counterclaims against Defendant's Counterclaims, Donald C. Hutchins states and alleges the following:

## PARTIES

81.    Donald C. Hutchins is an individual residing at 1047 Longmeadow Street, Longmeadow, Massachusetts.

82.    Upon information and belief, Defendant Cardiac Science, Inc. is a Delaware corporation with its principal place of business at 16931 Millikan Avenue, Irvine, California 92606.

83. Donald C. Hutchins admits subject matter jurisdiction is based on 28 U.S.C. 1331, as there is diversity between the parties to these Counterclaims as contained paragraph 70 of Defendant's Counterclaims.

84. Donald C. Hutchins admits that this Court has jurisdiction as contained in paragraph 71 of Defendant's Counterclaims.

85. Donald C. Hutchins admits to Defendant's allegations as contained in paragraph 72 of Defendant's Counterclaims.

86. Donald C. Hutchins admits to Defendant's allegations as contained in paragraph 73 of Defendant's Complaint.

## COUNT I
## ABUSE OF PROCESS

87. Donald C. Hutchins realleges paragraphs 81-87 as though fully set forth herein.

88. Defendant is aware that in a letter dated June 5, 2004 attached herein as Exhibit 3, Donald C. Hutchins fully explained the background and circumstances of the Cardiac Science infringement to Attorney Randall T. Skaar with the hope of resolving this dispute amicably. In this letter Donald C. Hutchins alerted Attorney Skaar that the Cardiac Science was infringing Hutchins' intellectual properties through acts of manufacture and sales of CPR Prompt® devices and the use of Hutchins' trademark and software copyrights related to the devices being manufactured and sold.

89. At the time this letter was sent to Attorney Skaar, there was ample time for Cardiac Science to address the infringement issues. There was also time for Cardiac Science to communicate with the Complient Corporation and to retrieve the 7-1/2% due Hutchins. This could been done at the time by simply diverting 7-1/2% from each

Complient stockholder to Hutchins at no loss to either Cardiac Science or the Complient Corporation. Certainly investors such as J. P. Morgan could understand the need to sacrifice the 7-1/2% to meet the legal requirements of the June 1, 1994 License Agreement and prevent this costly litigation and the interruption of the asset sale.

90.  The Cardiac Science. Inc. management did not allow Attorney Skaar the opportunity to reach a peaceful settlement with Hutchins. They usurped this opportunity by answering with a scathing letter from the law firm of Stradling, Yocca, Carlson & Rauth herein attached as Exhibit 4 that states, "Cardiac Science is already reviewing the publication of the current threat for possible action against Mr. Hutchins."

91.  The United States government has established the Patent Office and federal legislation has been written that protects the intellectual property rights of patent owners. The intransigence of Cardiac Science gave Donald C. Hutchins no recourse but to file his Complaint against Cardiac Science.

92.  Cardiac Science filed these Counterclaims with the ulterior purpose to intimidate Donald C. Hutchins, diminish his resources and destroy his will to defend his intellectual properties.

93.  Defendant's wrongful and illegitimate filing of the Counterclaims will cause Donald C. Hutchins to suffer compensatory damages and losses in an amount to be determined at trial.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT

94.  Donald C. Hutchins realleges paragraphs 81-94 as though fully set forth herein.

95. Defendant admits in paragraph 98 that it has filed a demand for indemnity to Complient pursuant to terms of the October 21, 2003 Asset Purchase Agreement.

96. With regard to the June 1, 1994 License Agreement, the letter from Stradling, Yocca, Cartlson & Rauth attached herein as Exhibit 4, states, "As to Mr. Hutchins' first substantive point, the alleged "7-1/2% exit strategy" allegedly "negotiated by the Lindseths in 1994" does not touch or concern Cardiac Science."

97. Defendant, Cardiac Science has made no attempt to perform the due diligence that it should have performed prior to signing the October 21, 2003 Asset Purchase Agreement to determine the legitimacy of Hutchins' claims in the Complaint.

98. Paragraphs 1, 3, 4, 9, 11, 12, 15, 16, 18, 19, 20, 22, 23, 24, 25, 27, 29, 30, 31, 33, 38, and 58, of Defendant's Counterclaims contain allegations related to the Complient Corporation and the June 1, 1994 License Agreement. In each of these paragraphs Defendant Cardiac Science states that it is without sufficient knowledge and information to form a belief as to the truth of Hutchins' allegations.

99. Cardiac Science relies on the fabrications of Steven Lindseth and the Complient Corporation contained in the October 21, 2003 Asset Purchase Agreement rather than perform the due diligence required to discover the truth. Cardiac Science substitutes due diligence with the answer that, "They are without sufficient knowledge and information to form a belief as to the truth of Hutchins' allegations."

100. When terms of the October 23, 2003 Asset Purchase Agreement are fulfilled and the stock diverted to the Complient stockholders, the Complient Corporation will be dissolved.

101. When the Complient Corporation is dissolved, Donald C. Hutchins will have no recourse to the $3,525,000 owed him under terms of the June 1, 1994 License Agreement. Realistically, the Court will recognize it is cost prohibitive and an impossible undertaking for Hutchins to chase down over 100 Complient stockholders after the Complient Corporation is dissolved.

102. The Defendant's Counterclaims as contained in paragraph 95 and its legal obstructions have delayed the Complient Corporation meeting its obligation to pay Hutchins $3,525,000 under terms of the June 1, 1994 License Agreement.

103. The Defendant, Cardiac Science owes a duty to Hutchins to investigate the June 1, 1994 License Agreement on which it relies in its Counterclaims rather than to respond with the statement that these matters do not "concern Cardiac Science."

104. Defendant's Counterclaims and delay tactics constitute a tortious interference with the June 1, 1994 License Agreement between Donald C. Hutchins and County Line Limited and its successor Complient Corporation.

## JURY DEMAND

105. Pursuant to FED R. Civ. P. 38(a), Donald C. Hutchins requests a trial by jury for all issue so triable.

## PRAYER FOR RELIEF

WHEREFORE, Donald C. Hutchins prays that judgment be entered in his favor as follows:

    A.    Dismiss Defendant's Counterclaims with prejudice;

    B.    Enter judgment sustaining Donald C. Hutchins' affirmative defenses and defenses;

C. On Count I of the Counterclaims, judgment in Donald C. Hutchins' favor for damages in an amount in excess of $75,000 to be determined at trial;

D. On Count II of the Counterclaims, judgement in Donald C. Hutchins' favor for damages sustained by Hutchins of $3,525,000 as a result of Defendant's tortious interference with the June 1, 1994 contract between Donald C. Hutchins and County Line Limited and its successor Complient Corporation.

E. That judgment be entered in Donald C. Hutchins' favor for damages that infringement of Plaintiff's intellectual properties was willful on the part of Cardiac Science and continued after notification by Hutchins. That Cardiac Science, Inc. contemptuously infringed on Hutchins properties with the mistaken belief that Hutchins, as "the little guy," could not afford the legal costs to protect these properties through the federal court system. On any and all Counts that a judgement be entered against the Defendant to increase damages up to three times the damages assessed in accordance with Title 35 of the United States Code, Section 285;

F. Such other relief as this Court and/or jury deem just and proper.

**Respectfully Submitted,**

**Donald C. Hutchins, Pro Se**

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

Dated: November 12, 2004

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

Dated: 11/13/04

Richard J. Moriarty