UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | Civil Action: 04-30126-MAP |

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court grant Plaintiff an Emergency Motion for Temporary Restraining Order. In support thereof, the Plaintiff submits the attached Memorandum in Support of the Plaintiff's Motion for a Temporary Restraining Order. Plaintiff is serving proper notice by mailing a copy of this Motion and Memorandum in Support to John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., Springfield, Massachusetts who has entered this action on behalf of the Complient Corporation.

A proposed Order is attached hereto.

Dated: November 17, 2004

The Plaintiff
Donald C. Hutchins, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending copies by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01101-9035

Dated: 11/17/04

Richard J. Moriarty

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>) Civil Action: 04-30126-MAP<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | |

## ORDER FOR TEMPORARY RESTRAINING ORDER

The Court makes the following finding and order on the Plaintiff's Emergency Motion for Temporary Restraining Order:

On October 28, 2004 Donald C. Hutchins filed a Motion for Removal in Case CV 04-54-540066 to the United States District Court, District of Massachusetts as part of Civil Action 04-30126-MAP. On October 10, 2004 Judge Eileen A. Gallagher of the Cuyahoga County Court of Common Pleas, set the date of 12/15/04 at 9:45 AM for a Default Hearing on Case CV-04-540066, Complient Corporation vs. Donald C. Hutchins, et al. Civil Action 04-30126-MAP was filed prior to Case CV-04-540066 and encompasses issues that the Complient Corporation asks to be resolved in the Ohio Case CV-04-540066.

The Court finds that irreparable harm to Hutchins far outweighs any harm that may be suffered by the Complient Corporation if the Default Hearing is continued for 60 days pending the Motion for Removal. The Court orders Judge Eileen A. Gallagher of the Cuyahoga County Court of Common Please, to set a date after 2/15/05 for a Default Hearing on Case CV-04-540066, Complient Corporation vs. Donald C. Hutchins, et al.

_____
Justice of the United States District Court

Dated: _____

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | Civil Action: 04-30126-MAP |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S EMERGENCY
MOTION FOR A TEMPORARY RESTRAINING ORDER**

The Plaintiff, Donald C. Hutchins files this memorandum in support of the Plaintiff's Emergency Motion for a Temporary Restraining Order.

**I.   SUMMARY OF POSITION**

On October 28, 2004 Donald C. Hutchins filed a Motion for Removal in Case CV 04-54-540066 to the United States District Court, District of Massachusetts as part of Civil Action 04-30126-MAP. John J. Egan, an attorney with the law offices of Egan, Flanagan & Cohen, P.C. of Springfield has appeared in Civil Action 04-30126-MAP to represent the Complient Corporation.

On October 10, 2004 Judge Eileen A. Gallagher of the Cuyahoga County Court of Common Pleas, set the date of 12/15/04 at 9:45 AM for a Default Hearing on Case CV-04-540066, Complient Corporation vs. Donald C. Hutchins, et al. Civil Action 04-30126-MAP was filed prior to Case CV-04-540066 and encompasses issues that the Complient Corporation asks to be resolved in the Ohio Case CV-04-540066.

Plaintiff, Donald C. Hutchins asks the Court to find that irreparable harm to Hutchins far outweighs any harm that may be suffered by the Complient Corporation if the Default Hearing is continued for 60 days pending the Motion for Removal. The Plaintiff asks the Court to order Judge Eileen A. Gallagher of the Cuyahoga County Court of Common Please, to set a date after 2/15/05 for a Default Hearing on Case CV-04-540066, Complient Corporation vs. Donald C. Hutchins, et al.

## II. ARGUMENT

### A. Hutchins is Entitled to Injunctive Relief

The standard used to consider a request for a temporary restraining order is the same as that used for a preliminary injunction. See Quincy Cablesystems, Inc. v. Sully's Bar, Inc., 640 F.Supp. 1159,1160 (D.Mass.1986). To issue injunctive relief correctly, a judge initially must consider whether the plaintiff has demonstrated that without the relief he would suffer irreparable harm, not capable of remediation by a final judgment in law or equity. See Packaging Indus. Group, Inc. v. Cheney, 380 Mass, 6117 n. 11 (1980). The Plaintiff also must show that there is a likelihood that he would prevail on the merits of the case at trial. See id. The judge then must balance these two factors against the showing of irreparable harm which would ensue from the issuance, or the denial, of an injunction and the 'chance of success on the merits' presented by the defendant. See id. at 617. An injunction may issue properly only if the judge concludes that the risk of irreparable harm to a plaintiff, in light of the chances of success on his claim, outweigh[s] the defendant's probable harm and likelihood of prevailing on the merits of the case." See Commonwealth v. Mass. CRINC, 392 Mass. 79,87-88 (1984).

2

In support of the Plaintiff's Motion, the Plaintiff will show that he is entitled to injunctive relief as he can demonstrate 1) a likelihood of success on the merits; 2) a risk of irreparable harm; and 3) the potential harm to the plaintiff outweighs the potential harm to the defendant. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-617 (1980).

1. **Hutchins is likely to succeed on the merits of the case.**

Civil Action 04-30126-MAP has entered the discovery phase after the Court refused to grant Defendant's Motion to Dismiss. The parties agree that all issues can only be resolved with the participation of the Complient Corporation. The Complient Corporation has stated that it filed Case CV-04-540066 in reaction to the Complaint filed by Hutchins with this Court. Hutchins is likely to succeed with his Motion for Removal pursuant to FED. R. Civ. 11 and Title 28, Part IV, ¶ 1446 and Local Rule 81.1.

2. **There is a great risk of irreparable harm if Hutchins' request for a temporary restraining order is denied.**

If the plaintiff, Hutchins, is not granted the relief that has been requested, he will suffer irreparable harm. If the Court's restraining order is either denied or delayed and the Default Hearing set for 12/15/2004 as scheduled by Judge Gallagher in Case CV-04-540066 takes place, the action may be decided by default. The Complient Corporation will then apply that default decision to Civil Action 04-30126-MAP in this Court in the form of *res judicata*.

3. **<u>The potential harm to Complient Corporation is outweighed by the potential harm to the Plaintiff.</u>**

The action sought by Hutchins will not harm the Defendant in any way. A review of the facts will show that irreparable harm to Hutchins far outweighs any harm that may be suffered by the Complient Corporation. Cardiac Science has stated repeatedly that it relies in part on information exclusive to the Complient Corporation for its defense. This Court Order will give the Complient Corporation the time and opportunity to argue the Motion for Removal with full participation of all the concerned parties.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion for an Emergency Temporary Restraining Order should be granted.

The Plaintiff
Donald C. Hutchins, Pro Se

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

Dated: November 17, 2004

4