UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CARDIAC SCIENCE, INC. ) <br> ) <br> Defendant ) <br> ) | Civil Action: 04-30126-MAP |

## PLAINTIFF'S MOTION TO DENY ATTORNEYS EMPLOYED BY THE LAW FIRM OF CALFEE, HALTER AND GRISWOLD LLP TO APPEAR *PRO HAC VICE*

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court to deny attorneys employed by the Law Firm of Calfee, Halter and Griswold LLP to appear *pro hac vice*. In support thereof, the Plaintiff submits the attached Memorandum in Support of the Plaintiff's Motion.

Dated: November 23, 2004

The Plaintiff
Donald C. Hutchins, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending copies by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01101-9035

Dated: 11-23-04

Richard J. Moriarty

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | Civil Action: 04-30126-MAP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DENY ATTORNEYS EMPLOYED BY THE LAW FIRM OF CALFEE, HALTER AND GRISWOLD LLP, TO APPEAR *PRO HAC VICE***

**I.    SUMMARY OF POSITION**

On November 18, 2004 the Court endorsed order granting Plaintiff's Amended Motion for Joinder of Parties. One party to be joined in the Amended Complaint is the Complient Corporation. The Complient Corporation included Hutchins' US Patent Number 5,913,685 as part of the asset sale and is attempting to illegally transfer this Patent to Cardiac Science, Inc. As a result both the Complient Corporation and Cardiac Science, Inc. are guilty of infringing Hutchins' Patent Number 5,913,685.

In 1995 correspondence passed between Hutchins and Attorney Jeanne E. Longmuir, the patent attorney that represents Jon Lindseth, Steven Lindseth, CPR Limited and the Complient Corporation. This correspondence is attached herein as Exhibit #1. Included in Exhibit #1 is a letter written by Jon Lindseth, the Chairman of County Line Limited, that outlines his understanding as it applies to paragraphs 3.10 and 4.6 of the June 1, 1994 License Agreement. In this letter Jon Lindseth clarifies three

issues: First, Hutchins is to receive royalties on patents; Second, Hutchins would receive a back end return (*7-1/2%*) on the net proceeds in the event of the sale of the company (*County Line Limited*); Third, Hutchins is instructed to send all disclosures to Jeanne Longmuir for evaluation.

There follows letters in which Hutchins presents the disclosures for Jon Lindseth's appraisal. Finally, the last letter of Exhibit #1 clearly shows that Attorney Jeanne E. Longmuir instructed Hutchins that the Lindseths were not interested in pursuing inventions that Hutchins presented as "Abstracts" that culminated in Patent Number 5,913,685.

Two years after Patent Number 5,913,685 was issued and Hutchins started to sell devices based on this Patent, the Lindseth Group filed Case No. 35 133 00022 01 with the American Arbitration Association. In Count II of this Action, the Lindseths claimed ownership of Hutchins' Patent Number 5,913,685.

During the Arbitration the arbitrators issued Order No. 3 attached herein as Exhibit #2. Paragraph 6 of Order No. 3 ordered Calfee, Halter and Griswold to furnish "The four concept disclosures made by Respondent (*Hutchins*) to Claimant (*the Lindseths*) which were rejected by Jeanne Longmuir's letter of September 7, 1995." As disclosed in a letter attached herein Exhibit #3, Calfee, Halter & Griswold LLP objected to being ordered to produce documents, shielded Attorney Longmuir from the arbitrators and did not comply with the Order from the Arbitration Panel. This pressure from the AAA arbitrators and the inability to substantiate their claims forced Calfee, Halter & Griswold LLP to drop the AAA action and the Lindseths to abandon this attempt to confiscate Hutchins' Patent Number 5,913,685.

Rights to Patent Number 5,913,685 are again being contested between Donald C. Hutchins, Cardiac Science Inc., and the Complient Corporation (Including its affiliates and predecessor County Line Limited), as part of Civil Action 04-30126-MAP. The testimony and discovery ascribed to Attorney Jeanne E. Longmuir and her law firm Calfee, Halter and Griswold LLP, are critical to the questions of infringement of Patent Number 5,913,685. The appearance of Calfee, Halter and Griswold LLP as a *pro hac vice* representative for Complient would also inject a conflict of interest condition into this Action and could place barriers of "legal-privilege" between the Plaintiff and evidence of infringement.

## II. ARGUMENT

### A. The Defendants Are Already Competently Represented by Local Counsel.

Paul T. Rothschild, Esq., the chief litigator with Bacon & Wilson P.C. was recently recognized as one of the best lawyers in Massachusetts.

John J. Egan, Esq. of Egan, Flanagan and Cohen, P.C. is recognized by the Trial Lawyers Association as one of the ten most prominent trial lawyers practicing in Western Massachusetts.

### B. Hutchins is Entitled to Having Attorney Jeanne Longmuir and Her Associates Barred from *Pro Hac Vice* Representation of the Defendants.

The standard used to consider for the denial of rights for *pro hac vice* has been established in Merles v. Lerner, 391 Mass 221, 461 N.E.2d 772 (1984). "The trial court did not abuse his discretion in denying several defendants' motion to have a New York lawyer appear on their behalf *pro hac vice*. The trial court had justifiable grounds for denying the motion, including that the out-of-state lawyer may have been a witness to or

3

participated in discussions of the nature of the services provided by the plaintiff which were the subject of the lawsuit."

### C. Calfee, Halter and Griswold LLP has a Conflict of Interest.

Calfee, Halter and Griswold LLP appears on the list of Complient stockholders published by the Security and Exchange Commission herein attached as Exhibit #4. Stockholders on this list are scheduled to receive Cardiac Science stock as part of the Asset Purchase Agreement with Complient. As a consequence Calfee, Halter and Griswold LLP will lose a minimum of 7-1/2 % of their share value if Hutchins prevails in this Action.

It is commonly understood that business entities be represented in litigation by outside counsel that is not affiliated with the business entity. For the stockholder, Calfee, Halter and Griswold, LLP to appear *pro hac vice* is definitely a conflict of interest and prejudicial to the Plaintiff.

### CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion to deny attorneys employed by the law firm of Calfee, Halter and Griswold LLP to appear pro hac vice should be granted.

> The Plaintiff
> Donald C. Hutchins, Pro Se
>
> _____
> 1047 Longmeadow Street
> Longmeadow, Massachusetts 01106
> (413) 567-0606

Dated: November 23, 2004

4

# EXHIBIT #1



June 1, 1995

Mr. Don Hutchins
CPR Prompt
60 Brookdale Rd.
Springfield, MA 01104

Dear Don,

It was good to talk with you on Thursday, June 1.

I want to reinforce the patent issue. You have every incentive to fully cooperate with us on patent filings. We pay for all the patent attorney costs and filing fees. You receive a royalty and a back end return on net proceeds in the event of a sale of the company.

You should do all you can to strengthen the patent. You should send Jeanne Longmuir all disclosures on a prompt and timely basis. Her address is:

> Jeanne Longmuir
> Calfee, Halter & Griswold
> 1400 McDonald Investment Center
> Cleveland, OH 44114

She will call you periodically to see if you have any ideas worth pursuing.

Regarding your comment that you heard we "inventory" patents. This is not true. We attempt to exploit all patents we license and have always done so. We are actively engaged in getting the CPR product ready for market as explained to you by Steven.

Sincerely,

Jon Lindseth/kum

Jon A. Lindseth
Chairman

cc: Steven Lindseth
    Jeanne Longmuir

June 23, 1995

Jeanne Longmuir, Esquire
Calfee, Halter & Griswold
1400 McDonald Investment Center
Cleveland, OH 44114

Re: CPR Computer System Patent

Dear Ms. Longmuir:

I have been working for months and have succeeded in inventing a computer system which is capable of prompting rescuers with visual, audio, and text prompts. The keys to this invention are in digitizing the graphics and sound; Compressing the magnetic impulses of 0's and 1's; Storing the vast amount of digital logic on optical disk arrays; Timing the electrical impulses to produce the proper sequence of prompts; Attaching the proper filters, transducers, monitors and loudspeakers through the computer bus; etc. as explained in the Objects and Claims that I have written.

I doubt that anyone else has put the technology together to produce a Computer Prompter for CPR. The technology was not available until recently to do many of the necessary tasks.

Should Jon want to participate, I can add the logic diagrams, schematics, and figures and work with you on fleshing out the phrasing. Should he not want to pursue a patent, please return the material to me so that I can take it to Fish and Richardson.

Sincerely yours,

Donald C. Hutchins

DCH:lbj

# ABSTRACT

An electronic cardiopulmonary resuscitation prompting computer includes an interactive keyboard, pointing device, or speech recognition device which sends a signal to the computer for powering up the apparatus, identifying the number of rescuers, describing the condition of the victim, selecting the cardiopulmonary resuscitation procedure required and pausing or stopping the operation. The CPR prompting computer also includes a monitor for visual display, a loud speaker for producing audio cardiopulmonary resuscitation instructions, digital memory storage devices which store the visual and speech cardiopulmonary resuscitation prompting and a bus of wiring which delivers information to and from the central processor which directs the sequence and timing of visual and voice prompts.

\* \* \* \* \* \* \* \* \* \*

It has been proven that verbal cardiopulmonary resuscitation (CPR) speech prompting can help a rescuer both during an actual rescue and for training. American Heart Association officials have recognized that a calm voice can give people the confidence they need to perform during CPR and that frequent training sessions using CPR voice prompting allows the rescuer to retain and refresh CPR rescue skills.

Hutchins' Patent No. 4,583,524 and Reissue Patent No. RE 34,800 instruct us in the use of synthetic electronic speech and microprocessor logic to prompt rescuers through CPR procedures with the proper timing and sequencing. While portable electronic speech prompters have proven to be successful, they are not always available to a rescuer.

The American Heart Association which developed CPR in the 1960's and is responsible for its proliferation, is concerned with the low percentage of rescuers in the U.S. They have called for more public awareness and training. AHA officers recognize that CPR voice prompting must be made available to the public in all locations in an inexpensive manner.

The use of computers has increased exponentially Worldwide in the last decade. With this proliferation, we now find computer terminals in offices, schools, homes, engineering labs, hospitals, nursing homes, etc.

It is therefore an object of this invention to make every computer terminal a CPR audio and visual prompting device.

Another object of the invention is to make every computer terminal a broadcaster of audio and visual signals to allow a rescuer full use of his hands, eyes, voice, mouth, and body while being prompting through a rescue.

June 29, 1995

Jeanne Longmuir, Esquire
Calfee, Halter & Griswold
1400 McDonald Investment Center
Cleveland, OH 44114

Dear Attorney Longmuir:

Wireless is a very large portion of the communications market. It includes cellular phones, two way radios, pagers and personal communicators. To be able to use a cellular phone to receive CPR prompting would be a blessing for rescuers in remote locations such as automobiles, construction sites, ballparks, etc.

With the materials attached, I have addressed the transmission problem of prompts through wireless networks. Basically, I have invented a method of two way communication to allow the sender and receiver of CPR prompting to be interactive. I expect that it may take four months to develop simple working models of this technology.

I shall await Jon Lindseth's decision on whether he wants to participate in pursuing this patent for me.

Sincerely yours,

Donald C. Hutchins

DCH:lbj

# ABSTRACT

A cardiopulmonary resuscitation (CPR) wireless prompting transmission system which uses radio, laser, and light waves to transmit electrical magnetic pulses as both analog and digital signals identifying the age category of the victim, the number of rescuers, CPR sequences, mouth to mouth resuscitation sequences, and whether the victim is conscious or not conscious. The wireless CPR prompting transmission system may include keying, pointing, or voice recognition means for input, microcomputer, synthesizer, digitizer and memory means for processing, and display or loudspeaker means for output. The output prompts will be used by rescuers to perform the various CPR rescue procedures as defined by the American Heart Association.

\* \* \* \* \* \* \* \* \* \*

The 1992 Conference on Cardiac Care sponsored by the American Heart Association called for greater proliferation of the Cardiopulmonary Resuscitation (CPR) Worldwide. Hutchins' Patent Number 4,583,524 and Reissue Patent Number 34,800 helps this CPR proliferation by instructing us in the use of synthetic electronic speech and microprocessor logic to prompt rescuers through CPR procedures with the proper timing and sequencing.

Hutchins has applied for additional patents that enhance CPR voice prompting by teaching audio, text, and visual prompting using computers and digital networks. These inventions place every computer terminal, network monitor, and interactive television in a position to act as a CPR prompting device.

To make CPR prompting and training available to an even wider range of rescuers in many more locations, Hutchins now discloses apparatus to place CPR prompting on wireless communicators such as cellular telephones, radios, and personal communicators.

It is therefore the object of this invention to provide CPR prompting through wireless communication on two way radios, cellular telephones, and personal communicators using radio, laser, and light waves.

Another object of the invention is to produce visual and audio prompting for CPR rescuers and allow the full use of the rescuers eyes, voice, mouth, and body while being prompted through a rescue.

A third object of the invention is to use keying means, pointing means, and speech recognition means to select and indicate the age of the victim, condition of the victim, number or rescuers present and to power up, pause, and shut down the rescue sequence.

# Calfee, Halter & Griswold

Columbus Office:
Suite 1500
88 East Broad Street
Columbus, Ohio 43215-3506
(614) 621-1500
Telecopier (614) 621-0010

Attorneys at Law
Suite 1800
800 Superior Avenue
Cleveland, Ohio 44114-2688
(216) 622-8200

Cleveland
Telecopier (216) 241-0816

Writer's Direct Dial
No. (216) 622-8503

July 5, 1995

Mr. Donald Hutchins
CPR Prompt Corporation
60 Brookdale Drive
Springfield, MA 01104

Re: CPR Patent Disclosures

Dear Don:

Thank you for forwarding your four patent disclosures. Please be assured that we are in communication with the Lindseths to determine their interest in proceeding with your disclosures. As soon as a decision is made, I will be certain to contact you as soon as possible.

Very truly yours

Jeanne E. Longmuir

JEL:ysc
cc:  Steve Lindseth
     Jon Lindseth

188\22775136.201

# Calfee, Halter & Griswold

| | | |
|---|---|---|
| Columbus Office: | Attorneys at Law | Cleveland |
| Suite 1500 | Suite 1800 | Telecopier (216) 241-0816 |
| 88 East Broad Street | 800 Superior Avenue | |
| Columbus, Ohio 43215-3506 | Cleveland, Ohio 44114-2688 | Writer's Direct Dial |
| (614) 621-1500 | (216) 622-8200 | No. (216) 622-8533 |
| Telecopier (614) 621-0010 | | |

September 7, 1995

Donald C. Hutchins
60 Brookdale Drive
Springfield, MA  01104

Re:  Invention Disclosures

Dear Don:

    This is a follow-up to your letters of August 4 and September 4, 1995 concerning the four patent disclosures you have forwarded to our attention.  The Lindseths were encouraged that you are continuing to reduce your inventions to practice.  As I had previously mentioned, the disclosures we received would require additional technical information prior to preparation of an application.

    The Lindseths are certainly interested in your disclosures.  However, at this time, as you know, they are involved with the CPR Prompt product and are not currently certain of plans for the future.  The Lindseths advise that you should contact your attorney and proceed as you see fit.

    Pursuant to Paragraph 4.6 of the License Agreement, County Line Limited retains its option with respect to these improvements or similar products.  Please let us know if you have any questions.

                                Very truly yours,

                                Jeanne E. Longmuir

JEL:ysc
cc:  Gary Martinelli, Esq.
     Steven W. Lindseth

188\22775APA.20I

# EXHIBIT #2

6

AMERICAN ARBITRATION ASSOCIATION

CASE NO. 35 133 00022 01

CPR LIMITED PARTNERSHIP,
et al.,
            Claimants,

v.

CPR PROMPT CORPORATION,
et al.,
            Respondents.

## ORDER NO. 3

1. The Orders of the Panel, not correspondence from the parties or their counsel (e.g., Mr. Hutchins' 4/8/02 letter to AAA CEO Slate; Ms. O'Neil's letter of 4/26/02 to the Panel and AAA's Ms. Jones), determine the current status of the case.

2. The case is not "suspended for non-payment" under AAA Commercial Arbitration Rule ("CAR") R-56. Rather, the preliminary hearing pursuant to CAR R-22 has been postponed (CAR R-30) until June 30, 2002, to afford: (a) each party time to reach agreement concerning that party's relationship with its party-appointed arbitrator during the balance of the proceedings; (b) the AAA Case Administrator, Ms. Jones, time to assess and collect a deposit of the estimated fees and expenses of the arbitrators (see, CAR R-54); and (c) to allow the parties to prepare for full discussion of all matters at the preliminary hearing, itself (see, CAR R-22(b).

3. Once Ms. Jones has completed the process outlined in CAR R-56, the Panel will make a determination about how to proceed.

4. If Ms. Jones should indicate that her efforts to secure deposits covering AAA fees and the arbitrators' fees and expenses are concluded prior to June 30, 2002, either party may request that AAA attempt to schedule a preliminary hearing. Any such request shall be made through the AAA, which shall see to it that all parties, whether business entities or individuals, receive notice by Certified Mail.

5. The Panel observes that, to date, it has held three telephonic status conferences; April 3, 2002, April 10, 2002 and April 25, 2002. Neither Mr. Hutchins nor CPR Prompt Corporation appeared at any of these conferences, through counsel or in person. When no appearance by Respondents was made on April 3, 2002, the Panel, with the consent of Claimant CPR Limited Partnership, added Attorney Gary Martinelli of Springfield Massachusetts to the

call. Mr. Martinelli has previously represented both Respondents, and agreed personally to urge Mr. Hutchins to secure counsel to represent Respondents in this arbitration. The Panel believes that notice of the April 10 status conference was delivered to Mr. Hutchins by fax and by overnight courier from AAA, and that notice of the April 25 status conference was delivered to Mr. Hutchins by fax and by Certified Mail from the AAA. The Panel directs that Ms. Jones give notice of all future hearings and correspondence in this matter to Claimants and Respondents via Certified Mail, Return Receipt Requested.

6. Claimants' objection to Order No. 2, ¶2 (which provides, "The four concept disclosures made by Respondent to Claimant in 1995 which were rejected by Jeanne Longmuir's letter of September 7, 1995 will be furnished to the Panel by Claimant by April 24, 2002") is overruled and the time for Claimant to comply with this ¶6 is extended to June 30, 2002.

/s/ Robert R. Hussey II
Robert R. Hussey II

/s/ Richard R. Pogue
Richard W. Pogue

/s/           Richard H. Sayler
Richard H. Sayler, Chairman

Dated: May 3, 2002


**American Arbitration Association**
*Dispute Resolution Services Worldwide*

L'Tanya Keith-Robinson

May 3, 2002

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
internet: http://www.adr.org/

VIA FACSIMILE & CERTIFIED U.S. MAIL

Colleen O'Neil Esq.
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, OH 44114

Donald C. Hutchins
Hutchins Tool and Engineering Company
60 Brookdale Drive
Springfield, MA 01104

Re: 35 133 00022 1
CPR Limited Partnership
and
CPR Prompt Corporation and
Donald C. Hutchins

Dear parties:

Enclosed is the Panel's Order # 3.

Very truly yours,

Amy Henthorn Jones
Case Manager
800 218 5286
henthorna@adr.org

# EXHIBIT #3

7