UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>)<br>Defendant )<br>) | Civil Action: 04-30126-MAP |

**COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO DENY ATTORNEYS EMPLOYED BY THE LAW
FIRM OF CALFEE, HALTER AND GRISWOLD LLP TO APPEAR *PRO HAC VICE***

## I. INTRODUCTION

Plaintiff's, Donald Hutchins' ("Hutchins"). Motion to Deny Attorneys Employed by Law Firm of Calfee Halter & Griswold, LLP to Appear *Pro Hac Vice* (the "Motion") is a half-baked motion to deny Complient counsel of its choice which should be denied. As set forth below, Hutchins' Motion is long on conclusory statements and rhetoric and fatally devoid of merit. Hutchins' Motion is nothing more than an improper litigation tactic (similar to his earlier attempt to "remove" the action pending in the State of Ohio among Complient, Hutchins & CPR Prompt) manufactured with the hope of denying Complient the benefit of its chosen counsel -- a result

{CM01872;1}

that is not warranted by the facts of or law applicable to this case.[1] Accordingly, Hutchins' Motion should be denied.

## II. FACTUAL BACKGROUND

Calfee, Halter & Griswold, LLP has been the chosen counsel of Complient and its related entities for approximately a decade. In 1994, Hutchins and his company, CPR Prompt, entered into a License Agreement with County Line Limited Partnership. County Line's rights and obligations under the License Agreement were later transferred to an Affiliate of County Line, CPR L.P., as contemplated by the express terms of the License Agreement. Complient is the 99% general partner of CPR L.P.

At nearly all times since the execution of the License Agreement, Hutchins has contested its words and effect. In fact, in November of 1999, Hutchins improperly attempted to terminate the License Agreement and thereafter sent repeated correspondence contesting the construction and effect of certain of its provisions. Hutchins' pattern of repeated efforts to rewrite the License Agreement left CPR L.P. and its general partner, Complient, no alternative but to seek judicial relief from Hutchins' conduct. As a result, in February of 2001, CPR L.P. submitted a Demand for Arbitration to the American Arbitration Association. Hutchins refused to participate in this arbitration and pay his portion of the arbitration fees. As a result, the arbitration was dismissed.[2]

---

[1] One possible reason for Hutchins' desire to jettison Calfee, Halter and its lawyers is the fact that Hutchins has faced Calfee, Halter in three prior litigations, two of which ended with judgments adverse to Hutchins and the third was dismissed due to Hutchins' obstinate refusal to participate. The specifics of these prior proceedings are explained below.

[2] Hutchins subsequently sued the AAA, in Hutchins v. American Arbitration Assoc., D. Mass. Case No. 03-30181, claiming that the AAA improperly interfered with his patent rights by accepting jurisdiction of CPR L.P.'s demand and for wrongfully attempting to recover the fees Hutchins' owed the AAA as a result of the Counterclaim he filed in the AAA proceedings.

Complient separately instituted litigation against Hutchins in the State of Ohio, Cuyahoga County Court of Common Pleas seeking a declaratory judgment as to the construction and effect of the License Agreement. This action was captioned, Complient v. Hutchins, Cuyahoga County Court of Common Pleas Case No. 429394 (the "Ohio Action"). Judgment was entered in Complient's favor in the Ohio Action against both Hutchins and his company, CPR Prompt. In the Ohio action, Hutchins unsuccessfully endeavored to assert a "cross-claim" directly against Calfee, Halter and certain of its attorneys alleging various vague breaches of duty he claimed Complient's counsel somehow owed him. One of the attorneys Hutchins attempted to cross-claim against is Jeanne Longmuir, a former partner of Calfee, Halter. Ms. Longmuir is no longer affiliated with or employed by Calfee, Halter. Hutchins' improper cross-claims against Calfee, Halter and its attorneys were dismissed.

After judgment was entered against Hutchins in the Ohio Action, he then proceeded to sue certain shareholders of Complient in this court, including Calfee, Halter & Griswold, in the matter captioned, Hutchins v. Lindseth, D. Mass., Case No. 01-30120. The undersigned attorneys from Calfee, Halter appeared *pro hac vice* in that matter and successfully secured a dismissal of Hutchins' claims as to all defendants.

In this case, the Court recently granted Hutchins' Motion for Joinder to amend his Complaint to join Complient to this case. In response, Hutchins filed the subject Motion which preemptively and prematurely seeks to prevent Complient from utilizing counsel of its choice. Hutchins makes this Motion, not because the facts and law warrant it, but, rather, because he hopes to gain a tactical advantage by jettisoning Calfee, Halter. This result is not warranted and Hutchins' Motion should, accordingly, be denied.

### III. LAW & ARGUMENT

Hutchins incorrectly claims that Calfee, Halter should not be permitted to appear *pro hac vice* in this action because, according to Hutchins, Ms. Longmuir will be a witness in the case and, second, because Calfee, Halter is a shareholder of Complient. Neither argument warrants the extreme result Hutchins seeks.

#### A. Hutchins' Alleged Intent to Call Attorney Jeanne Longmuir As a Witness at Trial Does Not Preclude Representation by Calfee, Halter & Griswold.

Hutchins first argues that Calfee, Halter should not be permitted to appear *pro hac vice* in this action because Ms. Longmuir will be a witness in this case. Ms. Longmuir is a former partner of Calfee, Halter and represented Complient with respect to its patents and patent-related issues, including, but not limited to, correspondence with Hutchins. The futility of this argument by Hutchins is best illustrated by the fact that Ms. Longmuir is no longer affiliated with or employed by Calfee, Halter. Thus, in the unlikely event that this matter were to proceed to trial, her appearance as a witness would not create a problem under any set of circumstances.

Even if Hutchins' could overcome this fatal aspect of his argument, Ms. Longmuir's potential service as a witness still would not warrant the outcome Hutchins seeks. Complient does not intend to call her as a witness and, thus, the analysis of this issue turns on Hutchins' alleged intent to call Ms. Longmuir as a witness.

The First Circuit looks to the Model Code of Professional Responsibility for guidance on the issues raised by Hutchins in his Motion. See, e.g., United States v. Diozzi, 807 F.2d 10 (1st Cir. 1986) (reversing disqualification order where 1st Circuit found insufficient basis to disqualify defendant's chosen counsel). Model Code of Professional Responsibility DR 5-101(B) and DR 5-102(B) provide:

> DR 5-101(B)  A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify;
>
> (1)   If the testimony will relate solely to an uncontested matter.
>
> (2)   If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
>
> (3)   If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
>
> (4)   As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
>
> \* \* \*
>
> DR 5-102(B)  If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

In addition, Rule 3.7 of the ABA Model Rules of Professional Conduct, which provides guidance on this issue, states:

> (a)   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1)   the testimony relates to an uncontested issue;
>
> (2)   the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)   disqualification of the lawyer would work substantial hardship on the client.
>
> (b)   A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [governing conflicts in representation of two or more existing clients] or Rule 1.9 [governing conflicts in representations adverse to a former client].

Each of these standards governing the professional conduct of attorneys practicing before this Court warrants a conclusion that Hutchins' arguments regarding his alleged intent to call Calfee, Halter's former partner, Jeanne Longmuir, as a witness at trial do not prevent Calfee, Halter from appearing *pro hac vice*. The same result is achieved under both Massachusetts' and Ohio's respective codes of professional responsibility. See Mass. S.J.C. Rule 3.07; Ohio Code of Professional Responsibility §§ DR 5-101, 5-102.

Specifically, DR 5-101(B) provides that an attorney should not accept an engagement if it is "obvious" that he (or a member of his firm) "ought to be called as a witness." The arguments and scant evidence Hutchins cites to support his claim that Ms. Longmuir will be called as a witness reveal that, in fact, any testimony from her would be cumulative and readily available from other sources. Indeed, Hutchins admits that Ms. Longmuir's correspondence merely transmits the response of the principles of CPR L.P. and Complient to his inquiries. Complient will certainly stipulate to the authenticity and admissibility of Ms. Longmuir's correspondence and any substantive testimony on the topics at issue therein may be adduced from representatives of the relevant corporate entities. As a result, DR 5-101(B) does not justify Hutchins' Motion. See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 610 (D. Mass. 1991) (disqualification not warranted where evidence available from sources other than attorney); Rizzo v. Sears, Roebuck & Co., 127 F.R.D. 423 (D. Mass. 1989) (motion to disqualify denied where potential testimony by attorney would only corroborate that of another witness).

DR 5-102(B) likewise does not support Hutchins' claims. DR 5-102(B) provides that if counsel for a party learns that he will be called as a witness by other than his client, he may continue to represent his client until such time as it becomes clear that his testimony is adverse to his client. There is no evidence, nor even any argument by Hutchins, that any testimony Ms.

Longmuir could possibly provide (in addition to being cumulative and unnecessary) would be prejudicial in any way to Complient. Thus, Hutchins' Motion is, at best, premature. See Imperial Cas. & Indem. Co. v. Town of Ayer, 139 F.R.D. 569 (D. Mass. 1991) (motion premature where there was no evidence of or indication from the record that attorney's testimony would be on a contested issue or in any way prejudicial to his client).

Further, Rule 3.7 is clear that an attorney may appear as an advocate for his client at trial even where another attorney from the firm appears as a witness. Accordingly, none of the applicable legal standards warrant the result Hutchins seeks. As a result, Hutchins' preemptive and premature Motion should be denied.

### B.    Calfee, Halter Does Not Have a Conflict of Interest.

Hutchins also alleges, in conclusory fashion, that, because Calfee, Halter is a shareholder of Complient, it has a conflict of interest that prevents Calfee, Halter from appearing *pro hac vice* in this action. As with the issue of Hutchins' intent to call Ms. Longmuir as a witness, DR 5-101 supplies the answer to this issue and reveals the complete lack of merit to Hutchins' claim.

DR 5-101(A) provides:

> (A)    Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

Complient is well aware that Calfee, Halter is one of its shareholders, and consented to Calfee, Halter's continued representation thus satisfying the fundamental requirements of DR 5-101(A) -- disclosure and consent. Again, the result is the same under Massachusetts or Ohio law. See Mass. S.J.C. Rule 3.07; Ohio Code of Professional Responsibility §§ DR 5-101, 5-102. As a result, Hutchins' arguments in this regard are likewise baseless.

## IV. CONCLUSION

Hutchins' unsupported desire to bar Calfee, Halter & Griswold's appearance is not warranted by the facts of or law applicable to this case. While Hutchins is quite complimentary of the local attorneys in this case, his beliefs that Complient may be adequately represented by other competent counsel are self-serving, irrelevant and contrary to Sixth Amendment principles. See U.S. v. Diozzi, 807 F.2d 10, 16 (1st Cir. Mass. 1986) ("the right to choose one's own defense counsel is 'either respected or denied; its deprivation cannot be harmless.'") (citations omitted). Calfee Halter does not have a conflict of interest in representing Complient. Accordingly, Complient respectfully requests that Hutchins' Motion be denied.

Respectfully submitted,

/s/ John J. Egan

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA 01102-9035
(413) 737-0260
FAX (413) 737-0121

WILLIAM E. COUGHLIN (0010874)
COLLEEN MORAN O'NEIL (0066576)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114
(216) 622-8200
(216) 241-0816 (facsimile)

Attorneys for Complient Corporation

## CERTIFICATE OF SERVICE

A copy of the foregoing Complient Corporation's Memorandum in Opposition to Plaintiff's Motion to Deny Attorneys Employed by the Law Firm of Calfee, Halter & Griswold LLP to Appear *Pro Hac Vice* is being served via first-class mail this 8th day of December, 2004:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts 01106

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

And

Randall T. Skaar, Esq.
Scott G. Ulbrich
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Attorneys for Defendant Cardiac Science, Inc.

_____
One of the attorneys for Complient Corporation