UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,
                Plaintiff,                Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,
                Defendant.

_____

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

**INTRODUCTION**

Plaintiff's motion to amend his Complaint should be denied, in part, because Proposed Counts VI and VII fail to meet the pleading requirements of FED. R. CIV. P 12(b)(6). Plaintiff is not permitted to file an amended complaint under FED. R. CIV. P. 15(a) to include futile counts. Cardiac Science, therefore, requests that this Court to deny Plaintiff's motion to amend his Complaint with respect to Proposed Counts VI and VII.

**PROCEDURAL BACKGROUND**

Plaintiff Hutchins filed a complaint against Cardiac Science on July 2, 2004. The complaint contained six counts: copyright infringement (count I), patent infringement (counts II and III), negligence (counts IV and V) and breach of contract (count VI). (Court Dkt. No. 1). On August 20, 2004, Cardiac Science filed a Motion pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) to dismiss certain counts. (Court Dkt. No. 9). This court granted Cardiac Science's motion, in part, on September 13, 2004 and dismissed negligence counts IV and V. (Court Dkt. No. 20). Cardiac Science Answered Plaintiff's Complaint on September 22, 2004 and asserted several counterclaims. (Court Dkt. No. 22).

On November 12, 2004, Plaintiff filed a purported set of "counterclaims" to Cardiac Science's counterclaims. (Court Dkt. No. 32). On November 19, 2004, Plaintiff withdrew his "counterclaims." (Court Dkt. No. 35). After receiving this Court's September 18, 2004 order suggesting that Plaintiff file a motion to amend his complaint to add Complient Corp. to this case, Plaintiff filed the present motion.[1]

Plaintiff expressly states that the purpose for his motion is to add Complient Corp. as a defendant. Plaintiff's intent is consistent with the language of the September 18th Order. Plaintiff's Proposed Amended Complaint, however, adds newly asserted Counts VI (abuse of process) and VII (tortuous interference with contract) against Cardiac Science. Plaintiff's motion does not seek leave to file an amended complaint against Cardiac Science.

## ARGUMENT

### PLAINTIFF'S COMPLAINT CANNOT BE AMENDED TO INCLUDE PROPOSED COUNTS (VI) AND (VII) BECAUSE THEY ARE FUTILE IN VIEW OF FED. R. CIV. P. 12(b)(6).

Rule 15(a) does not permit proposed amendments that would be futile. See Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. The same standard of legal sufficiency used for Rule 12(b)(6) is applied to determinations of "futility." Id. Plaintiff's Proposed Counts VI and VII are futile amendments to the Complaint because they cannot survive a FED.R.CIV.P. 12(b)(6) motion to dismiss. Therefore, under R. 15(a), Counts VI and VII against Cardiac Science should be dismissed.

---

[1] Plaintiff's motion is ostensibly made pursuant to Fed. R. Civ. P. 15(a).

### A.   RULE 12(b)(6) LEGAL STANDARD

Dismissal under FED.R.CIV.P. 12(b)(6) is appropriate when the complaint presents no set of facts justifying recovery. Raytheon Co. v. Continental Casualty Co., 123 F.Supp.2d 22, 26 (D.Mass. 2000). Under Rule 12(b)(6), all allegations in the complaint are to be treated as true and all reasonable inferences therefrom drawn in favor of the plaintiff. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). "[A] plaintiff . . . is nonetheless required to set forth factual allegations, either direct or inferential, *respecting each material element necessary to sustain recovery under some actionable legal theory*." Id. at 998 (emphasis original). "The pleading requirements, though 'minimal,' are not 'non-existent.'" Id.

### B.   PLAINTIFF HAS NOT PLED ALL OF THE REQUIRED ELEMENTS OF AN ABUSE OF PROCESS CAUSE OF ACTION (PROPOSED COUNT VI).

Proposed Count VI in the Amended Complaint is based upon an abuse of process theory. Under Massachusetts law, to prevail on an abuse of process claim, a plaintiff must show "(1) "process" was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage". Broadway Management Services, LTD v. Cullinet Software, Inc., 652 F.Supp. 1501, 1502 (D. Mass. 1987) (quoting Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-776, 489 N.E.2d 185, 185 (1986)). Plaintiff has not pled sufficient facts to establish that Cardiac Science has used "process" for an ulterior of illegitimate purpose.

"'Ulterior Motive' is more than the intent to harass; there must be intention to use process for coercion or harassment to obtain something not properly part of the suit." Broadway, 652 F.Supp. at 1503. Abuse of process has also been described as a form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money. Cohen v. Hurley, 20 Mass.App.Ct. 439, 442, 480 N.E.2d 658

3

(1985). In the present suit, Plaintiff has offered no collateral "ulterior or illegitimate purpose" for Cardiac Science's use of the judicial process apart from its desire to fully litigate the contractual and intellectual property issues forming the basis of the parties' dispute.

The only claims Cardiac Science has filed against Plaintiff are Compulsory Counterclaims, pursuant to FED. R. CIV. P. 13(a), which are in response to those claims originally brought against Cardiac Science by Plaintiff. The fact that Plaintiff is burdened with the ordinary costs of litigation does not constitute an abuse of process. Broadway, 652 F.Supp. at 1504. Plaintiff's claim for abuse of process must fail because Plaintiff has pled no facts which show that Cardiac Science's act of responding to Plaintiff's claims, by filing Compulsory counterclaims, amounts to coercion or harassment to obtain something not properly part of the suit.

**C. PLAINTIFF HAS NOT PLED ALL OF THE REQUIRED ELEMENTS OF A TORTIOUS INTERFERENCE WITH CONTRACT CAUSE OF ACTION (PROPOSED COUNT VII).**

Proposed Count VII in the Amended Complaint is based upon a theory of tortious interference with contract. Plaintiff's Proposed Count VII is simply a repleading of Plaintiff's negligence claims that were dismissed from his original Complaint. (Court Dkt. No. 20). This cause of action is no more viable now than it was in his original Complaint.

Under Massachusetts law, a plaintiff is required to establish the following to avoid dismissal pursuant to FED. R. CIV. P. 12(b)(6) of its claim for tortious interference with contractual relations: (1) a contractual or business relationship between the Plaintiff and a third party; (2) Defendant's knowledge of the relationship; (3) Defendant's intentional interference with that relationship for an improper purpose or by improper means; and (4) damages. Swanset Development Corp. v. Taunton, 423 Mass. 390, 397, 668 N.E.2d 333, 338 (1996).

The only "contract" identified in Plaintiff's proposed Amended Complaint is the June 1, 1994 License between Plaintiff and County Line Limited (now Complient). Plaintiff repeatedly alleges that Cardiac Science did not perform sufficient diligence regarding this license and that Cardiac Science owed a duty to Hutchins to investigate the June 1, 1994 license before purchasing the rights to this license from an affiliate of Complient. These are essentially the same negligence allegations that Plaintiff made in counts IV and V of his original complaint. Plaintiff presently, however, alleges tortious interference with contract, not negligence. Plaintiff's allegations of lack of diligence do not substitute for the required allegation that Cardiac Science's purchase of this license was for an improper purpose or procured by improper means. Moreover, Plaintiff cannot make such allegation because Cardiac Science is a legitimate purchaser of the June 1, 1994 license rights from a third party, CPR Limited Partnership. Therefore, Plaintiff's tortuous interference with contract claim is futile.

**CONCLUSION**

Plaintiff's motion to amend his Complaint should be denied as to Proposed Counts VI and VII. Plaintiff has not properly moved this court to amend his Complaint to allege additional claims against Cardiac Science. Further, Proposed Count VI will not survive a FED. R. CIV. P. 12(b)(6) motion to dismiss because Plaintiff failed to plead facts sufficient to show that Cardiac Science filed its Counterclaims with an ulterior or illegitimate purpose. Proposed Count VII will also not survive a FED. R. CIV. P. 12(b)(6) motion to dismiss because Plaintiff has failed to plead facts sufficient to show that Cardiac Science filed its Counterclaims with the intention of interfering with the Hutchins License Agreement for an improper purpose or by improper means. Pursuant to FED. R. CIV. P. 15(a), therefore, Cardiac Science respectfully requests this Court to deny Plaintiff's motion to amend his complaint at least to Proposed Counts VI and VII.

                    Respectfully submitted,

                    **CARDIAC SCIENCE, INC.**

Dated: _____　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Paul H. Rothschild

Randall T. Skaar　　　　　　　　　**BACON & WILSON P.C.**
Scott G. Ulbrich　　　　　　　　　33 State Street
**PATTERSON, THUENTE, SKAAR**　　　Springfield, MA 01103
**& CHRISTENSEN, P.A.**　　　　　　Phone: (413) 781-0560
80 South 8th Street, Ste. 4800　　Fax: (413) 739-7740
Minneapolis, MN 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

## CERTIFICATE OF SERVICE

    I, PAUL H. ROTHSCHILD, hereby certify that on the 20th day of December 2004, I caused a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Amend His Complaint to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

    Donald C. Hutchins　　　　　　John J. Eagan, Esq.
    1047 Longmeadow Street　　　　Egan, Flanagan and Cohen, P.C.
    Longmeadow, MA 01106.　　　　67 Market Street
　　　　　　　　　　　　　　　　　PO Box 9035
　　　　　　　　　　　　　　　　　Springfield, MA 01102-9035

                    /s/ Paul H. Rothschild
                    PAUL H. ROTHSCHILD