UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,
        Plaintiff,                                              Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,
        Defendant.

**CARDIAC SCIENCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT, AND COUNTERCLAIMS**

Defendant Cardiac Science, Inc., by its attorneys, answers Plaintiff Hutchins' Amended Complaint as follows:

Cardiac Science, Inc. denies each and every allegation, matter, and thing contained in said Amended Complaint, except that which is hereinafter specifically admitted, qualified, or otherwise pleaded.

**ANSWER TO AMENDED COMPLAINT**

1. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint, and therefore denies same.

2. Cardiac Science, Inc. admits it is a Delaware Corporation, but denies the remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Amended

Complaint, because Cardiac Science is unable to ascertain which Title of the United States Code is being referred to, and therefore denies same.

5. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of allegations contained in paragraph 5 of Plaintiff's Amended Complaint, and therefore denies same.

6. Cardiac Science, Inc. admits it is a corporation with its headquarters in Irvine, California. Cardiac Science, Inc. denies the remaining allegations of paragraph 6.

7. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of allegations contained in paragraph 7 of Plaintiff's Amended Complaint, and therefore denies same.

8. Cardiac Science, Inc. admits that Exhibit A Donald C. Hutchins (hereinafter "Hutchins") is the named inventor on U.S. Patent No. 4,583,524 entitled, "Cardiopulmonary Resuscitation Prompting", issued on April 22, 1986. The patent speaks for itself and is the best evidence of its contents.

9. Cardiac Science, Inc. admits, upon information, that Hutchins is the named inventor on United States Reissue Patent No. RE34,800 entitled, "Cardiopulmonary Resuscitation Prompting", issued on November 29, 1994. The patent speaks for itself and is the best evidence of its contents. Cardiac Science, Inc is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiff's Amended Complaint, and therefore denies same.

10. Cardiac Science, Inc. admits, upon information, that Hutchins is the named inventor on United States Patent No. 5,913,685 entitled, "CPR Computer Aiding" issued on June 22, 1999. The patent speaks for itself and is the best evidence of its contents.

11. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint, and therefore denies same.

12. Cardiac Science admits, upon information, that the United States Patent and Trademark Office registered the trademark, "CPR Prompt" to Hutchins on June 24, 1986. The registration speaks for itself and is the best evidence of its contents.

13. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint, and therefore denies same.

14. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint, and therefore denies same.

15. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint, and therefore denies same.

16. Cardiac Science, Inc. denies Attorney Randall T. Skaar spoke to Hutchins on April 29, 2004 regarding a patent infringement suit filed by William T. Parker involving Hutchins' patents. Cardiac Science, Inc. admits that Attorney Skaar sent a letter to Hutchins, attached as Exhibit E to Plaintiff's Amended Complaint. The letter speaks for itself and is the best evidence of its contents.

17. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint, and therefore denies same. Cardiac Science, Inc. further specifically denies it is infringing any of Hutchins' patents, copyrights, or trademarks.

18. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint, and therefore denies same.

19. Cardiac Science, Inc. admits Attorney Skaar sent the email identified as Exhibit G to Plaintiff's Amended Complaint. The email speaks for itself and is the best evidence of its contents. Cardiac Science denies the remaining allegations in paragraph 19 of Plaintiff's Amended Complaint.

20. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint, and therefore denies same.

21. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint, and therefore denies same.

22. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint, and therefore denies same.

23. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint, and therefore denies same.

24. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint, and therefore denies same.

25. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Amended Complaint, and therefore denies same.

26. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Amended Complaint, because Cardiac Science, Inc. has no basis to know if Exhibit I is what it purports to be. To the extent Exhibit I is what it purports to be, the document speaks for itself and is the best evidence of its contents.

27. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the allegations contained in paragraph 27 of Plaintiff's Amended Complaint, and therefore denies same.

28. Cardiac Science, Inc. admits, upon information, that the June 1, 1994 License Agreement exists. The June 1, 1994 License Agreement speaks for itself and is the best evidence of its contents. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the remaining allegations contained in paragraph 28 of Plaintiff's Amended Complaint, and therefore denies same.

29. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Amended Complaint, and therefore denies same.

30. Cardiac Science, Inc., upon information and belief, denies the allegations in paragraph 30 because there is no "September 19, 1994 License Agreement". Cardiac Science, upon information and belief, asserts there exists a "September 19, 1994 Partnership Agreement". Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the

truth of the remaining allegations contained in paragraph 30 of Plaintiff's Amended Complaint, and therefore denies same.

31. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Amended Complaint, and therefore denies same.

32. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Amended Complaint, and therefore denies same.

33. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Amended Complaint, and therefore denies same.

34. Cardiac Science, Inc. denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Amended Complaint, and therefore denies same.

36. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Amended Complaint, and therefore denies same.

37. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Amended Complaint, and therefore denies same.

38. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Amended Complaint, and therefore denies same.

39. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Amended Complaint, and therefore denies same.

40. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Amended Complaint, and therefore denies same.

41. Cardiac Science denies it purchased certain Complient assets for $47 million as alleged in paragraph 41 of Plaintiff's Amended Complaint.

42. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Amended Complaint, and therefore denies same.

43. Cardiac Science, Inc. admits Hutchins sent a letter dated June 5, 2004. The letter speaks for itself and is the best evidence of its contents. Cardiac Science, Inc. denies the remaining allegations in paragraph 43 of Plaintiff's Amended Complaint.

44. Cardiac Science denies that the affidavit of Hutchins supports the allegations stated in paragraphs 1-43 of Plaintiff's Amended Complaint.

## COUNT I
## COPYRIGHT INFRINGEMENT

45. Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-44.

46. Cardiac Science, Inc denies the allegations a set forth in paragraph 47 of Plaintiff's Amended Complaint.

47. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations, because Cardiac Science, Inc. cannot be certain as to the object of the allegation contained in paragraph 47 of Plaintiff's Amended Complaint, and therefore denies same.

48. Cardiac Science, Inc denies the allegations a set forth in paragraph 48 of Plaintiff's Amended Complaint.

## COUNT II
## PATENT INFRINGEMENT BY MEANS OF SALES

49. Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-48.

50. Cardiac Science, Inc. admits it possesses license rights under the June 1, 1994 License Agreement. Cardiac Science, Inc denies the remaining allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.

51. Cardiac Science, Inc. denies the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

52. Cardiac Science denies it is now or ever has infringed any claims of the RE34,800 Patent.

## COUNT III
## PATENT INFRINGEMENT BY MEANS OF MANUFACTURE

53. Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-52.

54. Cardiac Science denies it is now or ever has infringed any claims of the RE34,800 Patent.

## COUNT IV
## FRAUD

55.  Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-54.

56.  The allegations contained in Paragraph 56 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

57.  The allegations contained in Paragraph 57 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

58.  The allegations contained in Paragraph 58 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

59.  The allegations contained in Paragraph 59 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

60.  The allegations contained in Paragraph 60 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

## COUNT V
## FRAUDULENT MISAPPROPRIATION AND SALE OF PATENT

61.  Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-60.

62. The allegations contained in Paragraph 62 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

63. The allegations contained in Paragraph 63 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

64. The allegations contained in Paragraph 64 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

**COUNT VI**
**ABUSE OF PROCESS**

65. Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-64.

66. Cardiac Science, Inc. denies the allegations contained in paragraph 66 of Plaintiff's Amended Complaint.

67. Cardiac Science, Inc. denies the allegations set forth in paragraph 67 of Plaintiff's Amended Complaint.

68. Cardiac Science, Inc. denies the allegations set forth in paragraph 68 of Plaintiff's Amended Complaint.

69. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Amended Complaint, and therefore denies same. Cardiac Science, Inc. generally denies it has failed to comply with any of its obligations under the June 1, 1994 License Agreement.

70. Cardiac Science, Inc. denies the allegations set forth in paragraph 70 of Plaintiff's Amended Complaint.

## COUNT VII
## TORTIOUS INTERFERENCE WITH CONTRACT

71. Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-70.

72. Cardiac Science admits it filed a Demand for Indemnity to Complient pursuant to the terms of the October 21, 2003 Asset Purchase Agreement.

73. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's Amended Complaint, because Cardiac Science, Inc. has no basis to know if Exhibit O is what it purports to be. To the extent Exhibit O is what it purports to be, the document speaks for itself and is the best evidence of its contents.

74. Cardiac Science, Inc. denies the allegations set forth in paragraph 74 of Plaintiff's Amended Complaint. Further, Cardiac Science affirmatively asserts it has never owed Plaintiff any duty with respect to Cardiac Science's due diligence relevant to the October 21, 2003 Asset Purchase Agreement.

75. Cardiac Science, Inc. denies the allegations set forth in paragraph 75 of Plaintiff's Amended Complaint.

76. Cardiac Science, Inc. denies the allegations set forth in paragraph 76 of Plaintiff's Amended Complaint.

77. Cardiac Science, Inc. is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's Amended Complaint.

78. Cardiac Science, Inc. denies the allegations set forth in paragraph 78 of Plaintiff's Amended Complaint.

79. Cardiac Science, Inc. denies the allegations set forth in paragraph 79 of Plaintiff's Amended Complaint.

80. Cardiac Science, Inc. denies the allegations set forth in paragraph 80 of Plaintiff's Amended Complaint.

81. Cardiac Science, Inc. denies the allegations set forth in paragraph 81 of Plaintiff's Amended Complaint.

## Count VIII
### BREACH OF CONTRACT

82. Cardiac Science, Inc. restates and incorporates by reference each of its previous responses to paragraphs 1-81.

83. The allegations contained in Paragraph 83 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

84. The allegations contained in Paragraph 84 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

85. The allegations contained in Paragraph 85 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations, and thus Cardiac Science has insufficient information to admit or deny the allegations.

86. The allegations contained in Paragraph 86 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

87. The allegations contained in Paragraph 87 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

88. The allegations contained in Paragraph 88 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

89. The allegations contained in Paragraph 89 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

90. The allegations contained in Paragraph 90 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

91. The allegations contained in Paragraph 91 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

92. The allegations contained in Paragraph 92 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

93. The allegations contained in Paragraph 93 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

94. The allegations contained in Paragraph 94 are asserted only against Defendant Complient Corporation, and thus Cardiac Science has insufficient information to admit or deny the allegations.

95. Cardiac Science, Inc. acknowledges Plaintiff's demand for a jury trial. Cardiac Science, Inc. also demands a trial by jury, and thus Cardiac Science has insufficient information to admit or deny the allegations.

96. Cardiac Science, Inc. denies that Plaintiff is entitled to the relief sought in the prayer for relief in Plaintiff's Amended Complaint, and thus Cardiac Science has insufficient information to admit or deny the allegations.

## AFFIRMATIVE DEFENSES

Cardiac Science, Inc. asserts the following defenses and affirmative defenses:

97. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

98. Cardiac Science, Inc. is a licensee to the intellectual property asserted by the Plaintiff in Counts I, II, and III.

99. Cardiac Science, Inc. has not infringed any of the Plaintiff's intellectual property, directly, by inducement, or otherwise.

100. Cardiac Science, Inc. has not breached any of the terms of the June 1, 1994 License Agreement.

101. Plaintiff claims are barred in whole or in part by the doctrines of license, fair use, acquiescence, abandonment, estoppel, waiver, payment, release and/or laches.

102. Cardiac Science, Inc. reserves the right to rely on additional defenses to the extent that such defenses are supported by information developed through discovery or at trial.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Defendant/Counterclaimant Cardiac Science, Inc. states and alleges as follows:

## PARTIES

103.  Cardiac Science, Inc. is a Delaware corporation with its principal place of business at 16931 Millikan Avenue, Irvine, California 92606.

104.  Upon information and belief, Plaintiff Donald Hutchins is an individual residing at 1047 Longmeadow Street, Longmeadow, Massachusetts.

## JURISDICTION AND VENUE

105.  Subject matter jurisdiction is based on 28 U.S.C. §1332, as there is diversity between the parties to these Counterclaims, and Cardiac Science's Counterclaims against Plaintiff Donald Hutchins exceed the sum or value of $75,000, exclusive of interests and costs. This Court also has supplemental jurisdiction with regard to Cardiac Science's Counterclaims under 28 U.S.C. §1367.

106.  This Court has jurisdiction over the counterclaim for declaratory judgment of noninfringement, no breach of contract and license rights under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, in that Plaintiff has accused Defendant of infringing its intellectual property and breaching contracts.  Cardiac Science, Inc. denies Plaintiff's accusations and further, thereby creating an actual controversy between the parties.  This Court has subject matter jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. §§1338(a) and 1367, and Fed.R.Civ.P. 13.

107.  Upon information and belief, Plaintiff Donald Hutchins, who resides in this District, filed a Complaint against Cardiac Science in this District and is subject to personal jurisdiction pursuant to M.G.L.A. 223A § 3.

108.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) and (c) as Plaintiff Donald Hutchins is subject to personal jurisdiction, resides in, and has filed a Complaint against Cardiac Science, Inc. in this District.