## COUNT I
**BREACH OF CONTRACT**

109. Cardiac Science, Inc. realleges paragraphs 103-108 as though fully set forth herein.

110. Cardiac Science, Inc. and Plaintiff Donald Hutchins are both parties to the June 1, 1994 License Agreement.

111. Section 8.2 of the June 1, 1994 License Agreement requires that a party may only terminate the license early upon a material breach by the other party and written notice to the other party.

112. Plaintiff Donald Hutchins has never provided a written notice pursuant to Section 8.2 of the June 1, 1994 License Agreement.

113. Plaintiff Donald Hutchins breached the June 1, 1994 License Agreement by suing Cardiac Science, Inc. on intellectual property that was subject to the June 1, 1994 License Agreement.

114. As a result of this breach, Cardiac Science, Inc. has suffered damages in an amount to be determined at trial, but which amount is in excess of $75,000.00, including, but not limited to, costs and loss of goodwill.

## COUNT II
**ABUSE OF PROCESS**

115. Cardiac Science, Inc. realleges paragraphs 103-114 as though fully set forth herein.

116. Plaintiff admits in paragraph 20 of his Complaint that he is aware of the terms of the October 21, 2003 Asset Purchase Agreement.

117. Plaintiff is also aware of the terms of the June 1, 1994 License Agreement.

118. Plaintiff has not terminated the June 1, 1994 License Agreement.

16

119. Cardiac Science is the rightful licensee pursuant to the June 1, 1994 License Agreement and the October 21, 2003 Asset Purchase Agreement.

120. Plaintiff is seeking diversion to him of 7-and-½ percent of the Cardiac Science, Inc. stock that is to be transferred to CPR, L.P. as payment under the terms of the October 21, 2003 Asset Purchase Agreement and/or $3,525,000, which Plaintiff claims is 7-and-½ percent of the value of Complient.

121. Plaintiff is duly aware pursuant to the declaratory judgment from the Cuyahoga County Court of Common Pleas in Ohio, in <u>Complient v. CPR Prompt</u>, Case No. 429394, and the express terms of Section 3.10 of the June 1, 1994 License Agreement that Plaintiff is only entitled to 7-and-½ percent of the net sales of the partnership interests in CPR, L.P. Plaintiff is aware that no such sale of partnership interests has occurred.

122. Plaintiff is further aware that the filing of the Complaint will delay the transfer of Cardiac Science, Inc. stock to CPR, L.P. pursuant to the October 21, 2003 Asset Purchase Agreement.

123. Plaintiff filed the Complaint against Cardiac Science, Inc. with the ulterior purpose of extorting 7-and-½ percent of the asset purchase payment, for which Plaintiff knows he is not owed, and further extorting money for frivolous claims of infringement, when Plaintiff knows Cardiac Science, Inc. is duly licensed under the October 21, 2003 Asset Purchase Agreement.

124. Plaintiff's wrongful and illegitimate filing of the Complaint has and will cause Cardiac Science, Inc. to suffer compensatory damages and losses in an amount to be determined at trial, but which amount is greater than $75,000 as well as attorney fees and costs.

**COUNT III**
**TORTIOUS INTERFERENCE WITH CONTRACT**

A.   **The October 23, 2003 Asset Purchase Agreement**

125.   Cardiac Science, Inc. realleges paragraphs 103-124 as though fully set forth herein.

126.   Plaintiff admits in paragraph 20 of his Complaint that he is aware of the terms of the October 21, 2003 Asset Purchase Agreement between Cardiac Science, Inc., Complient, and CPR, Limited Partnership.

127.   Plaintiff is also aware of the terms of the June 1, 1994 License Agreement.

128.   Plaintiff has not terminated the June 1, 1994 License Agreement.

129.   Cardiac Science is the rightful licensee pursuant to the June 1, 1994 License Agreement and the October 21, 2003 Asset Purchase Agreement.

130.   Plaintiff is seeking diversion to him of 7-and-½ percent of the Cardiac Science, Inc. stock that is to be transferred to CPR, L.P. as payment under the terms of the October 21, 2003 Asset Purchase Agreement and/or $3,525,000, which Plaintiff claims is 7-and-½ percent of the value of CPR, L.P.

131.   Plaintiff is duly aware pursuant to the declaratory judgment from the Cuyahoga County Court of Common Pleas in Ohio, in <u>Complient v. CPR Prompt</u>, Case No. 429394 and the express terms of Section 3.10 of the June 1, 1994 License Agreement that Plaintiff is only entitled to 7-and-½ percent of the net sales of the partnership interests in CPR, L.P.  Plaintiff is aware that no such sale of partnership interests has occurred.

132.   Plaintiff is further aware that the filing of the Complaint will delay the transfer of Cardiac Science, Inc. stock to CPR, L.P. pursuant to the October 21, 2003 Asset Purchase Agreement.

133. On July 28, 2004, Cardiac Science, Inc., by virtue of the Complaint, was forced to file a demand for indemnity to Complient pursuant to the terms of the October 21, 2003 Asset Purchase Agreement.

134. Plaintiff's Complaint and delay tactics constitute a tortious interference with the October 21, 2003 Asset Purchase Agreement between Complient, CPR, L.P. and Cardiac Science, for which Plaintiff is liable to Cardiac Science for compensatory and punitive damages in an amount to be determined at trial, but which is in excess of $75,000.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT

**B.     The June 1, 1994 License Agreement**

135. Cardiac Science, Inc. realleges paragraphs 103-134 as though fully set forth herein.

136. Plaintiff Donald Hutchins retained no right to license or sublicense the intellectual property subject to the June 1, 1994 License Agreement.

137. Subsequent to the October 23, 2003 Asset Purchase Agreement, Plaintiff Donald Hutchins has knowingly contacted Cardiac Science, Inc's third-party distributors and attempted to license and/or allege infringement of intellectual property subject to the June 1, 1994 License Agreement.

138. Subsequent to the October 23, 2003 Asset Purchase Agreement, Cardiac Science, Inc. is the only entity with rights to license or sublicense the intellectual property subject to the June 1, 1994 License Agreement.

139. Plaintiff's attempts to profit from Cardiac Science's rights under the June 1, 1994 License Agreement is a tortious interference with the June 1, 1994 Agreement. Plaintiff is liable to Cardiac Science for damages resulting from this interference, including, but not limited to,

19

costs, loss of contractual relations, and loss of business goodwill in an amount to be determined at trial, but at least in the amount of $75,000.

## COUNT V
### INTERFERENCE WITH PROSPECTIVE ADVANTAGE

140. Cardiac Science, Inc. realleges paragraphs 103-139 as though fully set forth herein.

141. Upon information and belief, Plaintiff Donald Hutchins has engaged in conduct intended to confuse and create misunderstanding to Cardiac Science, Inc.'s customers, potential customers, and members of the public such that they would prospectively purchase, license and/or distribute products from Plaintiff Donald Hutchins rather than from Cardiac Science, Inc.

142. Upon information and belief, through their course of their business, Plaintiff Donald Hutchins has intentionally and improperly interfered with Cardiac Science, Inc.'s prospective contractual relationships by inducing and/or causing potential customers not to enter or continue in a relationship with Cardiac Science, Inc.

143. Upon information and belief, through their course of their business, Plaintiff Donald Hutchins has intentionally and improperly interfered with Cardiac Science, Inc.'s prospective contractual relationships by preventing potential customers from entering or continuing a relationship with Cardiac Science, Inc.

144. As a result of Plaintiff Donald Hutchins' intentional and improper interference, Cardiac Science, Inc. has been damaged in amounts exceeding $75,000.

## COUNT VI
### ATTORNEYS FEES AND COSTS

145. Cardiac Science, Inc. realleges paragraphs 103-144 as though fully set forth herein.

146. Plaintiff's assertion of patent infringement against Cardiac Science, Inc. is sufficiently lacking in merit so as to render this action an "exceptional case" within the meaning of 35 U.S.C. §285.

147. Cardiac Science, Inc, is entitled to a recovery of its respective attorney fees and costs in connection with this action pursuant to applicable law, including 35 U.S.C. §285.

### COUNT VII
### DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT

148. Cardiac Science, Inc. realleges paragraphs 103-147 as though fully set forth herein.

149. Pursuant to Plaintiff's express admissions in the Complaint, and his "*Ex Parte* Emergency Motion for Temporary Restraining Order," Plaintiff is aware of the existence and terms of the October 21, 2003 Asset Purchase Agreement and the fact that Cardiac Science is not Complient's successor.

150. Cardiac Science, Inc. has been and is now meeting its obligations to Plaintiff pursuant to the October 21, 2003 Asset Purchase Agreement.

151. The plain language of the October 21, 2003 Asset Purchase Agreement, specifically section 1.2(i), expressly states that the partnership interests in CPR, L.P. were not sold to Cardiac Science, Inc.

152. The 7-and-½ percent payment provision of Section 3.10 of the June 1, 1994 License Agreement was not activated by the October 21, 2003 Asset Purchase Agreement between Cardiac Science, Inc., Complient, and CPR, L.P.

153. An actual and justiciable controversy exists between Plaintiff and Cardiac Science, Inc. with respect to Cardiac Science, Inc.'s obligations to Plaintiff under the October 21, 2003 Asset Purchase Agreement for which declaratory relief is necessary.

154. A declaration is therefore necessary and appropriate in order that Cardiac Science, Inc. may establish its compliance with the terms of the October 21, 2003 Asset Purchase Agreement.

155. Cardiac Science, Inc. therefore respectfully requests a declaration that Cardiac Science, Inc. has not breached the October 21, 2003 Asset Purchase Agreement.

## COUNT VIII
### DECLARATORY JUDGMENT OF NO INFRINGEMENT

156. Cardiac Science realleges paragraphs 103-155 as though fully set forth herein.

157. CPR, L.P. owned the license rights to the intellectual property asserted by Plaintiff in the Complaint.

158. Cardiac Science, Inc. purchased these license rights from CPR, L.P. in the October 21, 2003 Asset Purchase Agreement and therefore Cardiac Science, Inc. is duly licensed and cannot infringe the intellectual property rights asserted by Plaintiff in the Complaint.

159. An actual and justiciable controversy exists between Plaintiff and Cardiac Science, Inc. with respect to the license rights Cardiac Science, Inc. purchased in the October 21, 2003 Asset Purchase Agreement for which declaratory relief is necessary.

160. A declaration is therefore necessary and appropriate in order that Cardiac Science, Inc. may establish it is not infringing any of Plaintiff's asserted intellectual property rights.

161. Cardiac Science, Inc. therefore respectfully requests a declaration of noninfringement of Plaintiff's asserted intellectual property.

## COUNT IX
### DECLARATORY JUDGMENT OF LICENSE RIGHTS

162. Cardiac Science realleges paragraphs 103-161 as though fully set forth herein.

163. An actual and justiciable controversy exists between Plaintiff and Cardiac Science, Inc. with respect to the license rights Cardiac Science, Inc. purchased in the October 21, 2003 Asset Purchase Agreement for which declaratory relief is necessary.

164. A declaration is therefore necessary and appropriate in order that Cardiac Science, Inc. may establish its rights as a licensee pursuant to the October 21, 2003 Asset Purchase Agreement.

165. Cardiac Science, Inc. therefore respectfully requests a declaration of its license rights pursuant to the October 21, 2003 Asset Purchase Agreement.

## COUNT X
## INJUNCTIVE RELIEF

166. Cardiac Science realleges paragraphs 103-165 as though fully set forth herein.

167. Upon information and belief, Plaintiff's assertion of an ownership interest in the asserted intellectual property and Plaintiff's allegations of infringement are willful, intentional, and in conscious disregard of Cardiac Science, Inc.'s rights in the asserted intellectual property.

168. As a result of Plaintiff's false ownership assertions and baseless infringement allegations, Cardiac Science, Inc. has been and will continue to be irreparably damaged and deprived of its rights secured by the October 21, 2003 Asset Purchase Agreement.

169. Cardiac Science, Inc. has been and will continue to be deprived of revenue, profit, and gain that it would otherwise have generated but for such ownership assertions and infringement allegations, and Plaintiff Donald Hutchins has caused and will continue to cause losses and damages in amounts that cannot be determined with specificity including irreparable losses and damages.

170. Cardiac Science, Inc. is entitled to a preliminary and permanent injunctive relief, enjoining Plaintiff Donald Hutchins from further (i) continuing to assert an ownership interest in

the asserted intellectual property, (ii) continuing to assert allegations of infringement against Cardiac Science, Inc., its customers and prospective customers, and (iii) continuing to breach the June 1, 1994 License Agreement.

## JURY DEMAND

171.   Pursuant to FED.R. CIV. P. 38(a), Cardiac Science, Inc. requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cardiac Science, Inc. prays that judgment be entered in its favor as follows:

A.   Dismiss Plaintiff's Complaint with prejudice;

B.   Enter judgment sustaining Cardiac Science, Inc.'s affirmative defenses and defenses;

C.   On Count I of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

D.   On Count II of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

E.   On Count III of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

F.   On Count IV of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

G.  On Count V of the Counterclaims, judgment in Cardiac Science, Inc.'s favor for damages against Plaintiff Donald Hutchins in an amount in excess of $75,000 to be determined at trial;

H.  On Count VI of the Counterclaims, all relief authorized under 35 U.S.C. §285, including attorney fees;

I.  On Count VII of the Counterclaims, a declaratory judgment against Plaintiff Donald Hutchins that Cardiac Science, Inc. is not in breach of the October 21, 2003 Asset Purchase Agreement;

J.  On Count VIII of the Counterclaims, a declaratory judgment against Plaintiff Donald Hutchins that Cardiac Science does not infringe any of Plaintiff's asserted intellectual property rights;

K.  On Count IX of the Counterclaims, a declaratory judgment against Plaintiff Donald Hutchins that Cardiac Science is a rightful licensee under the October 21, 2003 Asset Purchase Agreement;

L.  On Count X of the Counterclaims, a judgment preliminarily and permanently enjoining and restraining Plaintiff from attempting to license or enforce the intellectual property rights subject to the June 1, 1994 License.

M.  A judgment awarding damages to Cardiac Science, Inc. for its costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest;

N.  Such other relief as this Court and/or jury deem just and proper.

**Respectfully Submitted,**

**CARDIAC SCIENCE, INC.**

Dated: January 24, 2005 By:   */s/ Paul H. Rothschild*
                                    Paul H. Rothschild
Randall T. Skaar                    **BACON & WILSON P.C.**
Scott G. Ulbrich                    33 State Street
**PATTERSON, THUENTE, SKAAR**       Springfield, MA 01103
**& CHRISTENSEN, P.A.**             Phone: (413) 781-0560
4800 IDS Center                     Fax: (413) 739-7740
80 South 8th Street
Minneapolis, MN 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on the 25th day of January 2005, I caused a copy of the foregoing Cardiac Science, Inc.'s Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Counterclaims to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Donald C. Hutchins            John J. Eagan, Esq.
1047 Longmeadow Street        Egan, Flanagan and Cohen, P.C.
Longmeadow, MA  01106.        67 Market Street
                              PO Box 9035
                              Springfield, MA  01102-9035

                                     */s/ Paul H. Rothschild*
                                     PAUL H. ROTHSCHILD