

FILED
IN CLERK'S OFFICE

2005 FEB -3 P 3: 43

U.S. DISTRICT COURT
DIST. OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS, | ) | Civil Action 04-30126-MAP |
| | ) | |
| Plaintiff, | ) | Judge Michael A. Ponsor |
| | ) | |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT COMPLIENT CORPORATION'S
MOTION TO DISMISS AMENDED COMPLAINT
FOR FAILURE OF SERVICE OF PROCESS**

**I.    Introduction.**

Plaintiff, Donald C. Hutchins ("Hutchins"), brought suit against Cardiac Science, Inc. ("Cardiac") and has attempted to do so against Complient Corporation ("Complient") on several counts relating to a License Agreement for a cardiopulmonary resuscitation prompting system that Hutchins invented.  Hutchins' alleged claims include ones of copyright and patent infringement, fraud, tortious interference, and breach of contract.

Hutchins originally filed suit in this matter on July 2, 2004, against Cardiac alone.  On September 23, 2004, Hutchins filed an Amended Motion for Joinder of Complient, and that motion was granted by this Court on November 18, 2004.  Hutchins then subsequently filed his

Amended Complaint on December 22, 2004, but never served it upon Complient or any of its officers. Instead, Hutchins served his Amended Complaint on John J. Egan, who is the undersigned and an attorney in Springfield, Massachusetts. *See* Return of Service (attached at Exhibit A). Mr. Egan previously filed a response to Hutchins' Motion for Joinder on behalf of Complient as a non-party.

Mr. Egan, however, is not an officer of Complient, nor its registered agent for service of process. Service upon counsel of record retained to respond to a motion prior to a defendant's addition as a party is not sufficient service under the Federal Rules or Massachusetts law. Accordingly, this Court lacks jurisdiction over Complient, and Hutchins' Amended Complaint must be dismissed as to Complient.

**II.     This Court Cannot Exercise Jurisdiction over Complient Corporation because Hutchins' Amended Complaint was Not Properly Served.**

      **A.     Federal Rule of Civil Procedure 4 and Massachusetts Law provide rules for Service of Process.**

The rules of service of process are governed in this district by Federal Rule of Civil Procedure 4 and Mass. Gen. Laws, ch. 156D, § 15.10. All parties, including *pro se* parties, are required to comply with these Rules. *FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's pro se status does not absolve him from compliance with the Federal Rules of Civil Procedure.") (quoting *United States v. Heller*, 957 F.2d 26, 31 (1st Cir. 1992) (internal citations omitted)). Federal Rule of Civil Procedure 4(h) presents the general rules regarding service on a corporation, and provides:

> (h) Service Upon Corporations and Associations. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

Rule 4(e)(1) further provides:

> (e) Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State.

Accordingly, Hutchins had two primary means by which he could serve Complient—either by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," pursuant to Fed. R. Civ. P. 4; or by adhering to the law of the Commonwealth of Massachusetts, as directed in Fed. R. 4(e)(1)(e). Massachusetts General Laws, ch. 156D, § 15.10 provides the Commonwealth's law governing proper service on foreign corporations. That section provides that "[s]ervice of process . . . against such a corporation . . . may be made upon the secretary of state if the action or proceeding involves a liability alleged to have been incurred by the foreign corporation while it was doing business in the commonwealth." Mass. Gen. Laws, ch. 156D, § 15.10(c). In addition to these two avenues of obtaining service, Hutchins could have sought a waiver of service under Federal Rule 4. *See Richardson v. Downing*, 209 F.R.D. 283, 283 (D. Mass. 2002) (providing the only three means by which a corporate defendant may be served). Hutchins neither complied with the rules for service nor sought a waiver of service.

**B.    Service on a Defendant's Attorney is not Proper Service.**

Hutchins' service of his Amended Complaint upon Mr. Egan is proper only if he were "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," under the meaning of Federal Rule 4. There is no doubt that Mr. Egan is neither an officer of Complient nor a managing or general agent. A party's attorney is not a proper recipient of service absent a specific appointment of the attorney as the company's agent. *See Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp.2d 54, 57 (D. Mass. 2002) (finding service improper even if correctly attempted because plaintiff could not show that defendant's attorneys had authority to accept service on defendant's behalf); *Weinfeld v. Buccaneer Broadcasting, Ltd.*, 86 F.R.D. 546, 547 (D. Mass. 1980) (stating that attorney was not agent for service of process for corporate defendants); *see also U.S. v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1313 (10th Cir. 1993) (citing *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("Service of process on an attorney not authorized to accept service for his client is ineffective . . . .")); *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("Service of process is not effectual on an attorney solely by reason of his capacity as an attorney."); *Kelly v. Oakwood Manor Apts.*, No. 04-4086, 2004 U.S. Dist. LEXIS 21204, at *5-6 (D. Kan., Oct. 18, 2004) (finding that "service of process on an attorney is not effective absent some evidence that the attorney was authorized to accept service on behalf of the party" in a case where plaintiff was *pro se*)[1]; *Arthur v. Litton Loan Serv. LP*, 249 F. Supp.2d 924, 929 (E.D. Tenn. 2002) ("The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred.").

---

[1] All unpublished cases are attached hereto at Exhibit C.

In fact, federal courts have held that not even a company's general counsel is a proper recipient of service absent specific authorization. *See, e.g.*, *EIC Inc. v. McAny, Inc.*, 79 Civ. 5446, 1980 U.S. Dist. LEXIS 9996 (S.D.N.Y. Jan. 29, 1980) (finding defendant improperly served where plaintiff served complaint on defendant's general counsel). Thus, service is further insufficient in this case because it was made on an attorney who serves only as Complient's counsel of record for purposes of this case.

Accordingly, Hutchins' service is insufficient unless he can show Complient has specifically appointed Mr. Egan its agent for purposes of service of process. However, Complient has never made such an authorization. *See* Affidavit of Steven Lindseth (attached at Exhibit B). Therefore, Hutchins cannot establish an agency relationship between Complient and Mr. Egan, and his Amended Complaint must be dismissed.

### C. Improper Service Divests this Court of Jurisdiction over the Defendant.

Improper service is not merely a procedural defect that can be cured. Instead, it completely divests this Court of jurisdiction over the defendant. *See M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 362 (1st Cir. 2004) (finding that court lacks jurisdiction where there is improper service of process); *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 68 (1st Cir. 2003) (stating that service of process is the means by which a district court obtains jurisdiction absent a waiver by the defendant); *Jardines Bacata, Ltd. v. Diaz-Marquez*, 878 F.2d 1555, 1559 (1st Cir. 1989) (stating that "in the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"). Service of process is the only avenue by which a court obtains jurisdiction over a defendant. *See United Elec., Radio, & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably

intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction."). *See also Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719 (1st Cir. 1991); *Cole v. Central States SE and SW Areas Health & Welfare Fund*, 225 F. Supp.2d 96, 97 (D. Mass. 2002). Accordingly, this Court lacks jurisdiction over Complient.

## III.     Conclusion.

For the foregoing reasons, this Court should grant Complient's Motion to Dismiss for failure of service of process.

Respectfully submitted,

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035
(413) 727-0260
Fax:   (413) 737-0121

Attorneys for Defendant Complient
Corporation

## CERTIFICATE OF SERVICE

I certify that, on February ___3___, 2005, I sent via first-class U.S. mail, postage prepaid, a

copy of the foregoing Defendant Complient Corporation's Motion To Dismiss Amended

Complaint For Failure Of Service Of Process, upon the following: and Memorandum in Support of Complient's Motion to Dismiss

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
Pro Se

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar, & Christensen, P.A.
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Paul T. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, Massachusetts 01103

_____
One of the Attorneys for Defendant,
Complient Corporation

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

───────────── DISTRICT OF ─────────────

Donald C. Hutchins
    Plaintiff

               V.

Cardiac Science, Inc.
      and
Complient Corporation
    Defendants

## SUMMONS IN A CIVIL CASE

CASE NUMBER:   **04-30126-MAP**

TO: (Name and address of defendant)

Complient Corporation
c/o John J. Egan Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
Springfield, Massachusetts 01102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Donald C. Hutchins
1047 Longmeadow St.
Longmeadow, MA  01106

an answer to the complaint which is herewith served upon you, within _____ **20** _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

DATE   1/14/05

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE  January 14, 2005 |
| NAME OF SERVER *(PRINT)*    DONALD C. HUTCHINS | TITLE    PRO SE |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Egan, Flanagan and Cohen, P.C.
    67 Market Street, Springfield, Massachusetts 01102

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left.

☐ Returned unexecuted:

☐ Other *(specify)*:

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    January 14, 2005
               *Date*

Signature of Server

Donald C. Hutchins
*Address of Server*

1047 Longmeadow St.
Longmeadow, MA 01106

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS, | ) | Civil Action 04-30126-MAP |
| | ) | |
| Plaintiff, | ) | Judge Michael A. Ponsor |
| | ) | |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC., et al., | ) | **AFFIDAVIT OF STEVEN LINDSETH** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | SS: |
| COUNTY OF CUYAHOGA | ) | |

NOW COMES STEVEN LINDSETH and upon first being duly sworn, states that:

1.    I am over 18 years of age and have personal knowledge of the matters attested to herein.

2.    I am the President of Complient Corporation ("Complient"), a defendant in the subject action. On October 21, 2003, substantially all of the assets of Complient were sold to an entity known as Cardiac Science, Inc. by and through an Asset Purchase Agreement entered into on that date (the "Asset Purchase Agreement") by and among Complient, Cardiac Science and CPR Limited Partnership ("CPR L.P."). In my capacity as President of Complient, I oversee the winding up and liquidation of Complient.

{JJL0345.DOC;1}

3.    As President of Complient, I am responsible for authorizing any person to receive service of process on Complient.

4.    I have never met or spoken to John J. Egan, the attorney on whom Hutchins attempted to serve the Amended Complaint in this matter. Mr. Egan and his firm serves only as local counsel for Complient in this case. I did not grant Mr. Egan or his firm authorization to accept service of process on behalf of Complient.


_____
STEVEN LINDSETH


Sworn to before me and subscribed in my presence this ___ day of February, 2005.


_____
NOTARY PUBLIC

Harry W. Heise
Notary Public
My Commission Expires
March 19, 2005

{JJL0345.DOC;1}