Service: **Get by LEXSEE®**
Citation: **2004 us dist lexis 21204**

*2004 U.S. Dist. LEXIS 21204, ***

LAWRENCE L. KELLY, Plaintiff, vs. OAKWOOD MANOR APARTMENTS, Defendant.

Case No. 04-4086-JAR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

2004 U.S. Dist. LEXIS 21204

October 18, 2004, Decided

**DISPOSITION:** The defendant's Motion to Dismiss for improper service of process was granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff former tenant filed an action on July 19, 2004, claiming housing discrimination by defendant former landlord. The tenant alleged discrimination based on race and sex. The landlord moved to dismiss the action for insufficiency of service of process, lack of subject matter jurisdiction, and failure to state a claim. In the alternative, the landlord moved for a more definite statement.

**OVERVIEW:** It was undisputed that the tenant served the attorney who represented the landlord in the state court eviction action. The tenant could have served the landlord according to Fed. R. Civ. P. 4 or according to Kansas law. The landlord denied that the attorney whom the tenant served was authorized by appointment or law to receive service of process for the landlord in the action. In fact, service of process on an attorney was not effective absent some evidence that the attorney was authorized to accept service on behalf of the party. The tenant offered no showing that the attorney was authorized to accept service. Nor did the tenant show that the attorney was a managing or general agent or officer of the landlord, or that the attorney was required by law to receive service of process. Moreover, the tenant mailed the summons to the business address of the attorney, not to the landlord's business address. Thus, the court found that the tenant failed his burden of proving proper service, under Rule 4 or under Kansas law. The tenant still had time to properly serve the landlord in accordance with the rules.

**OUTCOME:** The action was dismissed, without prejudice for insufficient service of process. If the tenant properly served the landlord, in accordance with the rules, on or before November 16, 2004, the court would set aside and rescind the order of dismissal.

**CORE TERMS:** service of process, domestic, summons, effected, order of dismissal, appointment, partnership, insufficiency of service, general agent, pro se, managing, serving, motion to dismiss, burden of proving, unincorporated, effective, rescinded

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Civil Procedure > Pleading & Practice > Service of Process
Evidence > Procedural Considerations > Burdens of Proof
*HN1* ✦ When a defendant moves to dismiss an action because of insufficiency of service of

process, the plaintiff has the burden of proving the validity of service of process. Fed. R. Civ. P. 12(b)(5). More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Evidence > Procedural Considerations > Burdens of Proof
HN2± A plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
HN3± In determining the issues raised in a motion to dismiss, the uncontroverted allegations in a plaintiff's complaint are taken as true, and any factual disputes must be resolved in the plaintiff's favor. More Like This Headnote

Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties
HN4± The court requires that a pro se plaintiff follow the same rules of procedure that govern other litigants. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Methods of Service
HN5± See Fed. R. Civ. P. 4(h).

Civil Procedure > Pleading & Practice > Service of Process > Methods of Service
HN6± Fed. R. Civ. P. 4(e)(1) allows for service pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Methods of Service
HN7± Service of process in Kansas is governed by Kan. Stat. Ann. §§ 60-303, 60-304 and may be made upon: a domestic or foreign corporation, domestic or foreign limited liability company, domestic or foreign limited partnership, domestic or foreign limited liability partnership or upon a partnership or other unincorporated association, when by law it may be sued as such, (1) by serving an officer, manager, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of a defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service or process. Kan. Stat. Ann. § 60-304(e). More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Methods of Service
HN8± Service of process on an attorney is not effective absent some evidence that the attorney was authorized to accept service on behalf of the party. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Time Limitations
HN9± Under Fed. R. Civ. P. 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must either dismiss the action without prejudice, or direct that service be effected within a specific time. More Like This Headnote

**COUNSEL:** [*1] For Lawrence L Kelly, Plaintiff: Pro se, Topeka, KS.

For Oakwood Manor Apartments, Defendant: David E. Watson, Hamilton Laughlin Barker

Johnson & Watson, Topeka, KS.

**JUDGES:** JULIE A. ROBINSON, United States District Judge.

**OPINIONBY:** JULIE A. ROBINSON

**OPINION: MEMORANDUM AND ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant moves to dismiss (Doc. 5) this action, for insufficiency of service of process, lack of subject matter jurisdiction, and failure to state a claim. In the alternative, defendant moves for a more definite statement. Plaintiff Lawrence L. Kelly filed this action, pro se, on July 19, 2004. For the following reasons, the Court conditionally grants defendant's motion, and dismisses this action. In the event plaintiff has properly served the defendant on or before November 16, 2004, the Court will set aside this order of dismissal. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Defendant raises other grounds for dismissal, which the Court will entertain in the event this order of dismissal is rescinded.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

**I. Standard [*2] of Review**

HN1 When a defendant moves to dismiss an action because of insufficiency of service of process, n2 the plaintiff has the burden of proving the validity of service of process. n3 HN2 Plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant. n4 HN3 In determining the issues raised in a motion to dismiss, the uncontroverted allegations in plaintiff's complaint are taken as true, and any factual disputes must be resolved in plaintiff's favor. n5 Although plaintiff appears pro se, HN4 the court requires that a pro se plaintiff "follow the same rules of procedure that govern other litigants." n6

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 See Fed. R. Civ. P. 12(b)(5).

n3 *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

n4 *Wheaton v. Ahrens*, 983 F. Supp. 970, 972 (D. Kan. 1997) (quoting *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990)).

n5 *Id.*

n6 *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

[*3]

## II. Factual Background

Plaintiff filed this action on July 19, 2004, claiming housing discrimination by defendant Oakwood Manor Apartments. Plaintiff resided in the Oakwood Manor Apartments until he was evicted from his apartment on July 15, 2004. Plaintiff claims that defendant harassed him by serving the eviction notice and the "Writ of Restitution and Execution" issued by the Shawnee County District Court, Limited Actions Division. He alleges discrimination based on race and sex.

## III. Discussion

Defendant contends that this case should be dismissed for insufficiency of service of process, n7 because there was no service on defendant or defendant's agent. It is undisputed that plaintiff served the attorney who represented defendant in the state court eviction action. n8 Service of process must be effected in accordance with Federal Rule of Civil Procedure 4(h), which states that:

> HN5 Service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected . . . in a judicial district of the United [*4] States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 See Fed. R. Civ. P. 12(b)(5).

n8 See Doc. 4 and Pl. Compl. at Ex. C.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

HN6 Subdivision (e)(1) allows for service "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." n9 Therefore plaintiff may serve defendant according to Rule 4 or according to Kansas law. HN7 Service of process in Kansas is governed by K.S.A. §§ 60-303 and 60-304 and may be made upon:

a domestic or foreign corporation, domestic or foreign limited liability company, domestic or foreign limited partnership, domestic or foreign limited liability partnership or upon a partnership or other unincorporated [*5] association, when by law it may be sued as such, (1) by serving an officer, manager, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service or process. . . .n10

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n9 Fed. R. Civ. P. 4(e)(1).

N10 Kan. Stat. Ann. § 60-304(e).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Plaintiff has failed his burden of proving proper service, under the federal rule or under Kansas law. Defendant denies that the attorney whom plaintiff served was authorized by appointment or law to receive service of process for defendant in this action. In fact, [HN8] service of process on an attorney is not effective absent some evidence that the attorney was authorized to accept service on behalf of the party. n11 Plaintiff offers no showing that this attorney was authorized to accept service. Nor does plaintiff show that this attorney was a managing or general agent [*6] or officer of the defendant, or that this attorney was required by law to receive service of process. Moreover, plaintiff mailed the summons to the business address of the attorney, not to defendant's business address.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n11 See U.S. v. 51 Pieces of Real Property, Rosewell, N.M., 17 F.3d 1306, 1313 (10th Cir. 1993) (citing Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092, 1094 (2nd Cir. 1990) ("Service of process on an attorney not authorized to accept service for his client is ineffective. . . ."); Ransom v. Brennan, 437 F.2d 513, 518 (5th Cir. 1971) ("Service of process is not effectual on an attorney solely by reason of his capacity as an attorney.")); see also Arthur v. Litton Loan Serv. LP, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) ("The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred.")

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[HN9] Under Rule 4(m) of [*7] the Federal Rules of Civil Procedure, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must either dismiss the action without prejudice, or direct that service be effected within a specific time. n12 Having filed this action on July 19, 2004, plaintiff must serve the defendant on or before November 16, 2004. Thus, plaintiff still has time to properly serve defendant in accordance with the rules. Unless plaintiff properly effects service by November 16, 2004, however, this action must be dismissed. Accordingly, this Court will

dismiss this action, without prejudice for insufficient service of process. If plaintiff properly serves the defendant, in accordance with the rules, on or before November 16, 2004, the Court will set aside and rescind this order of dismissal. If plaintiff does not properly serve the defendant on or before November 16, 2004, this order of dismissal will remain effective.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n12 Fed. R. Civ. P. 4(m).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

**IT IS THEREFORE [\*8] BY THE COURT ORDERED** that defendant's Motion to Dismiss for improper service of process is GRANTED.

**IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that this order shall be rescinded if plaintiff properly effects service of process on the defendant on or before November 16, 2004.

Dated this 18th day of October, 2004, at Topeka, Kansas.

JULIE A. ROBINSON

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2004 us dist lexis 21204**
View: Full
Date/Time: Wednesday, February 2, 2005 - 3:52 PM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSEE®**
Citation: **1980 u.s. dist lexis 9996**

*1980 U.S. Dist. LEXIS 9996, ***

EIC INCORPORATED and T.I.M. OF TEXAS, INC., Plaintiffs, vs. MCANY, INC., THE MORTGAGE CORPORATION OF AMERICA AND BENEDICT SILVERMAN Defendants.

79 Civ. 5446 (RWS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1980 U.S. Dist. LEXIS 9996

January 29, 1980

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff corporations brought an action against defendants, two corporations and an individual. Service was attempted by leaving copies of the summons and complaint with an attorney. Defendants filed a motion to vacate and set aside service of process pursuant to Fed. R. Civ. P. 12(b)(5).

**OVERVIEW:** Plaintiffs contended that service upon the attorney was valid, as he was authorized to act as the individual's agent and as he was general counsel of defendant corporations. Defendants contended that the attorney was not their agent for the purposes of process service. The court granted defendants' motion to vacate the service of process because service was improperly made under Fed. R. Civ. P. 4(d)(1), (3), (7). Plaintiffs were granted 30 days in which to obtain proper service or the case would be dismissed as to defendants who had not been served. The attorney was not defendants' agent for process because no authorization, explicit or implicit, existed. The fact that the attorney had reluctantly accepted the papers did not make him an agent. No related litigation existed between the parties that could have justified implied authorization. While the attorney was general counsel for defendant corporations, he was not permanently employed by either of them and was not their attorney in the matter. Further, service on the attorney did not comport with state law under N.Y. C.P.L.R. §§ 308, 311.

**OUTCOME:** The court granted defendant's motion to vacate the process of service on them of plaintiffs' complaint. Plaintiff had 30 days to properly service defendants or have the case dismissed.

**CORE TERMS:** service of process, summons, appointment, general counsel, delivering, general agent, authorization, impliedly, suitable, managing, authorized to receive, retain jurisdiction, personal service, unrelated, domestic, cashier, authorizes

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Service of Process
*HN1* ✦ Fed. R. Civ. P. 4(d)(1) permits service upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process

HN2⤼Fed. R. Civ. P. 4(d)(7) allows process to be served in any manner permitted by the state in which the district court sits. The relevant New York statute for service upon an individual is N.Y. C.P.L.R. § 308. Subsection 308(2) authorizes service by delivering the summons within the state to a person of suitable age and discretion at the actual place of business of the person to be served and by mailing the summons to the person to be served at his last known residence; proof of such service shall be filed within 20 days thereafter with the clerk of the court. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process

HN3⤼Fed. R. Civ. P. 4(d)(3) provides for service upon a domestic or foreign corporation by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process
Civil Procedure > Counsel

HN4⤼An attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by appointment to receive service of process. Nor is the fact that an attorney represents his client in a completely unrelated litigation sufficient to establish the requisite authority. What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client. And if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process
Civil Procedure > Counsel

HN5⤼An attorney who had been retained to represent a client in one litigation is impliedly authorized to receive service of process in a related litigation, since the related litigation must have been intended as within the scope of the attorney's authority. By contrast an individual defendant's grant of power of attorney to his counsel which authorized the latter to manage and control his property for purposes of a state divorce action does not demonstrate that the attorney is authorized to receive service of process in unrelated matters. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process
Civil Procedure > Counsel

HN6⤼N.Y. C.P.L.R. § 311(1) authorizes service to be made upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. This statute essentially tracks the language of Fed. R. Civ. P. 4(d)(3). The New York courts have held that service upon the attorney for a corporation constitutes insufficient service upon the corporation. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process

HN7⤼Where service is improperly made, a district court has discretion either to dismiss the case, or to quash the service and retain jurisdiction of the case. More Like This Headnote

**COUNSEL:** [*1]

TEPLIN AND SIMINS, ESQS., 30 East 42 Street, New York, New York 10017

By: Milton A. Teplin, Esq. For Plaintiffs

ERNEST L. MATHEWS, JR., ESQ., One State Street Plaza, New York, New York 10004 For Defendants

**OPINIONBY:** SWEET

**OPINION:** OPINION
SWEET, D.J.

The three defendants in this action, MCANY, Inc. ("MCANY"), the Mortgage Corporation of America ("MCA"), and Benedict Silverman have moved to vacate and set aside service of process pursuant to Rule 12(b)(5), Fed.R.Civ.P. For the reasons set forth below the motion is granted.

Plaintiffs Eic i/ncorporated ("EIC") and T.I.M. of Texas, Inc. ("TIM") filed the complaint in this action on October 15, 1979. On October 17, 1979, a federal marshal attempted to serve the three defendants by leaving three copies of the summons and complaint with attorney Howard A. Ross. Ross's office is part of a suite of offices located at 770 Lexington Avenue in New York City. MCANY occupies an office in this suite, as does Silverman. Ross is the general counsel for MCANY and MCA, but does not represent either corporation in this action.

Rules 4(d)(1) and 4(d)(7), Fed.R.Civ.P., govern the validity of service upon Silverman. HN1
✣Rule 4(d)(1) permits service: [*2]
Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
In this case, there was no personal service upon Silverman or upon a person of suitable age and discretion at Silverman's residence. Rather, plaintiffs contend that service upon Ross was valid, since Ross was authorized to act as Silverman's agent. See National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311 (1964); United States v. Bosurgi, 343 F. Supp. 815 (S.D.N.Y. 1972).

Silverman has submitted an affidavit in which he specifically denies having authorized Ross to accept service for him; plaintiffs have not contested the absence of express authorization by Silverman. Although authorization to accept service of process may be made implicitly, such authorization was absent in this case. The mere fact that Ross reluctantly accepted the legal documents [*3] was insufficient to render him Silverman's agent. Grammenos v. Lemos, 457 F.2d 1067, 1071 (2d Cir. 1972). Moreover, the fact that Ross and Silverman have offices in the same suite is not sufficient to create an implied agency. Therefore, the service in this case did not satisfy the requirements of Rule 4(d)(1).

HN2✣Rule 4(d)(7), Fed.R.Civ.P., allows process to be served in any manner permitted by the state in which the district court sits. The relevant New York statute for service upon an individual is C.P.L.R. § 308. Subsection 308(1), which provides for personal service upon an individual, is inapplicable. Subsection 308(2) authorizes service:
(2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business... of the person to be served and by mailing the summons to the person to be served at his last known residence; proof of such service shall be filed within twenty days thereafter with the clerk of the court...
Plaintiffs did not comply with the terms of subsection 308(2) in this case since they did not mail a copy of the complaint to Silverman following service upon Ross. Accordingly. service upon Ross did not [*4] constitute adequate service upon Silverman under Rule 4(d)(7).

Rules 4(d)(3) and 4(d)(7) govern the validity of service upon MCANY and MCA. [HN3]Rule 4(d)(3) provides for service:

Upon a domestic or foreign corporation... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...

Ross was neither an officer, nor a managing or general agent of MCANY or MCA. However, plaintiff contends that Ross's position as general counsel for MCANY and MCA was sufficient for purposes of Rule 4(d)(3) to make him an "agent authorized by appointment... to receive service of process" for these defendants. In United States v. Bosurgi, supra, 343 F. Supp. at 817-18, the court stated,

[HN4]An attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by "appointment... to receive service of process." Nor is the fact that an attorney represents his client in a completely unrelated litigation sufficient to establish the requisite authority. What is necessary is that it appear that the attorney was authorized, either expressly [*5] or impliedly, to receive service of process for his client. And if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer. (Footnotes omitted).

In Bosurgi, the court held that [HN5]an attorney who had been retained to represent a client in one litigation was impliedly authorized to receive service of process in a related litigation, since the related litigation "must have been intended as within the scope of the attorney's authority." By contrast in Schultz v. Schultz, 436 F.2d 635 (7th Cir. 1971), the court ruled that an individual defendant's grant of power of attorney to his counsel which authorized the latter to manage and control his property for purposes of a state divorce action did not demonstrate that the attorney was authorized to receive service of process in unrelated matters. See also Ransom v. Brennan, 437 F.2d 513, 518-19 (5th Cir.), cert denied, 403 U.S. 904 (1971) (service of process upon former attorney of decedent not proper service upon executrix); In re Four Seasons Securities Laws Litigation, 63 F.R.D. 115 (W.D.Okl. 1974); 2 Moore's [*6] Federal Practice P 4.22[1] at 4-187-88 (2d ed. 1979).

Research has revealed no cases in which a court has decided the issue of whether service upon the general counsel of a corporation constitutes valid service under Rule 4(d)(3). However, under the circumstances of this case, such service was not valid. Although Ross described himself as general counsel for MCA and MCANY, he is not permanently employed by either corporation. He is an independent contractor, and does not represent either corporation in all their litigation. In particular, Ross is not the attorney for MCA and MCANY in this action. Plaintiffs have made no allegation that Ross is counsel for MCA and MCANY in any related litigation. These circumstances do not support plaintiffs' contention that Ross was authorized, either expressly or impliedly, toi accept service of process in this action on behalf of MCA and MCANY. Service upon Ross was not proper under Rule 4(d)(3).

Service upon Ross was also inadequate under C.P.L.R. § 311. [HN6]This statute authorizes service to be made:
(1) upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier [*7] or to any other agent authorized by appointment or by law to receive service.

This statute essentially tracks the language of Federal Rule 4(d)(3). See 2 N.Y. Adv. Comm. Rep. 161 (1958). The New York courts have held that service upon the attorney for a corporation constitutes insufficient service upon the corporation. State v. Cortelle Corp., 73 Misc.2d 352, 341 N.Y.S.2d 640, 643 (Nassau Co. 1972); Board of Education of Half Hollow Hills v. Half Hollow Hills Teachers Assoc., Inc., 358 N.Y.S.2d 285 (Suffolk Co. 1974). See also McDonald v. Ames Supply Co., 22 N.Y.2d 111, 291 N.Y.S.2d 328, 238 N.E.2d 726 (1968) (restrictive interpretation of service statute). Accordingly, delivery of the summons and

complaint to Ross did not satisfy the service requirements of Rule 4(d)(7).

**HN7** Where service is improperly made, a district court has discretion either to dismiss the case, or to quash the service and retain jurisdiction of the case. See Haley v. Simmons, 529 F.2d 78 (8th Cir. 1976); Lloyd v. Industrial Bio-Test Laboratories, Inc., 454 F. Supp. 807, 811 (S.D.N.Y. 1978); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1354, at 584-87 (1969). In this case it is appropriate **[*8]** to retain jurisdiction pending execution of proper service in a reasonable time. Accordingly, this suit will be dismissed in thirty days, except as to any defendant whom the plaintiffs have been able to serve properly.

IT IS SO ORDERED:

Service: **Get by LEXSEE®**
Citation: **1980 u.s. dist lexis 9996**
View: Full
Date/Time: Wednesday, February 2, 2005 - 3:53 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.