UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br><br>Plaintiff )<br><br>v. )<br><br>CARDIAC SCIENCE, INC )<br><br>and )<br><br>COMPLIENT CORPORATION. )<br><br>Defendants ) | Civil Action: 04-30126-MAP |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT COMPLIENT
CORPORATION'S MOTION TO DISMISS AMENDED
COMPLAINT FOR FAILURE OF SERVICE OF PROCESS**

**BACKGROUND**

On December 22, 2004 an Order was entered by the Court allowing Hutchins' Motion to

Amend his Complaint to include the Complient Corporation as a Defendant. On January 14,

2005 the Amended Complaint was filed and docketed by the Clerk. Paragraph 3 of the Amended

Complaint disclosed that the Complient Corporation is incorporated in the State of Delaware and

also that the Complient Corporation has no place of business in Ohio listed by the Ohio Secretary

of State or Cleveland area telephone directories. Paragraph 7 of the Amended Complaint showed

that Complient is in the process of being dissolved as a corporate entity.

The Division of Corporations for the State of Delaware lists the Complient Corporation

as file #2820926 with a "Delinquent" tax status of $177,161.50. The Registered agent is the

Corporation Service Company at (302) 636-5400. This is a Florida telephone number. After

calling this number, Hutchins was told by the registered agent that the officers listed for the

3

Complient Corporation were Mr. Robert Thompson and Mr. Brian Collett. The State of Delaware does not list Steven Lindseth as an officer in the Complient Corporation.

Hutchins recognized the name Robert Thompson as the person who had signed the Asset Purchase Agreement with Cardiac Science, Inc. as President of Complient. Mr. Thompson is no longer employed by Complient and can not be located through searches on the Internet or Cleveland area telephone directories. Cardiac Science, Inc., the company that purchased the Complient assets, has no information on Mr. Thompson's employment or current address.

On October 8, 2004 Attorney John J. Egan was added to the Civil Action 04-30126-MAP Docket Report and listed as the Complient Corporation's Lead Attorney and Attorney to be Noticed. Attorney Egan's address is 67 Market Street, Springfield, Massachusetts. There are no other "Attorneys to be Noticed" listed by the Complient Corporation for Civil Action 30126-MAP and in the past two months Attorney Egan has filed several Motions as the representative of Complient.

The Clerk's Office was confused as to the procedures required for Hutchins to properly file and serve the Amended Complaint as per the endorsed order entered 12/22/04. Initially the Amended Complaint was docketed as entry #40. Weeks later the Clerk's Office contacted Hutchins and said that a Summons would be required and sent Hutchins a blank summons to be used for that purpose. This Clerk's Office guided Hutchins through the service process and the Summons was served by Donald C. Hutchins on the Complient Corporation's only visible representative, Attorney John Egan. Attorney Egan accepted service of the Summons and the Clerk's Office certified and docketed the Summons.

## ARGUMENT

I.  **Federal and State Rules Governing Service of Process Were Established to Protect Both the Plaintiff and Defendant by Means of Public Disclosure.**

The Secretaries of States are responsible for chartering corporations in most states including Delaware and Ohio. This responsibility entails keeping a public record of the name of

the corporation, shares outstanding, active or inactive status, taxes paid and the corporation agent. One reason for this record keeping is to make available an official, legal, and public record for service of process.

The Complient Corporation is chartered under the laws of Delaware as file #2820926. This file lists only Mr. Robert Thompson and Mr. Brian Collett as officers. The Registered agent is the Corporation Service Company. Neither the officers nor the Agent were available to Hutchins for service of process with regard to the Amended Complaint.

Service of process should never place the aggrieved party in the position of playing a shell game with defendants. Public records are available to allow an aggrieved party to serve the opposition. Should corporations be allowed to alternate officers, addresses and agents to their advantage and without proper public notification is to flaunt the law and make a mockery of Civil Procedure 4.

## II.    This Court Can Exercise Jurisdiction over Complient Corporation because Hutchins' Amended Complaint was Properly Served.

A.    Hutchins petitioned and was allowed by the Court to join Complient to this action. Prior to the Court's Endorsed Order of December 22, 2004, Attorney John Egan entered as Complient's "lead attorney" and "attorney to be noticed." In the capacity of Complient's lead attorney, Attorney Egan has filed several motions and memorandums in Complient's behalf.

B.    Hutchins was guided in the service of process by the Clerk's Office on their initiative. The Summons was furnished, certified and docketed by the Clerk's Office.

C.    Attorney John Egan is the only legal designate of the Complient Corporation found in any public record.

D.    Attorney John Egan accepted the Summons and did not protest to the Court, Clerk's Office or the Plaintiff that he understood Hutchins' actions to constitute a failure of service of process until he filed this Motion to Dismiss on February 3, 2005. Certainly

if Attorney Egan believed the service of process was improper, he would have refused service or declined service prior to passing the Summons on to Ohio.

E.     The Complient Corporation has not been disadvantaged by this service process Complient received the Summons and Amended Complaint immediately after service on Attorney Egan. The maximum allotted time to respond as designated by the Summons has been available to Complient and utilized for the preparation of this Motion to Dismiss.

III.    **The Cuyahoga County Court of Common Pleas Is Looking to This Court For Direction with Regard to Complient v. Hutchins CV-04-540066**

At a Case Management Conference - Cuyahoga County Court of Common Pleas on January 26, 2005, Judge Eileen A. Gallagher delayed trial pending the outcome of Civil Action 04-30126-MAP. In her opinion the Federal Court presented a better forum to resolve the disputed language of the June 1, 1994 Agreement between Hutchins and Complient Corporation, the successor to County Line Limited. All the parties would be represented in the Massachusetts Action and all would receive ample time for discovery.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's prays that the Defendant's Motion to Dismiss be stricken.

The Plaintiff
Donald C. Hutchins, Pro Se

Dated February 17, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

6

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.
:

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01101-9035

Dated: 2/17/05

Richard J. Moriarty

7