UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action: 04-30126-MAP |
| | ) |
| CARDIAC SCIENCE, INC. | ) |
| | ) |
| Defendant | ) |

**COMPLIENT CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE OF SERVICE OF PROCESS**

I.    **INTRODUCTION**

Plaintiff's, Donald C. Hutchins ("Hutchins"), Memorandum in Opposition to Complient's Motion to Dismiss Amended Complaint for Failure of Service of Process is replete with false and defamatory statements regarding Complient and its corporate status and is fatally devoid of merit. Rather than properly serve Complient, Hutchins feebly attempts to avoid the ramifications of his improper and ineffective service attempt by arguing, in essence, that he cannot figure out how to do so and that his efforts to have the Clerk's office educate him were to no end. A *pro se* party has the same responsibility to comply with the Rules of Civil Procedure as a represented party. Accordingly, because Hutchins failed to serve Complient in accordance with Fed. R. Civ. P. 4, Complient respectfully requests that its Motion to Dismiss the Amended Complaint for Failure of Service of Process be granted.

## II.    ARGUMENT

Hutchins has failed to serve Complient in accordance with Rule 4. Hutchins' arguments that his ineffective service attempt upon counsel for Complient should be deemed sufficient are not supported by the facts or the law. As set forth in Complient's Motion to Dismiss, Rule 4 is clear as to the proper persons to accept service on a corporation and, in this case, counsel for Complient is not the proper target of service. *See Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp.2d 54, 57 (D. Mass. 2002) (finding service improper even if correctly attempted because plaintiff could not show that defendant's attorneys had authority to accept service on defendant's behalf); *Weinfeld v. Buccaneer Broadcasting, Ltd.*, 86 F.R.D. 546, 547 (D. Mass. 1980) (stating that attorney was not agent for service of process for corporate defendants). *See also U.S. v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1313 (10th Cir. 1993) (citing *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("Service of process on an attorney not authorized to accept service for his client is ineffective . . . ."); *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("Service of process is not effectual on an attorney solely by reason of his capacity as an attorney."); *Arthur v. Litton Loan Serv. LP*, 249 F. Supp.2d 924, 929 (E.D. Tenn. 2002) ("The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred."). Hutchins' service attempt was improper and the Amended Complaint against Complient should be dismissed.

Rather than remedy his improper service attempt, Hutchins instead defames Complient. Hutchins states, "Should corporations be allowed to alternate officers, addresses and agents to their advantage and without proper public notification is to flaunt the law and make a mockery of

Civil Procedure 4." Hutchins' Mem. in Opp,. at 5. Contrary to Hutchins' insinuations and arguments, nothing of the kind has transpired with respect to Complient.

Complient dissolved effective December 28, 2004. This dissolution was entirely proper and in keeping with Delaware law and, contrary to Hutchins' spurious claims, the State of Delaware would not have permitted and did not permit Complient to dissolve with *any* delinquency in taxes. Complient does not owe any taxes to the State of Delaware. Hutchins' claims regarding the tax status of Complient are false.

Further, Hutchins' statements regarding the alleged opinions of the Honorable Eileen Gallagher of the State of Ohio, Cuyahoga County Common Please regarding the preferable forum for any dispute are a complete fabrication.

The fact is that Hutchins has sufficient information available to him upon which to effect service upon Complient. Inexplicably, he has chosen not to do so.[1] Accordingly, Complient's Motion to Dismiss Amended Complaint for Failure of Service of Process should be granted.

---

[1] Hutchins suggests in his Memorandum that somehow the Clerk's office has some obligation to assist him with service. Such arguments amplify the clear misconception Hutchins has regarding his obligations under the Rules of Civil Procedure. It is simply not the Clerk's or a Judge's responsibility or role (as he tried to request of the Honorable Eileen Gallagher in the State of Ohio, Cuyahoga County Court of Common Pleas) to advise him on how to serve process or comply with any Rule of Civil Procedure. This is but one of a myriad of examples of why Hutchins should retain counsel.

## III.  CONCLUSION

Based on the foregoing and the arguments and authorities contained in Complient's Motion to Dismiss, it is clear that Hutchins has failed to discharge his obligations under Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Complient respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

/s/ John J. Egan

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA  01102-9035
(413) 737-0260
FAX (413) 737-0121

WILLIAM E. COUGHLIN (0010874)
COLLEEN MORAN O'NEIL (0066576)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 (facsimile)

Attorneys for Complient Corporation

{CMO1958;1}                     6

**CERTIFICATE OF SERVICE**

A copy of the foregoing Complient Corporation's Motion for Leave to File *Instanter* Reply Brief in Support of Motion to Dismiss Amended Complaint for Failure of Service of Process and Reply Brief in Support thereof is being served via first-class mail this 3rd day of March, 2005:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts 01106

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

And

Randall T. Skaar, Esq.
Scott G. Ulbrich
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Attorneys for Defendant Cardiac Science, Inc.

One of the attorneys for Complient Corporation

{CM01958;1}   7