UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>CARDIAC SCIENCE, INC )<br>)<br>and )<br>)<br>)<br>COMPLIENT CORPORATION. )<br>)<br>Defendants )<br>) | Civil Action: 04-30126-MAP |

**PLAINTIFF'S AMENDED MEMORANDUM IN ANSWER TO COMPLIENT CORPORATIONS INSTANTER REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND PLAINTIFF'S AFFIDAVIT TO SUPPORT PERFECTED SERVICE OF PROCESS**

I.  **INTRODUCTION**

On March 3, 2005 Attorney John J. Egan filed Defendant, Complient Corporation's Motion for Leave to File *Instanter* Reply Brief in Support of Motion to Dismiss Amended Complaint for Failure of Service of Process, along with Complient Corporations Reply Brief in Support of Motion to Dismiss Amended Complaint for Failure of Service of Process.

With this *Instanter* Reply Brief Attorney Egan challenges the facts contained in Plaintiff's, Donald C. Hutchins ("Hutchins") Memorandum in Opposition to Complient's Motion to Dismiss. On April 11, 2005 Steven Lindseth, the President of the Complient Corporation signed and returned a Waiver of Service of Summons attached herein as Exhibit A. This Waiver mitigates Complient's arguments for failure of service of process.

## CONCLUSION

The Plaintiff's prays that Defendant's signed Waiver of Service of Process diffuses Defendant's allegations of failure of service of process and allows the Court to strike Defendant's Motion to Dismiss for Failure of Service of Process.

Dated April 20, 2005

The Plaintiff
Donald C. Hutchins, Pro Se

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01101-9035

Dated: 4/20/05                                _____
                                              Richard J. Moriarty

2

# EXHIBIT A



# CALFEE, HALTER & GRISWOLD LLP
### ATTORNEYS AT LAW
Cleveland

Direct Dial No. 216/622-8530
email: coneil@calfee.com

April 18, 2005

**VIA FEDERAL EXPRESS**

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts 01106

    Re:    Hutchins v. Cardiac Science
               United State District Court for the District of Massachusetts
               Case No. 04-30126

Dear Mr. Hutchins:

    Enclosed is an executed Waiver of Service of Summons for service of the Amended Complaint in the above-referenced action.

                               Very truly yours,

                               Colleen M. O'Neil

CMO/rh
Enclosure

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Donald C. Hutchins__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Steven Lindseth, President of Complient Corp.__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Hutchins V Cardiac Science, Inc.__,
(CAPTION OF ACTION)

which is case number __Civil Action 04-30126 MAP__ in the United States District Court
(DOCKET NUMBER)

for the __Western__ District of __Massachusetts__.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __March 15, 2005__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__4/11/05__
(DATE)

__[signature]__
(SIGNATURE)

Printed/Typed Name: __Steven Lindseth__

As __President__ of __Complient Corporation__
(TITLE)    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had