UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

        Plaintiff,

v.

CARDIAC SCIENCE, INC.,

        Defendant.

Civil Action No. 04-30126-MAP

# DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Defendant Cardiac Science, Inc. ("Cardiac Science") moves this Court for Summary Judgment on every claim brought against it by Plaintiff, Donald C. Hutchins ("Plaintiff") and for Summary Judgment on every Declaratory Judgment claim brought by Cardiac Science against Plaintiff on grounds that:

1. Plaintiff's claim of copyright infringement must fail because the undisputed facts show that Cardiac Science has license rights to the asserted copyrights.

2. Plaintiff's claim of patent infringement must fail because the undisputed facts show that Cardiac Science has license rights to the asserted patent.

3. Plaintiff's abuse of process claim must fail because the undisputed facts do not support the claim.

4. Plaintiff's tortious interference with contract claim must fail because the undisputed facts do not support the claim.

5. Declaratory Judgment that Cardiac Science's exclusive license to Plaintiff's asserted copyrights and patent is valid and in full force and effect.

6. Declaratory Judgment that Cardiac Science does not infringe Plaintiff's asserted copyrights because the undisputed facts show that Cardiac Science has license rights to the asserted copyrights.

7. Declaratory Judgment that Cardiac Science does not infringe any claims of U.S. Patent No. RE34,800 because the undisputed facts show that Cardiac Science has license rights to of U.S. Patent No. RE34,800.

8. Declaratory Judgment that Cardiac Science is not in breach of the June 1, 1994 License Agreement because Cardiac Science has met its obligations and further, Cardiac Science has not received a written notice of breach as required by the June 1, 1994 License Agreement.

## MATERIAL FACTS

Pursuant to Local Rule 56.1, the following is a concise statement of the material facts of record as to which there are no genuine issues to be tried:

Plaintiff is the named inventor on U.S. Patent No. RE34,800. ("the '800 Patent"). Plaintiff is the named author on U.S. Copyright Registration Numbers: TXu-210-208 and TXu-213-859. ("the Copyrights"). Plaintiff asserts that Cardiac Science's CPR Prompt® device infringes the claims of the '800 Patent and the Copyrights. (collectively "Asserted Properties"). (Amended Complaint, Court Docket No. 40, ¶¶ 46, 52 and 54).

On June 1, 1994, Plaintiff exclusively licensed the Asserted Properties to County Line Limited Partnership ("County Line"). (License Agreement, Ex. 1). Section 3.10 of the License Agreement required County Line to create an affiliate and assign all of its rights and obligations under the License Agreement to that affiliate. (Id. at 3.10) On September 19, 1994, County Line

created the affiliate, CPR, Limited Partnership, ("CPR, LP") pursuant to the definition of an affiliate in Section 1.1 of the License Agreement, and assigned the License Agreement to CPR, LP. ("Partnership Agreement", Ex. 2). CPR, LP originally included 2 partners, County Line, as General Partner with 99% of the partnership interest and Catalog Products, Inc. as a Limited Partner having the remaining 1% partnership interest. (Ex. 2, Schedule A). It is undisputed that, in December of 1997, County Line's successor transferred its 99% partnership interest to CPR Prompt, LLC, which converted into a Delaware Corporation, Complient Corporation. ("Complient"). Complient retained the 99% partnership interests in CPR, LP. (Asset Purchase Agreement, Ex. 3, p. 1). The License Agreement was never terminated. (Hutchins Depo, Ex. 4, p. 120, ll. 17-21).

The License Agreement grants County Line and its affiliates the right to assign the License Agreement and all of its rights, licenses and obligations to a third party. (Ex. 1, Sec. 2.1). On October 21, 2003, Complient, CPR, Limited Partnership and Cardiac Science entered into an Asset Purchase Agreement, ("APA"), whereby Cardiac Science purchased certain assets from Complient and CPR, LP, including the License Agreement. (Ex. 3, Sec. 1.1A). Plaintiff is admittedly aware of the APA and the fact that no CPR, LP partnership interests were sold in the transaction between Cardiac Science, Complient and CPR, LP. (Ex. 4, p. 144, ll. 4-11). Plaintiff is further aware that the 7 and ½ percent exit payment described in Section 3.10 of the License Agreement is only triggered by a sale of CPR, LP partnership interests. (Ex. 4, p. 159, l. 20 - p. 160. l. 23). Plaintiff admits that Cardiac Science is not responsible for any 7 and ½ percent exit payment under the License Agreement. (Id. at p. 160, l.10 - p. 161. l. 12).

Cardiac Science has met and is meeting the terms and obligations of the License Agreement and the APA. (Royalty Report, Ex. 5). Plaintiff has not sent Cardiac Science a

written notice of breach as required by the License Agreement. (Ex. 1, Sec 8.2; Ex. 4, p. 148, ll. 3-6). Plaintiff also ignored the arbitration clause of the license Agreement. (Ex. 1, Sec. 9.4). Cardiac Science is a legitimate purchaser of the License Agreement and as such has a license to the Asserted Properties. Plaintiff has even admitted that he never terminated the License Agreement. (Ex. 4, p. 120, ll. 17-21).

Not only has Plaintiff admitted he never terminated the License Agreement, but Plaintiff has now twice deposited royalty checks from Cardiac Science. (DeGreef Affidavit, Ex. 6, ¶¶6-7). On March 17, 2005 Plaintiff cashed Royalty Check No. 34634 in the amount of $1990.38 from Cardiac Science, the check cleared Cardiac Science's bank, however because it was originally issued on June 10, 2004 the check was credited back to Cardiac Science pursuant to the bank's stale date policy. (Id. at Exhibit A). On April 14, 2005 Cardiac Science issued a replacement check, Royalty Check No. 40736, to Plaintiff. (Id.). Plaintiff cashed Royalty Check No. 40736 in the amount of $1990.38 from Cardiac Science on April 21, 2005. (Ex. 6 at ¶7).

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Cardiac Science must establish, on a motion for summary judgment, that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Id. at 324. Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as matter of law." Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 30 (1st Cir. 1990)(*citing* Fed. R. Civ. P. 56(c)).

## ARGUMENT

### I. CARDIAC SCIENCE IS THE LICENSEE PURSUANT TO THE JUNE 1, 1994 LICENSE AGREEMENT AND AS SUCH HAS LICENSE RIGHTS TO THE '800 PATENT AND THE COPYRIGHTS.

It is undisputed that Plaintiff licensed the Asserted Properties to County Line. (Ex. 1, Sec. 1.8 and 2.3). Further, Plaintiff admits the License Agreement was never terminated. (Ex. 4, p. 120, ll. 17-21). Section 3.10 of the License Agreement required County Line to create an affiliate and transfer the License to that affiliate. (Ex.1, Sec. 3.10) County Line created an affiliate, CPR, LP, and transferred the License Agreement to it. (Ex. 1).

Plaintiff argues that Cardiac Science is not a Licensee under the License Agreement because he does not recognize CPR, LP as having the authority to transfer the License Agreement to a third party. (Ex. 4, p. 126, l. 19 - p. 129, l. 16). However, Plaintiff admits County Line was free to create the affiliate as required by section 3.10 of the agreement without Hutchins approval. (Ex. 4, p. 80, ll. 9-19) Further, Plaintiff admits the Partnership Agreement creating CPR, LP "probably does just that." (Ex. 4, p. 80, ll. 20-22). This record fully supports the fact that CPR, LP is an affiliate of County Line with full power and authority to sell and/or transfer the License Agreement.

Plaintiff also admits County Line and its affiliates had the right to sell the License Agreement to a third party, without Plaintiff's approval. (Ex. 4, p. 52, ll. 5-19). CPR, LP and Complient did just that. CPR, LP and Complient sold their rights in the License Agreement to Cardiac Science on October 21, 2003. (Ex.3, Sec. 1.1A). The facts show CPR, LP and Complient

5

had the authority under the License Agreement to sell the License Agreement to a third party. (Ex. 1, Sec. 2.1).

It is undisputed that Cardiac Science's purchase of the License Agreement from CPR, LP and Complient complied with the terms of the License Agreement. Cardiac Science has met its obligations pursuant to the License Agreement and the APA. (Ex. 5). Plaintiff has never given Cardiac Science a written notice of termination as required by Section 8.2 of the License Agreement. (Ex. 1, Sec 8.2; Ex. 4, p. 148, ll. 3-6) Plaintiff has even deposited royalty payments from Cardiac Science. (Ex. 6, ¶¶ 6-7). Therefore, the record is devoid of any facts disputing that Cardiac Science is the Licensee under the License Agreement and as such owns the worldwide exclusive rights to the Copyrights and the '800 Patent.

## II. CARDIAC SCIENCE HAS A LICENSE TO THE ASSERTED COPYRIGHTS AND THUS CANNOT INFRINGE THOSE COPYRIGHTS.

Plaintiff alleges that Cardiac Science is infringing the Copyrights by making and selling the CPR Prompt® device. (Amended Complaint, Court Docket No. 40, ¶46). Cardiac Science cannot infringe the Copyrights because Cardiac Science has a license to the Copyrights. Section 2.3 of the License Agreement grants the Licensee worldwide exclusive right and license in and to the Copyrights, including the right to reproduce, make derivatives and distribute. Plaintiff does not dispute that the Copyrights are included in the License Agreement.

As discussed above, Cardiac Science purchased the rights to the License Agreement from Complient and CPR, LP on October 21, 2003. (Ex. 3, Sec. 1.1A). Plaintiff has admittedly never terminated the License Agreement. (Ex. 4, p. 120, ll. 17-21). Because the undisputed facts show that Cardiac Science owns a license to the Copyrights, Cardiac Science is entitled to judgment as a matter of law that Cardiac Science does not infringe the Copyrights.

### III. CARDIAC SCIENCE HAS A LICENSE TO THE '800 PATENT AND THUS CANNOT INFRINGE ANY CLAIMS OF THE '800 PATENT.

Plaintiff alleges that Cardiac Science is infringing the claims of the '800 patent by making and selling the CPR Prompt® device. (Amended Complaint, Court Docket No. 40, ¶¶52 and 54). Cardiac Science cannot infringe claims of the '800 patent because Cardiac Science has a license to the '800 Patent. A licensee cannot be held liable for infringing the licensed patent. Intel Corp., v. Via Technologies, Inc., 319 F.3d 1357, 1364 (Fed. Cir. 2003).

Section 2.1 of the License Agreement grants the licensee a worldwide exclusive right to make, have made, use, sell, lease and have sold and leased the Licensed Products pursuant to the Licensed Patents. (Ex.1, Sec. 2.1). Section 1.8 and Exhibit A to the License Agreement include the '800 Patent as a "Licensed Patent". (Id. at 1.8). Plaintiff does not dispute that the '800 Patent is included in the License Agreement.

As discussed above, Cardiac Science purchased the license rights from CPR, LP and Complient. Because the undisputed facts show that Cardiac Science is the licensee to the '800 patent, Cardiac Science is entitled to judgment as a matter of law that Cardiac Science does not infringe any claims of the '800 patent.

### IV. THERE ARE NO FACTS OF RECORD TO SUPPORT AN ABUSE OF PROCESS CLAIM

Under Massachusetts law, to prevail on an abuse of process claim, a plaintiff must show "(1) "process" was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage". Broadway Management Services, LTD v. Cullinet Software, Inc., 652 F.Supp. 1501, 1502 (D. Mass. 1987) (quoting Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-776, 489 N.E.2d 185, 185 (1986)). "'Ulterior Motive' is more than the intent to harass; there must be intention to use process for coercion or harassment to obtain something not properly part

of the suit." Id. at 1503. Abuse of process has also been described as a form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money. Cohen v. Hurley, 20 Mass.App.Ct. 439, 442, 480 N.E.2d 658 (1985). In the present suit, Plaintiff has offered no collateral "ulterior or illegitimate purpose" for Cardiac Science's use of the judicial process apart from its desire to fully litigate the contractual and intellectual property issues forming the basis of the parties' dispute.

Plaintiff is appearing *pro se*, and because he is without legal training or counsel he may not have an accurate understanding of what is required to prevail on an abuse of process claim. During Plaintiff's deposition, he was asked the question, "What's your understanding of abuse of process?" Plaintiff answered, "Abuse of process is the use of litigation and the court system to hammer somebody into submission or to the point where they have to back off…..coming back at me to put me in a position to defend myself with counterclaims is an aberration and abuse of process…" (Ex.4, p. 139, ll. 12-17 and p. 140, ll. 2-4). Plaintiff further stated that the act of taking his deposition was an abuse of process. (Ex. 4, p. 140, ll. 20-24).

There are no genuine issues of material fact with respect to Plaintiff's abuse of process claim. Plaintiff filed the Amended Complaint against Cardiac Science alleging, *inter alia*, abuse of process. The Amended Complaint's allegation of abuse of process is based solely on the fact that Cardiac Science filed Counterclaims against the Plaintiff. (Amended Complaint, Court Docket No. 40, ¶66). The record clearly shows that the only claims Cardiac Science filed against Plaintiff are Compulsory Counterclaims, pursuant to FED. R. CIV. P. 13(a), which Cardiac Science filed to defend itself in response to those claims originally brought against Cardiac Science by Plaintiff. The fact that Plaintiff is burdened with the ordinary costs of litigation does not constitute an abuse of process. Broadway, 652 F.Supp. at 1504.

The undisputed facts show that Cardiac Science has not coerced or harassed Plaintiff to obtain something not properly part of the suit, therefore Cardiac Science is entitled to judgment as a matter of law as to the claim of abuse of process.

### IV. CARDIAC SCIENCE'S PURCHASE OF THE JUNE 1, 1994 LICENSE AGREEMENT WAS LEGITIMATE AND THERE ARE NO FACTS OF RECORD TO SUPPORT A CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT.

Under Massachusetts law, a plaintiff is required to establish the following to prevail on its claim for tortious interference with contractual relations: (1) a contractual or business relationship between the Plaintiff and a third party; (2) Defendant's knowledge of the relationship; (3) Defendant's intentional interference with that relationship for an improper purpose or by improper means; and (4) damages. Swanset Development Corp. v. Taunton, 423 Mass. 390, 397, 668 N.E.2d 333, 338 (1996).

The only "contract" identified in Plaintiff's proposed Amended Complaint is the June 1, 1994 License between Plaintiff and County Line. Plaintiff does not dispute that County Line and its affiliates had the authority, pursuant to the terms of the License Agreement, to sell the License Agreement to a third party. (Ex. 4, p. 52, ll. 5-19). Cardiac Science entered into a legitimate purchase agreement to buy certain assets, including the License Agreement, from Complient/CPR, LP. Cardiac Science bought Complient/CPR, LP's interest in the License Agreement and therefore the License Agreement is still viable. Cardiac Science did not interfere with the License Agreement but rather purchased the rights therein. Cardiac Science made the required royalty payments to Plaintiff and Plaintiff in fact cashed replacement royalty check no. 40736 on April 21, 2005. (Ex. 6, ¶¶6-7).

Plaintiff has alleged no facts showing that Cardiac Science's has acted with an improper purpose or by improper means. Moreover, the undisputed facts prove the opposite conclusion,

9

i.e. Cardiac Science is a legitimate purchaser of the June 1, 1994 license rights from a third party, CPR, LP. Cardiac Science is now the Licensee as defined in the June 1, 1994 License Agreement and has met its obligations as required therein. Therefore, Cardiac Science, as the Licensee to the License Agreement is not interfering with that agreement and is entitled to judgment as a matter of law as to the tortuous interference with contract claim.

## COUNTERCLAIMS

### V. DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT

For the reasons set forth above, Cardiac Science is entitled to a declaratory judgment that it has not breached the June 1, 1994 License Agreement.

### VI. DECLARATORY JUDGMENT OF NO INFRINGEMENT OF PLAINTIFF'S ASSERTED COPYRIGHTS.

For the reasons set forth above, Cardiac Science is entitled to a declaratory judgment that it has not infringed Plaintiff's asserted Copyrights

### VII. DECLARATORY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT NO. RE34,800

For the reasons set forth above, Cardiac Science is entitled to a declaratory judgment that it has not infringed the '888 patent.

### VII. DECLARATORY JUDGMENT OF LICENSE RIGHTS

For the reasons set forth above, Cardiac Science is entitled to a declaratory judgment that it is the licensee as defined in the June 1, 1994 License Agreement and that License is in full force and effect.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit that they are entitled to Summary Judgment on all claims at issue, as a matter of law, because the undisputed facts show that Cardiac Science is the Licensee pursuant to the June 1, 1994 License Agreement and that the License Agreement is in full force and effect. As the Licensee of the asserted properties, Cardiac Science cannot infringe the asserted properties. Accordingly, Cardiac Science respectfully requests that this Court grant its motion for summary judgment in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated: May 13th, 2005

Respectfully submitted,

CARDIAC SCIENCE, INC.

By: _____
Randall T. Skaar (Pro Hac Vice)
Scott G. Ulbrich (Pro Hac Vice)
**PATTERSON, THUENTE, SKAAR & Christensen, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

Paul H. Rothschild
**BACON & WILSON P.C.**
33 State Street
Springfield, MA 01103
Phone: (413) 781-0560
Fax: (413) 739-7740