UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC. ) | |
| and ) | |
| COMPLIENT CORPORATION ) | |
| ) | |
| Defendants ) | |

### PLAINTIFF'S MEMORANDUM AND AFFIDAVIT CONTROVERTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P.56

### INTRODUCTION

Plaintiff Donald C. Hutchins, ("Hutchins") moves this Court to deny Summary Judgment on every claim brought against Plaintiff, and for Summary Judgment on every Declaratory Judgment claim brought against Plaintiff by Defendant, Cardiac Science Inc, ("Cardiac Science") on grounds that:

1. Plaintiff's claims of copyright infringement must succeed because the facts show that Cardiac Science continues to infringe Hutchins' Copyright Registration No. TXu-213-859 and Hutchins' Copyright Registration No. TXu-210-208.

2. Plaintiff's claims of patent infringement must succeed because the facts show that Cardiac Science has no license rights to any of Hutchins' Patents.

3. Plaintiff's claims of patent infringement must succeed because the facts show that Cardiac Science and the Complient Corporation ("Complient") have attempted to confiscate Hutchins' intellectual properties through the

use of the Courts as threatened by Defendants' attorneys prior to the time the Compliant was filed.

4. Plaintiff's claims of tortious interference with contract must succeed because the facts support the claim.

5. Declaratory Judgment that Cardiac Science's license to Plaintiff's asserted copyrights and patents must fail because the facts do not support the claim.

6. Declaratory Judgment that Cardiac Science does not infringe Plaintiff's asserted copyrights must fail because the facts do not support the claim.

7. Declaratory Judgment that Cardiac Science does not infringe any claims of U.S. Patent No. RE34,800 must fail because the facts do not support the claim.

8. Declaratory Judgment that Cardiac Science is not in breach of the June 1, 1994 License Agreement must fail because the facts do not support the claim.

## MATERIAL FACTS

Pursuant to Local Rule 56.1, the following is a concise statement of the material facts of record as to which there are no genuine issues to be tried:

Plaintiff is the named inventor of U.S. Patent No. RE34,800. Plaintiff is also the named inventor of U.S. Patent 5,913,685. Plaintiff is the named author of U.S. Copyright Registration Numbers: TXu-210-208, *Script & word list, CPR PROMPT* and TXu-213-859 Cross assembler program. ("The Copyrights"). Plaintiff asserts that Cardiac Science infringes Hutchins' Copyrights and Patent No. RE34,800 through the continued manufacture and sale of products covered by this copyright. Plaintiff asserts that Cardiac Science infringes Hutchins Patent No. 5,913,685 by claiming this Patent as listed in Schedule 5.1(p) of the of the Asset Sale Agreement and attached the Affidavit of Donald C. Hutchins as Exhibit 1.

While Hutchins has voluntarily produced over 100 documents to Cardiac Science and answered all requests for documents and things, Cardiac Science had not produced any discovery or shipped any documents to Hutchins as required under Federal Rules of Civil Procedure, Rule 26. As a consequence the 6 Exhibits that accompanied Cardiac

Science's Motion for Summary Judgement were never made available to Hutchins. Despite this neglect of duty on the part of Cardiac Science, Hutchins is able to show that these Exhibits are flawed and misrepresent the facts. An affidavit from Donald C. Hutchins herein attached as Exhibit 1 exposes these deficiencies. Hutchins' Affidavit shows that the 6 Exhibits attached to Cardiac Science's Motion for Summary Judgment misrepresent the facts and can not be relied upon by Cardiac Science as material facts as required by Local Rule 56.1.

Discovery supplied to Cardiac Science prove that Cardiac Science can not be considered a licensee of Hutchins' intellectual properties and therefore Cardiac Science is infringing these properties through the manufacture and sale of products that bear Hutchins' patent numbers. Hutchins also complied with full disclosures to Cardiac Science's first set of interrogatories, requests for documents and request for admission. Nowhere in these replies did Hutchins ever admit or document that Cardiac Science is a licensee of Hutchins' patents or copyrights. It is clear that Cardiac Science did not include this mountain of evidence with its Motion for Summary Judgment.

## LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Local Rule 56.1 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried.

## ARGUMENT

I. **HUTCHINS NEVER LICENSED HIS PATENTS AND COPYRIGHTS TO THE LIMITED PARTNERSHIP CALLED CPR LLP AND THEREFORE CPR LLP HAD NO LEGAL AUTHORITY TO SELL SUCH A LICENSE IN AN ASSET SALE TO CARDIAC SCIENCE**

The Affidavit of Donald C. Hutchins attached herein as Exhibit 1 clearly states that the Complient Corporation has filed Ohio Case No. 540066 in which it says that an actual and justifiable controversy exists between Complient and the Defendants (Hutchins) with respect to the construction and effect of Section 3:10 of the License Agreement." If the seller, Complient, finds that this is an issue to be tried in Ohio, certainly the buyer, Cardiac Science must recognize this issue as a genuine issue to be tried in this Court.

CPR LLP is shown to be a party to the Asset Purchase Agreement attached to Defendant's Motion for Summary Judgment as Exhibit 3. Hutchins' Affidavit shows the Asset Purchase Agreement to be incomplete as filed. Hutchins' Affidavit also testifies to the fact that Exhibit 2, the Agreement of Limited Partnership that Cardiac Science relies upon to prove the legal existence of CPR LLP misrepresents CPR LLP's relationship to Hutchins' intellectual properties. The misrepresentation of CPR LLP by Complient in negotiating the Asset Purchase Agreement is triable.

Hutchins swears in his affidavit that Cardiac Science has filed litigation in federal court seeking indemnification from Complient as the result of the asset purchase. This indemnification litigation is further evidence that there are material facts of record that are contendable and that there exists genuine issues to be tried.

## II. CARDIAC SCIENCE HAS NO LICENSE TO HUTCHINS' COPYRIGHTS

Records of the U.S. Copyright Office attached herein as Exhibit 2 clearly indicate that Donald C. Hutchins is the creator and claimant of Registration No. TXu-210-208 and Registration No. TXu-213-859. These are the copyrights that Hutchins asserts are being infringed. These copyrights were never licensed to County Line Limited or its successor Complient Corporation. County Line did register copyrights and file for patents on CPR manikins, advertising copy and videos that they created. Should Cardiac Science lay claim to Hutchins' Copyrights Registration No. TXu-210-208 and Registration No. TXu-213-859 they must admit that these material facts are genuine issues to be tried.

## III. IN THE ATTACHED AFFIDAVIT HUTCHINS TESTIFIES TO AND PROVIDES MATERIAL FACTS THAT ASSERT THAT CARDIAC SCIENCE HAS NO LICENSE TO THE '800 PATENT AND IS INFRINGING THAT PATENT.

## IV. IN THE ATTACHED AFFIDAVIT HUTCHINS TESTIFIES TO AND PROVIDES MATERIAL FACTS THAT ASSERT CARDIAC SCIENCE IN PARTNERSHIP WITH COMPLIENT HAS USED AND CONTINUE TO USE THE LEGAL PROCESS FOR AN ULTERIOR PURPOSE OF FORCING HUTCHINS TO ABANDON HIS EFFORTS TO REASSERT RIGHTS TO HIS INTELLECTUAL PROPERTIES.

## V. IN THE ATTACHED AFFIDAVIT HUTCHINS TESTIFIES TO AND PROVIDES MATERIAL FACTS THAT ASSERT THAT WHILE CARDIAC SCIENCE PURCHASE MAY HAVE APPEARED

## LEGITIMATE, THAT THE SELLER, COMPLIENT MISREPRESENTED ITSELF AND CPR LLC.

Hutchins has maintained a contractual relationship with County Line Limited and its successors since 1994. This contract provided for an exit payment to Hutchins of 7-1/2% of the proceeds of a sale of County Line from each of County Line's investors or stockholders. This was explained in great detail in a letter dated June 5, 2004 from Hutchins to Cardiac Science's representative Attorney Randall Skaar attached herein as Exhibit 3. This letter included a simple request to have Attorney Skaar contact Hutchins' Attorney Martinelli to resolve differences and allow Cardiac Science to forward the exit payments to Hutchins from each Complient stockholder. Hutchins' Affidavit testifies to material facts that prove Hutchins' claims of tortuous interference with contract. That interference has damaged and continues to damage Hutchins.

## CONCLUSION

For the reasons set forth above and as testified to by Donald C. Hutchins in his Affidavit attached, Plaintiff respectfully submits that the Defendant, Cardiac Science Inc. is not entitled to Summary Judgment on any claims at issue, as a matter of law because there are genuine issues to be tried.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: June 24, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 6/24/05

Donald C. Hutchins

5

# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>and )<br>COMPLIENT CORPORATION )<br>)<br>Defendants )<br>) | **AFFIDAVIT OF**<br>**DONALD C. HUTCHINS** |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1. I am over 18 years of age and have personal knowledge of the matters attested to herein.

2. I oppose the Motion for Summary Judgment ("Motion") filed by Cardiac Science, Inc. and I am able to set forth specific facts showing that there are genuine issues for trial.

3. I am able to prove that the Exhibits attached to Cardiac Science's Motion are without merit and are not material facts necessary for Cardiac Science to sustain the Motion.

4. Pursuant to Rule 26, I voluntarily supplied over 100 discovery documents to Cardiac Science. I also complied in full to Cardiac Science's First Set of Interrogatories, First Set of requests for Production of Documents and Requests for Admissions as served on me October 11th, 2004.

5. Cardiac Science did not comply to Rule 26. I have never received any voluntary discovery nor have they answered the First Set of Interrogatories, First Set of requests for Production of Documents and Requests for Admissions that I served on them.

6. As a consequence of Cardiac Science's failure to provide discovery, I have not had access to the six Exhibits attached to the Motion for Summary Judgment. Cardiac Science also did not disclose the name of Roderick De Greef, Cardiac Science's Vice President who testified by means of the affidavit that accompanied Cardiac Science's Motion.

7. I was deposed on January 27, 2005 by Attorney Skarr and Attorney Cusick who represented Cardiac Science. I was promised a copy of this deposition by Attorney Cusick, however she never forwarded a copy of the deposition to me.

8. I understand that a copy of the deposition was made available to legal counsel for the Complient Corporation who have asked me for permission to use it in Ohio Case No. 540066, Complient Corporation v. Donald C. Hutchins.

9. In the Ohio Case No. 540066, Complient Corporation v. Donald C. Hutchins Complient states in paragraph 58 of the Complaint, "An actual and justifiable controversy exits between Complient and the Defendants with respect to the construction and effect of Section 3:10 of the License Agreement and Section 1.2(i.) of the APA". Judge Eileen Gallagher has put off trial in Ohio Case No. 540066 until December of 2005 pending the results of this action because she believes that this federal action brings together all the parties and promises a more equitable result.

10. Exhibit 1 is flawed as a document for Cardiac Science to rely on as a material fact because the License Agreement was written in 1994 and is difficult to interpret as a stand-alone document. For example, the only available witness is Donald C. Hutchins, there is no reference to the Complient Corporation or CPR Limited Partnership or the disputed patents and copyrights or the consequences of the dissolution of County Line Limited and its successors.

11. The obligations of the licensee to Hutchins under the agreement have not been met in over two years and neither Cardiac Science nor Complient have sent Hutchins quarterly reports, paid foreign patent obligations, made royalty payments or communicated except through this civil action.

12. Exhibit 2, *Agreement of Limited Partnership* is flawed as a document for Cardiac Science to rely on as a material fact because Hutchins was not a party to the agreement. I never signed the agreement even though there is a place for my signature on the execution page.

13. Exhibit 3 is flawed as a document for Cardiac Science to rely on as a material fact because this is not a true and complete copy of the Asset Purchase Agreement. The copy that accompanied the Motion for Summary Judgment lacks essential items such as Schedule 5.1(p) that I have attached as my Exhibit A. Schedule 5.1(p) cites the 1994 License Agreement, Hutchins U.S. patent No. 5,913,685 and other Intellectual property related to the APA.

14. Exhibit 3 is flawed as a document for Cardiac Science to rely on as a material fact because there is not legal verification through the Ohio Secretary of States Office, tax filings or business practices that CPR Limited Partnership was or is anything

3

more than a shill created by Steven Lindseth to confiscate Hutchins' intellectual properties. There is also no legal record to indicate that Robert J. Thompson who signed the APA as general partner was ever an officer in CPR Limited Partnership. Also, Cardiac Science has not made Mr. Thompson's name and address available to me to depose as a witness to these events.

15. The Deposition presented by Cardiac Science as Exhibit 4, is fraudulent and misrepresents my testimony because it contains only 11 of the over 200 pages of my testimony taken in a 5 hour session. A full deposition report would show that I disputed all of Cardiac Science's claims to be my licensee. I have also disputed all such claims in my replies to the Cardiac Science's Interrogatories and Admissions that did not accompany this Motion for Summary Judgement.

16. Exhibit 5 and Exhibit 6 are interrelated and are also flawed as documents for Cardiac Science to rely on as a material fact because what is purported through affidavit by Roderick De Greef as a royalty payment from Cardiac Science to Hutchins is actually an obligation under the APA, page 7, paragraph 2.1 ( c ) <u>Accrued Expenses</u> for Cardiac Sciences to pay Complient Corporation's accrued expenses accumulated prior to the sale. This is a typical business practice when the selling company is being dissolved. The check in the amount of $1990.00 was a royalty payment due Hutchins from sales by Complient in the 3rd quarter of 2003 prior to the APA.

17. With relation the Cardiac Science's Exhibits 5 and 6 attached to the Motion for Summary Judgment, it is significant to note that Cardiac Science has never acted in the capacity of a licensee of Hutchins' intellectual properties as it purports to

4

be. First it has never contacted or communicated this relationship to me. Second, it has not issued any quarterly reports or made any quarterly royalty payments with the exception of the accrued expenses it paid on Complient's behalf. Third, it has never paid a minimum royalty payment as required of licensee under Paragraph 3.4 of the License Agreement. Fourth, it has never allowed access to the CPR Prompt® accounting as specified under paragraph 3.7 of the License Agreement. Fifth, Licensee has not paid foreign patent license fees as required under paragraph 4,4 of the License Agreement. Sixth, it has never contacted any federal agency such as the FDA with Patent Office regard to any transfer from Complient to Cardiac Science.

18. I look upon Cardiac Science's claims to my intellectual properties just as common law has always looked to the purchaser of stolen property. Because a pawnshop purchases property it has no right to that property if that property was stolen or misappropriated. The Exhibits attached to the Defendant's Motion for Summary Judgment do not show that Cardiac Science is the legal licensee of Hutchins intellectual properties and therefore the Exhibits are not material facts demanded under local Rule 56.1 for Cardiac Science to sustain the Motion for Summary Judgment.

19. Prior to filing this Action I asked Attorney Skaar to work with my Attorney Gary Martinelli to resolve these issues. My offer was met with a letter from the law office of Stradling Yocca Carlson and Rauth to Attorney Martinelli. This letter attached to this Affidavit as Exhibit B, states in part, "Cardiac Science is already

5

reviewing the publication of this current threat for possible action against Mr. Hutchins."

20. Unwilling to have my intellectual properties confiscated by this partnership of Complient and Cardiac Science, I filed my Complaint with this Court. In retaliation The Complient Corporation filed a personal damage Case No. 540066 against me in Ohio. Cardiac Science in turn filed an indemnification action against Complient that locked up the Cardiac Science stock from transfer to the investors of Complient pending the outcome of this action. I look upon <u>Cardiac Science v. Complient</u> as evidence that there continue to be genuine issues to be tried in this Action which call for denial of the motion under Local Rule 56.1

21. Both Cardiac Science and Complient have partnered to use the judicial process for the illegitimate purpose of confiscating my intellectual properties and have caused me great financial and personal damage. In an Affidavit signed by Steven Lindseth attached herein as Exhibit C, Mr. Lindseth states, "In my capacity as President of Complient, I oversee the winding up and liquidation of Complient." The Secretary of Delaware confirms this dissolution of Complient as of October 21, 2003.

22. Defendant Cardiac Science's Exhibit 3, the APA, shows October 21, 2003 as the date of the closing of the asset purchase by Cardiac Science. Page7, paragraph 2.1 (a) of Exhibit 3 also indicates that Cardiac Science is responsible for liabilities involving the CPR Prompt contract after the October 21, 2003 effective date.

23. Neither Complient nor Cardiac Science notified me of the Asset purchase either before, during or after the October 21, 2003 closing. Four months after that date,

6

I learned that Complient was no longer in business and I was forced to forswear the 1994 License Agreement with County Line and retrieve my intellectual properties.

24. It is evident that Complient misrepresented to Cardiac Science the License Agreement with Hutchins that was signed in 1994 when the Asset Purchase Agreement closed on October 21, 2003. Complient did not reveal that CPR LLP was a bogus entity that had never maintained a business office, paid royalties, paid taxes or had any license relationship with me. The Asset Purchase Agreement does signify that Complient would dissolve after the sale.

25. With the dissolution of Complient, Cardiac Science must accept the responsibilities it assumed according to Page7, paragraph 2.1 (a) of Exhibit 3, the Asset Purchase Agreement. Part of that responsibility is to recognize that the Exhibits it has offered as part of the Motion for Summary Judgment are invalid for use as material facts as described in Local Rule 56.1

FURTHER AFFIANT SAYETH NAUGHT,

_____
DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 24th day of June 2005.

On this 24th day of June, 2004 before me, the undersigned notary public, personally appeared Donald C Hutchins proved to me through satisfactory evidence of identification which were _____MOL_____, to be the person whose name is signed on the preceding or attached document in my presence.

_____
NOTARY PUBLIC

7

# EXHIBIT A

IP Summary for Complient Corporation



    Schedule 5.1(p) also includes a listing of the Hutchins license agreement dated June 1, 1994, and notes that Mr. Hutchins retains the right to use the mark "CPR Prompt" with reference to the name of his business only. The underlying patent to the Hutchins license, US 4,583,524 is in force until November, 2004, as are most of the related foreign patents. Apparently the Japanese patent application listed in the schedule at the end of the license agreement was never issued. Hutchins has a subsequently issued U.S. patent (No. 5,913,685) related to the technology of the license agreement, which, according to section 4.6 of the license, can be included in the license. Complient is of the opinion that this patent is already included in the license.

Schedule 5.1(p)

Intellectual Property

Agreements related to Intellectual Property:

License Agreement dated June 1, 1994 between CPR Limited Partnership (as assignee of County Line Limited Partnership) (licensee), CPR-Prompt Corporation (licensor) and Donald C. Hutchins (licensor).

Physician Support Alliance Agreement dated December 17, 2001 with Global Medical Systems; Addendum to Physician Support Alliance Agreement dated October 31, 2002.

Many of Seller's copyrighted and patented materials are used under license by most customers (e.g., customers who lease or purchase Seller's products and/or services).

CPR-Prompt Corporation, a licensor under the License Agreement cited above dated June 1, 1994, uses "CPR-Prompt" in its corporate name, although Seller owns the federal trademark registration with respect to the name "CPR Prompt".

Seller uses off-the-shelf software in connection with the Business which is readily available in the retail market or otherwise.

Patents

| Patent No. | Owner |
|---|---|
| 5,885,084 | Complient Corporation |
| D411,620 | Complient Corporation |
| D466,215 | Complient Corporation |
| D417,702 | Complient Corporation |
| D414,266 | Complient Corporation |
| D415,200 | Complient Corporation |

Patent Applications



| Country | Application Number | Owner |
|---|---|---|
| Canada pending) | | Complient Corporation (some Assignments |
| U.S. pending) | | Complient Corporation (some Assignments |
| Europe pending) | | Complient Corporation (some Assignments |
| U.S. pending) | | Complient Corporation (some Assignments |
| U.S. pending) | | Complient Corporation (some Assignments |

## SCHEDULE A

### Patents

| Patent No. | Owner |
|---|---|
| 5,885,084 | Complient Corp. |
| D411,620 | Complient Corp. |
| D466,215 | Complient Corp. |
| D417,702 | Complient Corp. |
| D414,266 | Complient Corp. |
| D415,200 | Complient Corp. |

### Patent Applications

| Country | Application Number | Owner |
|---|---|---|
| Canada | ■ | Complient Corp. (some Assignments pending) |
| U.S. | ■ | Complient Corp. (some Assignments pending) |
| Europe | ■ | Complient Corp. (some Assignments pending) |
| U.S. | ■ | Complient Corp. (some Assignments pending) |
| U.S. | ■ | Complient Corp. (some Assignments pending) |

### Trademarks/Service Marks

| Mark | Country | Number | Owner |
|---|---|---|---|
| COMPLIENT | Canada | 580,425 | Complient Corp. (some Conversion Recordations pending) |
| COMPLIENT | U.S. | 2,652,330 | Complient Corp. (some Conversion Recordations pending) |
| CPR PROMPT | Canada | 512,823 | Complient Corp. (some Conversion Recordations pending) |
| CPR PROMPT | U.S. | 1,398,334 | Complient Corp. (some Conversion Recordations pending) |
| CPR PROMPT | U.S. | 2,074,376 | Complient Corp. (some Conversion Recordations pending) |
| CPR PROMPT | U.S. | 2,397,492 | Complient Corp. (some Conversion Recordations pending) |
| ELECTROLAST | U.S. | 2,614,582 | Complient Corp. (some Conversion Recordations pending) |
| QUICKSTART AED PROGRAM | | ■ | |
| MASTERTRACK | | ■ | |
| QUICKSTART | | ■ | |
| DURACOAT | | ■ | |
| COMPLIENT.COM | | ■ | |

<u>IP Assignment</u>

## INTELLECTUAL PROPERTY ASSIGNMENT

  WHEREAS, Complient Corporation, a Delaware Corporation, the ASSIGNOR herein, having an ownership interest in the intellectual property described on attached Schedule A; and WHEREAS, Cardiac Science, Inc., a Delaware Corporation, the ASSIGNEE herein, desires to acquire the entire right, title and interest in and to said intellectual property;

  NOW, THEREFORE, for consideration disclosed in the Asset Purchase Agreement entered into between ASSIGNOR and ASSIGNEE on the date of _____ , said ASSIGNOR, has sold and does hereby sell, assign, transfer and set over unto said ASSIGNEE, its successors and assigns, the entire right, title and interest in and to said intellectual property listed on Schedule A attached hereto, including any divisional and continuing applications and continuations-in-part related to the patents or patent applications listed in Schedule A, as well as the goodwill and portion of the business associated with the marks listed on Schedule A which is assigned to ASSIGNOR pursuant to the Asset Purchase Agreement indicated above.

  And for the above-named consideration, ASSIGNOR does hereby agree to, at the request of said ASSIGNEE, execute any and all papers and documents and do all other and further lawful acts that said ASSIGNEE may deem necessary or desirable to perfect and vest in the ASSIGNEE the entire right, title and interest in the intellectual property being assigned.

DATED at _____ , this ____ day of _____ , 20 ____

_____
Name
Title
For Complient Corporation

STATE OF OHIO )
      ) ss.
COUNTY OF )

On this _____ day of _____ , before me personally appeared _____ to me known or proved on the basis of satisfactory evidence to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same.

(SEAL)  Notary Public