UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

                Plaintiff,

v.

CARDIAC SCIENCE, INC.,

                Defendant.

Civil Action No. 04-30126-MAP

## DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

### INTRODUCTION

Defendant Cardiac Science respectfully requests that this Court deny Plaintiff's Motion for Relief from Judgment. Plaintiff filed the motion pursuant to FED. R. CIV. P. 60(b)(1) and (2). Plaintiff's arguments in support of the motion are unsupported and without merit and as such the motion should be denied.

### PLAINTIFF'S PRO SE STATUS DOES NOT EXCUSE HIM FROM THE RULES OF CIVIL PROCEDURE.

Plaintiff argues that pursuant to FED. R. CIV. P. 60(b)(1) he should be relieved from judgment because he was surprised by Cardiac Science's Motion for Summary Judgment and thought he had a longer period to reply to the motion. The right of self-representation is not a "license not to comply with relevant rules of procedural and substantive law." Andrews v. Bechtel Power Corp., 780 F.2d 124, 139 (1st Cir. 1985) quoting Faretta v. California, 422, U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975). Plaintiff claims he was 'surprised" by Cardiac Science's Summary

Judgment Motion, however, FED. R. CIV. P. 56(b) provides that a defendant may move

for Summary Judgment at any time. Further, Cardiac Science sent the Court and Plaintiff

a letter on June 13, 2005 stating that the response deadline had passed and Plaintiff had

yet to file a response. (Ex. 1). Still, Plaintiff filed nothing, nor did he seek any relief

until after the Court entered its order granting Cardiac Science's Motion for Summary

Judgment.

Local Rule 7.1(b)(2) requires an opposition to a motion be filed within 14 days

after service of the motion. Plaintiff filed his opposition to Cardiac Science's Motion for

Summary Judgment on June 24, 2005, one day after this Court entered its order granting

Summary Judgment in favor of Cardiac Science and 39 days after service of the motion.

The local rules are clear that there is a 14 day period to file an opposition to a motion.

Plaintiff's only support for the contention that he had a longer period to reply to Cardiac

Science's Summary Judgment Motion is the Pretrial Order in the Hutchins v. Zoll case

giving a 30 day response period, attached to Plaintiff's Motion as Exhibit A. The Pretrial

Order in the Zoll case is completely irrelevant to the present case. Even if the response

period was 30 days, Plaintiff filed nothing until 39 days after service of the motion.

Rule 60(b) provides for extraordinary relief, a motion made thereunder may be

granted only under exceptional circumstances. Lepore v. Vidockler, 792 F.2d 272, 274

(1st Cir. 1986). Plaintiff's contentions that he was "surprised" by the motion and thought

he had longer to reply are without merit and are not "exceptional circumstances,"

especially in light of Cardiac Science's June 13th letter, Plaintiff's motion under FED. R.

CIV. P. 60(b)(1) should be denied.

2

## PLAINTIFF OFFERS NO NEWLY DISCOVERED EVIDENCE AS REQUIRED UNDER FED.R. CIV. P. 60 (b)(2)

Plaintiff argues he should be relieved from judgment pursuant to FED. R. CIV. P. 60(b)(2). A motion for relief from judgment pursuant to Rule 60(b)(2) requires the submission of newly discovered evidence which by due diligence could not have been discovered by the moving party in time for a new trial. FED. R. CIV. P. 60(b)(2). Here, plaintiff has submitted no evidence in support of his motion for relief from judgment. Instead, plaintiff makes wholly unsupported arguments that Cardiac Science did not produce the exhibits attached to its Summary Judgment Motion. Further, plaintiff makes baseless accusations that Cardiac Science's exhibits are "bogus and edited by Defendant to deceive the Court."

Although Plaintiff's arguments are irrelevant to a motion pursuant to FED. R. CIV. P. 60(b)(2), Cardiac Science wishes to address the accusations Plaintiff has made. Cardiac Science included six exhibits to its Summary Judgment Motion: the June 1st License Agreement (S.J. Ex. 1); the Partnership Agreement (S.J. Ex. 2); the Asset Purchase Agreement (S.J. Ex. 3); Donald Hutchins' Deposition Transcript (S.J. Ex. 4); the Royalty Report and Royalty Checks (S.J. Ex. 5); and the DeGreef Affidavit (S.J. Ex. 6). Plaintiff was served true and correct copies of Exhibits 1 and 2 in Cardiac Science's Motion to Dismiss. Plaintiff was given true and correct copies of Exhibits 1-4 at his Deposition on January 27, 2005. Cardiac Science sent Exhibit 5 to Plaintiff and Plaintiff's cashing of the checks evidences his receipt of the document. Cardiac Science is under no obligation to produce Plaintiff's own deposition transcript to him. Finally, Cardiac Science was under no duty to produce the DeGreef Affidavit prior to serving the Summary Judgment Motion on Plaintiff.

3

The documents Cardiac Science submitted as exhibits to its Motion for Summary

Judgment are true and correct copies of the originals. (See Ulbrich Affidavit at Ex.2).

Plaintiff's accusations of fraud on the Court by Cardiac Science are baseless.

Because Plaintiff has submitted no newly discovered evidence as required under

FED. R. CIV. P. 60(b)(2) his motion for relief from judgment should be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit that Plaintiff's

Motion for Relief from Judgment should be denied. Plaintiff has submitted no evidence

in support of his motion and his arguments are without merit. Accordingly, Cardiac

Science respectfully requests that this Court deny Plaintiff's Motion for Relief from

Judgment.


Respectfully submitted,

**CARDIAC SCIENCE, INC.**

Dated: 7/12, 2005

By: _____

Randall T. Skaar  (Pro Hac Vice)
Scott G. Ulbrich (Pro Hac Vice)
**PATTERSON, THUENTE, SKAAR
& Christensen, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

Paul H. Rothschild
**BACON & WILSON P.C.**
33 State Street
Springfield, MA 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

4

# PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.
*Patent, Trademark, Copyright, Internet & Related Causes*

RANDALL T. SKAAR
(612) 349-5749
skaar@ptslaw.com

June 13, 2005

The Honorable Michael A. Ponsor
Federal Building & Courthouse
1550 Main Street
Springfield, MN 01103

RE:    Donald C. Hutchins v. Cardiac Science Inc.
       Civil Action No. 04-30126-MAP
       Our File No. 1798.161-LIT-01

Dear Judge Ponsor:

Cardiac Science filed its Motion for Summary Judgment on May 13, 2005. Plaintiff Donald Hutchins has not filed an answering brief. Because Mr. Hutchins has not filed an answering brief, Cardiac Science will not be filing a Reply and thus, we respectfully request the Court take up the Motion.

As the Court is aware, Mr. Hutchins is *pro se*. As such, perhaps it may be best to hold an oral argument in order to give Mr. Hutchins an opportunity to appear and argue his case in opposition to Summary Judgment before the court rules.

Very truly yours,

PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.

Randall T. Skaar

RTS/mjs
cc:    Mr. Donald Hutchins

189027



EXHIBIT
I

4800 IDS CENTER • 80 SOUTH 8TH STREET • MINNEAPOLIS, MINNESOTA  55402-2100
800-331-4537    612-349-5740    FAX: 612-349-9266    www.ptslaw.com

MINNEAPOLIS, MINNESOTA    •    ATLANTA, GEORGIA

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

---

DONALD C. HUTCHINS,

        Plaintiff,

v.

CARDIAC SCIENCE, INC.,

        Defendant.

Civil Action No. 04-30126-MAP

---

### AFFIDAVIT OF SCOTT G. ULBRICH

Scott G. Ulbrich, being first sworn upon oath, states and alleges as follows:

1.     I am an attorney in the firm of Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2100, counsel for Defendant in the above-captioned litigation. This Declaration is submitted in support of Cardiac Science's Opposition to Plaintiff's Motion for Relief from Judgment and I have personal knowledge of the facts stated herein.

2.     Exhibit 1 to Cardiac Science's Motion for Summary Judgment is a true and correct copy of the June 1, 1994 License Agreement.

3.     Exhibit 2 to Cardiac Science's Motion for Summary Judgment is a true and correct copy of the September 19, 1994 Partnership Agreement.

4.     Exhibit 3 to Cardiac Science's Motion for Summary Judgment is a true and correct copy of the Asset Purchase Agreement.

5.     Exhibit 4 to Cardiac Science's Motion for Summary Judgment is a true and correct copy of selected portions of the transcript from Mr. Hutchins deposition taken on January 27, 2005.

**EXHIBIT**

**2**

6.    Exhibit 5 to Cardiac Science's Motion for Summary Judgment is a true and correct copy of the Royalty Reports documenting the royalties due Mr. Hutchins pursuant to the June 1, 1994 License Agreement and the Asset Purchase Agreement.

6.    Exhibit 6 to Cardiac Science's Motion for Summary Judgment is a true and correct copy of the Roderick DeGreef's Affidavit.


FURTHER YOUR AFFIANT SAYETH NOT.

_____

Scott G. Ulbrich

Subscribed and sworn before me
This 12th day of July, 2005.

_____
Notary Public



ROBIN RAE GUSE
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

2