UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD C. HUTCHINS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action: 04-30126-MAP |
| CARDIAC SCIENCE, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST PLAINTIFF ON COMPLIENT CORPORATION'S COUNTERCLAIM**

**I.   PROCEDURAL BACKGROUND**

Plaintiff, Donald C. Hutchins, ("Hutchins") was granted leave of Court on December 22, 2004, to file an Amended Complaint to join Complient Corporation ("Complient") as a Defendant to this action. Hutchins filed his Amended Complaint on December 22, 2004, but failed to serve Complient for months; instead, he repeatedly made improper service attempts upon Complient's counsel and requested instruction from the Court and others on how to serve Complient.[1]

Hutchins finally issued a Request for Waiver of Service of Summons upon an officer of Complient, and Complient then filed its Answer and Counterclaim on May 16, 2005. See Answer and Counterclaim, a copy of which is attached hereto and incorporated herein as Exhibit

---

[1] Indeed, Hutchins even inquired of Judge Eileen Gallagher from the State of Ohio, Cuyahoga County Common Pleas, during a pretrial in a separate case (Complient v. Hutchins, State of Ohio, Cuyahoga County Court of Common Pleas Case No. 540066) as to how he should serve Complient in this case.

{RLH2786.DOC;1}                                          3

A. Complient's Counterclaim asserts claims for tortious interference and abuse of process. Hutchins' Reply to the Counterclaim was due, pursuant to Federal Rule of Civil Procedure 12, to be filed on or before June 8, 2005. To date, Hutchins has not filed a Reply or responsive pleading to Complient's Counterclaim. Hutchins is, thus, in default.

Rule 55(a)(2) of the Federal Rules of Civil Procedure states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). Rule 55(b)(2) states, in pertinent part, that in cases where the plaintiff does not apply to the clerk for an entry of default, "the party entitled to judgment by default shall apply to the court therefor."

Hutchins' Reply or responsive pleading was due 20 days after he was served with the Counterclaim. The Counterclaim was served on Hutchins on May 16, 2005. As a result, his Reply should have been served on or before June 8, 2005. As of July, 2005, no Reply or responsive pleading has been served. Complient is therefore entitled to a default judgment against Hutchins.

## II.   FACTUAL BASIS FOR AN AWARD OF DAMAGES IN THE AMOUNT OF $252,542 AGAINST HUTCHINS.

### A.   The License Agreement.

This case is one in a series where Hutchins has relentlessly tried to extort a percentage of the assets and/or proceeds of Complient to which he is not entitled by contract, in fact or otherwise. In 1994, Hutchins and his company, CPR Prompt, Inc., entered into a License Agreement with County Line Limited Partnership ("CPR L.P."). The License Agreement was then assigned, per its terms, to an Affiliate of County Line L.P. named CPR L.P. Complient is the 99% general partner of CPR L.P.

At virtually all times since the License Agreement was formed, Hutchins has disputed its construction and effect, which disputes culminated in a series of litigation beginning in 2001. Certain of Hutchins' lawsuits related to his steadfast refusal to acknowledge the terms of the agreement he signed (with full advice of counsel) were filed in this Court. See e.g. Hutchins v. Lindseth, District of Massachusetts Case No. 01-30120-KPN.

### B. Courts Repeatedly Deny Hutchins' Claims to 7.5% of Complient.

In the present case, Hutchins claims that he is entitled to 7.5% of the proceeds of the sale of the assets of Complient to Cardiac Science. However, in a 2001 proceeding in the State of Ohio, Cuyahoga County Court of Common Pleas captioned Complient v. CPR Prompt, Case No. 424394, a declaratory judgment was entered against Hutchins to the effect that Section 3.10 of the License Agreement does not entitle him to any portion of the proceeds of any sale of Complient to any third party under any circumstances. See Judgment Entry dated May 30, 2001, a copy of which is attached hereto and incorporated herein as Exhibit B. Hutchins attempted unsuccessfully to effectuate an end-run around the Ohio judgment by suing certain shareholders of Complient for unfounded RICO claims in this Court. See Hutchins v. Lindseth, Case No. 01-30120-KPN. While his lawsuit was unsuccessful as it was dismissed for lack of personal jurisdiction, Hutchins did succeed in causing Complient and its shareholders to expend unnecessary litigation costs in both the Ohio action and his RICO claims lodged against Complient's shareholders. See Affidavit of Steven Lindseth ("Lindseth Affidavit"), attached hereto and incorporated herein as Exhibit C, ¶¶4-5.

### C. Hutchins Sues Cardiac Science and Causes Financial Damage to Complient.

In October of 2003, Complient sold certain but not all of its assets to Cardiac Science, Inc. pursuant to an Asset Purchase Agreement (the "APA"). Hutchins again filed suit claiming,

among other things, that he was entitled to 7.5% of the proceeds of this sale.[2] Again, this assertion was made with his full knowledge of the terms of the License Agreement and an adjudication contrary to his position by an Ohio court. See Exhibit B.

Hutchins' conduct in filing the subject case resulted in Cardiac Science asserting an indemnification claim against Complient relative to Hutchins' claims. Hutchins was fully informed that, by filing his Complaint against Cardiac Science in this case, he had the potential to prevent or at least delay payments due and owing Complient under the Asset Purchase Agreement relative to the transaction between Complient and Cardiac Science. See Amended Complaint at ¶¶ 20, 58, 62.; Hutchins *Ex Parte* Motion for Temporary Restraining Order at p. 2 ("It is imperative that the Court order Cardiac Science and the 'lock-up' trustee under its control to cease further disbursements of Cardiac Science common stock to Complient shareholders pending resolution of Civil Action 04-30126 MAP".)

Hutchins then moved the Court for leave to Amend his Complaint to join Complient to these proceedings. Leave was granted and Hutchins filed an Amended Complaint asserting baseless fraud-related claims against Complient and, significantly, essentially the same breach of contract claim he has repeatedly and unsuccessfully attempted against Complient for 7.5% of the proceeds upon its sale. See Amended Complaint at ¶¶ 92-94. Accordingly, Complient filed a Counterclaim asserting claims against Hutchins for tortious interference with contract and abuse of process.

### D.   The Monetary Damages Complient Has Suffered.

Complient has incurred substantial and significant damages through Hutchins' tortious interference with the Asset Purchase Agreement and Hutchins' abuse of process by filing this

---

[2] At first, Hutchins asserted claims against only Cardiac Science. He later amended the Complaint to add Complient.

case. See Lindseth Affidavit, ¶¶ 7-14. Specifically, by filing this case against Cardiac Science, Hutchins interfered, without justification, in the APA and prevented and/or delayed the transfer of certain shares of Cardiac Science common stock owed Complient under the APA. Hutchins did so knowingly. Hutchins' conduct in this regard resulted in a loss in the value of the stock of $178,384. See Lindseth Affidavit, ¶ 11. In addition, Complient was forced to expend significant attorney fees in the defense of his baseless claims in this case as well as the pursuit of Complient's affirmative claims against Hutchins in the Ohio litigation, which amount is in excess of $74,158. Id. ¶¶ 12-13.

Complient has also incurred substantial damages as a result of Hutchins' abuse of process. Specifically, Complient suffered damages as a result of Hutchins' unfounded claims in the loss in value of the Cardiac Science stock. See Lindseth Affidavit, ¶ 11. Complient also suffered damages in the form of attorney fees as a result of having to defend Hutchins' unfounded claims. Id. at 12. These damages total $ 38,152. Id. at 13-14.

Pursuant to Complient's claims against Hutchins for tortious interference and abuse of process, because the evidence establishes the elements thereof and because Hutchins has failed to respond to these claims, Complient is entitled to a default judgment on its tortious interference claim against Hutchins in the amount of $252,542 and $216,536 on its abuse of process claim.

## III. CONCLUSION

Based on the foregoing, Complient respectfully requests that the Court enter default judgment in its favor and against Hutchins in the amount of $252,542. A proposed Order is attached.

Respectfully submitted,

*/s/ John J. Egan*
JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA 01102-9035
(413) 737-0260
FAX (413) 737-0121

WILLIAM E. COUGHLIN (Ohio Bar # 0010874)
COLLEEN MORAN O'NEIL (Ohio Bar # 0066576)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114
(216) 622-8200
(216) 241-0816 (facsimile)
Attorneys for Defendant and Counterclaimant
Complient Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS </br></br>Plaintiff </br></br> v. </br></br> CARDIAC SCIENCE, INC. </br></br> Defendant | Civil Action: 04-30126-MAP |

**JUDGMENT ENTRY**

This matter came on for hearing upon the Motion for Default Judgment Against Plaintiff Donald C. Hutchins on Complient Corporation's Counterclaim (the "Motion for Default") pursuant to Federal Rule of Civil Procedure 55(b)(2). Upon consideration of the Motion for Default and the record before the Court, this Court finds that Plaintiff failed to Reply or otherwise respond to Complient's Counterclaim within the time set forth in the Federal Rules of Civil Procedure, that he is thus in default of answering the Counterclaim, and, therefore, Complient is entitled to a default judgment against Plaintiff Hutchins pursuant to Civil Rule 55(b)(2).

WHEREFORE, this Court hereby grants Defendant Complient Corporation's Motion for Default Judgment against Plaintiff Hutchins. It is the order of this Court that Complient is hereby granted a default judgment against Donald C. Hutchins in the amount of $252,542.

IT IS SO ORDERED.

_____<br>JUDGE PONSOR

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion for Default Judgment Against Plaintiff Donald C. Hutchins on Complient Corporation's Counterclaims and Memorandum in Support thereof was served via first-class mail this ___ day of July, 2005 upon:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts  01106

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

And

Randall T. Skaar, Esq.
Scott G. Ulbrich
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Attorneys for Defendant Cardiac Science, Inc.

One of the attorneys for Complient Corporation

{RLH2786.DOC;1}                                              11