UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD C. HUTCHINS | ) | |
| Plaintiff | ) | |
| vi. | ) | Civil Action: **04-30126-MAP** |
| CARDIAC SCIENCE, INC., et al., | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO ADMIT ATTORNEY COLLEEN MORAN O'NEIL <u>PRO HAC VICE</u> FOR <u>FAILURE TO COMPLY WITH RULE 11(a) SIGNING AND FOR FAILURE TO COMPLY WITH LOCAL RULE 7.1(A)(2) CERTIFICATION</u>**

**I.    Federal Rule of Civil Procedure 11(a) provides that every written motion be signed.**

The rule of Signature is governed in this district by Federal Rule of Civil Procedure 11(a). All parties are required to comply with this rule. The signature purported to be that of Attorney John J. Egan that accompanied the Motion to Admit Attorney Colleen O'Neil is a forgery. A "forgery" is defined as falsely altering an instrument which if genuine would be of legal effect upon the rights of others. The forging of this signature places Hutchins at a disadvantage because it could allow Attorney O'Neil a quick and unchallenged entry into the action. See Exhibit A.

**II.    Attorney Egan falsely certifies that he conferred with the plaintiff in order to resolve issues in this motion and that the plaintiff declined to assent.**

At the bottom of the Motion to Admit Attorney Pro Hac Vice, Attorney Eagan swears that he conferred with Hutchins, "in order to resolve or narrow the issues presented by this motion, and plaintiff declined to assent." This Certification is false. Attorney Egan never conferred with Hutchins regarding this motion. Amplifying this

injustice is the fact that the signature that was signed to validate this Certification is not

that of Attorney Egan. See Exhibit A.

**III.  Hutchins has filed [36] MOTION to deny attorneys employed by the law firm of Calfee, Halter and Griswold LLP to Appear Pro Hac Vice.**

    A.    Hutchins filed [36] MOTION to deny attorneys employed by the law firm

of Calfee, Halter and Griswold LLP ("Calfee") to Appear Pro Hac Vice on

November 23, 2004 attached herein as Exhibit B. This Motion, which was

never contested, asserts that at least six attorneys employed by of the law

firm of Calfee may be called or deposed in this action. Hutchins is put at a

disadvantage if these attorneys can claim client privilege. Hutchins'

Motion to deny attorneys employed by the law firm of Calfee, Halter and

Griswold, LLP to appear pro hac vice cites the standard established in

Merles v. Lerner, 291 Mass 211, 461 N.E.2d 772 (1984).

    B.    Hutchins Motion to deny attorneys employed by Calfee to Appear Pro Hac

Vice included the uncontested allegation that Calfee is included on a list of

Complient stockholders that are scheduled to receive Cardiac Science's

stock as part of the Asset Sales Agreement. As a consequence Calfee will

lose a minimum of 7-1/2% of their share value if Hutchins prevails in the

Action. This is certainly a conflict of interest for Attorney O,Neil and

others employed by Calfee. See Exhibit B.

**IV.  Cardiac Science Inc. served a Request for Indemnification on Complient that identified Attorney William E. Coughlin, Mr. Gerald A. Moore and additional employees of Calfee.**

    Attorneys employed by Calfee under contract to the Complient Corporation

represented Complient in the sale of Hutchins' intellectual properties to Cardiac Science.

Calfee negotiated and wrote the Asset Purchase Agreement and filed the sale notification

with the SEC as legal representative of Complient. Recent Discovery reveals that

Cardiac Science served a Request for Indemnification on Complient that identified

Attorney William E. Coughlin, Mr. Gerald A. Moore and additional employees of Calfee.

Exhibit C attached indicates the deep involvement of Calfee personnel in this Action to

the point where any employee of Calfee should be disqualified to represent Complient

before this Court except in the capacity of witnesses for either party.

## V. Conclusion

For the foregoing reasons, This Court should grant Hutchins' Motion to Deny

Complient Corporation's Motion to Admit Attorney Colleen Moran O'Neil Pro Hac

Vice.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: _8/5/05_

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Dated: _8/5/05_

Donald C. Hutchins

# EXHIBIT A

*EX A*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO.: 04-30126-MAP

---

DONALD C. HUTCHINS
PLAINTIFF,
VS.
CARDIAC SCIENCE, ET AL.,
DEFENDANTS

---

## MOTION TO ADMIT ATTORNEY PRO HAC VICE.

Now comes John J. Egan (a member of the bar of this court who has previously filed an appearance on behalf of the defendant, Complient Corporation) who moves the court to admit, pro hac vice, so she may appear and practice in this court in the above captioned matter on behalf of the defendant, Colleen Moran O'Neil (Ohio Bar No. 0066576) of the firm of Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH 44114, (216) 622-8200, (216) 241-0816 (fax), who is a member of the bar of the Supreme Court of Ohio, the highest court of the state of Ohio. Attached hereto is the Affidavit that (1) states she is a member of the bar in good standing in every jurisdiction where she has been admitted to practice; (2) there are no disciplinary proceedings pending against her as a member of the bar in any jurisdiction; and (3) she is familiar with the Local Rules of the United States District Court for the District of Massachusetts.

*INVALID*

John J. Egan, BBO #151680
Egan, Flanagan and Cohen, P.C.
P.O. Box 9035 67 Market Street
Springfield, MA 01102-9035
(413) 737-0260(413) 737-0121 (fax)

### CERTIFICATION UNDER L.R. 7.1(A)(2)

Undersigned counsel certifies that he has complied with the provisions of Local Rule 7.1(A)(2) in that he has conferred with the plaintiff in order to resolve or narrow the issues presented by this motion, and the plaintiff declined to assent.

*INVALID*

John J. Egan, Esq.

_____ certifies that copies of this were served on all parties by mail ~~fax~~ ~~hand~~ on   7 / 29

2005.
10455-010655\JAB5658.DOC

{JAB5658.DOC;1}



Law Offices Of

# Egan, Flanagan and Cohen, P.C.



67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035

Phone: (413) 737-0260 • Telefax: (413) 737-0121
Chicopee Office: (413) 594-2114 *by appointment only*
Web site: www.eganflanagan.com

William C. Flanagan *
John J. Egan
Theodore C. Brown
Edward J. McDonough, Jr.
Maurice M. Cahillane
Robert L. Quinn
Eileen Z. Sorrentino
Joseph A. Pacella *
Joseph M. Pacella
Kevin D. Withers
Paula C. Tredeau °
Richard J. Kos
Joan F. McDonough
Katherine A. Day °
Jennifer Midura D'Amour *

*Senior Counsel*
Mary E. Boland

*Of Counsel*
David G. Cohen *

James F. Egan
(1896-1986)
Edward T. Collins
(1902-1995)
Charles S. Cohen
(1931-2004)

* Also admitted in CT
* Also admitted in DC
° Also admitted in FL
* Also admitted in NY
° Also admitted in TX

October 7, 2004

***Via Hand Delivery***
Office of the Clerk
United States District Court
District of Massachusetts
Western Division
1550 Main Street
Springfield, MA 01115

RE:    Donald C. Hutchins
v.     Cardiac Science, Inc.
       Civil Action No. 04-30126-MAP

Dear Sir/Madam:

Enclosed for filing, please docket Complient Corporation's Memorandum in Opposition to Plaintiff's Motion for Joinder relative to the above referenced matter.

Should you have any questions regarding the enclosed, please do not hesitate to contact this office.

Very truly yours,

~John J. Egan~

VALID

JJE/vrg
Enc.
c:    Mr. Donald C. Hutchins
      Paul H. Rothschild, Esq.
      Randall T. Skaar, Esq.
1829-040102\77830.wpd

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS                )
                                  )
          Plaintiff               )
                                  )
v.                                )        Civil Action: 04-30126-MAP
                                  )
  CARDIAC SCIENCE, INC.           )
                                  )
          Defendant               )
                                  )

**PLAINTIFF'S MOTION TO DENY ATTORNEYS EMPLOYED BY THE LAW FIRM OF CALFEE, HALTER AND GRISWOLD LLP TO APPEAR _PRO HAC VICE_**

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court

to deny attorneys employed by the Law Firm of Calfee, Halter and Griswold LLP to

appear _pro hac vice_.  In support thereof, the Plaintiff submits the attached Memorandum

in Support of the Plaintiff's Motion.


                                    The Plaintiff
                                    Donald C. Hutchins, Pro Se

Dated: November 23, 2004            _____

                                    1047 Longmeadow Street
                                    Longmeadow, Massachusetts 01106
                                    (413) 567-0606

<u>CERTIFICATE OF SERVICE</u>

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending copies by registered mail to:

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402.

Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103.

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01101-9035

Dated: _11-33-04_          _Richard J. Moriarty_
                            Richard J. Moriarty

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br><br>Plaintiff )<br><br>v. )<br><br>CARDIAC SCIENCE, INC. )<br><br>Defendant ) | Civil Action: 04-30126-MAP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DENY ATTORNEYS EMPLOYED BY THE LAW FIRM OF CALFEE, HALTER AND GRISWOLD LLP, TO APPEAR _PRO HAC VICE_**

## I.    SUMMARY OF POSITION

On November 18, 2004 the Court endorsed order granting Plaintiff's Amended Motion for Joinder of Parties.  One party to be joined in the Amended Complaint is the Complient Corporation.  The Complient Corporation included Hutchins' US Patent Number 5,913,685 as part of the asset sale and is attempting to illegally transfer this Patent to Cardiac Science, Inc.  As a result both the Complient Corporation and Cardiac Science, Inc. are guilty of infringing Hutchins' Patent Number 5,913,685.

In 1995 correspondence passed between Hutchins and Attorney Jeanne E. Longmuir, the patent attorney that represents Jon Lindseth, Steven Lindseth, CPR Limited and the Complient Corporation.  This correspondence is attached herein as Exhibit #1.  Included in Exhibit #1 is a letter written by Jon Lindseth, the Chairman of County Line Limited, that outlines his understanding as it applies to paragraphs 3.10 and 4.6 of the June 1, 1994 License Agreement. In this letter Jon Lindseth clarifies three

issues: First, Hutchins is to receive royalties on patents; Second, Hutchins would receive a back end return (*7-1/2%*) on the net proceeds in the event of the sale of the company (*County Line Limited*); Third, Hutchins is instructed to send all disclosures to Jeanne Longmuir for evaluation.

There follows letters in which Hutchins presents the disclosures for Jon Lindseth's appraisal. Finally, the last letter of Exhibit #1 clearly shows that Attorney Jeanne E. Longmuir instructed Hutchins that the Lindseths were not interested in pursuing inventions that Hutchins presented as "Abstracts" that culminated in Patent Number 5,913,685.

Two years after Patent Number 5,913,685 was issued and Hutchins started to sell devices based on this Patent, the Lindseth Group filed Case No. 35 133 00022 01 with the American Arbitration Association. In Count II of this Action, the Lindseths claimed ownership of Hutchins' Patent Number 5,913,685.

During the Arbitration the arbitrators issued Order No. 3 attached herein as Exhibit #2. Paragraph 6 of Order No. 3 ordered Calfee, Halter and Griswold to furnish "The four concept disclosures made by Respondent (*Hutchins*) to Claimant (*the Lindseths*) which were rejected by Jeanne Longmuir's letter of September 7, 1995." As disclosed in a letter attached herein Exhibit #3, Calfee, Halter & Griswold LLP objected to being ordered to produce documents, shielded Attorney Longmuir from the arbitrators and did not comply with the Order from the Arbitration Panel. This pressure from the AAA arbitrators and the inability to substantiate their claims forced Calfee, Halter & Griswold LLP to drop the AAA action and the Lindseths to abandon this attempt to confiscate Hutchins' Patent Number 5,913,685.

Rights to Patent Number 5,913,685 are again being contested between Donald C.

Hutchins, Cardiac Science Inc., and the Complient Corporation (Including its affiliates

and predecessor County Line Limited), as part of Civil Action 04-30126-MAP. The

testimony and discovery ascribed to Attorney Jeanne E. Longmuir and her law firm

Calfee, Halter and Griswold LLP, are critical to the questions of infringement of Patent

Number 5,913,685. The appearance of Calfee, Halter and Griswold LLP as a *pro hac vice*

representative for Complient would also inject a conflict of interest condition into this

Action and could place barriers of "legal-privilege" between the Plaintiff and evidence of

infringement.

II.    **ARGUMENT**

    A. **The Defendants Are Already Competently Represented by Local Counsel.**

Paul T. Rothschild, Esq., the chief litigator with Bacon & Wilson P.C. was

recently recognized as one of the best lawyers in Massachusetts.

John J. Egan, Esq. of Egan, Flanagan and Cohen, P.C. is recognized by the Trial

Lawyers Association as one of the ten most prominent trial lawyers practicing in Western

Massachusetts.

    B. **Hutchins is Entitled to Having Attorney Jeanne Longmuir and Her Associates Barred from *Pro Hac Vice* Representation of the Defendants.**

The standard used to consider for the denial of rights for *pro hac vice* has been

established in Merles v. Lerner, 391 Mass 221, 461 N.E.2d 772 (1984). "The trial court

did not abuse his discretion in denying several defendants' motion to have a New York

lawyer appear on their behalf *pro hac vice*. The trial court had justifiable grounds for

denying the motion, including that the out-of-state lawyer may have been a witness to or

participated in discussions of the nature of the services provided by the plaintiff which were the subject of the lawsuit."

C. **Calfee, Halter and Griswold LLP has a Conflict of Interest.**

Calfee, Halter and Griswold LLP appears on the list of Complient stockholders published by the Security and Exchange Commission herein attached as Exhibit #4. Stockholders on this list are scheduled to receive Cardiac Science stock as part of the Asset Purchase Agreement with Complient. As a consequence Calfee, Halter and Griswold LLP will lose a minimum of 7-1/2 % of their share value if Hutchins prevails in this Action.

It is commonly understood that business entities be represented in litigation by outside counsel that is not affiliated with the business entity. For the stockholder, Calfee, Halter and Griswold, LLP to appear *pro hac vice* is definitely a conflict of interest and prejudicial to the Plaintiff.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion to deny attorneys employed by the law firm of Calfee, Halter and Griswold LLP to appear pro hac vice should be granted.

The Plaintiff
Donald C. Hutchins, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

Dated: November 23, 2004

4

# EXHIBIT #1



June 1, 1995

Mr. Don Hutchins
CPR Prompt
60 Brookdale Rd.
Springfield, MA  01104

Dear Don,

It was good to talk with you on Thursday, June 1.

I want to reinforce the patent issue.  You have every incentive to fully cooperate with us on patent filings.
We pay for all the patent attorney costs and filing fees.  You receive a royalty and a back end return on
net proceeds in the event of a sale of the company.

You should do all you can to strengthen the patent.  You should send Jeanne Longmuir all disclosures on
a prompt and timely basis.  Her address is:

Jeanne Longmuir
Calfee, Halter & Griswold
1400 McDonald Investment Center
Cleveland, OH 44114

She will call you periodically to see if you have any ideas worth pursuing.

Regarding your comment that you heard we "inventory" patents.  This is not true.  We attempt to exploit
all patents we license and have always done so.  We are actively engaged in getting the CPR product
ready for market as explained to you by Steven.

Sincerely,

Jon Lindseth/kem

Jon A. Lindseth
Chairman

cc:  Steven Lindseth
     Jeanne Longmuir

COUNTY LINE LIMITED

4543 TAYLOR LANE   WARRENSVILLE HTS., OH  44128   216-765-1234   FAX 216-765-0278

June 23, 1995

Jeanne Longmuir, Esquire
Calfee, Halter & Griswold
1400 McDonald Investment Center
Cleveland, OH  44114

   Re:  CPR Computer System Patent

Dear Ms. Longmuir:

     I have been working for months and have succeeded in inventing a computer system which is capable of prompting rescuers with visual, audio, and text prompts.  The keys to this invention are in digitizing the graphics and sound; Compressing the magnetic impulses of 0's and 1's;  Storing the vast amount of digital logic on optical disk arrays;  Timing the electrical impulses to produce the proper sequence of prompts;  Attaching the proper filters, transducers, monitors and loudspeakers through the computer bus; etc. as explained in the Objects and Claims that I have written.

     I doubt that anyone else has put the technology together to produce a Computer Prompter for CPR.  The technology was not available until recently to do many of the necessary tasks.

     Should Jon want to participate, I can add the logic diagrams, schematics, and figures and work with you on fleshing out the phrasing.  Should he not want to pursue a patent, please return the material to me so that I can take it to Fish and Richardson.

Sincerely yours,

Donald C. Hutchins

DCH:lbj

# ABSTRACT

An electronic cardiopulmonary resuscitation prompting computer includes an interactive keyboard, pointing device, or speech recognition device which sends a signal to the computer for powering up the apparatus, identifying the number of rescuers, describing the condition of the victim, selecting the cardiopulmonary resuscitation procedure required and pausing or stopping the operation. The CPR prompting computer also includes a monitor for visual display, a loud speaker for producing audio cardiopulmonary resuscitation instructions, digital memory storage devices which store the visual and speech cardiopulmonary resuscitation prompting and a bus of wiring which delivers information to and from the central processor which directs the sequence and timing of visual and voice prompts.

* * * * * * * * * *

It has been proven that verbal cardiopulmonary resuscitation (CPR) speech prompting can help a rescuer both during an actual rescue and for training. American Heart Association officials have recognized that a calm voice can give people the confidence they need to perform during CPR and that frequent training sessions using CPR voice prompting allows the rescuer to retain and refresh CPR rescue skills.

Hutchins' Patent No. 4,583,524 and Reissue Patent No. RE 34,800 instruct us in the use of synthetic electronic speech and microprocessor logic to prompt rescuers through CPR procedures with the proper timing and sequencing. While portable electronic speech prompters have proven to be successful, they are not always available to a rescuer.

The American Heart Association which developed CPR in the 1960's and is responsible for its proliferation, is concerned with the low percentage of rescuers in the U.S. They have called for more public awareness and training. AHA officers recognize that CPR voice prompting must be made available to the public in all locations in an inexpensive manner.

The use of computers has increased exponentially Worldwide in the last decade. With this proliferation, we now find computer terminals in offices, schools, homes, engineering labs, hospitals, nursing homes, etc.

It is therefore an object of this invention to make every computer terminal a CPR audio and visual prompting device.

Another object of the invention is to make every computer terminal a broadcaster of audio and visual signals to allow a rescuer full use of his hands, eyes, voice, mouth, and body while being prompting through a rescue.

June 29, 1995

Jeanne Longmuir, Esquire
Calfee, Halter & Griswold
1400 McDonald Investment Center
Cleveland, OH  44114

Dear Attorney Longmuir:

Wireless is a very large portion of the communications market.  It includes cellular phones, two way radios, pagers and personal communicators.  To be able to use a cellular phone to receive CPR prompting would be a blessing for rescuers in remote locations such as automobiles, construction sites, ballparks, etc.

With the materials attached, I have addressed the transmission problem of prompts through wireless networks.  Basically, I have invented a method of two way communication to allow the sender and receiver of CPR prompting to be interactive.  I expect that it may take four months to develop simple working models of this technology.

I shall await Jon Lindseth's decision on whether he wants to participate in pursuing this patent for me.

Sincerely yours,

Donald C. Hutchins

DCH:lbj

# ABSTRACT

A cardiopulmonary resuscitation (CPR) wireless prompting transmission system which uses radio, laser, and light waves to transmit electrical magnetic pulses as both analog and digital signals identifying the age category of the victim, the number of rescuers, CPR sequences, mouth to mouth resuscitation sequences, and whether the victim is conscious or not conscious. The wireless CPR prompting transmission system may include keying, pointing, or voice recognition means for input, microcomputer, synthesizer, digitizer and memory means for processing, and display or loudspeaker means for output. The output prompts will be used by rescuers to perform the various CPR rescue procedures as defined by the American Heart Association.

\* \* \* \* \* \* \* \* \* \*

The 1992 Conference on Cardiac Care sponsored by the American Heart Association called for greater proliferation of the Cardiopulmonary Resuscitation (CPR) Worldwide. Hutchins' Patent Number 4,583,524 and Reissue Patent Number 34,800 helps this CPR proliferation by instructing us in the use of synthetic electronic speech and microprocessor logic to prompt rescuers through CPR procedures with the proper timing and sequencing.

Hutchins has applied for additional patents that enhance CPR voice prompting by teaching audio, text, and visual prompting using computers and digital networks. These inventions place every computer terminal, network monitor, and interactive television in a position to act as a CPR prompting device.

To make CPR prompting and training available to an even wider range of rescuers in many more locations, Hutchins now discloses apparatus to place CPR prompting on wireless communicators such as cellular telephones, radios, and personal communicators.

It is therefore the object of this invention to provide CPR prompting through wireless communication on two way radios, cellular telephones, and personal communicators using radio, laser, and light waves.

Another object of the invention is to produce visual and audio prompting for CPR rescuers and allow the full use of the rescuers eyes, voice, mouth, and body while being prompted through a rescue.

A third object of the invention is to use keying means, pointing means, and speech recognition means to select and indicate the age of the victim, condition of the victim, number or rescuers present and to power up, pause, and shut down the rescue sequence.

# Calfee, Halter & Griswold

Columbus Office:
Suite 1500
88 East Broad Street
Columbus, Ohio 43215-3506
(614) 621-1500
Telecopier (614) 621-0010

Attorneys at Law
Suite 1800
, 800 Superior Avenue
Cleveland, Ohio 44114-2688
(216) 622-8200

Cleveland
Telecopier (216) 41-0816

Writer's Direct Dial
No. (216) 612-8503

July 5, 1995

Mr. Donald Hutchins
CPR Prompt Corporation
60 Brookdale Drive
Springfield, MA  01104

Re:  CPR Patent Disclosures

Dear Don:

Thank you for forwarding your four patent disclosures.  Please be assured that we are in communication with the Lindseths to determine their interest in proceeding with your disclosures.  As soon as a decision is made, I will be certain to contact you as soon as possible.

Very truly yours

Jeanne E. Longmuir

JEL:ysc
cc:    Steve Lindseth
       Jon Lindseth

188\22775136.20I

# Calfee, Halter & Griswold

Columbus Office:
Suite 1500
88 East Broad Street
lumbus, Ohio 43215-3506
(614) 621-1500
Telecopier (614) 621-0010

Attorneys at Law
Suite 1800
800 Superior Avenue
Cleveland, Ohio 44114-2688
(216) 622-8200

Cleveland
Telecopier (216) 241-0816

Writer's Direct Dial
No. (216) 22-8503

September 7, 1995

Donald C. Hutchins
60 Brookdale Drive
Springfield, MA  01104

Re:   Invention Disclosures

Dear Don:

This is a follow-up to your letters of August 4 and September 4, 1995 concerning the four patent disclosures you have forwarded to our attention. The Lindseths were encouraged that you are continuing to reduce your inventions to practice. As I had previously mentioned, the disclosures we received would require additional technical information prior to preparation of an application.

The Lindseths are certainly interested in your disclosures. However, at this time, as you know, they are involved with the CPR Prompt product and are not currently certain of plans for the future. The Lindseths advise that you should contact your attorney and proceed as you see fit.

Pursuant to Paragraph 4.6 of the License Agreement, County Line Limited retains its option with respect to these improvements or similar products. Please let us know if you have any questions.

Very truly yours,

Jeanne E. Longmuir

JEL:ysc
cc:  Gary Martinelli, Esq.
     Steven W. Lindseth

188\22775APA.20I