*0*

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | Civil Action: **04-30126-MAP** |
| | ) |
| CARDIAC SCIENCE, INC., et al., | ) |
| | ) |
|     Defendants | ) |

## MOTION TO COMPEL DEFENDANT, COMPLIENT CORPORATION TO WITHDRAW ALL FORGED FILINGS AND TO RE-FILE WITH CORRECTED FILINGS THAT COMPLY WITH RULE 11(a) SIGNING AND RULE 11(b) REPRESENTATIONS TO COURT

Plaintiff, Donald C. Hutchins, ("Hutchins") respectfully requests the Court to compel Complient Corporation ("Complient") to withdraw filings that include forged signatures and to refile such forgeries with corrected filings that comply with Rule 11(a) and Rule 11(b).

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: 8/22/05

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

<u>CERTIFICATE OF SERVICE</u>

  I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class-mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Colleen Moran O'Neil
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Dated: 8/22/05

_____
Donald C. Hutchins

2

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br><br>Plaintiff )<br><br>vi. )<br><br>CARDIAC SCIENCE, INC., <u>et al.</u>, )<br><br>Defendants ) | Civil Action: **04-30126-MAP** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO WITHDRAW ALL FORGED FILINGS AND TO RE-FILE WITH CORRECTED FILINGS THAT COMPLY WITH RULE 11(a) <u>SIGNING AND RULE 11(b) REPRESENTATIONS TO COURT</u>**

I.   **Federal Rule of Civil Procedure 11(a) provides that every written motion be signed.**

The rule of Signature is governed in this district by Federal Rule of Civil Procedure 11(a). All parties are required to comply with this rule. The signature purported to be that of Attorney John J. Egan that accompanied the Motion to Admit Attorney William Coughlin is a forgery. There are other filings that do not carry Attorney Egan's signature that must also be considered forgeries. A "forgery" is defined as falsely altering an instrument that if genuine would be of legal effect upon the rights of others.

II.  **Attorney Egan falsely certifies that he conferred with the plaintiff in order to resolve issues in this motion and that the plaintiff declined to assent.**

3

At the bottom of the Motion to Admit Attorney Pro Hac Vice, Attorney Egan swears that he conferred with Hutchins, "in order to resolve or narrow the issues presented by this motion, and plaintiff declined to assent." This Certification is false. Attorney Egan never conferred with Hutchins regarding this Motion. Other filings in this action carry certifications by Attorney Egan with signatures that are forged in violation of Rule 11(b) Representations to Court.

III.    **Hutchins is at a major disadvantage when Attorney Egan's filings are forged.**

When Attorney Egan is absent and others file Complient's pleadings using forged signatures, Hutchins loses the opportunity to confer with Attorney Egan or to ask for extensions of time. It also puts to question the spirit of Rule 11(b) that states, 'By presenting to the court a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . It is impossible for Attorney Egan to form a belief if he has not seen the papers submitted in his name.

IV.    **Steven Lindseth, in his capacity as President of Complient swears that he did not grant Mr. Egan authorization to accept service**

Steven Lindseth, in his capacity as President of Complient swears in his affidavit attached as Exhibit A, that he has never spoken to John J. Egan and that he did not grant Mr. Egan authorization to accept service of process on behalf of Complient. He also says that all the assets of Complient were sold to an entity known as Cardiac Science, Inc. and that in his capacity as President of Complient he oversees the winding up and liquidation of Complient.

4

Mr. Lindseth puts to question Attorney Egan's representation of

Complient in this action. Essentially, many filings made in the name of the

Complient Corporation have been filed by persons who are not licensed as

attorneys in the state of Massachusetts. Case law provides that all corporations

must be represented by licensed attorneys in the State of Massachusetts.

**V.      Conclusion**

For the foregoing reasons, this Court should grant Hutchins' Motion to

compel the Complient Corporation to withdraw all forged filings and to re-file

with corrected filings or be subject to sanctions according to Rule 11(c)

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: _8/22/05_

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

<u>CERTIFICATE OF SERVICE</u>

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class-mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Colleen Moran O'Neil
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Dated: _8/23/06_

_____
Donald C. Hutchins

6

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS, | ) | Civil Action 04-30126-MAP |
| | ) | |
| Plaintiff, | ) | Judge Michael A. Ponsor |
| | ) | |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC., et al., | ) | **AFFIDAVIT OF STEVEN LINDSETH** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | SS: |
| COUNTY OF CUYAHOGA | ) | |

NOW COMES STEVEN LINDSETH and upon first being duly sworn, states that:

1.    I am over 18 years of age and have personal knowledge of the matters attested to herein.

2.    I am the President of Complient Corporation ("Complient"), a defendant in the subject action. On October 21, 2003, substantially all of the assets of Complient were sold to an entity known as Cardiac Science, Inc. by and through an Asset Purchase Agreement entered into on that date (the "Asset Purchase Agreement") by and among Complient, Cardiac Science and CPR Limited Partnership ("CPR L.P."). In my capacity as President of Complient, I oversee the winding up and liquidation of Complient.

{JJL0345.DOC;1}

3.    As President of Complient, I am responsible for authorizing any person to receive service of process on Complient.

4.    I have never met or spoken to John J. Egan, the attorney on whom Hutchins attempted to serve the Amended Complaint in this matter.  Mr. Egan and his firm serves only as local counsel for Complient in this case.  I did not grant Mr. Egan or his firm authorization to accept service of process on behalf of Complient.


_____
STEVEN LINDSETH


Sworn to before me and subscribed in my presence this 15 day of February, 2005.


_____
NOTARY PUBLIC

Harry W. Heise
Notary Public
My Commission Expires
March 19, 2005

{JJL0345.DOC;1}