UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et al; ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF DONALD C HUTCHINS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Donald C. Hutchins ("Hutchins") submits this memorandum in opposition to defendant Complient Corporation's ("Complient") Motion for Summary Judgment. Defendant has not come forward with any admissible, material evidence or relevant legal analysis in support of its denial of fraud, fraudulent misappropriation and sale of patent and breach of contract. Complient is not entitled to summary judgment as a matter of law.

## INTRODUCTION

Defendant's motion should be denied because Complient has failed to come forward with any admissible, material evidence or relevant legal analysis in support of its denial of fraud, fraudulent misappropriation and sale of patent and breach of contract. Complient is not entitled to summary judgment as a matter of law.

Defendant's motion must fail because it was illegally signed and filed by a person who is not a licensed attorney in the State of Massachusetts.

## RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Many of the facts in Defendant's Statement of Material Facts are not facts at all, but mere conjecture, mischaracterization and (incorrect) legal conclusions. Defendant presented a Local Rule 56.1 Statement of Undisputed Facts, Hutchins has answered with a separate document controverting the Defendant's Statement. The 4 sections of statements that Hutchins disputes contain genuine issues to be tried. A copy of Hutchins' memorandum that responds to all 4 of the sections containing the Local Rule 56.1 statements that Complient treats as fact is attached as Exhibit A.

## LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Local Rule 56.1 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried.

## ARGUMENT

Defendant's motion should be denied because:

1. **Complient has failed to present any material facts in which there are no genuine issues to be tried.**

    Local Rule 56.1 provides that motions for summary judgment shall include a concise statement of the material facts of record to which the moving party contends there is no genuine issues to the tried. Hutchins opposes Complient's motion for summary judgment with a statement included as Exhibit A. Exhibit A clearly answers Complient's Statement of Material Facts and defines specific objections with references to Steven Lindseth's Affidavit and the various Exhibits presented by Complient.

2. **Federal Rule of Civil Procedure 11(a) provides that every written motion be signed.**

    The Rule of Signature is governed in this district by Federal Rule of Civil Procedure 11(a). All parties are required to comply with this rule. The signature purported to be that of Attorney John J. Egan that accompanied the Motion is a forgery thereby nullifying Defendant's Motion for Summary Judgment.

3.  **Plaintiff is prepared to Present Substantial Evidence and Testimony at trial to Support His Claims of Fraud, Fraudulent Misappropriation and Sale of Patent, Tortuous Interference of with Contract and Breach of Contract.**

Plaintiff has successful joined Complient to the action with the expectation that the Court would hold a Scheduling Conference in accordance with Local Rule 16.1. Complient has aborted these proceedings first by refusing service of the Complaint and now by filing this Motion for Summary Judgment. Hutchins has substantial evidence and expert testimony available to prove his allegations and to be successful at trial. Hutchins should not be denied his right to trial because of legal maneuvers designed by a total of 600 lawyers employed by the 4 law firms that oppose him in this action as hired guns.

## **CONCLUSION**

For the reasons set forth above Plaintiff respectfully submits that the Defendant, Complient Corporation is not entitled to Summary Judgment on any claims at issue as a matter of law because there are genuine issues to be tried.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: August 24, 2005

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

3

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class-mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Colleen Moran O'Neil
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Dated: 8/24/05

Donald C. Hutchins

4

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) ) ) Plaintiff ) ) v. ) ) CARDIAC SCIENCE, INC., et al; ) ) Defendants ) ) | Civil Action: **04-30126-MAP** |

## PLAINTIFF'S MEMORANDUM OF LAW CONTROVERTING DEFENDANT COMPLIENT CORPORATION'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

### INTRODUCTION

Plaintiff Donald C. Hutchins, ("Hutchins") disputes many of the statements that the Defendant, Complient Corporation ("Complient") characterizes as undisputed material facts. Other statements presented by Complient are in need of clarification.

### ANSWER TO COMPLIENT'S STATEMENT OF UNDISPUTED FACTS

**A.    The License Agreement**

Hutchins agrees that he entered into a Patent License Agreement with County Line Limited Partnership ("County Line") in June 1, 1994 a copy of which Complient has included as Exhibit A. Hutchins denies Complient's interpretation of the language of that § 3:10 of the June 1, 1994 Patent License Agreement and feels that this Agreement presents genuine issues to be tried.

On August 27, 2004 Complient filed Civil Action 04-540066 in the Court of Common Please, Cuyahoga County, Ohio attached herein as Exhibit 1. In §58 of that Complaint, Complient asserts, " An actual and justiciable controversy exists between Complient and the Defendant (i.e. Hutchins) with respect to the construction and effect of Section 3:10 of the License Agreement and Section 1.2(I) of the APA for which declaratory relief is necessary." *Merriam-Webster's Eleventh Edition* defines the word

justiciable as, "liable to trial in a court of justice." Civil Action 04-540066 is ongoing with trial scheduled for December 12, 2005 as stated in Exhibit 2 attached. If Complient considers the construction of §3:10 liable to trial in Ohio, the "facts" that Complient ascribes to its interpretation of §3:10 can not be accepted as "material facts" in this venue. There exists a genuine issue to be tried under the guidelines of Local Rule 56.1.

Hutchins challenges Complient's Lindseth Affidavit Exhibit 1 as a statement of material fact. Lindseth swears that he is the President of the Complient Corporation. However, records of the secretary of State of Delaware do not support this assertion. Complient's Exhibit 3, the Asset Purchase Agreement was signed by Robert I. Thompson as President of Complient and President and CEO of CPR L.P. There is no public record maintained by the SEC, State of Ohio or Cardiac Science that support Lindseth's claims to knowledge of the Asset Purchase Agreement or as being President of Complient. Complient has not supplied the current address of Robert I. Thompson to allow him to be deposed by Hutchins. The fact that the Complient Corporation has no business address except for that of the law office of Calfee, Halter & Griswold, LLP compounds the Court's problem of ascertaining the material facts in this action.

Hutchins denies the material facts that Complient applies to the entity CPR LP. Complient can furnish no copies of public records, correspondence, accountings, cancelled checks, bank accounts, tax filings, addresses or any hard document to indicate that CPR LP is not a sham. Mimicking the Encon scandal partnerships, this bogus partnership was set up by Steven Lindseth as a subterfuge to plunder Hutchins' intellectual properties for his own personal gain.

Hutchins denies Complient's assertions of fact related to Complient's Exhibit 1. Page 12 of this Exhibit provides two lines that require the signature of Donald C. Hutchins. Anyone can see that Hutchins did not sign Complient's Exhibit 1 making it useless as evidence in this Action. A series of "material facts" offered by Complient that rely on Exhibit 1, are without foundation and are genuine issues to be tried.

**B.    Significant Provisions Of The License Agreement**

A partnership must be at least 3% owned by outside parties to claim an independent existence from the parent company. Therefore the 99% interest that Complient holds in the CPR L.P. partnership makes CPR L.P. a part of Complient under

2

federal tax law and standard accounting practice. CPR L.P. has not and can not act as an independent entity or act as the licensee of Hutchins' intellectual properties. As a consequence Complient, as the successor to County Line Limited, must be treated as the LICENSEE with regard to §2.1 and §3:10.

Hutchins disputes Complient's claim of material fact that CPR L.P. had any rights to assign the License Agreement of June 1, 1994 to anyone or any person under the law. Such assignment rights were reserved to the Licensee, County Line Limited and its successor Complient.

Complient denies that it assigned the License Agreement to Cardiac Science because such an assignment, transfer and sale would force the Complient stockholders to pay Hutchins 7-1/2% of their receipts from Cardiac Science, Inc. Again we see all the "material facts" that Complient asserts under the heading Significant Provisions of the License Agreement are not facts but are genuine issues to be tried under Local Rule 56.1.

C.  **Prior Litigation Between Hutchins and Complient Does Not Refute His Claims In This Case.**

On February 2, 2001 Steven Lindseth served a Demand for Arbitration against Hutchins on behalf of the CPR L.P attached as Exhibit 3. The Demand asked that the arbitrators issue a declaratory judgment regarding the construction and effect of §3:10 of the License Agreement. On February 13, 2001 Steven Lindseth served a Complaint against Hutchins on behalf of Complient. The Complaint asked the Ohio Court issue a declaratory judgement regarding the construction and effect of §3:10 of the License Agreement as shown in Exhibit 4 attached. Exhibit 4 is a copy of the Complaint served Ohio Court Case No. 429394 and referenced as litigation and material fact by Complient.

Because the royalties paid to Hutchins by County Line and its successor Complient never exceeded the minimum of $10,000 per year, it was economically impossible for Hutchins to defend both actions. The License Agreement called for arbitration disputes through the AAA. Steve Lindseth flaunted the License Agreement's arbitration clause by filing Ohio Case 429394. Lindseth's deception was to state that Complient was not a party to the Agreement so the issue could be resolved outside the jurisdiction of the AAA.

3

Hutchins prevailed in the Demand for Arbitration. The arbitrators found CPR L.P.'s claims to be bogus and when the arbitrators pushed Complient for additional evidence, CPR L.P. withdrew from the Arbitration. The arbitrators agreed with Hutchins' reading of §3:10. As a result Steven Lindseth did not receive the declaratory judgment he requested regarding the construction and effect of §3:10 of the License Agreement.

Hutchins could not afford to hire an attorney to represent himself and the CPR Prompt Corporation in Ohio Case 429394 while at the same time defending the AAA Arbitration. Due to this lack of representation by an Ohio attorney, The CPR Prompt Corporation lost by Default. Hutchins was allowed to represent himself in Ohio Case 429394 and he continued to do so for about six months. In the end, Complient used the Default Judgment of the CPR Prompt Corporation against Hutchins personally in terms of *res judicata* to gain the declaratory judgment described in Complient's Exhibit F. There was no trial and no evidence presented to allow the Ohio Court to judge the construction and effect of §3:10 to allow Complient to use this action as material fact.

**D.    Complient sells Certain Of its Assets to Cardiac Science.**

The Asset Purchase Agreement (the "APA") that Complient has attached as Exhibit 3 can not be authenticated by Lindseth because it was negotiated and signed by Robert Thompson as President and CEO of Complient. Complient has offered no evidence that Steven Lindseth had any involvement in the APA. Lindseth has never contacted Hutchins concerning his obligations under the June 1, 1994 License Agreement or paid royalties to Hutchins six months prior to or since the APA was signed in October of 2003.

The APA references Donald C. Hutchins at least 7 times and acknowledges him as inventor and owner of the CPR Prompt patents. However, the APA fails to include a copy of the June 1, 1994 License Agreement or to recognize any obligations contained in the License Agreement such as royalty payments, patent license fees, sales reports or satisfaction of the requirements of §3:10. Complient can not support its claim that the APA is a material fact and not a genuine issue to be tried as required under Local Rule 56.1.

4

## CONCLUSION

As set forth above, Plaintiff Donald C. Hutchins disputes most of the statements that the Defendant, Complient Corporation characterizes as undisputed material facts. Hutchins also contends that the Affidavit of Steven Lindseth contains falsehoods and is without merit. The Affidavit of Steven Lindseth upon which Complient's "undisputed material facts" are based should not be accepted as either true or accurate and will not stand up to the scrutiny of cross-examination.

Respectfully submitted

The Plaintiff

Donald C. Hutchins, Pro Se

Dated: August 24, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class-mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Colleen Moran O'Neil
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Dated: 8/24/05

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Donald C. Hutchins

5