*0*

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS,<br>     Plaintiff<br><br>v.<br><br>CARDIAC SCIENCE, INC.<br>     and<br>COMPLIENT CORPORATION<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action: **04-30126-MAP**

## AFFIDAVIT OF GARY E. MARTINELLI, ESQ.

NOW COMES GARY E. MARTINELLI and upon being duly sworn, states that:

1.   I am over the age of 18 years and have personal knowledge of the matters attested to herein.  I am a practicing attorney and member of the law firm of Martinelli, Discenza & Hannifan, P.C., 138 Longmeadow Street, Longmeadow, MA 01106.

2.   In 1994 I represented Donald C. Hutchins ("Hutchins") and CPR Prompt Corporation ("CPR"), a Massachusetts corporation, in connection with the negotiation of a License Agreement (the "License Agreement") among Hutchins, CPR and County Line Limited Partnership, a Delaware limited partnership ("County Line").

3.   Negotiations on behalf of CPR were conducted by Hutchins and me. Negotiations on behalf of County Line were conducted in my presence by Steve Lindseth ("Lindseth"), County Line's executive, and Attorney Mark Kaufman ("Atty. Kaufman") of Sutherland, Asbill & Brennan of Atlanta, Georgia.  I understood from Hutchins that he also had conducted some discussions with Lindseth's father, Jon Lindseth.

4.   Annexed hereto as Exhibits A, B, C and D, respectively are drafts of the License

Agreement dated May 16, 1994, May 26, 1994, May 27, 1994, and undated (but transmitted by facsimile on May 31, 1994).

5.    Annexed hereto as Exhibit E is the final License Agreement dated June 1, 1994 as executed by the parties (the "Executed Agreement").

6.    Annexed hereto as Exhibit F is a copy of my letter dated May 20, 1994 to Hutchins and CPR transmitting a copy of my Memorandum dated May 19, 1994 (the "Memorandum") with respect to the License Agreement, a copy of which Memorandum is attached to the May 20 letter.  The Memorandum comments on the May 16, 1994 draft of the License Agreement attached as Exhibit A.

7.    It was my understanding of the deal between Hutchins and CPR, on the one hand, and Lindseth and County Line, on the other hand, that instead of paying a higher royalty rate on sales made pursuant to the License Agreement, Lindseth and County Line offered to pay CPR 7.5% of the net proceeds arising the sale by any partner (or should County Line incorporate, any stockholder) in County Line of his interest in County Line.  This concept is reflected in Section 3.10 of the May 16, 1994 draft attached as Exhibit A, is the subject of Comment #15 set forth in my Memorandum attached as Exhibit F, and was further reflected in Exhibits B and C.  The thrust of the provision was that in consideration of granting the licenses set forth in the License Agreement, CPR was to have an "equity interest" in the licensee.

8.    Consistent with the notion for CPR's equity interest, the draft License Agreement annexed as Exhibit D introduced Section 4.9(d) requiring that CPR be furnished with and updated about the names and addresses of the partners or shareholders.  This wording would be meaningless in the context of a company intended to be isolated as a wholly owned subsidiary of County Line.  It has great significance in the context of an entity in which the parties furnish activity in the transfer of ownership interests.

9.    The later drafts of the License Agreement address for the request of County Line to assign its rights under the License Agreement to an Affiliate.  Hutchins informed me at the time that Lindseth had explained that County Line intended to

separate two pre-existing lines of business, a birdhouse line and a Christmas-tree stand line, from the CPR product line subject to the license, but that the change would not affect Hutchins' equity deal.

10.    Upon information and belief, on October 20, 2003, a successor to County Line sold, transferred or otherwise assigned the assets covered by the License Agreement together with other assets to Cardiac Service, Inc. for approximately $47 million in Cardiac Service stock.

GARY E. MARTINELLI

COMMONWEALTH OF MASSACHUSETTS

Hampden County, ss

On this 26th day of August, 2005, before me, the undersigned Notary Public, personally appeared **Gary E. Martinelli**, proved to me through satisfactory evidence if identification, which was through personal knowledge, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Ursula Bourget
Notary Public
My Commission Expires: 12/16/2005