UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS, | ) | Civil Action 04-30126-MAP |
| | ) | |
| Plaintiff, | ) | Judge Michael A. Ponsor |
| | ) | |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COMPLIENT CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

I. **Introduction.**

Complient hereby replies as follows in support of its Motion for Summary Judgment. In response to Complient's Motion for Summary Judgment, Plaintiff, Donald C. Hutchins ("Hutchins"), filed two documents. First, he filed a Memorandum of Law Controverting Defendant Complient Corporation's Local Rule 56.1 Statement of Undisputed Facts ("Factual Opposition") and second, he filed an Opposition to Defendant's Motion for Summary Judgment. Together, these documents constitute a complete failure to address any of the factual or legal arguments raised in Complient's Motion for Summary Judgment. Accordingly, this Court should grant Complient's Motion for Summary Judgment and dismiss this matter with prejudice.

{JJL0511.DOC;2}

## II.  Hutchins disputes no material facts.

In his Factual Opposition, Hutchins did not dispute any facts that have any relevant bearing on this matter. Amidst his various contentions, he argues that Steve Lindseth is not the President of Complient; that CPR L.P. has no rights to assign its duties under the License Agreement; that there was no trial or evidence presented in the Ohio action related to this matter; and that Mr. Lindseth had "no involvement" in the Asset Purchase Agreement by which Complient and CPR L.P. sold various of their assets to Defendant Cardiac Science. However, none of these "facts" that Hutchins argues is material to the disposition of his claims against Complient.

Section 3.10 of the License Agreement provides that if the partnership interests in CPR L.P. are sold by the entity that controls them to a third party, Hutchins will be entitled to 7.5% of the net proceeds of such sale. Complient never sold its partnership interest in CPR L.P., but only certain other assets, to Cardiac Science. Hutchins does not dispute that this is the case. Accordingly, Hutchins has failed to raise a genuine issue of <u>material</u> fact in his Factual Opposition.

## III.  Hutchins failed to address any of the legal arguments raised in Complient's Motion for Summary Judgment.

Essentially, Hutchins' legal argument in opposition to Complient's Motion for Summary Judgment rests on two points: 1) Complient's Motion for Summary Judgment was illegally signed; and 2) There is a genuine issue of material fact with respect to each claim brought by Hutchins.

### A. Hutchins' claim that Complient's Motion for Summary Judgment was illegally signed cannot serve as a basis for denying Complient's Motion.

First, Hutchins' claim that the Motion for Summary Judgment was "illegally signed" has no basis in fact and Hutchins offers no evidence to support this contention. Hutchins has repeated this unfounded accusation throughout this litigation. See, e.g., Memorandum in Support of Plaintiff's Motion to Deny Defendant's Motion to Admit Attorney Colleen Moran O' Neil Pro Hac Vice for Failure to Comply with Rule 11(a) Signing and for Failure to Comply with Local Rule 7.1(A)(2) Certification (claiming that the undersigned's signature on co-counsel's Pro Hac Vice Motion was signed by somebody other than the undersigned); Motion to Compel Defendant Complient Corporation to Withdraw all Forged Filings and to Re-file with Corrected Filings that Comply with Rule 11(a) Signing and Rule 11(b) Representations to Court (stating similar claims that several pleadings containing the undersigned's name were signed by somebody other than the undersigned). Hutchins now repeats this allegation with respect to Complient's Motion for Summary Judgment.

Simply stated, however, the Motion was in fact signed by the undersigned, and therefore the Motion meets the strictures of Rule 11.

### B. Hutchins' contention that there is a genuine issue of material fact is unsupported in his response and cannot serve as a basis for denying Complient's Motion for Summary Judgment.

Hutchins' argument that there is a genuine issue of material fact is limited to the following:

> Hutchins has substantial evidence and expert testimony available to prove his allegations and to be successful at trial. Hutchins should not be denied his right to trial because of legal maneuvers designed by a total of 600 lawyers employed by the [four] law firms that oppose him in this action as hired guns.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 3.

Hutchins' generalized statement that there is a genuine issue of material fact and that he will show this at trial is merely conclusory and does not satisfy the burden that he holds in attempting to defeat a motion for summary judgment. Once the movant has served a properly supported motion asserting entitlement to summary judgment, the burden is on the nonmoving party to present evidence showing the existence of a trialworthy issue. "It is, however, crystal clear that bare allegations in a party's unsworn pleadings or in a lawyer's brief do not carry weight in the summary judgment calculus." Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 39 (1st Cir. 2004) (citing Rogan v. City of Boston, 267 F.3d 24, 29 (1st Cir. 2001); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). Accordingly, because Hutchins' arguments in opposition to the legal arguments presented in Complient's Motion for Summary Judgment are merely conclusory, Hutchins has failed to meet his burden of demonstrating a triable issue.

## IV. Conclusion

Because Hutchins' failed to rebut Complient's Motion for Summary Judgment by demonstrating any genuine issue of material fact, this Court should grant Complient's Motion for Summary Judgment.

Respectfully submitted,

*[signature]*

JOHN J. EGAN (516480)
EGAN, FLANAGAN & COHEN, P.C.
67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035
(413) 727-0260
Fax: (413) 737-0121

WILLIAM E. COUGHLIN (OH #0010874)
COLLEEN M. O'NEIL (OH #0066576)
JEFFREY J. LAUDERDALE (OH #0074859)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114
(216) 622-8200
(216) 241-0816 (facsimile)

Attorneys for Complient Corporation

## CERTIFICATE OF SERVICE

I certify that, on September 8, 2005, I sent via first-class U.S. mail, postage prepaid, a copy of the foregoing Defendant Complient Corporation's Reply Brief In Support Of Its Motion For Summary Judgment, upon the following:

    Donald C. Hutchins
    1047 Longmeadow Street
    Longmeadow, Massachusetts 01106
    Pro Se

    Randall T. Skaar, Esq.
    Patterson, Thuente, Skaar, & Christensen, P.A.
    4800 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402

    Paul T. Rothschild, Esq.
    Bacon & Wilson, P.C.
    33 State Street
    Springfield, Massachusetts 01103

                                           /s/
                                    One of the Attorneys for Defendant,
                                    Complient Corporation