UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

          Plaintiff,                                Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,

          Defendant.

_____

**DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A
TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

In his Emergency Motion for a Temporary Restraining Order, Plaintiff asks this court to order Cardiac Science to meet all the ongoing requirements as Licensee pursuant to the June 1, 1994 License Agreement and to transfer to Plaintiff portions of the common stock and funds received by Cardiac Science from Complient as a result of the Demand for Indemnity. Plaintiff's motion must be denied because Summary Judgment has been entered against him in this action on these very issues and as such Plaintiff lacks standing and cannot meet the criteria for the granting of a temporary restraining order.

**PLAINTIFF HAS ALREADY LOST ON THE MERITS AND LACKS STANDING TO
MOVE FOR A TEMPRORARY RESTRAINING ORDER**

Plaintiff is asking this court to ignore its Summary Judgment order and force Cardiac Science to pay monies to Plaintiff that are in no way due Plaintiff. On June 23, 2005, this court entered Summary Judgment against Plaintiff on all of the claims Plaintiff asserted against Cardiac Science. On July 19, 2005, this court denied Plaintiff's motion for reconsideration. The

Summary Judgment Order is the law of this case and is therefore controlling in subsequent proceedings in this case. <u>Dempsey v. National Enquirer, et al.</u>, 702 F.Supp. 927, 929 (D. Mass. 1988).

Because Summary Judgment has been granted against Plaintiff, he lacks standing to move for a temporary restraining order. To demonstrate standing, Plaintiff must prove three elements: 1) the plaintiff must have suffered an injury-in-fact; 2) there must be causality and 3) there must be redressability. <u>Blake v. Southcoast Health System, Inc</u>., 145 F.Supp.2d 126, 131 (D. Mass. 2001). Further, when seeking an injunction, to confer standing, a plaintiff must show a sufficient likelihood that they will be wronged again in the future in a similar way. <u>Id</u>. at 132. Plaintiff cannot prove any of the requisite elements to confer standing. This court determined, by granting Summary Judgment in favor of Cardiac Science, that Plaintiff has not suffered an injury-in-fact resulting from Cardiac Science's actions. Without an injury-in-fact, there can be no standing. Thus, Plaintiff's Motion for a Temporary Restraining Order should be denied.

### **PLAINTIFF CANNOT SATISFY THE CRITERIA FOR THE GRANTING OF A TEMPORARY RESTRAINING ORDER.**

Even if Plaintiff had standing to move for a temporary restraining order, he cannot meet the criteria for the granting of a temporary restraining order. For Plaintiff to be entitled to a temporary restraining order he must satisfy four criteria: 1) the plaintiff must exhibit a likelihood of success on the merits 2) the plaintiff must show that he will suffer irreparable injury if the injunction is not granted; 3) the plaintiff must show that such injury to him outweighs any harm which granting injunctive relief would inflict on the defendants; and 4) the plaintiff must show that the public interest will not be adversely affected by the granting of injunctive relief. <u>Quincy Cablesystems, Inc. v. Sully's Bar, Inc.</u>, 640 F.Supp. 1159, 1160 (D. Mass. 1986).

Plaintiff cannot satisfy any of the criteria necessary for the granting of a temporary restraining order. First, Plaintiff has no likelihood of success on the merits. By virtue of the law of this case, the Summary Judgment Order of June 23, 2005, Plaintiff has already lost on the merits. Because Plaintiff has already lost on the merits, he cannot viably argue that he has a likelihood of success on the merits. Second, Plaintiff cannot suffer irreparable harm if he is not awarded monies that are not due him. This court has already ruled that Cardiac Science has met its obligations as Licensee pursuant to the June 1, 1994 License Agreement and that Cardiac Science is not in breach of the License Agreement. Because this court has ruled that Cardiac Science does not owe Plaintiff any money, Plaintiff cannot be harmed if this court refuses to order Cardiac Science to pay Plaintiff money not due him. Third, there is no need to weigh the possible harm to each party. As previously stated, Plaintiff cannot be harmed because this court has already ruled against him on all claims asserted against Cardiac Science and thus Cardiac Science does not owe plaintiff anything.

Finally, the public interest will be harmed if the Plaintiff is allowed to circumvent proper procedure and ignore previous orders of the court in an attempt to force defendants to pay money that is not owed him. The public must be able to rely on orders of the court and that the rules of procedure will be followed. There are proper appellate procedures if a party is dissatisfied with a court's ruling. The Plaintiff's Motion for a Temporary Restraining Order does not follow those procedures and completely lacks merit.

## **CONCLUSION**

Plaintiff's Motion for a Temporary Restraining Order must be denied because he lacks standing and further Plaintiff cannot meet any of the criteria required for the granting of a temporary restraining order. This court granted summary judgment against Plaintiff on all the

claims asserted against Cardiac Science. Therefore, Cardiac Science owes Plaintiff nothing and the present motion should be denied.

                                            Respectfully submitted,

                                            **CARDIAC SCIENCE, INC.**

Dated:  September 23, 2005          By:_____/s/ Paul H. Rothschild_____
                                            Paul H. Rothschild
                                            **BACON & WILSON P.C.**
                                            33 State Street
                                            Springfield, MA 01103
                                            Phone: (413) 781-0560
                                            Fax: (413) 739-7740

                                            Randall T. Skaar  (Pro Hac Vice)
                                            Scott G. Ulbrich (Pro Hac Vice)
                                            **PATTERSON, THUENTE, SKAAR**
                                            **& Christensen, P.A.**
                                            4800 IDS Center
                                            80 South 8th Street
                                            Minneapolis, MN  55402-2100
                                            Tel: (612) 349-5740
                                            Fax: (612) 349-9266

## CERTIFICATE OF SERVICE

      I, PAUL H. ROTHSCHILD, hereby certify that on the 23rd day of September 2003, I caused a copy of the foregoing Defendant Cardiac Science's Memorandum of Law in Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

| | |
|---|---|
| Donald C. Hutchins | John J. Eagan, Esq. |
| 1047 Longmeadow Street | Egan, Flanagan and Cohen, P.C. |
| Longmeadow, MA   01106. | 67 Market Street |
| | PO Box 9035 |
| | Springfield, MA   01102-9035 |
| William E. Coughlin, Esq. | |
| Colleen M. O'Neil, Esq. | |
| Jeffrey J. Lauderdale, Esq. | |
| Calfee, Halter & Griswold LLP | |
| 1400 McDonald Investment Center | |
| 800 Superior Avenue | |
| Cleveland, OH   44114 | |

                                            _____/s/ Paul H. Rothschild_____
                                            PAUL H. ROTHSCHILD