UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CARDIAC SCIENCE, INC., et al; ) <br> ) <br> Defendants ) | Civil Action: **04-30126-MAP** |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

The Plaintiff, Donald C. Hutchins files this memorandum in support of the Plaintiff's Motion for Declaratory Judgment. As a foundation for understanding the Ohio action Hutchins has attached the complete *Case Information* and *Docket* as Exhibit #1 and the Complient Corporation's ("Complient") Complaint as Exhibit #2. The Court will see that Ohio Case No. 540066 was created by Complient for purposes of *res judicata* and to deplete the resources and determination of Hutchins to contest Civil Action: 04-30126-MAP to its conclusion.

I. **BACKGROUND**

The Complient Corporation ("Complient") has filed a motion requesting this court to take judicial notice of Cuyahoga County, Ohio Case No. 540066. Complient's stated reason for this motion is to use Case No. 540066 in terms of *res judicata* to bolster the Complient Corporation's motion for summary judgment. The Complaint was filed by

Complient against the CPR Prompt Corporation and Donald C. Hutchins on August 27, 2004 four weeks after Hutchins filed suit against Cardiac Science Inc. before this Court.

Complient alleges in ¶38 of Count I of the Ohio Complaint that, "As a result, Hutchins' conduct in filing the Complaint in <u>Hutchins v. Cardiac Science,</u> constitutes a tortuous interference with the APA among Complient, Cardiac Science and CPR L.P. for which Hutchins is liable to Complient for compensatory and punitive damages in an amount to be determined at trial but which amount is in excess of $25,000."

In ¶49 of Count II of the Complaint, Complient alleges, "As a result of Hutchins' wrongful and illegitimate filing of this Complaint against Cardiac Science in the Massachusetts District Court, Complient has and will suffer compensatory and punitive damages in an amount to be determined at trial but which amount is in excess of $25,000 and includes, but is not limited to, any decline in the value of the shares of Cardiac Science common stock from October 21, 2004 to the date the stock is transferred to Complient as well as any and all attorney fees and costs incurred by Complient related to Cardiac Science's demand for indemnity."

In ¶58 of Count III Complient alleges, "An actual and justifiable controversy exists between Complient and the Defendants with respect to the construction and effect of Section 3:10 of the License Agreement and Section 1.2(I) of the APA for which declaratory relief is necessary."

To construe the allegations and issues of Case No. 540066 this Court must first question why the Complient Corporation did not join civil action 04-30126-MAP? It should also be noted that Complient fought Hutchins' motion for removal of Civil Action No. 540066 from Cuyahoga County, OH to this Court as docketed 10/29/2004.

2

Section 9.4 of the License Agreement that accompanied Complient's Complaint calls for arbitration of disputes by the American Arbitration Association ("AAA"). The resolution of the controversy regarding Section 3.10 alleged by Complient in Count III of the Complaint, should have been brought to the jurisdiction of the AAA rather than in the courts of Ohio. Also, the damages claimed by Hutchins in this federal action are in excess of 3 million dollars and the damages claimed in Courts I and II to satisfy the indemnity clause in the APA were known by the Plaintiff at the time of filing to be at least $500,000. The damage awarded to Complient based on Counts I and II of Case No. 540066 amount to $278,000 as documented by the Judgment docketed 9/29/05. Under federal guidelines of personal jurisdiction this action belonged in federal court because the damage claims exceeded the $75,000 ceiling. Why did Complient seek the jurisdiction of an Ohio court rather than properly file these disputes with the AAA or the federal court? The only viable answer is that Complient was framing this case in a biased venue that it controlled to be used for the purpose of *res judicata* in Civil Action 30126-MAP.

The Court should note that the CPR Prompt Corporation was also named a defendant in Case No. 540066. Hutchins filed personally against Cardiac Science in this federal action that Complient cites in Counts I and II. The CPR Prompt Corporation had nothing to do with Civil Action: 04-30126-MAP. It is obvious that Complient included the CPR Prompt Corporation as a defendant in Case No. 540066 because Complient was aware that it would cost the CPR Prompt Corporation $60,000 to retain an attorney to defend itself in Ohio. Complient judged correctly that the CPR Prompt Corporation could not afford to retain an attorney and thereby Complient could gain a default

3

judgment against CPR Prompt. Later this default judgment could be used in the form of *res judicata* against Donald C. Hutchins. The lack of legal representation did promote a judgment against the CPR Prompt Corporation as docketed in the Ohio judgment entry dated 1/26/05.

Hutchins drove to Ohio to attend the first and only court hearing on 1/25/05. It took place at Judge Gallagher's desk as she scrambled through papers with little or no recognition of the issues in the case. Complient supplied an order that the attorneys had prepared stating that Hutchins' attempt to represent Defendant CPR Prompt Corporation constituted the unauthorized practice of law in the state of Ohio and this led to the judgment against the CPR Prompt Corporation. It was a decision that involved no testimony, no discovery and no deliberation. Why did Complient name the CPR Prompt Corporation as a defendant? The only viable answer is that Complient planned to use a judgment against the CPR Prompt Corporation for the purpose of *res judicata* against the other defendant in Case No. 540066, namely Donald C. Hutchins.

Complient's strategy was successful as corroborated by the August 24, 2005 docketed journal entry in Case No. 540066 that reads:

> "PLTF COMPLIENT CORP. MTN FOR S.J. AS TO DEFT DONALD
> C. HUTCHINS FIELD 6/11/05 IS GRTD. ON THE GROUNDS OF
> RES JUDICATA AND THE LIC. AGREEMENT AND THE ASSET
> PURCHASE AGREEMENT."

Hutchins was allowed to represent himself, pro se at the first hearing that took place on 1/25/05 for about 10 minutes in Judge Gallagher's office. The judge was amazed that the night before Hutchins had made the 800-mile trip through a snowstorm by car to appear at this meeting. Complient's Attorney O'Neil pressed Judge Gallagher for a ruling against Hutchins. Hutchins defended himself by saying that certain issues in

4

this case were being adjudicated in the federal court with all parties present. The judge responded by saying that she would wait to hear the results from this federal district court and that future hearings could be by conference call so that Hutchins would not have to bear the expense and effort of a trip to Ohio. The next pretrial hearing was set for 3/29/05 by telephone as docketed on 1/26/05.

The pre-trail hearing of 3/29/54 consisted of a short conference call during which Judge Gallagher asked Attorney O'Neil the results of this federal action. When Attorney O'Neil answered that there was no resolution in the federal case, the Judge scheduled another phone hearing for 5/25/05 as per the docket of 4/6/05. The pre-trial hearing by phone on 5/25/05 continued to find that there was no resolution in this federal case so a jury trial was set for December 12, 2005 at 9:00 AM. The trial date was set for December to accommodate Attorney O'Neil who would be on two-month maternity leave. Hutchins assumed that this Court would decide federal action 04-30126-MAP before the December 12th deadline making the Ohio action mute.

Complient filed a motion for summary judgment as to Defendant Donald C. Hutchins on 7/11/05 and Hutchins answered pursuant to rule 56 that was docketed 7/22/05. On August 8, 2005 Complient was granted a motion for summary judgment as to Donald C. Hutchins on grounds of *res judicata* and with a vague reference to the license agreement and APA.

There is no evidence that Judge Gallagher read any of the pleadings or weighed any of the evidence that Hutchins filed with the Ohio clerk. Several telephone conversations between Hutchins and Bridget McAndrews, the staff attorney for Judge Gallagher reveal that the Judge and staff lacked even a minimal knowledge of issues

5

involved in Case No. 540066. Attorney McAndrews herself had no exposure or knowledge of federal rules of personal jurisdiction. Equally disconcerting to Hutchins is the fact that Judge Gallagher is an elected official subject to the politics of Ohio and the influence of the legal establishment of Cleveland.

While Hutchins represented himself, pro se in this Ohio action, his responses were prompt and well constructed. He did not realize the futility in seeking justice from an overworked and chaotic lower court. For example, his counterclaims were never recognized or addressed, his motion to dismiss on grounds of federal jurisdiction was not understood and his motion for continuance of a damage hearing that awarded Complient damages of close to $300,000 was denied after he was assured by the Judge's staff attorney Bridget McAndrew that it would be allowed. Hutchins filings listed as exhibits are:

| | |
|---|---|
| Exhibit #3 | Motion to Dismiss |
| Exhibit #4 | Answer to Complaint and Counterclaims |
| Exhibit #5 | Answer to Summary Judgment Pursuant to Ohio Rule 56 |
| Exhibit #6 | Motion for Relief from Judgment |
| Exhibit #7 | Motion for Continuance |

## II. ARGUMENT

One who asserts the defense of *res judicata* has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by a tribunal in a prior cause of action. See Worrie v. Boze, 198 Va. 533, 538, 95 S.E.2d 192, 197 (1956), Commonwealth ex. Rel. Gray v. Johnson, 7 Va. App. 614, 618, 276 S.E.2d 787, 789 (1989). The August 24, 2005 Journal Entry that accompanied Complient's motion offered only the terse, "Granted on the grounds of res judicata and the License

6

Agreement and Assets Purchase Agreement." Hutchins presents Case No.540066 in a manner that will allow this Court to construe the issues as they relate to this action.

("Where the written opinion of the trial court is made part of the record, the reviewing court may consider the written opinion in determining the reason for the trial court's rulings and judgment."); State ex. rel. Moore v. Munchmeyer, 197 S.E.2d 648 (w. Va. 1973)). This Court will find that there are no written opinions, no transcripts and no records of deliberations in Case No. 5400066.

## CONCLUSION

The Request for Indemnification by Cardiac Science and the payment of indemnification by Complient was litigated and resolved between the parties outside the jurisdiction of Civil Action 04-30126-MAP. However the report of indemnification by Complient authenticates Hutchins' claims in Civil Action: 04-30126-MAP and vindicates his efforts to retrieve his due upon the transfer of his intellectual properties from Complient to Cardiac Science. Businesspersons do not pay indemnification without cause and Complient would never have paid Cardiac Science an indemnity if Hutchins did not produce evidence in Civil Action: 04-30126-MAP that indicated that Hutchins was damaged through the actions of Complient prior to and as a part of the APA. The decline in the value of the shares of Cardiac Science common stock from October 21, 2004 and for the past year to the present has been attributed by the President of Cardiac Science in his annual reports to poor sales and a lack of profitability. Civil Action: 04-30126-MAP and Hutchins had nothing to do with the devaluation of Cardiac Science stock as claimed by Complient in Case No. 540066. There was no justification for Judge Gallagher to award Complient 278,000 in damages.

In Count III Complient alleges, "An actual and justifiable controversy exists between Complient and the Defendants with respect to the construction and effect of Section 3:10 of the License Agreement and Section 1.2(I) of the APA for which declaratory relief is necessary." Civil Action: 04-30126-MAP is not about the construction and effect of Section 3.10. It is about Licensees disappearing and not living up to the terms of a license agreement. Any interpretation of Section 3.10 will show that the successors of County Line Limited have failed to fulfill their obligations to Hutchins as part of the transfer of Hutchins' intellectual properties to an unaffiliated party.

Complient has not met its the burden of proving by a preponderance of the evidence that any issue was previously raised and decided by a tribunal in a prior cause of action as required by Worrie v. Boze. Complient has furnished no written opinion, no transcripts and no record of deliberation for determining the reason for the trial court's rulings and judgment in Case No. 5400066 as required by State ex. rel. Moore v. Munchmeyer,

To avoid bias by local judges and juries against litigants coming from other states the framers of the Constitution instituted rules of personal jurisdiction and imposed a ceiling of damages that is currently $75,000. Complient flaunted these rules for the purpose of using Case No. 580066 with a domino effect of a series of *res judicata* motions against Hutchins to finally reach Civil Action: 04-30126-MAP.

A declaration is therefore necessary and appropriate under these circumstances in order that Hutchins be relieved of defending the allegations of Complient implied through a bogus use of *res judicata*.

WHEREFORE, Hutchins prays that judgment be entered in his favor as follows:

(i) A declaratory judgment against the Complient Corporation declaring that Hutchins' Complaint in Civil Action: 04-30126-MAP is legitimate.

(ii) A declaratory judgment stating that Complient has not met the burden for *res judicata* of proving by a preponderance of the evidence that any issue was previously raised and decided by a tribunal in Case No. 5400066.

(iii) A declaratory judgment stating that Complient has furnished no written opinion, no transcripts and no record of deliberation for determining the reason for the trial courts rulings and judgment in Case No. 5400066 sufficient for the purposes of *res judicata*.

The Plaintiff, DONALD C. HUTCHINS, Pro Se

Dated: 10/17/05

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by United Parcel Service to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Colleen Moran O'Neil
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Dated: 10/17/05

Donald C. Hutchins

 

# Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio

## Case Information

[Submit] [Printer Friendly] [New Search] [Main Menu]

| Case Category | Case Year | Case Number |
|---|---|---|
| CIVIL | 04 | 540066 |

**Case Number:** CV-04-540066
**Case Title:** COMPLIENT CORPORATION vs. DONALD C. HUTCHINS, ET AL

### SUMMARY

| | |
|---|---|
| Case Designation: | MISCELLANEOUS - OTHER |
| Filing Date: | 8/27/2004 |
| Judge: | EILEEN A GALLAGHER |
| Magistrate: | N/A |
| Room: | N/A |
| Next Action: | N/A |
| File Location: | DF-ROOM 45 |
| Last Status: | INACTIVE |
| Last Status Date: | 10/3/2005 |
| Last Disposition: | DISP.COURT TRIAL |
| Last Disposition Date: | 9/29/2005 |
| Prayer Amount: | $ 50,000.00 |

### SERVICE

| Party Role | Name | Service | Date | Response | Date |
|---|---|---|---|---|---|
| P(1) | COMPLIENT CORPORATION | N/A | | N/A | |
| D(1) | DONALD C. HUTCHINS | SUMS COMPLAINT SPECIAL PROCESS SERVER | 08/27/2004 | | |
| D(1) | DONALD C. HUTCHINS | SUMS COMPLAINT CERTIFIED MAIL | 08/30/2004 | COMP ON OTHER | 09/02/2004 |
| D(2) | CPR PROMPT CORPROATION | SUMS COMPLAINT SPECIAL PROCESS SERVER | 08/27/2004 | | |
| D(2) | CPR PROMPT CORPROATION | SUMS COMPLAINT CERTIFIED MAIL | 08/30/2004 | COMP ON OTHER | 09/02/2004 |

### PARTIES

| PLAINTIFF(1) | COMPLIENT CORPORATION<br>4670 RICHMOND ROAD<br>WARRENSVILLE HTS, OH 44128-0000 | ATTORNEY | COLLEEN MORAN O'NEIL (0066576)<br>1400 MCDONALD INVESTMENT CTR.<br>800 SUPERIOR<br>CLEVELAND, OH 44114-0000 |
|---|---|---|---|

|  |  | Ph: 216-622-8530 |
|---|---|---|
|  |  | Answer filed: N/A |
|  | ATTORNEY | WILLIAM E COUGHLIN (0010874) |
|  |  | 800 SUPERIOR AVENUE, |
|  |  | SUITE 1400 |
|  |  | CLEVELAND, OH 44114-0000 |
|  |  | Ph: 216-622-8200 |
|  |  | Answer filed: N/A |
| DEFENDANT(1) DONALD C. HUTCHINS | ATTORNEY | PRO SE (9999999) |
| 1047 LONGMEADOW STREET |  | N/A |
| LONGMEADOW, MA 01106-0000 |  | N/A |
|  |  | N/A |
|  |  | Answer filed: N/A |
| DEFENDANT(2) CPR PROMPT CORPROATION |  | N/A |
| 1047 LONGMEADOW STREET |  | N/A |
| LONGMEADOW, MA 01106-0000 |  | N/A |
|  |  | Answer filed: N/A |

## DOCKET

| Date | Side | Type | Docket Description | Image |
|---|---|---|---|---|
| 10/04/2005 | N/A | JE | DEFENDANT'S 9/26/05 MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(1)(2) OF CIVIL PROCEDURE IS DENIED. BOOK 3415 PAGE 0047 10/04/2005 NOTICE ISSUED | N/A |
| 10/04/2005 | N/A | JE | DEFENDANT DONALD C. HUTCHINS MOTION FOR CONTINUANCE, FILED 09/26/2005, IS DENIED. BOOK 3415 PAGE 0064 10/04/2005 NOTICE ISSUED | N/A |
| 09/30/2005 | P1 | OT | P1 COMPLIENT CORPORATION PLTFS MEMORANDUM IN OPPOSITION TO DEFTS MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(1) AND (2). COLLEEN MORAN O'NEIL 0066576 | N/A |
| 09/29/2005 | P1 | CS | COURT REPORTER: RICK HAMSKI...START DATE: 09/27/05...END DATE: 09/27/05...NO.JURORS: NONE LISTED...START DATE: NONE LISTED...END DATE: NONE LISTED...VOL.3412 PG.0781-782 | N/A |
| 09/29/2005 | P | JE | IT IS HEREBY ORDERED, THAT FINAL JUDGMENT BE ENTERED FOR PLTF, COMPLIENT CORPORATION AND AGAINST DEFTS, DONALD C. HUTCHINS AND CPR PROMPT CORP., JOINTLY AND SEVERALLY IN THE AMOUNT OF $178,384.00 IN COMPENSATORY DAMAGES AND $100,000 IN PUNITIVE DAMAGES AND DECLARING THAT THE 7.5% PAYMENT PROVISIONS OF SECTION 3.10 OF THE LICENSE AGREEMENT WAS NOT TRIGGERED BY VIRTUE OF THE ASSET PURCHASE AGREEMENT AMONG CARDIAC SCIENCE, INC., CPR L.P. AND COMPLIENT CORPORATION. COSTS TAXED TO DEFTS. ATTORNEY FEES ARE ALSO AWARDED BUT HAVE NOT BEEN FULLY CALCULATED. A HEARING WILL BE CONDUCTED UPON MOTION OF THE PLTF TO ESTABLISH THAT AMOUNT...OSJ. FINAL VOL.3412 PG.0782 NOTICE ISSUED COURT COST ASSESSED AS DIRECTED. | N/A |
| 09/28/2005 | N/A | CS | COURT REPORTER FEE | N/A |
| 09/27/2005 | N/A | CS | COURT COST ASSESSED DONALD C. HUTCHINS BILL AMOUNT 192.00 PAID AMOUNT 0 AMOUNT DUE 192.00 | N/A |
| 09/26/2005 | D1 | OT | D1 DONALD C. HUTCHINS MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT. PRO SE 9999999 | N/A |

| Date | Party | Type | Description | |
|---|---|---|---|---|
| 09/26/2005 | D1 | MO | D1 DONALD C. HUTCHINS DEFENDANT'S MOTION FOR CONTINUANCE... PRO SE 9999999 10/04/2005 - DENIED | N/A |
| 09/15/2005 | D1 | CM | COMMUNICATION FILED DONALD C. HUTCHINS, PRO SE (WITH ATTACHED COPY OF POST CARD) | N/A |
| 08/24/2005 | P | JE | PLTF COMPLIENT CORP. MTN FOR S.J. AS TO DEFT DONALD C. HUTCHINS FIELD 6/11/05 IS GRTD. ON THE GROUNDS OF RES JUDICATA AND THE LIC. AGREEMENT AND THE ASSET PURCHASE AGREEMENT. HRG. SET ON ISSUE OF DAMAGES ON 9/27/05 AT 1:30PMDIS. W/PREJ....FINAL..VOL 3391 PG 45. NOTICE ISSUED. COURT COST ASSESSED AS DIRECTED. | N/A |
| 07/22/2005 | D1 | AN | D1 DONALD C. HUTCHINS DEFT'S ANSWER TO PLTF'S. MOTION FOR SUMMARY JUDGMT. PURSUANT TO RULE 56 OF THE OHIO RULES OF CIV. PROCEDURE............FILED. PRO SE 9999999 | N/A |
| 07/11/2005 | P1 | MO | P1 COMPLIENT CORPORATION MOTION FOR SUMMARY JUDGMENT AS TO DEFT. DONALD C. HUTCHINS COLLEEN MORAN O'NEIL 0066576 09/05/2005 - UNKNOWN | N/A |
| 05/26/2005 | N/A | JE | PRE-TRIAL HELD ON 05/25/2005. COUNSEL FOR PLAINTIFF AND DEFENDANT PRESENT PRO SE. DISCOVERY IN PROGRESS. DISPOSITIVE MOTIONS SHALL BE FILED ON OR BEFORE 7/10/05. RESPONSES PER RULE. JURY TRIAL SET FOR 12/12/2005 AT 09:00 AM. FULL JURY INSTRUCTIONS AND TRIAL BRIEFS SHALL BE FILED ON OR BEFORE 12/5/05. BOOK 3336 PAGE 0746 05/26/2005 NOTICE ISSUED | N/A |
| 05/03/2005 | N/A | JE | NUNC PRO TUNC. THE COURT'S ORDER OF 3/31/05 SETTING THE PARTIES FOR A PRE-TRIAL ON 5/26/06 IS HEREBY CORRECTED TO READ AS FOLLOWS: PRE-TRIAL SET FOR 5/25/05. HEARING BY PHONE. PLAINTIFF SHALL INITIATE PHONE CONFERENCE AND CONTACT THE COURT AT THE APPOINTED HOUR AT (216)443-5403. BOOK 3321 PAGE 0768 05/03/2005 NOTICE ISSUED | N/A |
| 04/06/2005 | N/A | JE | PRE-TRIAL SET FOR 05/25/2005 AT 09:00 AM. VIA TELEPHONE. PLAINTIFF SHALL INITIATE PHONE CONFERENCE AND CONTACT THE COURT AT THE APPOINTED HOUR AT (216)443-5403. BOOK 3305 PAGE 0389 04/06/2005 NOTICE ISSUED | N/A |
| 03/31/2005 | N/A | JE | PRE-TRIAL HELD ON 03/29/2005. COUNSEL FOR PLAINTIFF AND DEFENDNAT HUTCHINS PRESENT PRO SE. DISCOVERY SHALL BE COMPLETE ON OR BEFORE 5/26/05. PRETRIAL SET FOR 05/26/2006 AT 09:00 AM. VIA TELEPHONE. PLAINTIFF SHALL INITIATE PHONE CONFERENCE AND CONTACT THE COURT AT THE APPOINTED HOUR AT (216)443-5403. BOOK 3301 PAGE 0967 03/31/2005 NOTICE ISSUED | N/A |
| 02/03/2005 | N/A | JE | D2 CPR PROMPT CORPROATION DEFENDANT'S MOTION TODISQUALIFY ATTY'S EMPLOYED BY THE LAW FIRM OF CALFEE, HALTER AND GRISWOLD LLP, TO REPRESENT PLAINTIFF FILED 01/21/2005, IS DENIED. BOOK 3265 PAGE 0369 02/03/2005 NOTICE ISSUED | N/A |
| 01/31/2005 | P1 | OT | P1 COMPLIENT CORPORATION MEMORANDUM IN OPPOSITION TO DEFT'S. MOTION TO DISQUALIFY CALFEE, HALTER & GRISWOLD.........FILED. COLLEEN MORAN O'NEIL 0066576 | N/A |
| 01/26/2005 | P | JE | JDGMNT ENTRY...WHEREFORE, THIS COURT HEREBY GRANTS PLTF COMPLIENT CORPORATION'S MTN FOR DEF. JDGMNT AGAINST CPR-PROMPT CORPORATION. IT IS THE ORDER OF THIS COURT THAT A DELCARATORY JDGMNT IS ENTERED AS FOLLOWS:...OSJ PARTIAL..VOL 3260 PGS 80-81. NOTICE ISSUED. | N/A |
| 01/26/2005 | N/A | JE | CASE MGMNT CONFERENCE HELD ON 01/25/2005. COUNSEL FOR PLAINTIFF AND DEFENDANT HUTCHINS PRESENT, PRO SE. PRETRIAL SET FOR 03/29/2005 AT 09:00 AM. VIA TELEPHONE. PLAINTIFF SHALL INITIATE PHONE CONFERENCE AND CONTACT THE COURT AT THE APPOINTED HOUR AT (216)443-5403. BOOK 3260 PAGE 0257 01/26/2005 NOTICE ISSUED | N/A |

| Date | Party | Type | Description | |
|---|---|---|---|---|
| 01/21/2005 | D2 | MO | D2 CPR PROMPT CORPROATION DEFENDANT'S MOTION TO DISQUALIFY ATTY'S EMPLOYED BY THE LAW FIRM OF CALFEE, HALTER AND GRISWOLD LLP, TO REPRESENT PLAINTIFF PRO SE 9999999 02/03/2005 - DENIED | N/A |
| 12/17/2004 | N/A | JE | P1 COMPLIENT CORPORATION MOTION TO STRIKE DEFT CPR PROMPTS PURPORTED ANSWER TO THE COMPLAINT AND MOTION FOR SANCTIONS FILED 11/24/2004, IS GRANTED IN PART. PLAINTIFF'S MOTION TO STRIKE IS GRANTED. BOOK 3238 PAGE 0727 12/17/2004 NOTICE ISSUED | N/A |
| 12/14/2004 | N/A | JE | D1 DONALD C. HUTCHINS DEFENDANT'S MOTION FOR CONTINUANCE FILED 12/03/2004, IS GRANTED. BOOK 3236 PAGE 0271 12/14/2004 NOTICE ISSUED | N/A |
| 12/09/2004 | P1 | BR | P1 COMPLIENT CORPORATION PLTF. BRIEF IN OPPOSITION TO DEFT. MOTIN FOR CONTINUANCE. COLLEEN MORAN O'NEIL 0066576 | N/A |
| 12/08/2004 | N/A | SC | DEFAULT HEARING SET FOR 01/25/2005 AT 09:00 AM. (Notice Sent). | N/A |
| 12/08/2004 | N/A | SC | DEFAULT HEARING SCHEDULED FOR 12/15/2004 AT 09:45 AM IS CANCELLED. (NOTICE SENT) | N/A |
| 12/06/2004 | P1 | OT | P1 COMPLIENT CORPORATION REPLY TO COUNTERCLAIM OF DEFT DONALD C HUTCHINS.. COLLEEN MORAN O'NEIL 0066576 | N/A |
| 12/03/2004 | D1 | MO | D1 DONALD C. HUTCHINS DEFENDANT'S MOTION FOR CONTINUANCE PRO SE 9999999 12/14/2004 - GRANTED | N/A |
| 11/24/2004 | P1 | MO | P1 COMPLIENT CORPORATION MOTION TO STRIKE DEFT CPR PROMPTS PURPORTED ANSWER TO THE COMPLAINT AND MOTION FOR SANCTIONS COLLEEN MORAN O'NEIL 0066576 12/17/2004 - GRANTED IN PART | N/A |
| 11/18/2004 | D1 | AN | D1 DONALD C. HUTCHINS ANSWER AND AFFIRMATIVE DEFENSES TO PLTFS COMPLAINT AND COUNTERCLAIMS.. PRO SE 9999999 | N/A |
| 11/08/2004 | D2 | AN | D2 CPR PROMPT CORPROATION CPR PROMPT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLTFS COMPLAINT. PRO SE 9999999 | N/A |
| 10/22/2004 | N/A | JE | DEFAULT HEARING SET FOR 12/15/2004 AT 09:45 AM. PLAINTIFF TO NOTIFY DEFT OF HEARING DATE AND PRESENT PROOF OF SERVICE, EVIDENCE, WITNESSES AND PREPARED JOURNAL ENTRY AT TIME OF HEARING. SHOULD DEFT ANSWER PRIOR TO HEARING DATE, A CMC WILL BE CONDUCTED AT THAT TIME. BOOK 3206 PAGE 0440 10/22/2004 NOTICE ISSUED | N/A |
| 10/07/2004 | P1 | MO | P1 COMPLIENT CORPORATION MOTION FOR DEFAULT JUDGMENT AGAINST DEFT CPR PROMPT CORPORATION. COLLEEN MORAN O'NEIL 0066576 11/08/2004 - DENIED AS MOOT | N/A |
| 10/06/2004 | N/A | JE | DEFENDANT DONALD C. HUTCHINS DEFT. MOTION TO DISMISS FILED 09/27/2004, IS DENIED. DEFENDANT CPR'S MOTION TO DISMISS FILED 9/27/04 IS DENIED AT THIS TIME. DEFENDANT CPR, A CORPORATION MUST BE REPRESENTED BY A LICENSED ATTORNEY. BOOK 3197 PAGE 552 10/06/2004 NOTICE ISSUED | N/A |
| 10/04/2004 | P1 | OT | P1 COMPLIENT CORPORATION MEMORANDUM IN OPPOSITION TO DEFT. DONALD C. HUTCHINS' MOTION TO DISMISS. COLLEEN MORAN O'NEIL 0066576 | N/A |
| 10/04/2004 | P1 | OT | P1 COMPLIENT CORPORATION MEMORANDUM IN OPPOSITION TO DEFT. CPR PROMPT'S MOTION TO DISMISS. COLLEEN MORAN O'NEIL 0066576 | N/A |
| 09/27/2004 | D2 | OT | D2 CPR PROMPT CORPROATION DEFT. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS. PRO SE 9999999 | N/A |
| 09/27/2004 | D2 | MO | D2 CPR PROMPT CORPROATION DEFT. MOTION TO DISMISS PRO SE 9999999 10/26/2004 - GRANTED | N/A |
| 09/27/2004 | D1 | OT | D1 DONALD C. HUTCHINS DEFT MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS. PRO SE 9999999 | N/A |

| Date | Party | Type | Description | |
|---|---|---|---|---|
| 09/27/2004 | D1 | MO | D1 DONALD C. HUTCHINS DEFT. MOTION TO DISMISS PRO SE 9999999 10/06/2004 - DENIED | N/A |
| 09/17/2004 | D2 | SR | CERTIFIED MAIL RECEIPT NO. 5390376 RETURNED BY U.S. MAIL DEPARTMENT 09/07/2004 CPR PROMPT CORPROATION MAIL RECEIVED AT ADDRESS 09/02/2004 SIGNED BY OTHER. | N/A |
| 09/17/2004 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 5390375 RETURNED BY U.S. MAIL DEPARTMENT 09/07/2004 HUTCHINS/DONALD/C. MAIL RECEIVED AT ADDRESS 09/02/2004 SIGNED BY OTHER. | N/A |
| 08/30/2004 | D2 | SR | SUMS COMPLAINT(5390376) SENT BY CERTIFIED MAIL. TO: CPR PROMPT CORPROATION 1047 LONGMEADOW STREET LONGMEADOW, MA 01106-0000 | N/A |
| 08/30/2004 | D1 | SR | SUMS COMPLAINT(5390375) SENT BY CERTIFIED MAIL. TO: DONALD C. HUTCHINS 1047 LONGMEADOW STREET LONGMEADOW, MA 01106-0000 | N/A |
| 08/27/2004 | P | JE | ORDER. HAVING CONSIDERED PLTF'S MTN FOR APPOINTMENT OF A PROCESS SERVER, THIS COURT GRANTS PLTF'S MTN AND APPOINTS HAMPDEN COUNTY DEPUTY SHERIFF, 1170 MAIN STREET, SPRINGFIELD, MA 01103 AS PLTF'S PROCESS SERVER IN THIS CASE....THAT PLTF'S MTN IS GRANTED. IT IS SO ORDERED..OSJ VOL 3176 PGS 346-347. NOTICE ISSUED. | N/A |
| 08/27/2004 | P1 | MO | PLAINTIFF'S MOTION TO APPOINT PROCESS SERVER FILED.... 08/27/2004 - GRANTED | N/A |
| 08/27/2004 | P1 | SR | COMPLAINT FILED. SERVICE REQUEST - SUMMONS BY PROCESS SERVER AND CERTIFIED MAIL TO THE DEFENDANT(S).. | N/A |
| 08/27/2004 | D1 | SR | SUMS COMPLAINT(5390380) SENT BY SPECIAL PROCESS SERVER. TO: DONALD C. HUTCHINS 1047 LONGMEADOW STREET LONGMEADOW, MA 01106-0000 | N/A |
| 08/27/2004 | D2 | SR | SUMS COMPLAINT(5390379) SENT BY SPECIAL PROCESS SERVER. TO: CPR PROMPT CORPROATION 1047 LONGMEADOW STREET LONGMEADOW, MA 01106-0000 | N/A |
| 08/27/2004 | D1 | CS | WRIT FEE | N/A |
| 08/27/2004 | D2 | CS | WRIT FEE | N/A |
| 08/27/2004 | D2 | CS | WRIT FEE | N/A |
| 08/27/2004 | D1 | CS | WRIT FEE | N/A |
| 08/27/2004 | N/A | SF | JUDGE EILEEN A GALLAGHER ASSIGNED (RANDOM) | N/A |
| 08/27/2004 | P1 | SF | LEGAL RESEARCH | N/A |
| 08/27/2004 | P1 | SF | LEGAL NEWS | N/A |
| 08/27/2004 | P1 | SF | LEGAL AID | N/A |
| 08/27/2004 | P1 | SF | COMPUTER FEE | N/A |
| 08/27/2004 | P1 | SF | CLERK'S FEE | N/A |
| 08/27/2004 | P1 | SF | DEPOSIT AMOUNT PAID CALFEE HALTER & GRISWOLD | N/A |
| 08/27/2004 | N/A | SF | CASE FILED | N/A |

## COSTS

| Account | Amount |
|---|---|
| CLERK'S FEES | $ 178.15 |
| COMPUTER FEES | $ 10.00 |
| COURT REPORTER - CRIMINAL | $ 25.00 |
| LEGAL RESEARCH - CIVIL | $ 3.00 |
| LEGAL AID | $ 14.85 |

| LEGAL NEWS | $ 10.00 |
|---|---|
| TOTAL COST | $ 241.00 |

CMSW512

Print Page | Close Window | Disclaimers

Information on this Web site is updated every 30 minutes. Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please contact cpdock@cuyahogacounty.us

# EXHIBIT #2

Case 3:04-cv-30126-MAP   Document 106   Filed 10/17/2005   Page 16 of 18

FILED

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2004 AUG 27  A 10: 41

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

| | | |
|---|---|---|
| COMPLIENT CORPORATION<br>4670 Richmond Road<br>Warrensville Heights, Ohio 44128,<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. HUTCHINS<br>1047 Longmeadow Street<br>Longmeadow, Massachusetts 01106,<br><br>and<br><br>CPR PROMPT CORPORATION<br>1047 Longmeadow Street<br>Longmeadow, Massachusetts 01106<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO:<br><br>JUDGE<br><br><br>Judge: EILEEN A GALLAGHER<br><br>CV 04 540066<br><br><br><br><u>COMPLAINT</u> |

Plaintiff, Complient Corporation ("Complient), for its Complaint against Defendants, Donald C. Hutchins ("Hutchins") and CPR Prompt Corporation ("CPR Prompt") (collectively "Defendants"), states as follows:

1. On or about June 1, 1994, Defendants entered into a License Agreement with County Line Limited Partnership ("County Line"). County Line, in keeping with the terms of the License Agreement, subsequently transferred its interests in the License Agreement to an Affiliate of County Line, CPR L.P. As explained below, in time, Complient became the general partner of CPR L.P. A copy of the License Agreement is attached hereto as Exhibit A.

{CM01740.DOC;2}

2. Section 3.10 of the License Agreement, among other things, entitles Defendants to 7.5% of the net proceeds of the sale of the partnership interests in CPR L.P. to a third party if and when such a sale occurs. To date, no such sale has occurred. Nonetheless, Defendants have repeatedly and incorrectly claimed that such a sale has occurred, have repeatedly and wrongfully attempted to terminate the License Agreement and, significantly, have repeatedly instituted frivolous and vexatious litigation in an effort to extort the payment contemplated by Section 3.10 of the License Agreement from Complient. The correct interpretation of Section 3.10 of the License Agreement was previously litigated before this Court wherein Defendants' untenable interpretation of this provision was rejected and judgment was entered against them.

3. In June of 2004, Hutchins, once again, instituted a frivolous and unfounded litigation in the United States District Court for the District of Massachusetts (the "Massachusetts District Court") wherein Hutchins claims entitlement to the 7.5% payment contemplated by Section 3.10 of the License Agreement, despite the fact that he is admittedly aware no such payment is due and despite the prior judgment against him. The subject Complaint is occasioned by this abusive and tortious conduct by Hutchins for which Complient is entitled to relief.

4. Complient stands to incur extensive economic damage as a result of Defendants' wrongful conduct. Specifically, as a result of Hutchins' baseless claims, Complient may be prevented from redeeming certain shares of common stock of Cardiac Science to which, as explained below, Complient is entitled by contract. A delay in Complient's ability to redeem this stock may result in significant economic damages due to the possibility of a decline in the stock's value.