# EXHIBIT #4

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

COMPLIENT CORPORATION            )       CASE NO: CV04540066
4670 Richmond Road               )
Warrensville Heights, Ohio 44128 )
                                 )       JUDGE: EILEEN A GALLAGHER
            Plaintiff,           )
                                 )
    v.                           )
                                 )
Donald C. Hutchins               )
1047 Longmeadow Street           )
Longmeadow, Massachusetts 01106  )
                                 )
            Defendant            )

## DONALD C. HUTCHINS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant, Donald C. Hutchins, pro se, answers Plaintiff Complient

Corporation's Complaint as follows:

Donald C. Hutchins ("Hutchins") denies each and every allegation, matter, and

thing contained in said Complaint, except that which is hereinafter specificallly admitted,

qualified, or otherwise pleaded.

## ANSWER TO COMPLAINT

1.    Donald C. Hutchins is without sufficient knowledge and information to

form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's

Complaint, and therefore denies same.

2.     Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore denies same.

3.     Donald C. Hutchins admits that in June of 2004 he instituted patent infringement litigation against the Cardiac Science Corporation in the United States District Court for the District of Massachusetts, but denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5.     Donald C. Hutchins admits that Complient is a Delaware Corporation, but denies that Complient is continuing to do business as an ongoing concern in Ohio.

6.     Donald C. Hutchins admits that he resides in Longmeadow, Massachusetts.

7.     Donald C. Hutchins admits that CPR Prompt is a Massachusetts corporation that is no longer an active business.  The CPR Prompt Corporation archives its records at the home of Donald C. Hutchins who serves as its Massachusetts agent.

8.     Donald C. Hutchins denies each an every allegation found in paragraph 8 of Plaintiff's Complaint

9.     Donald C. Hutchins admits that he is owner of U.S. Patent No. 34,800, but objects to the remaining allegations contained in paragraph 9 of Plaintiff's Complaint as an attempt to mislead the Court.

10.     Donald C. Hutchins denies the allegations found in paragraph 10 of the Plaintiff's Complaint as distortions of the truth.

11.     Donald C. Hutchins denies the allegations found in paragraph 11 of the Plaintiff's Complaint as distortions of the truth.

12.     Donald C. Hutchins is without sufficient knowledge and information to form a belief as the truth of allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.     Donald C. Hutchins denies the allegations found in paragraph 13 of the Plaintiff's Complaint as distortions of the truth.

14.     Donald C. Hutchins denies the allegations found in paragraph 14 of the Plaintiff's Complaint as distortions of the truth.

15.     Donald C. Hutchins denies the allegations found in paragraph 15 of the Plaintiff's Complaint as distortions of the truth.

16.     Donald C. Hutchins admits that he filed a RICO Action against Jon Lindseth, Steven Lindseth, and a number of investors in County Line Limited in June of 2001. In a Motion for Dismissal the Defendants asked that the Action be dismissed and that the case be moved to federal court in Ohio. The Massachusetts District Court allowed the dismissal on grounds of personal jurisdiction and acknowledged that the action could be moved to the District Court of Northern Ohio. Hutchins denies all the other allegations found in paragraph 16 of Plaintiff's Complaint.

17.     Donald C. Hutchins admits that the Massachusetts District dismissed his RICO action for lack of personal jurisdiction when evidence of personal jurisdiction of

3

the defendants was presented to the Court after a week past the deadline for such submission.

18.     Donald C. Hutchins admits that CPR L.P. filed an action with the AAA on February 5, 2001 as alleged in paragraph 18. After 21 months the arbitrators met and posed questions to the attorneys representing the Complient Corporation and the bogus CPR L.P. partnership. When the questions from the arbitrators placed the CPR L.P. position in jeopardy, CPR L.P. abandoned the arbitration. The arbitrators did not uphold the interpretation of Section 3.10 the License Agreement for which CPR L.P. sought resolution.

19.     Donald C. Hutchins admits that he sued the AAA in the Massachusetts District Court on July 18, 2003 to prevent from collecting unsubstantiated fees and for damages for mishandling. The Court forced the AAA to drop the collection of these fees. The damage claims were dismissed on grounds of "arbitral immunity". The appeal cited by the Plaintiff in paragraph 19 is to decide if negligence by the AAA staff has the protection to absolute "arbitral immunity" as that granted to the arbitrators.

20.     Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint because County Line Limited and its successors have not communicated with Hutchins as required under terms of the June 1, 1994 License Agreement.

21.     Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint because County Line Limited and its successors have not communicated with Hutchins as required under terms of the June 1, 1994 License Agreement..

22.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint because County Line Limited and its successors have not communicated with Hutchins as required under terms of the June 1, 1994 License Agreement..

23.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint because County Line Limited and its successors have not communicated with Hutchins as required under terms of the June 1, 1994 License Agreement..

24.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint because County Line Limited and its successors have not communicated with Hutchins as required under terms of the June 1, 1994 License Agreement..

25.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint because County Line Limited and its successors have not communicated with Hutchins as required under terms of the June 1, 1994 License Agreement.

26.    Donald C. Hutchins admits that on July 2, 2004 he filed an action captioned Hutchins v. Cardiac Science, Case No. CV-30126 in the Massachusetts District Court.

27.    Donald C. Hutchins denies the allegations found in paragraph 27 of the Plaintiff's Complaint as distortions of the truth.

28.    Donald C. Hutchins denies the allegations found in paragraph 28 of the Plaintiff's Complaint as distortions of the truth.

5

29.    Donald C. Hutchins denies the allegations found in paragraph 29 of the Plaintiff's Complaint as distortions of the truth.

30.    Donald C. Hutchins denies the allegations found in paragraph 30 of the Plaintiff's Complaint as distortions of the truth.

31.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore denies same.

## COUNT I

32.    Donald C. Hutchins restates and incorporates by reference each of its previous responses to paragraphs 1-31.

33.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore denies same.

34.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint, and therefore denies same.

35.    Donald C. Hutchins denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.    Donald C. Hutchins denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.    Donald C. Hutchins denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.    Donald C. Hutchins denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

## COUNT II

39.    Donald C. Hutchins restates and incorporates by reference each of its previous responses to paragraphs 1-38.

40.    Donald C. Hutchins admits that on July 2, 2004 he filed a Complaint in the Massachusetts District Court captioned Hutchins v. Cardiac Science, Case No. CV-30126.

41.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint. If true, Cardiac Science's demand for indemnity appears to be both legal and prudent

42.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint, and therefore denies same.

43.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    Donald C. Hutchins admits that the value of the 7.5 % of the Cardiac Science stock constitutes a value of $3,325,000 as is alleged by the Plaintiff in paragraph 44 of the Complaint.

45.    Donald C. Hutchins denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.    Donald C. Hutchins denies the allegation contained in paragraph 46 of Plaintiff's Complaint.

47.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint, and therefore denies same.  Hutchins admits that by filing the Complaint in Hutchins v. Cardiac Science he expects that the APA escrow works as designed and that, "the Cardiac Science common stock held in escrow . . . may not be transferred to Complient" pending a judgement in the case.

48.    Donald C. Hutchins denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.    Donald C. Hutchins is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint, and therefore denies same.

## COUNT III

50.    Donald C. Hutchins restates and incorporates by reference each of its previous responses to paragraphs 1-49.

51.    Donald C. Hutchins denies the allegations found in paragraph 51of the Plaintiff's Complaint as distortions of the truth.

52.    Donald C. Hutchins denies the allegations found in paragraph 52 of the Plaintiff's Complaint which are designed to deceive the Court.

53.    Donald C. Hutchins denies the allegations found in paragraph 53 of the Plaintiff's Complaint because CPR L.P. is a bogus entity created by Steven Lindseth.

CPR L.P. has no business location in Ohio, has never communicated with Hutchins and offers Hutchins no avenue or legal address to receive communications.

54.    Donald C. Hutchins denies the allegations found in paragraph 54 of the Plaintiff's Complaint.

55.    Donald C. Hutchins admits the allegations found in paragraph 55 of the Plaintiff's Complaint which state that, "the 7.5% payment provision of Section 3.10 of the License Agreement was triggered by virtue of the APA among Complient, CPR L.P. and Cardiac Science.

56.    Donald C. Hutchins denies the allegations found in paragraph 56 of the Plaintiff's Complaint.

57.    Donald C. Hutchins denies the allegations found in paragraph 57 of the Plaintiff's Complaint and opposes the judgement called for by the Plaintiff in paragraph 57.

58.    Donald C. Hutchins denies the allegations found in paragraph 58 of the Plaintiff's Complaint.

59.    Donald C. Hutchins denies the allegations found in paragraph 59 of the Plaintiff's Complaint and Donald C. Hutchins denies that Plaintiff is entitled to the relief sought in the prayer for relief in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Donald C. Hutchins asserts the following defenses and affirmative defenses.

60.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

61.    Donald C. Hutchins is owner of the intellectual properties addressed by the June 1, 1994 License Agreement with County Line Limited. Hutchins has not authorized Cardiac Science the use of these properties. Hutchins has not granted a license, or sublicense, or sold these assets to Cardiac Science for the sale or manufacture of these properties.

62.    The Complient Corporation nor any other entity associated with the June 1, 1994 License Agreement contacted Donald C. Hutchins or the CPR Prompt Corporation in compliance with terms of the Agreement to announce the asset sale or sub-license to anyone including the Cardiac Science Corporation.

63.    The Complient Corporation has failed to pay royalty checks or furnish the required reports to Donald C. Hutchins since September of 2003.

64.    Donald C. Hutchins has not breached any of the terms of the June 1, 1994 License Agreement.

65.    Plaintiff's claims are barred in whole or in part by the doctrines of license, fair use, acquiescence, abandonment, estoppel, waiver, payment, release and/or laches.

66.    Donald C. Hutchins reserves the right to rely on additional defenses to the extent that such defenses are supported by information developed through discovery or at trial.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Defendant/Counterclaimant Donald C. Hutchins states and alleges as follows:

## PARTIES

67.    Donald C. Hutchins is an individual residing at 1047 Longmeadow Street, Longmeadow, Massachusetts.

68.    Upon information and belief, Plaintiff Complient Corporation is a Delaware corporation that abandoned its workforce and place of business in Ohio as part of the asset sale to Cardiac Science.

## JURISDICTION AND VENUE

69.    Subject matter jurisdiction is based on 28 U.S.C. ¶1332, as there is diversity between the parties to these Counterclaims, and Donald C. Hutchins' Counterclaims against Plaintiff Complient Corporation exceed the sum or value of $75,000, exclusive of interest and costs.  This case should be removed and enjoined with Case No. CV-30126 in the Massachusetts District Court.

70.    Donald C. Hutchins denies Plaintiff's accusations and further, thereby creating an actual controversy between the parties.  As Plaintiff has alleged in paragraphs 26 through 31, the Massachusetts District Court has accepted jurisdiction to resolve these matters in Case No. CV-30126 pursuant to 28 U.S.C. ¶¶1338(a) and 1367, and Fed.R.Civ.P.13

## COUNT I
## BREACH OF CONTRACT

71.    Donald C. Hutchins realleges paragraphs 67-70 as though set forth herein

72.     Donald C. Hutchins and the Complient Corporation as successor to County Line Limited are both parties to the June 1, 1994 License Agreement.

73.     Plaintiff admits its Complaint that it is aware of the terms of the June 1, 1994 License Agreement.

74.     The June 1, 1994 License Agreement carries specific instructions for the parties with regard to: Dispute resolution through the AAA; Abandonment of registrations and patents; Notification or transfer of intellectual properties; Sub-licensing; Payment of royalties; Quarterly reports; Return of properties to patent owner; Transfer of license between affiliated parties; Sale of License to foreign entities.

75.     Plaintiff Complient Corporation has never provided written notice of the transfer of assets to Cardiac Science to Donald C. Hutchins.

76.     As we have learned during the Enron scandal, the partnership CPR L.P. established by Steven Lindseth is not an independent entity. CPR L.P. can not operate independently from Complient because under accounting and legal standards ownership by the Complient Corporation is 99%. This exceeds the 97%. limit required for an entity to claim independence.

77.     Since September of 2003, the Complient Corporation has paid no royalties or sent any quarterly reports to Hutchins breaching the June 1, 1994 Agreement.

78.     Since September of 2003 the Complient Corporation has paid no patent license fees as required by the June 1, 1994 Agreement.

79.     The Complient Corporation has not paid the $10,000 minimum royalty payment to Hutchins breaching the June 1, 1994 Agreement.

80.    The Complient Corporation has never provided Hutchins with written notice that it intended to close its Cleveland office and suspend its sales of Hutchins' licensed products in breach of the June 1, 1994 Contract.

81.    The Complient Corporation as successor to County Line Limited did not notify Hutchins of the existence and terms of the APA among Cardiac Science and Complient and the illegal transfer of Hutchins properties to Cardiac Science either prior to, during or after October of 2003 thereby breaching the June 1, 1994 Agreement.

82.    Steven Lindseth and Complient are well aware that Section 3.10 of the June 1, 1994 Agreement entitles Hutchins to 7.5% of the return upon divestiture to a non-affiliated party.

83.    Reports filed with the Security and Exchange Commission indicate that Cardiac Science paid a $47,000,000 acquisition price to the Complient Corporation. As a result Hutchins is due 7-1/2% of the proceeds, which equals $3,525,000.

84.    As a result of this breach, Donald C. Hutchins has suffered damages in excess of $3,525,000.

## JURY DEMAND

85.    Pursuant to Fed.R.Civ.P.38(a), Donald C. Hutchins requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Donald C. Hutchins prays that judgment be entered in his favor as follows:

A.    Dismiss Plaintiff's Complaint with prejudice;

B.     Enter judgment sustaining Donald C. Hutchins' affirmative defenses and

defenses;

C.     On Count I of the Counterclaims, judgment in Donald C. Hutchins' favor

for damages against the Complient Corporation in excess of the

$3,525,000 due him from the Cardiac Science acquisition;

D.     A judgment awarding damages to Donald C. Hutchins for his costs,

disbursements, and attorneys' fees incurred in prosecuting this action with

interest;

E.     Such other relief as this Court and/or jury deem just and proper.

Respectfully submitted,

DONALD C. HUTCHINS, pro se

Dated:  11/11/04

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)


## CERTIFICATE OF SERVICE

I, Richard J. Moriarty, 43 Greenacre Avenue, Longmeadow, Massachusetts 01106,
hereby certify that I served a copy of the foregoing on the appropriate party by mailing a copy of
the same to William E. Coughlin, Esq., Calfee, Halter & Griswold, LLP, 1400 McDonald
Investment Center, 800 Superior Avenue, Cleveland, Ohio 44114.

Dated:  11/11/04

Richard J. Moriarty

14

# EXHIBIT #5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| COMPLIENT CORPORATION<br>4670 Richmond Road<br>Warrensville Heights, Ohio 44128<br><br>Plaintiff,<br><br>v.<br><br>Donald C. Hutchins<br>1047 Longmeadow Street<br>Longmeadow, Massachusetts 01106<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: CV04540066<br><br>JUDGE:  EILEEN A GALLAGHER |

## DEFENDANT'S  ANSWER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE

### INTRODUCTION

Defendant Donald C. Hutchins, ("Hutchins") moves this Court to deny Summary Judgment on every claim brought by Plaintiff, and for Summary Judgment on every Declaratory Judgment claim brought against Defendant by Plaintiff, Complient Corporation ("Complient") on grounds that:

1.    Plaintiff's Motion for Summary Judgment must fail because the facts show that Complient has not met the standards of Rule 56 because there continue to be genuine issues to be tried.

2.    Plaintiff's Motion for Summary Judgment must fail because the facts show that the Affidavit of Steven Lindseth is misleading and contains errors of fact would be corrected through cross-examination.

3.    Plaintiff's Motion for Summary Judgment must fail because the facts show that Cardiac Science's two Requests for Indemnification shown as Plaintiff's Exhibit 4 substantiate Hutchins' Counterclaims in the Action.

4.    Plaintiff's Motion for Summary Judgment must fail because the facts contained in Plaintiff's Exhibit 4 show that Complient paid

indemnification to Cardiac Science, as a result of Complient's failure to compensate Mr. Hutchins per the CPR Prompt License.

5.    Plaintiff's Motion for Summary Judgment must fail because the facts show that the Massachusetts District Court Case <u>Hutchins v. Cardiac Science</u>, Civil Action 04-30126-MAP to which the Complient Corporation has been added, is ongoing.

6.    Plaintiff's Motion for Summary Judgment must fail because the facts show *Res Judicata* does not apply.

## MATERIAL FACTS

Pursuant to Rule 56, the following is a concise statement of the material facts of record as to which there are genuine issues to be tried:

Plaintiff filed this action against Donald C. Hutchins, a resident of Massachusetts, in the Ohio Courts on August 27, 2004 claiming amounts of total damages under $75,000 to avoid federal court knowing that Hutchins would be at an extreme financial disadvantage in providing himself with a defense. Hutchins traveled 900 miles to a Hearing in Cleveland held January 25, 2005. At this Hearing Judge Eileen Gallagher told Hutchins that future Hearings could be held by phone conference. She also assured Hutchins that the lack of counsel for the CPR Prompt Corporation would not be used against him personally in the form of *Res Judicata* because the two actions were not the same.

Upon learning the resolution of the meaning of paragraph 3.10 of the License Agreement would be decided by Civil Action 04-30126-MAP with all the parties and evidence present, Judge Gallagher agreed that her decision would reflect the outcome in federal court. In two telephone-based Hearings held since January 25th Judge Gallagher has adhered to this commitment.

A pre-trial Hearing of May 25, 2005 scheduled jury trial for December 12, 2005 in consideration of Plaintiff's counsel's maternity leave. Triable issues remain that can only be resolved through Civil Action 04-30126-MAP. There is no reason for this rush to judgment.

## LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Rule 56 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried.

## CONCLUSION

For the reasons set forth above Defendant respectfully submits that the Plaintiff Complient Corporation, is not entitled to Summary Judgment on any claims at issue, as a matter of law because there are genuine issues to be tried.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: July 21, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by mailing a copy of the same to William E. Coughlin, Esq., Calfee, Halter & Griswold, LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, Ohio 44114.

Dated: 7/21/05

Donald C. Hutchins

# EXHIBIT #6