UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS <br><br> Plaintiff <br><br> v. <br><br> CARDIAC SCIENCE, INC. <br> and <br> COMPLIENT CORPORATION <br><br> Defendants | Civil Action: **04-30126-MAP** |

## PLAINTIFF'S MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)(3) AND LOCAL RULES 7.1(2) AND 7.3(B)

Plaintiff, Donald C. Hutchins ("Hutchins") hereby respectfully moves this Court pursuant to rule 60(b)(3) of the Federal Rules of Civil Procedure for Relief from Order entered September 28, 2005 denying Plaintiff's Emergency Motion for a Temporary Restraining Order. A Memorandum pursuant to Rule 60(b)(3) and the sworn Affidavit of Donald C. Hutchins accompany this Motion.

The Plaintiff, DONALD C. HUTCHINS, Pro Se

Dated: October 20, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625
(413) 739-4060 (facsimile)

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>) Civil Action: **04-30126-MAP**<br>vi. )<br>)<br>CARDIAC SCIENCE, INC. )<br>and )<br>COMPLIENT CORPORATION )<br>)<br>Defendants )<br>) | |

### PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND MEMORANDUM PURSUANT TO RULE 60(b)(3) OF CIVIL PROCEDURE AND LOCAL RULES 7.1(2) AND 7.3(B)

**I.     RELIEF SHOULD BE GRANTED PURSUANT TO RULE 60 (b)(3)**

Defendant Cardiac Science's Memorandum of Law in Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order is attached herein as Exhibit #1. Attorney Paul H. Rothschild as the representative of Defendant Cardiac Science, Inc submitted this Memorandum in Opposition.

Filings with the Security and Exchange Commission indicate that Cardiac Science, Inc. has been dissolved as a corporation and that it no longer maintains a place of business. Therefore Cardiac Science, Inc. is no longer a person under the law. Attorney Rothschild has deceived the Plaintiff and this Court through the act of submitting this Memorandum of Law in Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order because he attempted to represent a non-person.

2

## II.  DEFENDANT HAS NOT MET THE REQUIREMENTS OF LOCAL RULE 7.1(2)

A party opposing a motion shall file an opposition to the motion within fourteen (14) days after service of the motion. Attorney Paul H. Rothschild has failed in his attempt to file an Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order because Attorney Rothschild has no standing in this action.

## III.  RELIEF SHOULD BE GRANTED PURSUANT TO LOCAL 7.3(B)

A party must promptly supplement its corporate disclosure statement upon any change in the information that the statement requires. The Cardiac Science corporate disclosure statement has never been supplemented to show that the corporation is dissolved and has no place of business.

## IV.  RELIEF SHOULD BE GRANTED PURSUANT TO RULE 60 (b)(3)

The attorneys representing Cardiac Science have perpetuated a fraud designed to deceive the Plaintiff and the Court as a means to relieve Cardiac Science and the Complient Corporation of their responsibilities in Civil Action 04-30126-MAP. Attorney Rothschild has portrayed Cardiac Science as a legal person by not disclosing that his client, Cardiac Science is dissolved and has no place of business.

Attorney Rothschild has compounded this fraudulent act by refusing to disclose that the CPR Prompt® product line, that included Hutchins' licensed properties currently being adjudicated in this court, was discontinued by Cardiac Science in August of 2004. This fact is documented by public documents filed with the SEC as described in the affidavit of Donald C. Hutchins attached as Exhibit #2. For 14 months, while this Court has struggled to resolve these issues, Cardiac Science has hidden the fact that it had discontinued the marketing of Hutchins' patented devices and would not meet its royalty

payment obligations as licensee under terms of the 1994 License Agreement. The attorneys have used their pleadings as a smoke screen to allow Cardiac Science to exhaust Hutchins and to avoid the consequences of the Court's judgments.

## V. CONCLUSION

Plaintiff's Motion for Relief from Order entered September 28, 2005 denying Plaintiff's Emergency Motion for a Temporary Restraining Order should be granted pursuant to rule 60(b)(3) of the Federal Rules of Civil Procedure. Attorney Rothschild has fraudulently disguised Cardiac Science as a legal person and violated local rules 7.1(2) and 7.3(B) as he filed his misleading opposition pleading with this Court.

As Hutchins pursues the successor to Cardiac Science that has acquired Cardiac Science's legal liabilities and contractual obligations along with its assets, he should not be encumbered with an order of this Court that was gained illegally.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated October 20, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis. Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 10/20/05

Donald C. Hutchins

4

# EXHIBIT #1



# BACON & WILSON
— P.C. —

ATTORNEYS AT LAW

MICHAEL S. RATNER
PAUL R. SALVAGE
GARY L. FIALKY
MICHAEL B. KATZ
PAUL H. ROTHSCHILD
STEPHEN N. KREVALIN
HYMAN G. DARLING
MARK J. BEGLANE
GARY G. BRETON
MICHAEL J. COYNE
KENNETH J. ALBANO
RICHARD A. CORBERT
ROBERT S. MURPHY, JR.
PHILIP R. SMITH
FRANCIS R. MIRKIN
DONNA L. WEXLER
MICHELLE M. BEGLEY*
MARTIN C. DUNN*
JULIE A. DIALESSI-LAFLEY*
GINA M. BARRY*
JUSTIN H. DION*
ADAM J. BASCH**, •
BENJAMIN M. COYLE
BRETT A. KAUFMAN
TODD C. RATNER
MARK A. TANNER**

OF COUNSEL
HARLEY M. SACKS**
ELIZABETH A. GINTER
*ADMITTED ALSO IN CT
**ADMITTED ALSO IN NY

RETIRED
JAMES M. SWEENEY

GEORGE A. BACON
(1869-1945)
PETER D. WILSON
(1908-1989)
JUSTIN COHEN
(1913-1987)
JAY A. GABRIEL
(1960-2004)

33 STATE STREET
SPRINGFIELD, MA 01103-2003
FAX (413) 739-7740
TELEPHONE (413) 781-0560

9 CHAPEL STREET
WESTFIELD, MA 01085-3009
FAX (413) 562-0548
TELEPHONE (413) 562-6611

31 TRUMBULL ROAD
NORTHAMPTON, MA 01060-3038
FAX (413) 584-0453
TELEPHONE (413) 584-1287

www.bacon-wilson.com

September 23, 2005

Mr. Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, MA 01106

**RE: Donald C. Hutchins vs. Cardiac Science, Inc.
U.S. District Court Civil Action No. 04-30126 (MAP)**

Dear Mr. Hutchins:

Enclosed herewith please find a copy of Defendant Cardiac Science's Memorandum of Law in Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order, which was electronically filed today with U.S. District Court in connection with the above-referenced matter.

Very truly yours,

Paul H. Rothschild

PHR/mzc
Enclosure
30215.002
409488

cc: John J. Egan, Esq.
Scott G. Ulbrich, Esq.
William E. Coughlin, Esq.
Jeffrey J. Lauderdale, Esq.
Colleen Moran O'Neil, Esq.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

        Plaintiff,

v.

                                    Civil Action No. 04-30126-MAP

CARDIAC SCIENCE, INC.,

        Defendant.

## DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

### INTRODUCTION

In his Emergency Motion for a Temporary Restraining Order, Plaintiff asks this court to order Cardiac Science to meet all the ongoing requirements as Licensee pursuant to the June 1, 1994 License Agreement and to transfer to Plaintiff portions of the common stock and funds received by Cardiac Science from Complient as a result of the Demand for Indemnity. Plaintiff's motion must be denied because Summary Judgment has been entered against him in this action on these very issues and as such Plaintiff lacks standing and cannot meet the criteria for the granting of a temporary restraining order.

### PLAINTIFF HAS ALREADY LOST ON THE MERITS AND LACKS STANDING TO MOVE FOR A TEMPRORARY RESTRAINING ORDER

Plaintiff is asking this court to ignore its Summary Judgment order and force Cardiac Science to pay monies to Plaintiff that are in no way due Plaintiff. On June 23, 2005, this court entered Summary Judgment against Plaintiff on all of the claims Plaintiff asserted against Cardiac Science. On July 19, 2005, this court denied Plaintiff's motion for reconsideration. The

1

Summary Judgment Order is the law of this case and is therefore controlling in subsequent proceedings in this case. Dempsey v. National Enquirer, et al., 702 F.Supp. 927, 929 (D. Mass 1988).

Because Summary Judgment has been granted against Plaintiff, he lacks standing to move for a temporary restraining order. To demonstrate standing, Plaintiff must prove three elements: 1) the plaintiff must have suffered an injury-in-fact; 2) there must be causality and 3) there must be redressability. Blake v. Southcoast Health System, Inc., 145 F.Supp.2d 126, 131 (D. Mass. 2001). Further, when seeking an injunction, to confer standing, a plaintiff must show a sufficient likelihood that they will be wronged again in the future in a similar way. Id. at 132. Plaintiff cannot prove any of the requisite elements to confer standing. This court determined, by granting Summary Judgment in favor of Cardiac Science, that Plaintiff has not suffered an injury-in-fact resulting from Cardiac Science's actions. Without an injury-in-fact, there can be no standing. Thus, Plaintiff's Motion for a Temporary Restraining Order should be denied.

## PLAINTIFF CANNOT SATISFY THE CRITERIA FOR THE GRANTING OF A TEMPORARY RESTRAINING ORDER.

Even if Plaintiff had standing to move for a temporary restraining order, he cannot meet the criteria for the granting of a temporary restraining order. For Plaintiff to be entitled to a temporary restraining order he must satisfy four criteria: 1) the plaintiff must exhibit a likelihood of success on the merits 2) the plaintiff must show that he will suffer irreparable injury if the injunction is not granted; 3) the plaintiff must show that such injury to him outweighs any harm which granting injunctive relief would inflict on the defendants; and 4) the plaintiff must show that the public interest will not be adversely affected by the granting of injunctive relief. Quincy Cablesystems, Inc. v. Sully's Bar, Inc., 640 F.Supp. 1159, 1160 (D. Mass. 1986).

2

Plaintiff cannot satisfy any of the criteria necessary for the granting of a temporary restraining order. First, Plaintiff has no likelihood of success on the merits. By virtue of the law of this case, the Summary Judgment Order of June 23, 2005, Plaintiff has already lost on the merits. Because Plaintiff has already lost on the merits, he cannot viably argue that he has a likelihood of success on the merits. Second, Plaintiff cannot suffer irreparable harm if he is not awarded monies that are not due him. This court has already ruled that Cardiac Science has met its obligations as Licensee pursuant to the June 1, 1994 License Agreement and that Cardiac Science is not in breach of the License Agreement. Because this court has ruled that Cardiac Science does not owe Plaintiff any money, Plaintiff cannot be harmed if this court refuses to order Cardiac Science to pay Plaintiff money not due him. Third, there is no need to weigh the possible harm to each party. As previously stated, Plaintiff cannot be harmed because this court has already ruled against him on all claims asserted against Cardiac Science and thus Cardiac Science does not owe plaintiff anything.

Finally, the public interest will be harmed if the Plaintiff is allowed to circumvent proper procedure and ignore previous orders of the court in an attempt to force defendants to pay money that is not owed him. The public must be able to rely on orders of the court and that the rules of procedure will be followed. There are proper appellate procedures if a party is dissatisfied with a court's ruling. The Plaintiff's Motion for a Temporary Restraining Order does not follow those procedures and completely lacks merit.

## CONCLUSION

Plaintiff's Motion for a Temporary Restraining Order must be denied because he lacks standing and further Plaintiff cannot meet any of the criteria required for the granting of a temporary restraining order. This court granted summary judgment against Plaintiff on all the

3

claims asserted against Cardiac Science. Therefore, Cardiac Science owes Plaintiff nothing and the present motion should be denied.

Respectfully submitted,

**CARDIAC SCIENCE, INC.**

Dated: September 23, 2005

By: /s/ Paul H. Rothschild
Paul H. Rothschild
**BACON & WILSON P.C.**
33 State Street
Springfield, MA 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

Randall T. Skaar (Pro Hac Vice)
Scott G. Ulbrich (Pro Hac Vice)
**PATTERSON, THUENTE, SKAAR & Christensen, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

## CERTIFICATE OF SERVICE

I, PAUL H. ROTHSCHILD, hereby certify that on the 23rd day of September 2003, I caused a copy of the foregoing Defendant Cardiac Science's Memorandum of Law in Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, MA 01106.

William E. Coughlin, Esq.
Colleen M. O'Neil, Esq.
Jeffrey J. Lauderdale, Esq.
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, OH 44114

John J. Eagan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
PO Box 9035
Springfield, MA 01102-9035

/s/ Paul H. Rothschild
PAUL H. ROTHSCHILD

4

# EXHIBIT #2

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>) **AFFIDAVIT OF**<br>v. ) **DONALD C. HUTCHINS**<br>)<br>CARDIAC SCIENCE, INC. )<br>and )<br>COMPLIENT CORPORATION )<br>)<br>Defendants )<br>) | |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1. I am over 18 years of age and have personal knowledge of the matters attested to herein.

2. Recently while reviewing the filings of Cardiac Science, Inc. ("Cardiac Science") on the Security and Exchange Commission web site, I was appalled to find that Cardiac Science had been dissolved as a corporation. **Cardiac Science** has no place of business and **is no longer a person under the law.**

3. A 10-Q Report indicates that **the CPR Prompt® product line** that included my licensed properties currently being adjudicated in this court **was discontinued by Cardiac Science in August of 2004.**

4. The attorneys representing Cardiac Science have perpetuated a fiction designed to deceive me and the Court to relieve Cardiac Science and the Complient Corporation of their responsibilities in Civil Action 04-30126-MAP.

5. A 234 page Merger Agreement dated February 28, 2005 indicates that Cardiac Science was acquired by Quinton Cardiology Systems, Inc ("Quinton") of Bothel, Washington through a series of transactions from which a company called Cardiac Science Corporation has emerged. The office of this new entity is Bothel, Washington and the new stock is traded as (Nasdaq CSCK).

6. Page 19 of the Merger Agreement indicates that the accounting treatment is a purchase of Cardiac Science by Quinton. Page 28 shows that Cardiac Science has suffered millions of dollars in losses between 2000 and 2004 and that the stock price had fallen below a figure required by Nasdaq for listing.

7. Most distressing to me is the Opinion of and Consent to the Merger Agreement by the law firm of Yocca Carlson & Rauth that acted as counsel for Cardiac Science. This same law firm represented Cardiac Science in the Complient APA and the Complient stock lock-up reparations to Cardiac Science. This law firm fraudulently failed to disclose facts required by the SEC for the Merger Agreement. The omitted facts are: the Complient APA, the lock-up reparations, the 1994 license agreement with Hutchins, the transfer of my Patent and the ongoing litigation of Civil Action 04-30126-MAP.

8. The Court must understand that Complient, Cardiac Science, Quinton, and now the Cardiac Science Corporation are managed by promoters and financed by venture capitalists. The goal is to turn a buck and exit the business venture with a

high return irregardless of rights of other parties. One loser in this latest merger is Mass Mutual that did a $4 million dollar private placement with Cardiac Science in 2004.

9. I am another loser because Cardiac Science has paid no royalty payments to me for the past 2 years and has refused to release the lock-up stock to me as required under terms of the 1994 License Agreement.

10. My loss has escalated since Cardiac Science discontinued the CPR Prompt® product line in August of 2004. As a result my patented, copyrighted and trademarked products are being sold from over 14 different web sites on the Internet with no financial return to me as inventor and copyright holder.

11. Here is a condensed version and background of Civil Action 04-30126-MAP:

12. Over 20 years ago I invented a device called CPR Prompt® and protected my interest with copyright trademark registration and U.S. and foreign patents.

13. Using my personal funds and $890,000 raised from 22 local businesspersons for a total investment of over $2.4 million we developed and successfully marketed a commercial CPR Prompt® device that was manufactured by Texas Instruments, Inc. on the same lines as their "Speak and Spell" product line.

14. Jon Lindseth who had developed the *Interplak* toothbrush and the *Thermoscan* thermometer as consumer products that returned over $140 million each upon the sale of each venture. Jon Lindseth recognized our success and expected that he could develop the CPR Prompt into a consumer product that would exceed his success with *Interplak* and *Thermoscan*.

3

15. In 1994 I licensed the CPR Prompt® intellectual properties to County Line Limited a venture company organized by Jon Lindseth and his son Steven. The terms of this 1994 license agreement provided a low percentage of return as royalties on sales of CPR Prompt products by County Line. The enticement offered by the Lindseths was a potential multi-million dollar exit-equity payment at the time that County Line transferred these properties to an unaffiliated party.

16. After the signing, County Line Limited and its successors CPR Prompt LLC and the Complient Corporation paid the quarterly royalty payments on a regular schedule with a minimum of $10,000 per year.

17. In May of 2004 I realized that I had not received royalty payments or sales reports from the Complient Corporation since late summer in 2003. When I telephoned the Complient headquarters I learned that Complient had closed its operation. Within the next month I received a phone call from Attorney Skaar who asked about my patent and he told me that Cardiac Science, Inc had purchased my intellectual properties from Complient.

18. I learned from reading the Asset Purchase Agreement ("APA") listed on the SEC Internet site that Cardiac Science had acquired all of Complient's assets for $47 million dollars. Over 90% of the purchase price was attributed to the CPR Prompt properties and accounted for as good will.

19. After I informed Attorney Skaar about my rights under the 1994 license agreement I received a letter from the lawfirm of Yocca Carlson & Rauth representing Cardiac Science refusing to recognize these rights and threatening to take legal action against me.

20. Cardiac Science had been selling CPR Prompt patented products as licensee and was not paying royalties or furnishing quarterly sales reports. They also refused to recognize my rights to receive the equity interest of $3,525,000 under terms of the 1994 license agreement. I had no choice but to file Civil Action 04-30126-MAP.

21. The APA indicated that the Complient Corporation was dissolved as of the date of the acquisition by Cardiac Science and that Cardiac Science stock was being dispersed to the Complient stockholders. About 20% of this stock remained in a lock-up account maintained by Cardiac Science at the time Civil Action 04-30126-MAP was filed.

22. Because Complient was dissolved, my only hope to retrieve my due under the 1994 agreement was to keep the 20% of Cardiac Science stock in lock-up pending the resolution of this litigation. To achieve that goal, on August 8, 2004 I filed a temporary restraining order that documented my right to the Cardiac Science stock that remained in lock-up.

23. On September 9, 2004, Judge Ponsor denied my motion for a temporary restraining order and effectively denied me the opportunity of retrieving my equity interest from the Complient investors such as J. P. Morgan/Chase, National City, Medtronic, etc. to whom it was being dispersed.

24. Attorney Gary Martinelli was co-author with Attorney Mark Kaufman of the 1994 License Agreement. Attorney Martinelli has testified through sworn affidavit that my Complaint before this Court is justified and that I should be paid an exit-equity of 7.5% of the Cardiac Science stock dispersed to Complient stockholders.

25. The attorneys representing Complient and Cardiac Science have conspired to still my voice in this litigation with legal maneuvers that are approaching 80 docketed entries. I can withstand this bombardment, but it is impossible for me to defend against the fictions these attorneys have created to deceive the Court.

26. Cardiac Science is dissolved and no longer a person under the law and therefore should have no standing before this Court.

27. Pleadings by the attorneys for the Defendants claimed that Cardiac Science was licensee of my intellectual properties. They did not disclose that Cardiac Science had disposed of these intellectual properties 17 months ago and that my attempts to find justice through Civil Action 04-30126-MAP were futile.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 20th day of October 2005.

_____
NOTARY PUBLIC

6