UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br><br>Plaintiff )<br><br>v. )<br><br>CARDIAC SCIENCE, INC. )<br>and )<br>COMPLIENT CORPORATION )<br><br>Defendants ) | Civil Action: **04-30126-MAP** |

## PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT PURSUANT TO RULE 60(b)(3) AND LOCAL RULE 7.3(B)

Plaintiff, Donald C. Hutchins ("Hutchins") hereby respectfully moves this Court pursuant to rule 60(b)(3) of the Federal Rules of Civil Procedure for Relief from Judgment entered June 23, 2005 granting Defendant Cardiac Science, Inc,'s 55 Motion for Summary Judgment. A Memorandum pursuant to Rule 60(b)(3) and Local Rule 7.3(B) plus the sworn Affidavit of Donald C. Hutchins accompany this Motion.

The Plaintiff, DONALD C. HUTCHINS, Pro Se

Dated: October 21, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625
(413) 739-4060 (facsimile)

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br><br>Plaintiff )<br><br>vi. )<br><br>CARDIAC SCIENCE, INC. )<br>and )<br>COMPLIENT CORPORATION )<br><br>Defendants ) | Civil Action: **04-30126-MAP** |

## PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT AND MEMORANDUM PURSUANT TO RULE 60(b)(3) OF CIVIL PROCEDURE AND LOCAL RULE 7.3(B)

## I.    RELIEF SHOULD BE GRANTED PURSUANT TO RULE 60 (b)(3)

Defendant Cardiac Science's Motion for Summary Judgment is attached herein as Exhibit #1. Attorney Randall T. Skaar (Pro Hac Vice) as the representative of Defendant Cardiac Science, Inc submitted this Motion for Summary Judgment.

Filings with the Security and Exchange Commission indicate that Cardiac Science, Inc. has been dissolved as a corporation and that it no longer maintains a place of business. Therefore Cardiac Science, Inc. is no longer a person under the law. Attorney Skaar has deceived the Plaintiff and this Court through the act of submitting this Motion for Summary Judgment Memorandum because he attempted to represent a non-person.

## II.    HUTCHINS ANSWERED THE MOTION FOR SUMMARY JUDGMENT

Attorney Skaar also wrote a letter to Judge Ponsor regarding this Motion for Summary Judgment. In this letter, attached as Exhibit #2, Attorney Skaar does not disclose the fact that Cardiac Science is in the process of dissolution. He does tell Judge Ponsor:

"As the Court is aware, Mr. Hutchins is *pro se*. As such, perhaps it may be best to hold an oral argument in order to give Mr. Hutchins an opportunity to appear and argue his case in opposition to Summary Judgment before the court rules."

Expecting that he would be allowed to oppose this Motion for Summary Judgment with oral argument, Hutchins delayed his answer to the Motion. Hutchins missed the 14-day Local Rule 7.1(B)(2) deadline although he did file an Answer a week after receiving a copy of Attorney Skaar's letter to Judge Ponsor. Hutchins' Answer is attached as Exhibit #3. At the time this Answer was filed there were over 60 docketed entries in this action and the clerk had always found Hutchins' pleadings to be timely and properly drawn.

## III.    RELIEF SHOULD BE GRANTED PURSUANT TO LOCAL 7.3(B)

A party must promptly supplement its corporate disclosure statement upon any change in the information that the statement requires. The Cardiac Science corporate disclosure statement has never been supplemented to show that the corporation is dissolved and has no place of business.

## IV.    RELIEF SHOULD BE GRANTED PURSUANT TO RULE 60 (b)(3)

The attorneys representing Cardiac Science have perpetuated a fraud designed to deceive the Plaintiff and the Court as a means to relieve Cardiac Science and the

Complient Corporation of their responsibilities in Civil Action 04-30126-MAP.

Attorneys Rothschild and Skaar have falsely portrayed Cardiac Science as a legal person

by not disclosing that their client is dissolved and has no place of business.

Attorney Skaar has compounded this fraudulent act by refusing to disclose that

the CPR Prompt® product line, that included Hutchins' licensed properties currently

being adjudicated in this court, was discontinued by Cardiac Science in August of 2004.

This fact is documented by public documents filed with the SEC as described in the

affidavit of Donald C. Hutchins attached as Exhibit #4. For 14 months, while this Court

has struggled to resolve these issues, Cardiac Science has hidden the fact that it had

discontinued the marketing of Hutchins' patented devices and would not meet its royalty

payment obligations as licensee under terms of the 1994 License Agreement. The

attorneys have used their pleadings as a smoke screen to allow Cardiac Science to

exhaust Hutchins and to avoid the consequences of the Court's judgments.

## V.    CONCLUSION

Plaintiff's Motion for relief from Summary Judgment granting Defendant Cardiac

Science, Inc.'s 55 Motion for Summary Judgment entered 6/07/2005 should be granted

pursuant to rule 60(b)(3) of the Federal Rules of Civil Procedure. Attorney Skaar has

fraudulently disguised Cardiac Science as a legal person and violated local rule 7.3(B) as

he filed his misleading Motion for Summary Judgment.

The Court's Order docketed 6/23/2005 was granted on the grounds that, "Plaintiff

has violated the Local Rules by failing to file an immediate, timely opposition or such an

extension to do so - despite the reminder in Defendant's 6/13/2005 letter." While

Plaintiff is regretful of his tardiness in filing an opposition, his tardiness is not indicative

4

of the way he has contested this action for the past 15 months. Hutchins prays that this Court will weigh his miscue against the illicit acts committed by the attorneys that represented the now defunct Cardiac Science, Inc. and grant him relief from judgment.

As Hutchins pursues the successor to Cardiac Science that has acquired Cardiac Science's legal liabilities and contractual obligations along with its assets, he should not be encumbered with a judgment of this Court that was gained illegally.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated October 21, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 10/21/05

Donald C. Hutchins

# EXHIBIT #1

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

        Plaintiff,                Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC.,

        Defendant

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## UNDER FED. R. CIV. P. 56

**COMES NOW Defendant** Cardiac Science, Inc., and hereby moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for Summary Judgment on every claim brought against it by Plaintiff, Donald C. Hutchins ("Plaintiff") and for Summary Judgment on every Declaratory Judgment claim brought by Cardiac Science against Plaintiff on grounds that:

    1.    Plaintiff's claim of copyright infringement must fail because the undisputed facts show that Cardiac Science has license rights to the asserted copyrights.

    2.    Plaintiff's claim of patent infringement must fail because the undisputed facts show that Cardiac Science has license rights to the asserted patent.

    3.    Plaintiff's abuse of process claim must fail because the undisputed facts do not support the claim.

    4.    Plaintiff's tortious interference with contract claim must fail because the undisputed facts do not support the claim.

1

5.      Declaratory Judgment that Cardiac Science's exclusive license to Plaintiff's asserted copyrights and patent is valid and in full force and effect.

6.      Declaratory Judgment that Cardiac Science does not infringe Plaintiff's asserted copyrights.

7.      Declaratory Judgment that Cardiac Science does not infringe any claims of U.S. Patent No. RE34,800.

8.      Declaratory Judgment that Cardiac Science is not in breach of the June 1, 1994 License Agreement because Cardiac Science has met its obligations and further, Cardiac Science has not received a written notice of breach as required by the June 1, 1994 License Agreement.

Defendants' motion is supported by the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the documents attached thereto, and all of the files, records and proceedings in this matter.

Respectfully submitted,

CARDIAC SCIENCE, INC.

By: _____

**Randall T. Skaar  (Pro Hac Vice)**
**Scott G. Ulbrich (Pro Hac Vice)**
PATTERSON, THUENTE, SKAAR
& Christensen, P.A.
**4800 IDS Center**
80 South 8th Street
Minneapolis, MN  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

Paul H. Rothschild
BACON & WILSON P.C.
33 State Street
Springfield, MA 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

Dated: May 13th, 2005

2

# EXHIBIT #2

# PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.

*Patent, Trademark, Copyright, Internet & Related Causes*

RANDALL T. SKAAR
(612) 349-5749
skaar@ptslaw.com

June 13, 2005

The Honorable Michael A. Ponsor
Federal Building & Courthouse
1550 Main Street
Springfield, MN  01103

      RE:    <u>Donald C. Hutchins v. Cardiac Science Inc.</u>
                Civil Action No. 04-30126-MAP
                Our File No. 1798.161-LIT-01

Dear Judge Ponsor:

      Cardiac Science filed its Motion for Summary Judgment on May 13, 2005. Plaintiff Donald Hutchins has not filed an answering brief. Because Mr. Hutchins has not filed an answering brief, Cardiac Science will not be filing a Reply and thus, we respectfully request the Court take up the Motion.

      As the Court is aware, Mr. Hutchins is *pro se*. As such, perhaps it may be best to hold an oral argument in order to give Mr. Hutchins an opportunity to appear and argue his case in opposition to Summary Judgment before the court rules.

                Very truly yours,

                PATTERSON, THUENTE,
                SKAAR & CHRISTENSEN, P.A.

                Randall T. Skaar

RTS/mjs
cc:    Mr. Donald Hutchins

189027

4800 IDS CENTER • 80 SOUTH 8TH STREET • MINNEAPOLIS, MINNESOTA  55402-2100
800-331-4537    612-349-5740    FAX: 612-349-9266    www.ptslaw.com

MINNEAPOLIS, MINNESOTA    •    ATLANTA, GEORGIA

# EXHIBIT #3

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD C. HUTCHINS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action: **04-30126-MAP** |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC. | ) | |
| and | ) | |
| COMPLIENT CORPORATION | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S MEMORANDUM AND AFFIDAVIT CONTROVERTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P.56

### INTRODUCTION

Plaintiff Donald C. Hutchins, ("Hutchins") moves this Court to deny Summary Judgment on every claim brought against Plaintiff, and for Summary Judgment on every Declaratory Judgment claim brought against Plaintiff by Defendant, Cardiac Science Inc, ("Cardiac Science") on grounds that:

    1.    Plaintiff's claims of copyright infringement must succeed because the facts show that Cardiac Science continues to infringe Hutchins' Copyright Registration No. TXu-213-859 and Hutchins' Copyright Registration No. TXu-210-208.

    2.    Plaintiff's claims of patent infringement must succeed because the facts show that Cardiac Science has no license rights to any of Hutchins' Patents.

    3.    Plaintiff's claims of patent infringement must succeed because the facts show that Cardiac Science and the Complient Corporation ("Complient") have attempted to confiscate Hutchins' intellectual properties through the

use of the Courts as threatened by Defendants' attorneys prior to the time
the Compliant was filed.

4.      Plaintiff's claims of tortious interference with contract must succeed
        because the facts support the claim.

5.      Declaratory Judgment that Cardiac Science's license to Plaintiff's asserted
        copyrights and patents must fail because the facts do not support the
        claim.

6.      Declaratory Judgment that Cardiac Science does not infringe Plaintiff's
        asserted copyrights must fail because the facts do not support the claim.

7.      Declaratory Judgment that Cardiac Science does not infringe any claims of
        U.S. Patent No. RE34,800 must fail because the facts do not support the
        claim.

8.      Declaratory Judgment that Cardiac Science is not in breach of the June 1,
        1994 License Agreement must fail because the facts do not support the
        claim.

## **MATERIAL FACTS**

Pursuant to Local Rule 56.1, the following is a concise statement of the material
facts of record as to which there are no genuine issues to be tried:

Plaintiff is the named inventor of U.S. Patent No. RE34,800. Plaintiff is also the
named inventor of U.S. Patent 5,913,685. Plaintiff is the named author of U.S. Copyright
Registration Numbers: TXu-210-208, *Script & word list, CPR PROMPT* and TXu-213-
859 Cross assembler program. ("The Copyrights"). Plaintiff asserts that Cardiac Science
infringes Hutchins' Copyrights and Patent No. RE34,800 through the continued
manufacture and sale of products covered by this copyright. Plaintiff asserts that Cardiac
Science infringes Hutchins Patent No. 5,913,685 by claiming this Patent as listed in
Schedule 5.1(p) of the of the Asset Sale Agreement and attached the Affidavit of Donald
C. Hutchins as Exhibit 1.

While Hutchins has voluntarily produced over 100 documents to Cardiac Science
and answered all requests for documents and things, Cardiac Science had not produced
any discovery or shipped any documents to Hutchins as required under Federal Rules of
Civil Procedure, Rule 26. As a consequence the 6 Exhibits that accompanied Cardiac

2

Science's Motion for Summary Judgement were never made available to Hutchins. Despite this neglect of duty on the part of Cardiac Science, Hutchins is able to show that these Exhibits are flawed and misrepresent the facts. An affidavit from Donald C. Hutchins herein attached as Exhibit 1 exposes these deficiencies. Hutchins' Affidavit shows that the 6 Exhibits attached to Cardiac Science's Motion for Summary Judgment misrepresent the facts and can not be relied upon by Cardiac Science as material facts as required by Local Rule 56.1.

Discovery supplied to Cardiac Science prove that Cardiac Science can not be considered a licensee of Hutchins' intellectual properties and therefore Cardiac Science is infringing these properties through the manufacture and sale of products that bear Hutchins' patent numbers. Hutchins also complied with full disclosures to Cardiac Science's first set of interrogatories, requests for documents and request for admission. Nowhere in these replies did Hutchins ever admit or document that Cardiac Science is a licensee of Hutchins' patents or copyrights. It is clear that Cardiac Science did not include this mountain of evidence with its Motion for Summary Judgment.

### LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Local Rule 56.1 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried.

### ARGUMENT

I.    **HUTCHINS NEVER LICENSED HIS PATENTS AND COPYRIGHTS TO THE LIMITED PARTNERSHIP CALLED CPR LLP AND THEREFORE CPR LLP HAD NO LEGAL AUTHORITY TO SELL SUCH A LICENSE IN AN ASSET SALE TO CARDIAC SCIENCE**

The Affidavit of Donald C. Hutchins attached herein as Exhibit 1 clearly states that the Complient Corporation has filed Ohio Case No. 540066 in which it says that an actual and justifiable controversy exists between Complient and the Defendants (Hutchins) with respect to the construction and effect of Section 3:10 of the License Agreement." If the seller, Complient, finds that this is an issue to be tried in Ohio, certainly the buyer, Cardiac Science must recognize this issue as a genuine issue to be tried in this Court.

3

CPR LLP is shown to be a party to the Asset Purchase Agreement attached to Defendant's Motion for Summary Judgment as Exhibit 3. Hutchins' Affidavit shows the Asset Purchase Agreement to be incomplete as filed. Hutchins' Affidavit also testifies to the fact that Exhibit 2, the Agreement of Limited Partnership that Cardiac Science relies upon to prove the legal existence of CPR LLP misrepresents CPR LLP's relationship to Hutchins' intellectual properties. The misrepresentation of CPR LLP by Complient in negotiating the Asset Purchase Agreement is triable.

Hutchins swears in his affidavit that Cardiac Science has filed litigation in federal court seeking indemnification from Complient as the result of the asset purchase. This indemnification litigation is further evidence that there are material facts of record that are contendable and that there exists genuine issues to be tried.

## II.    CARDIAC SCIENCE HAS NO LICENSE TO HUTCHINS' COPYRIGHTS

Records of the U.S. Copyright Office attached herein as Exhibit 2 clearly indicate that Donald C. Hutchins is the creator and claimant of Registration No. TXu-210-208 and Registration No. TXu-213-859. These are the copyrights that Hutchins asserts are being infringed. These copyrights were never licensed to County Line Limited or its successor Complient Corporation. County Line did register copyrights and file for patents on CPR manikins, advertising copy and videos that they created. Should Cardiac Science lay claim to Hutchins' Copyrights Registration No. TXu-210-208 and Registration No. TXu-213-859 they must admit that these material facts are genuine issues to be tried.

## III.   IN THE ATTACHED AFFIDAVIT HUTCHINS TESTIFIES TO AND PROVIDES MATERIAL FACTS THAT ASSERT THAT CARDIAC SCIENCE HAS NO LICENSE TO THE '800 PATENT AND IS INFRINGING THAT PATENT.

## IV.   IN THE ATTACHED AFFIDAVIT HUTCHINS TESTIFIES TO AND PROVIDES MATERIAL FACTS THAT ASSERT CARDIAC SCIENCE IN PARTNERSHIP WITH COMPLIENT HAS USED AND CONTINUE TO USE THE LEGAL PROCESS FOR AN ULTERIOR PURPOSE OF FORCING HUTCHINS TO ABANDON HIS EFFORTS TO REASSERT RIGHTS TO HIS INTELLECTUAL PROPERTIES.

## V.    IN THE ATTACHED AFFIDAVIT HUTCHINS TESTIFIES TO AND PROVIDES MATERIAL FACTS THAT ASSERT THAT WHILE CARDIAC SCIENCE PURCHASE MAY HAVE APPEARED

## LEGITIMATE, THAT THE SELLER, COMPLIENT MISREPRESENTED ITSELF AND CPR LLC.

Hutchins has maintained a contractual relationship with County Line Limited and its successors since 1994. This contract provided for an exit payment to Hutchins of 7-1/2% of the proceeds of a sale of County Line from each of County Line's investors or stockholders. This was explained in great detail in a letter dated June 5, 2004 from Hutchins to Cardiac Science's representative Attorney Randall Skaar attached herein as Exhibit 3. This letter included a simple request to have Attorney Skaar contact Hutchins' Attorney Martinelli to resolve differences and allow Cardiac Science to forward the exit payments to Hutchins from each Complient stockholder. Hutchins' Affidavit testifies to material facts that prove Hutchins' claims of tortuous interference with contract. That interference has damaged and continues to damage Hutchins.

### CONCLUSION

For the reasons set forth above and as testified to by Donald C. Hutchins in his Affidavit attached, Plaintiff respectfully submits that the Defendant, Cardiac Science Inc. is not entitled to Summary Judgment on any claims at issue, as a matter of law because there are genuine issues to be tried.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: June 24, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 6/24/05

Donald C. Hutchins

# EXHIBIT #4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | **AFFIDAVIT OF** |
| ) | **DONALD C. HUTCHINS** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC. ) | |
| and ) | |
| COMPLIENT CORPORATION ) | |
| ) | |
| Defendants ) | |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1.  I am over 18 years of age and have personal knowledge of the matters attested to herein.

2.  Recently while reviewing the filings of Cardiac Science, Inc. ("Cardiac Science") on the Security and Exchange Commission web site, I was appalled to find that Cardiac Science had been dissolved as a corporation. **Cardiac Science** has no place of business and **is no longer a person under the law.**

3.  A 10-Q Report indicates that **the CPR Prompt® product line** that included my licensed properties currently being adjudicated in this court **was discontinued by Cardiac Science in August of 2004.**

4. The attorneys representing Cardiac Science have perpetuated a fiction designed to deceive me and the Court to relieve Cardiac Science and the Complient Corporation of their responsibilities in Civil Action 04-30126-MAP.

5. A 234 page Merger Agreement dated February 28, 2005 indicates that Cardiac Science was acquired by Quinton Cardiology Systems, Inc ("Quinton") of Bothel, Washington through a series of transactions from which a company called Cardiac Science Corporation has emerged. The office of this new entity is Bothel, Washington and the new stock is traded as (Nasdaq CSCK).

6. Page 19 of the Merger Agreement indicates that the accounting treatment is a purchase of Cardiac Science by Quinton. Page 28 shows that Cardiac Science has suffered millions of dollars in losses between 2000 and 2004 and that the stock price had fallen below a figure required by Nasdaq for listing.

7. Most distressing to me is the Opinion of and Consent to the Merger Agreement by the law firm of Yocca Carlson & Rauth that acted as counsel for Cardiac Science. This same law firm represented Cardiac Science in the Complient APA and the Complient stock lock-up reparations to Cardiac Science. This law firm fraudulently failed to disclose facts required by the SEC for the Merger Agreement. The omitted facts are: the Complient APA, the lock-up reparations, the 1994 license agreement with Hutchins, the transfer of my Patent and the ongoing litigation of Civil Action 04-30126-MAP.

8. The Court must understand that Complient, Cardiac Science, Quinton, and now the Cardiac Science Corporation are managed by promoters and financed by venture capitalists. The goal is to turn a buck and exit the business venture with a

high return irregardless of rights of other parties. One loser in this latest merger is Mass Mutual that did a $4 million dollar private placement with Cardiac Science in 2004.

9.   I am another loser because Cardiac Science has paid no royalty payments to me for the past 2 years and has refused to release the lock-up stock to me as required under terms of the 1994 License Agreement.

10.  My loss has escalated since Cardiac Science discontinued the CPR Prompt® product line in August of 2004. As a result my patented, copyrighted and trademarked products are being sold from over 14 different web sites on the Internet with no financial return to me as inventor and copyright holder.

11.  Here is a condensed version and background of Civil Action 04-30126-MAP:

12.  Over 20 years ago I invented a device called CPR Prompt® and protected my interest with copyright trademark registration and U.S. and foreign patents.

13.  Using my personal funds and $890,000 raised from 22 local businesspersons for a total investment of over $2.4 million we developed and successfully marketed a commercial CPR Prompt® device that was manufactured by Texas Instruments, Inc. on the same lines as their "Speak and Spell" product line.

14.  Jon Lindseth who had developed the *Interplak* toothbrush and the *Thermoscan* thermometer as consumer products that returned over $140 million each upon the sale of each venture. Jon Lindseth recognized our success and expected that he could develop the CPR Prompt into a consumer product that would exceed his success with *Interplak* and *Thermoscan*.

3

15.    In 1994 I licensed the CPR Prompt® intellectual properties to County Line
       Limited a venture company organized by Jon Lindseth and his son Steven. The
       terms of this 1994 license agreement provided a low percentage of return as
       royalties on sales of CPR Prompt products by County Line. The enticement
       offered by the Lindseths was a potential multi-million dollar exit-equity payment
       at the time that County Line transferred these properties to an unaffiliated party.

16.    After the signing, County Line Limited and its successors CPR Prompt LLC and
       the Complient Corporation paid the quarterly royalty payments on a regular
       schedule with a minimum of $10,000 per year.

17.    In May of 2004 I realized that I had not received royalty payments or sales reports
       from the Complient Corporation since late summer in 2003. When I telephoned
       the Complient headquarters I learned that Complient had closed its operation.
       Within the next month I received a phone call from Attorney Skaar who asked
       about my patent and he told me that Cardiac Science, Inc had purchased my
       intellectual properties from Complient.

18.    I learned from reading the Asset Purchase Agreement ("APA") listed on the SEC
       Internet site that Cardiac Science had acquired all of Complient's assets for $47
       million dollars. Over 90% of the purchase price was attributed to the CPR
       Prompt properties and accounted for as good will.

19.    After I informed Attorney Skaar about my rights under the 1994 license
       agreement I received a letter from the lawfirm of Yocca Carlson & Rauth
       representing Cardiac Science refusing to recognize these rights and threatening to
       take legal action against me.

4

20.    Cardiac Science had been selling CPR Prompt patented products as licensee and was not paying royalties or furnishing quarterly sales reports. They also refused to recognize my rights to receive the equity interest of $3,525,000 under terms of the 1994 license agreement. I had no choice but to file Civil Action 04-30126-MAP.

21.    The APA indicated that the Complient Corporation was dissolved as of the date of the acquisition by Cardiac Science and that Cardiac Science stock was being dispersed to the Complient stockholders. About 20% of this stock remained in a lock-up account maintained by Cardiac Science at the time Civil Action 04-30126-MAP was filed.

22.    Because Complient was dissolved, my only hope to retrieve my due under the 1994 agreement was to keep the 20% of Cardiac Science stock in lock-up pending the resolution of this litigation. To achieve that goal, on August 8, 2004 I filed a temporary restraining order that documented my right to the Cardiac Science stock that remained in lock-up.

23.    On September 9, 2004, Judge Ponsor denied my motion for a temporary restraining order and effectively denied me the opportunity of retrieving my equity interest from the Complient investors such as J. P. Morgan/Chase, National City, Medtronic, etc. to whom it was being dispersed.

24.    Attorney Gary Martinelli was co-author with Attorney Mark Kaufman of the 1994 License Agreement. Attorney Martinelli has testified through sworn affidavit that my Complaint before this Court is justified and that I should be paid an exit-equity of 7.5% of the Cardiac Science stock dispersed to Complient stockholders.

5

25.    The attorneys representing Complient and Cardiac Science have conspired to still my voice in this litigation with legal maneuvers that are approaching 80 docketed entries. I can withstand this bombardment, but it is impossible for me to defend against the fictions these attorneys have created to deceive the Court.

26.    Cardiac Science is dissolved and no longer a person under the law and therefore should have no standing before this Court.

27.    Pleadings by the attorneys for the Defendants claimed that Cardiac Science was licensee of my intellectual properties. They did not disclose that Cardiac Science had disposed of these intellectual properties 17 months ago and that my attempts to find justice through Civil Action 04-30126-MAP were futile.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 20th day of October  2005.

_____
NOTARY PUBLIC

6