UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS, | ) Civil Action 04-30126-MAP |
| Plaintiff, | ) Judge Michael A. Ponsor |
| v. | ) |
| CARDIAC SCIENCE, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANT COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF DONALD HUTCHINS' MOTION FOR DECLARATORY JUDGMENT**

The latest filing by Plaintiff, Donald C. Hutchins, is out of bounds. He has styled his filing a Motion for Declaratory Judgment, but nowhere in his motion does he state clearly what he wants this Court to declare. Rather, Hutchins spends nine pages claiming, among other things, corruption and incompetence by the judge of the Cuyahoga County, Ohio Court of Common Pleas (the "Ohio court") that recently awarded summary judgment in favor of Defendant, Complient Corp. ("Complient"), in Complient v. Hutchins, Case No. 04 CV 540066 (Cuyahoga Cty. 2004) (the "Ohio action"). The Ohio court found against Hutchins on essentially the same claims that he is attempting to re-litigate here.

As best as can be ascertained from Hutchins' Motion, he seems to imply that he wants this Court to declare that the decision in the above-mentioned Ohio action cannot serve as res judicata to bar his claims in this matter. He seems to base his motion on two arguments: (1) a

{JJL0596.DOC;1}

preposterous allegation that the Ohio court that issued the decision was biased, corrupt, chaotic, and incompetent; and (2) a conclusory allegation that the decision in the Ohio action cannot serve as res judicata because it fails to meet the requirements of that doctrine.

First, Hutchins' contention that the Ohio court was not impartial is scandalous, offensive, and unsupported. He offers no evidence for this baseless contention other than the facts that the case was brought in Ohio; Complient is based in Ohio; and he lost. Hutchins insinuates that, because Complient is an Ohio corporation, the Ohio court is somehow "controlled" by Complient. See Memorandum of Law in Support of Plaintiff's Motion for Declaratory Judgment, at 3 (alleging that "Complient was framing this case in a biased venue that it controlled . . ."). In fact, Hutchins' entire argument that the Ohio court is biased and/or incompetent seems to be based solely on the fact that the Ohio court, like other courts before it, found against Hutchins on the same issues that he is attempting to re-litigate in this matter. If Mr. Hutchins were an attorney, his latest motion, in which he presents outrageous claims of corruption by a sitting judge, would no doubt subject him to disciplinary action. See Mass. Sup. Jud. Ct. Rule 3:07, R. Prof. Conduct 8.2 ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity, concerning the qualifications or integrity of a judge or a magistrate, or of a candidate for appointment to judicial or legal office.").

Moreover, Hutchins, as a pro se litigant, does not have free reign to accuse public officials of impropriety without consequence. The strictures of Fed. R. Civ. P. 11, preventing harassing and unwarranted allegations in pleadings before the Court, apply to a pro se party to the same extent they apply to counsel. See Jones v. Social Security Admin., No. 03-12436, 2004 U.S. Dist. LEXIS, at *10 (D.Mass. Dec. 14, 2004). Hutchins' shameful accusations of

impropriety by the Ohio court should subject Hutchins to appropriate sanctions pursuant to Civil Rule 11.

Second, Hutchins completely misunderstands the doctrine of res judicata. Under the standards of full faith and credit enunciated in 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Further, because an Ohio court issued the judgment, Ohio law governs the application of res judicata to Hutchins' claims herein. Id.

The doctrine of res judicata encompasses both the concept of claim preclusion and issue preclusion (also known as "collateral estoppel"). Holzemer v. Urbanski, 86 Ohio St. 3d 129, 133; 712 N.E.2d 713, 716 (1999). Here, the decision in the Ohio action satisfies all of the requirements of claim and issue preclusion encompassed within the doctrine of res judicata. Res judicata clearly applies to bar Hutchins' claims because: (1) his alleged claim, i.e., whether he is entitled to 7.5% of the proceeds of the sale of Complient to any third party, was the same issue in controversy in the Ohio action; (2) Hutchins and Complient were both parties to the Ohio action; and (3) final judgment on the merits against Hutchins was entered in the Ohio action on September 29, 2005. See Judgment Entry, attached hereto at Exhibit A. Accordingly, the issues in this case were raised and decided against Hutchins by the Ohio court. Hutchins' claims are therefore barred by the doctrine of res judicata.

For the foregoing reasons, this Court should deny Hutchins' Motion for Declaratory Judgment.

Respectfully submitted,

*/s/ John J. Egan*

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035
(413) 727-0260
Fax: (413) 737-0121

WILLIAM E. COUGHLIN (OH #0010874)
COLLEEN M. O'NEIL (OH #0066576)
JEFFREY J. LAUDERDALE (OH #0074859)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114
(216) 622-8200
(216) 241-0816 (facsimile)

Attorneys for Defendant
Complient Corporation

## CERTIFICATE OF SERVICE

I certify that, on November 3rd, 2005, I sent via first-class U.S. mail, postage prepaid, a copy of the foregoing Defendant Complient Corporation's Memorandum in Opposition to Plaintiff Donald Hutchins' Motion for Declaratory Judgment, upon the following:

>Donald C. Hutchins
>1047 Longmeadow Street
>Longmeadow, Massachusetts 01106
>Pro Se
>
>Randall T. Skaar, Esq.
>Patterson, Thuente, Skaar, & Christensen, P.A.
>4800 IDS Center
>80 South Eighth Street
>Minneapolis, MN 55402
>
>Paul T. Rothschild, Esq.
>Bacon & Wilson, P.C.
>33 State Street
>Springfield, Massachusetts 01103

/s/ _____
One of the Attorneys for Defendant
Complient Corporation