UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

                Plaintiff,                Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC., ET AL.

                Defendants.

_____

**DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)(3) AND LOCAL RULES 7.1(2) AND 7.3(B)**

**INTRODUCTION**

In his Motion for Relief from Judgment (Docket No. 107), Plaintiff asks this Court for relief from the grant of Cardiac Science's Motion for Summary Judgment under Fed. R. Civ. P. 60(b)(3) because of Cardiac Science's alleged violation of Local Rule 7.3(b). Specifically, Plaintiff alleges that Cardiac Science, Inc. now stands dissolved, and because Cardiac Science did not file an amended Corporate disclosure under Local Rule 7.3(b), a fraud has been perpetrated which entitles Plaintiff to the relief requested under 60(b)(3). Plaintiff's motion must be denied because Cardiac Science, Inc. has not been dissolved, and Plaintiff has otherwise failed to provide this Court with any logical nexus between the fraud alleged by violation of Local Rule 7.3(b) and the fact that Summary Judgment was granted in Cardiac Science's favor in June of this year.

.

## BACKGROUND

Cardiac Science purchased license rights to Plaintiff's asserted intellectual property on October 21, 2003. Plaintiff sued Cardiac Science for infringement of the asserted intellectual property and other causes of action on July 2, 2004. This Court granted Cardiac Science Summary Judgment on June 23, 2005, including a declaratory judgment that Cardiac Science's license rights to Plaintiff's asserted intellectual properties are in full force and effect. Plaintiff added Complient as a defendant in this matter on November 18, 2004. Plaintiff filed a Notice of Appeal of the Summary Judgment Order to the First Circuit on June 30, 2005. On September 1, 2005, Cardiac Science merged with Quinton Cardiology Systems, Inc. Concomitant with the merger, Cardiac Science, Inc. changed its name to Cardiac Science Operating Company. (Exhibit 1).

## ARGUMENT

### I.      CARDIAC SCIENCE HAS NOT DISSOLVED

Plaintiff nakedly alleges that Cardiac Science has dissolved and no longer maintains a place of business. This allegation is false. Had Plaintiff accurately reviewed Cardiac Science's public SEC filings, he would have learned that Cardiac Science, Inc. changed its name to Cardiac Science Operating Company when it became a wholly-owned subsidiary of Cardiac Science Corporation and that Cardiac Science's business address remains the same. (Exhibit 1). This name change in no way affects Plaintiff's ability to fully litigate the present action and provides no basis for relief under Rule 60(b)3.

## II. STANDING IS IRRELEVANT TO THE FILING OF A RESPONSE IN OPPOSITION TO A MOTION.

Plaintiff argues that Attorney Rothschild's attempt to file Cardiac Science's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order failed because Attorney Rothschild lacks standing. This argument is utter nonsense. Attorney Rothschild successfully filed Cardiac Science's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order. The question of standing relates to whether a plaintiff is entitled to file suit. *See, e.g.*, Pagan v. Dubois, 894 F.Supp. 45, 47 (D. Mass. 1995). Standing has nothing whatsoever to do with an attorney's ability to file a response in opposition to a plaintiff's motion. Plaintiff's assertion that Attorney Rothschild lacked standing to file an opposition to Plaintiff's Emergency Motion for Temporary Restraining Order is legally erroneous and is not a basis for which Plaintiff can seek relief from judgment.

## III. CARDIAC SCIENCE'S NAME CHANGE DOES NOT AFFECT PLAINTIFF'S ABILITY TO LITIGATE THE PRESENT ACTION.

Plaintiff also argues that he is entitled to relief from the denial of his Motion for a Temporary Restraining Order because Cardiac Science failed to supplement its corporate disclosure statement pursuant to Local Rule 7.3(b). Local Rule 7.3(b) requires that corporate disclosure statements be updated when there is a change in more than ten percent ownership in a corporation. On September 1, 2005 Cardiac Science merged with Quinton Cardiology Systems, Inc. (See Exhibit 1). Cardiac Science intends to update its corporate disclosure statement to reflect this merger and the corresponding name change. As stated above, Cardiac Science continues to exist as an entity, and any changes to that entity have in no way affected Plaintiff's ability to litigate this action. Plaintiff has provided no nexus between the fact that Cardiac Science has not yet updated its Rule 7.3(b) statement and the relief from judgment Plaintiff is

seeking. There is no basis for relief pursuant to Fed. R. Civ. P. 60(b)(3) for Cardiac Science's failure to update its corporate disclosure statement, and, therefore, Plaintiff's motion should be denied.

## IV. **PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 60(b)3 IS UNSUPPORTED.**

To prevail on a motion for relief from judgment, the Plaintiff must show misconduct, such as fraud or misrepresentation, by clear and convincing evidence and that the misconduct prevented the full and fair preparation or presentation of the case. Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988) *cert. denied*, 498 U.S. 891, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990). Plaintiff has not shown fraud or misrepresentation by any evidence, much less clear and convincing evidence, as required by Fed. R. Civ. P. 60(b)(3). Plaintiff's arguments in support of his motion are wholly unsupported.

Plaintiff argues that he believes Cardiac Science has dissolved and perpetrated a fraud by purposefully hiding the dissolution from the Court by not filing an updated corporate disclosure statement. Plaintiff relies on this false allegation of dissolution to support his argument that Cardiac Science has committed fraud designed to deceive the Court as a means to relieve Cardiac Science of their obligations. First, Cardiac Science has no obligations to Plaintiff. This Court has granted Summary Judgment in favor of Cardiac Science on all claims asserted by Plaintiff against Cardiac Science. Second, Plaintiff offers no evidence to support the alleged dissolution of Cardiac Science. To the contrary, the public SEC documents clearly show that Cardiac Science continues to exist as an entity. (See Exhibit 1). Even if Cardiac Science had dissolved, the dissolution would have had no bearing on the merits of the Summary Judgment decided on June 23, 2005 in its favor and certainly would not have prevented Plaintiff from fully presenting his arguments against Summary Judgment.

4

There has been no fraud and, thus, Plaintiff cannot and has not made a clear and convincing showing of fraud by Cardiac Science. Because there is no evidence of fraud as required by Fed. R. Civ. P. 60(b)(3), Plaintiff's Motion for Relief pursuant to Fed. R. Civ. P. 60(b)(3) must be denied.

## V.   PLAINTIFF'S MOTION PURSUANT TO RULE 60(b)(3) IS IMPROPER.

Motions for relief pursuant to Fed. R. Civ. P. 60(b) are only available from final judgments, orders or proceedings. (Fed. R. Civ. P. 60(b)). In the present motion, Plaintiff seeks relief from the denial of Plaintiff's Motion for a Temporary Restraining Order. Motions for Temporary Restraining Order are generally not appealable and, thus, not "final judgments." Massachusetts Air Pollution and Noise Abatement Committee v. Brinegar, 499 F.2d 125, 126 (1st Cir. 1974).

Further, Cardiac Science and Complient are both parties to the present action. Although Summary Judgment has been granted in favor of Cardiac Science, issues remain between Plaintiff and Complient. Rule 54(b) does permit entry of a final judgment as to fewer than all the parties in a civil action upon "an express determination that there is no just reason for delay." Clair International, Inc. v. Mercedes Benz of North America, Inc., 124 F.3d 314, 318 (1st Cir. 1997). Fed. R. Civ. P. 54(b) states, "When more than one claim for relief is presented in an action or where multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." However, Plaintiff has not moved the district court to direct the entry of final judgment relative to Cardiac Science pursuant to Fed. R. Civ. P. 54(b). The denial of Plaintiff's Motion for a Temporary

Restraining Order from which Plaintiff seeks relief is not a final judgment as required by Fed. R. Civ. P. 60(b), and, therefore, Plaintiff's motion should be denied.

## CONCLUSION

Plaintiff asserts that Cardiac Science is using "pleadings as a smoke screen to allow Cardiac Science to exhaust Hutchins and to avoid the consequences of the Court's judgments." Ironically, it is Hutchins who is misusing the legal process to exhaust Cardiac Science and avoid the consequences of the Court's judgments. Despite the fact that Summary Judgment has been awarded to Cardiac Science on all claims asserted by Plaintiff against Cardiac Science, Plaintiff continues to harass Cardiac Science with baseless motions. Fed. R. Civ. P. 60(b) only applies to final judgments, orders or proceedings. The denial of Plaintiff's Motion for a Temporary Restraining Order is not a final judgment, and, therefore, Plaintiff's motion should be denied. Further, Fed. R. Civ. P. 60(b)(3) requires clear and convincing evidence of fraud. Plaintiff has offered no evidence of fraud and provided no nexus between the failure to update a corporate disclosure statement and the relief he is seeking; therefore his motion must be denied.

Respectfully submitted,

PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.

Dated: November 3, 2005        By:    _s/ Randall T. Skaar_
                                      Randall T. Skaar  (#165,013)
                                      Scott G. Ulbrich   (#305,947)
                                      4800 IDS Center
                                      80 South Eighth Street
                                      Minneapolis, Minnesota  55402-2100
                                      Tel: (612) 349-5740
                                      Fax: (612) 349-9266

                                      *and*

        Paul H. Rothschild
        **BACON & WILSON P.C.**
        33 State Street
        Springfield, Massachusetts 01103
        Phone: (413) 781-0560
        Fax: (413) 739-7740

        **ATTORNEYS FOR CARDIAC SCIENCE, INC.**