UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

        Plaintiff,                  Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC., ET AL.

        Defendants.

_____

**DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT PURSUANT TO RULE 60(b)(3) AND LOCAL RULE 7.3(b)**

**INTRODUCTION**

In his Motion for Relief (Docket No. 108), Plaintiff asks this Court for relief from the grant of Cardiac Science's Motion for Summary Judgment under Fed. R. Civ. P. 60(b)(3) because of Cardiac Science's alleged violation of Local Rule 7.3(b). Specifically, Plaintiff alleges that Cardiac Science, Inc. now stands dissolved, and because Cardiac Science did not file an amended Corporate disclosure under Local Rule 7.3(b), a fraud has been perpetrated which entitles Plaintiff to the relief requested under 60(b)(3). Plaintiff's motion must be denied because Cardiac Science, Inc. has not been dissolved, and Plaintiff has otherwise failed to provide this Court with any logical nexus between the fraud alleged by violation of Local Rule 7.3(b) and the fact that Summary Judgment was granted in Cardiac Science's favor in June of this year.

## BACKGROUND

Cardiac Science purchased license rights to Plaintiff's asserted intellectual property on October 21, 2003. Plaintiff sued Cardiac Science for infringement of the asserted intellectual property and other causes of action on July 2, 2004. This Court granted Cardiac Science Summary Judgment on June 23, 2005, including a declaratory judgment that Cardiac Science's license rights to Plaintiff's asserted intellectual properties are in full force and effect. Plaintiff added Complient as a defendant in this matter on November 18, 2004. Plaintiff filed a Notice of Appeal of the Summary Judgment Order to the First Circuit on June 30, 2005. On September 1, 2005, Cardiac Science merged with Quinton Cardiology Systems, Inc. Concomitant with the merger, Cardiac Science, Inc. changed its name to Cardiac Science Operating Company. (Exhibit 1).

## ARGUMENT

### I. CARDIAC SCIENCE HAS NOT DISSOLVED.

Plaintiff nakedly alleges that Cardiac Science has dissolved and no longer maintains a place of business. This allegation is false. Neither the merger nor the name change affected the status of Cardiac Science as a business entity. Cardiac Science has not dissolved, and Plaintiff offers no evidence of fraud as required by Fed. R. Civ. P. 60(b)(3). Further, Plaintiff has shown no nexus between any obligation Cardiac Science may have to update its corporate disclosure statement pursuant to Local Rule 7.3(b) and the relief from judgment Plaintiff is seeking. This is particularly true when Summary Judgment was granted to Cardiac Science, Inc. months before the merger with Quinton Cardiology Systems, Inc. Plaintiff's motion lacks merit on procedural and evidentiary grounds, and should be denied.

## II. CARDIAC SCIENCE'S NAME CHANGE DOES NOT AFFECT PLAINTIFF'S ABILITY TO LITIGATE THE PRESENT ACTION.

Plaintiff also argues that he is entitled to relief from the denial of his Motion for a Temporary Restraining Order because Cardiac Science failed to supplement its corporate disclosure statement pursuant to Local Rule 7.3(b). Local Rule 7.3(b) requires that corporate disclosure statements be updated when there is a change in more than ten percent ownership in a corporation. On September 1, 2005, Cardiac Science merged with Quinton Cardiology Systems, Inc. (See Exhibit 1). Cardiac Science intends to update its corporate disclosure statement to reflect this merger and the corresponding name change. As stated above, Cardiac Science continues to exist as an entity, and any changes to that entity have in no way affected Plaintiff's ability to litigate this action. Plaintiff has provided no nexus between the fact that Cardiac Science has not yet updated its Rule 7.3(b) statement and the relief from judgment Plaintiff is seeking. There is no basis for relief pursuant to Fed. R. Civ. P. 60(b)(3) for Cardiac Science's failure to update its corporate disclosure statement, and, therefore, Plaintiff's motion should be denied.

## III. PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 60(b)3 IS UNSUPPORTED AND SHOULD BE DENIED

To prevail on a motion for relief from judgment, the Plaintiff must show misconduct, such as fraud or misrepresentation, by clear and convincing evidence and that the misconduct prevented the full and fair preparation or presentation of the case. Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988) *cert. denied*, 498 U.S. 891, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990). Plaintiff has not shown fraud or misrepresentation by any evidence, much less clear and convincing evidence, as required by Fed. R. Civ. P. 60(b)(3). Plaintiff's arguments in support of his motion are wholly unsupported.

Plaintiff argues that he believes Cardiac Science has dissolved and perpetrated a fraud by purposefully hiding the dissolution from the Court by not filing an updated corporate disclosure statement. Plaintiff relies on this false allegation of dissolution to support his position that Cardiac Science has committed fraud such that Plaintiff should be relieved from the Summary Judgment that was granted against him. Plaintiff's arguments in support of his motion are wholly unsupported. Plaintiff offers no evidence to support the alleged dissolution of Cardiac Science. To the contrary, the public SEC clearly shows that Cardiac Science continues to exist as an entity. (Exhibit 1). Even if Cardiac Science had dissolved, the dissolution would have had no bearing on the merits of the Summary Judgment decided on June 23, 2005 in its favor and certainly would not have prevented Plaintiff from fully presenting his arguments against Summary Judgment.

There has been no fraud, and, thus, Plaintiff cannot and has not made a clear and convincing showing of fraud by Cardiac Science. Because there is no evidence of fraud as required by Fed. R. Civ. P. 60(b)3, Plaintiff's Motion for Relief pursuant to Fed. R. Civ. P. 60(b)(3) must be denied.

### IV.  PLAINTIFF'S MOTION PURSUANT TO RULE 60(b) IS IMPROPER.

Motions for relief pursuant to Fed. R. Civ. P. 60(b) are only available from final judgments, orders or proceedings. (Fed. R. Civ. P. 60(b)). In the present motion, Plaintiff seeks relief from the order granting Summary Judgment to Cardiac Science on all claims asserted by Plaintiff against Cardiac Science. Because the claims against codefendant Complient are still pending, the Summary Judgment order is not a final judgment.

Rule 54(b) permits entry of a final judgment as to fewer than all the parties in a civil action upon "an express determination that there is no just reason for delay." Clair International,

Inc. v. Mercedes Benz of North America, Inc., 124 F.3d 314, 318 (1st Cir. 1997). Fed. R. Civ. P. 54(b) states, "When more than one claim for relief is presented in an action or where multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." However, Plaintiff has not moved the district court to direct the entry of final judgment relative to Cardiac Science pursuant to Fed. R. Civ. P. 54(b). The order granting summary judgment from which Plaintiff seeks relief is not a final judgment as required by Fed. R. Civ. P. 60(b), and, therefore, Plaintiff's motion should be denied.

## CONCLUSION

Plaintiff asserts that Cardiac Science is using "pleadings as a smoke screen to allow Cardiac Science to exhaust Hutchins and to avoid the consequences of the Court's judgments." Ironically, it is Hutchins who is misusing the legal process to exhaust Cardiac Science and avoid the consequences of the Court's judgments. Despite the fact that Summary Judgment has been awarded to Cardiac Science on all counts asserted by Plaintiff against Cardiac Science, Plaintiff continues to harass Cardiac Science with baseless motions. Fed. R. Civ. P. 60(b) only applies to final judgments, orders or proceedings. The Summary Judgment order granted to Cardiac Science is not a final judgment, and, therefore, Plaintiff's motion should be denied. Further, Fed. R. Civ. P. 60(b)(3) requires clear and convincing evidence of fraud. Plaintiff has offered no evidence of fraud and provided no nexus between the failure to update a corporate disclosure statement and the relief he is seeking; therefore his motion must be denied.

Respectfully submitted,

**PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.**

Dated:  November 3, 2005          By:     _s/ Randall T. Skaar_
Randall T. Skaar   (#165,013)
Scott G. Ulbrich   (#305,947)
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

*and*

Paul H. Rothschild
**BACON & WILSON P.C.**
33 State Street
Springfield, Massachusetts 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

**ATTORNEYS FOR CARDIAC SCIENCE, INC.**