UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

        Plaintiff,                      Civil Action No. 04-30126-MAP

v.

CARDIAC SCIENCE, INC., ET AL.,

        Defendants.

_____

**DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1651(a) TO ENJOIN PLAINTIFF FROM FILING ANY FURTHER MOTIONS WITHOUT LEAVE OF COURT**

**INTRODUCTION**

On June 23, 2005, this court granted Summary Judgment in favor of Cardiac Science on all claims asserted against it by Plaintiff, which Plaintiff has attempted to appeal. However, Plaintiff continues to file baseless motions, despite the Court's determination that Cardiac Science is not liable to Plaintiff under any of the asserted causes of action. Plaintiff's current motions against Cardiac Science (See Docket Nos. 107 and 108) are wholly unsupported and procedurally improper. Because Plaintiff is disregarding the rules of procedure and substantive law, Cardiac Science respectfully asks the Court to enjoin Plaintiff from filing any motions against Cardiac Science without leave of court, unless and until, Plaintiff is successful in an appeal of the Summary Judgment granted in favor of Cardiac Science.

## ARGUMENT

Plaintiff's continued filing of baseless, improper motions is wasting the time and resources of the Court and Cardiac Science. The Court has determined that Cardiac Science is not liable to Plaintiff for any of Plaintiff's asserted claims. Plaintiff's continued filing of baseless motions is tantamount to harassment. Proceeding pro se does not relieve litigants from complying with relevant rules of procedure and substantive law. Eagle Eye Fishing Corp. v. Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). Federal courts possess discretionary powers to regulate the conduct of abusive litigants. Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) (per curiam). When an abusive litigant impinges upon the time and resources of the court system, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate pursuant to 28 U.S.C. § 1651(a). Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam). Pursuant to Fed. R. Civ. P. 11(b), a *pro se* litigant is prohibited from filing frivolous, improper or harassing pleadings and sanctions may be imposed for filing such pleadings. Hughes v. Mcmenamon, 379 F.Supp.2d 75, 80 (D. Mass. 2005).

Plaintiff's latest round of motions includes two motions for relief pursuant to Fed. R. Civ. P. 60(b)(3). Not only are these motions procedurally improper because neither the Summary Judgment nor the denial of the Motion for a Temporary Restraining Order are final judgments, they are wholly unsupported. Plaintiff has offered no proof of the elements required to prevail on a Rule 60(b) motion. Instead he has resorted to attacking the character and integrity of the attorneys representing Cardiac Science. Cardiac Science has maintained a professional demeanor and has been patient with Plaintiff's ignorance of substantive law and procedure. Plaintiff's baseless accusations of fraudulent and harassing behavior on the part of Cardiac

Science's attorneys are unwarranted and completely irrelevant to the elements required to prevail on a Rule 60(b) motion. Further, Plaintiff's accusations of fraud have no nexus to the merits of the Summary Judgment or the Temporary Restraining Order and Plaintiff has shown no connection between Cardiac Science's failure to update its corporate disclosure statement and the relief from judgment he is seeking in his motions at Docket Nos. 107 and 108.

Plaintiff argues that Cardiac Science has attempted to "exhaust Hutchins and avoid the consequences of the Court's judgments." (Plaintiff's Memorandum of Law in Support of Motion for Relief from Order, p. 4). In fact, Cardiac Science has been as efficient as possible in defending itself against Plaintiff's claims. It is the Plaintiff who continually files baseless, unwarranted motions. Cardiac Science is then forced to expend time, money and resources to respond. This Court ruled that Cardiac Science is not liable to Plaintiff for any of the claims Plaintiff asserted against it. It is the Plaintiff who is trying to avoid this Court's judgments. Because the Court has already ruled in favor of Cardiac Science on the merits of the case, Plaintiff's continued filing of baseless motions can only serve to harass and waste resources. Therefore, Plaintiff's filing of these frivolous motions must cease.

## CONCLUSION

District courts have the power to control the behavior of abusive litigants. Cok at 34. It has become apparent that unless the court intervenes and enjoins the Plaintiff from filing further motions against Cardiac Science, Plaintiff will continue to harass Cardiac Science and waste the Court's time and resources. Therefore, Cardiac Science respectfully requests that the Court enjoin the Plaintiff from filing any motions against Cardiac Science without leave of court, unless and until, Plaintiff is successful in an appeal of the Summary Judgment granted in favor of Cardiac Science.

          Respectfully submitted,

          **PATTERSON, THUENTE,**
          **SKAAR & CHRISTENSEN, P.A.**

Dated: November 3, 2005    By:    _s/ Randall T. Skaar_
          Randall T. Skaar (#165,013)
          Scott G. Ulbrich (#305,947)
          4800 IDS Center
          80 South Eighth Street
          Minneapolis, Minnesota 55402-2100
          Tel: (612) 349-5740
          Fax: (612) 349-9266

          *and*

          Paul H. Rothschild
          **BACON & WILSON P.C.**
          33 State Street
          Springfield, Massachusetts 01103
          Phone: (413) 781-0560
          Fax: (413) 739-7740

          **ATTORNEYS FOR CARDIAC SCIENCE, INC.**