UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et al ) | |
| ) | |
| Defendants ) | |

### PLAINTIFF'S ANSWER CONTROVERTING DEFENDANT'S MOTION TO ENJOIN PLAINTIFF FROM FILING ANY FURTHER MOTIONS WITHOUT LEAVE OF COURT UNDER 28 U.S.C. §1651(a)

### INTRODUCTION

Plaintiff Donald C. Hutchins, ("Hutchins") denies the allegations of Cardiac Science, Inc. contained in its Motion to Enjoin. The time and resources of this Court have not been impinged through actions executed by the Plaintiff. The Defendant, Cardiac Science, Inc. is dissolved under the laws of Delaware. Cardiac Science Inc. has impinged the time and resources of this Court through the following misrepresentations

### I.     Cardiac Science, Inc. Misrepresents Itself By Means of an Improper Corporate Disclosure Statement.

The Cardiac Science Corporation ("Cardiac Corp.") was incorporated February 24, 2005 per the State of Delaware Exhibit A attached. The Cardiac Science Corporation is the successor to Cardiac Science, Inc. ("Cardiac Science") the legal entity Attorney Randall T. Skaar ("Skaar") claims to represent with this Motion to Enjoin. The Agreement between Quinton Cardiology Systems and

Cardiac Science, Inc. attached herein as Exhibit B documents serious misrepresentations by Attorney Skaar relevant to this Action:

> Page 19, "We expect to account for this transaction as a purchase of Cardiac Science by Quinton,"
>
> Page 28, Cardiac Science Financial Data, "Loss from operations for each year 2000 through 2005" for a total of $142 million.
>
> Page 35, Value of Cardiac Science common stock declined from $8.49 per share in 2003 to $1.00 per share in 2005.
>
> Page 103, "transaction as a purchase of Cardiac Science by Quinton."
>
> Page 105, "Cardiac Science common stock will be delisted from the Nasdaq National Market."
>
> Page 185, "There is no material action pending against, or to the knowledge of Cardiac threatened against, Cardiac or any of its subsidiaries."
>
> Page 189, "Cardiac and its subsidiaries are the sole legal and beneficial owners of all Cardiac Intellectual Property Rights."

\* \* \* \* \*

Through this Motion and his past filings Attorney Skaar has continually misrepresented Defendant, Cardiac Science to the Plaintiff and this Court. During testimony taken in a Hearing held on September 9, 2004, Skaar characterized Cardiac Science as financially strong and capable of paying a 3 million-dollar judgment while the record shows that his client was losing money and close to insolvency.

Hutchins acceded to being deposed and produced over 100 documents in discovery. Attorney Skaar evaded all discovery requests from Hutchins and produced no discovery documentation for Hutchins' use in this litigation.

Attorney Skaar never disclosed that the CPR Prompt® product line, that included Hutchins' licensed properties currently being adjudicated in this court, was discontinued by Cardiac Science in August of 2004. It is also evident that Cardiac Science did not disclose either Civil Action 04-30126-MAP or the existence of Hutchins' intellectual properties as required by the SEC in the Agreement that established the Cardiac Science Corporation.

Attorney Skaar filed his Motion for Summary Judgment against Hutchins as legal representative for Cardiac Science, Inc., an entity that is dissolved, has no place of business and has no legal standing. Attorney Skaar has filed this Motion to Enjoin Hutchins from filing any Further Motions Without Leave of the Court for the same phantom client. With this Motion Attorney Skaar attempts to lock the door on any hope that Hutchins may have on recovering from Cardiac Science and the Complient Corporation both of whom have evaded accountability to the 1994 License Agreement.

**II.    To Enjoin Hutchins from Filing any Further Motions Inhibits His Ability to Enjoin Cardiac Science, Inc.'s. Successor, The Cardiac Science Corporation.**

The Cardiac Science Corporation has assumed the legal obligations of the dissolved Defendant, Cardiac Science, Inc. Hutchins has the legal right to pursue this Action with the successor or any successor to the dissolved Defendant, Cardiac Science, Inc

**III.   To Enjoin Hutchins from Filing any Further Motions Inhibits His Ability to Litigate Against the Complient Corporation, the Second Defendant in this Action.**

The Complient Corporation continues to be a Defendant in Civil Action: 04-30126-MAP. To deny Hutchins the opportunity to file Motions in this Action would obstruct his pursuit for reparations from County Line Limited and the successor, Complient Corporation

## CONCLUSION

For the reasons set forth above Plaintiff respectfully submits that Attorney Skaar is not entitled to his Motion to Enjoin Plaintiff from filing any Further Motions Without Leave of the Court for whatever phantom entity he claims to represent.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: November 18, 2005

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

4

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class-mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Colleen Moran O'Neil
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Dated: 11/12/05

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Donald C. Hutchins

5