UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

DONALD C. HUTCHINS,

              Plaintiff,              Civil Action No. 3:04-cv-30126 MAP

v.

CARDIAC SCIENCE, INC., ET AL.

              Defendants.

_____

**DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN
CARDIAC SCIENCE TO DISCLOSE THE IDENTITY AND PLACE
OF BUSINESS OF CURRENT LICENSEE UNDER LOCAL RULE 26.1(b)**

**INTRODUCTION**

In his Motion to enjoin Cardiac Science, Plaintiff appears to be asking this Court to compel further discovery from Cardiac Science. Plaintiff cites Local Rule 26.1(b) as the procedural basis for the present motion. Specifically, Plaintiff nakedly alleges that Cardiac Science, Inc. now stands dissolved and has been "deactivated" and, as such, the identity of the current licensee is "essential to this litigation." Summary judgment was granted in Cardiac Science's favor in June of this year and, thus, unless and until Plaintiff succeeds in an appeal, there is no litigation between Plaintiff and Cardiac Science. Plaintiff's continued barrage of motions is frivolous and improper because this case is moot.

Further, even if this case was not moot, Cardiac Science, Inc. has not been dissolved and the information Plaintiff seeks is irrelevant and beyond the scope of Local Rule 26.1(b). Finally, Plaintiff had full opportunity to seek information during discovery. Cardiac Science responded to all of Plaintiff's discovery requests, and discovery in this case has been closed for months.

Plaintiff has not made any effort, much less a good faith effort, to reach agreement with opposing counsel as required by Local Rules 7.1(a)(2) and 37.1(b) and, therefore, Plaintiff cannot present certification of any such good faith effort pursuant to Local Rule 26.2(c).  Thus, for at least the foregoing reasons, the Plaintiff's present motion for further discovery must be denied.

## BACKGROUND

Cardiac Science purchased license rights to Plaintiff's asserted intellectual property on October 21, 2003.  Plaintiff sued Cardiac Science for infringement of the asserted intellectual property and other causes of action on July 2, 2004.  This Court granted Cardiac Science Summary Judgment on June 23, 2005, including a declaratory judgment that Cardiac Science's license rights to Plaintiff's asserted intellectual properties are in full force and effect.  Plaintiff added Complient as a defendant in this matter on November 18, 2004.  Plaintiff filed a Notice of Appeal of the Summary Judgment Order to the First Circuit on June 30, 2005.

## ARGUMENT

### I.     PLAINTIFF'S MOTION AGAINST CARDIAC SCIENCE IS MOOT

Plaintiff's motion for further discovery pursuant to Local Rule 26.1(b)(2)(a) is moot.  A case becomes moot when the issues presented are no longer live.  Courtemanche v. General Services Administration, 172 F.Supp.2d 251, 263 (D. Mass. 2001).  In order to properly invoke federal jurisdiction, an actual case or controversy must exist at all stages of the proceeding.  Id. *citing* Roe v. Wade, 410 U.S. 113, 125, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973).

On June 23, 2005, this Court granted summary judgment in favor of Cardiac Science on all claims asserted by Plaintiff against Cardiac Science.  Cardiac Science bears no liability to Plaintiff.  Therefore, no actual case or controversy exists between Plaintiff and Cardiac Science.

Because no case or controversy exists between Plaintiff and Cardiac Science, Plaintiff's motion for further discovery is moot. Plaintiff's continued filing of motions, despite this Court's granting of summary judgment in Cardiac Science's favor, is frivolous and constitutes harassment. Plaintiff's motion to compel further discovery is moot and should be denied.

## II.   PLAINTIFF'S MOTION PURSUANT TO LOCAL RULE 26.1(b) IS WITHOUT MERIT

Even if the case between Plaintiff and Cardiac Science was not moot, Plaintiff's motion for further discovery lacks merit and is wholly unsupported. Local Rule 26.1(b)(2)(a) provides that the judicial officer, at their discretion, may direct the submission of a sworn statement from the defendant that identifies all persons then known to the defendant or the defendant's attorney who witnessed the transaction or occurrence giving rise to the claim or otherwise is known or believed to have substantial discoverable information about the claim or defenses, together with a statement of the subject and a brief summary of that information. Plaintiff's only basis for his motion is the assertion, again without any evidence, that he believes Cardiac Science has dissolved and has been "deactivated." Plaintiff relies on this false allegation of dissolution to support his present motion ostensibly asking the Court to compel Cardiac Science to disclose what Plaintiff refers to as the "current licensee" because Plaintiff argues this disclosure is "essential to this litigation."

Plaintiff provides no support for the compelled disclosure of the so-called "current licensee." Plaintiff's only argument is fatally flawed in that there is no litigation between Cardiac Science and Plaintiff and, thus, nothing can be essential to a litigation that does not exist. This Court granted Summary Judgment in favor of Cardiac Science on all claims asserted by Plaintiff. Plaintiff has offered no logical basis or support for the compelled disclosure he seeks.

3

Even if Cardiac Science dissolved or sold the 1994 License Agreement, that does not change the fact that Cardiac Science was found not liable to Plaintiff on all claims asserted by Plaintiff.

In addition, the disclosure Plaintiff seeks is beyond the scope of Local Rule 26.1(b)(2)(a) which only provides for the disclosure of parties who witnessed the occurrence that gave rise to the claims or who have discoverable knowledge about the claims. Any so called "current licensee" would not have witnessed Cardiac Science's acquisition of the 1994 License Agreement. Further, there are no actual claims pending against Cardiac Science; thus, there can be no discoverable information relating to claims that do not exist. Plaintiff's motion for further discovery is wholly unsupported and should be denied.

### III. DISCOVERY IS CLOSED AND PLAINTIFF HAS NOT COMPLIED WITH THE LOCAL RULES FOR FURTHER DISCOVERY

Even if summary judgment had not been granted in favor of Cardiac Science, discovery has closed, and Plaintiff has not complied with the Local Rules for further discovery. The scheduling order of September 13, 2004 set the written discovery deadline in this case at October 12, 2004 and the deadline for non-expert depositions at February 28, 2005. Plaintiff served Cardiac Science with Requests for Admissions, Interrogatories, and Document Requests on January 5, 2005, well over two (2) months after the deadline set in the scheduling order. Nonetheless, Cardiac Science responded to Plaintiff's written discovery. Plaintiff opted not to take any depositions.

Because discovery closed over eight (8) months ago, any further discovery must be by discovery motion. LR 26.2(B), D. Mass. Any discovery motion must be accompanied by a certification, as required by Local Rule 7.1(a)(2) and Local Rule 37.1(b), that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the

4

matters set forth in the motion. LR 26.2(C), D. Mass. The judicial officer shall not consider any discovery motion that is not accompanied by such certification. Id. Plaintiff has made no attempt to reach agreement with Cardiac Science as required by Local Rules 7.1(a)(2) and 37.1(b). Plaintiff's motion for further discovery was, thus, not accompanied by the required certification pursuant to Local Rule 26.2(C) and therefore cannot be considered.

## CONCLUSION

Plaintiff's motion for further discovery is moot, unsupported, and does not comply with the Local Rules. Based on the foregoing, Plaintiff's motion for further discovery should be denied.

Respectfully submitted,

**PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.**

Dated: December 7, 2005        By:    s/ Randall T. Skaar
Randall T. Skaar  (#165,013)
Scott G. Ulbrich   (#305,947)
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

*and*

Paul H. Rothschild
**BACON & WILSON P.C.**
33 State Street
Springfield, Massachusetts 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

**ATTORNEYS FOR CARDIAC SCIENCE, INC.**