UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *INSTANTER* REPLY BRIEF IN ANSWER TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT PURSUANT TO RULE 60(b)(3) AND LOCAL RULE 7.3(B)**

I.  **Cardiac Science, Inc. Has Been Dissolved As A Delaware Corporation.**

Exhibit A attached herein, the Purchase and Sale Agreement between Quinton Cardiology Systems, Inc. and Cardiac Science, Inc. as submitted to the SEC as a public document states:

Page 107: "The transaction will be accounted for as an acquisition of Cardiac Science by Quinton ..."

Page 92: "Quinton common stock and Cardiac Science common stock will be delisted from The Nasdaq National Market and will be deregistered . . . We have applied to list our shares of common stock to be issued in the transaction on Nasdaq under the symbol "CSCX."

Page 90: We expect to account for the transaction as a purchase of Cardiac Science by Quinton."

3

Addendum: "We expect to account for the transaction as a purchase of Cardiac Science by Quinton."

II. **Cardiac Science Corporation is located in Bothell, Washington.**

The pleadings of Defendant, Cardiac Science Inc. list its principal place of business as 15931 Millikan Avenue, Irvine, California as indicated on page 15 of Defendant's Counterclaims attached as Exhibit B. Page 2 of SEC Form 8-K for the successor Cardiac Science Corporation (included in Exhibit B), indicates the principal executive offices to be at 3303 Monte Villa Parkway, Bothell, Washington.

III. **Defendant's Corporate Disclosures Are False.**

The Corporate Disclosures for Defendant, Cardiac Science, Inc. as submitted by Attorney Paul Rothschild are false as verified by documents in Exhibit C attached. What Attorney Randall T. Skaar characterizes as a name change is actually a legal change in party identity that requires a updated Corporate Disclosure statement that Attorney Skaar has failed to furnish this Court.

IV. **Cardiac Science Inc. Failed to Disclose Hutchins' Licensed Property or Civil Action: 04-30126-MAP.**

Page A-33 of the Sale Agreement with Quinton herein attached as Exhibit D, fails to recognize Hutchins intellectual properties. It also falsely stated that there were no pending against legal actions against Cardiac Science, Inc. prior to the sale and transition to the Cardiac Science Corporation. As a consequence, the successor Cardiac Science Corporation has no knowledge of this litigation, Hutchins' claims against Cardiac Science or Hutchins' licensed properties.

4

Again, Attorney Skaar has placed another barrier between Hutchins and his rights as licensor under the 1994 License Agreement with County Line Limited.

V. **Roderick De Greef Is Not Chief Financial Officer of Defendant**

Defendant's Motion for Summary Judgment included the testimony of Roderick De Greef who claimed at that time to be Chief Financial Officer of Defendant, Cardiac Science Inc. Documents enclosed as Exhibit E verify that Michael K Matysik is Chief Financial Officer of the Cardiac Science Corporation and that de Greef claims at the time of his testimony are invalid.

VI. **Conclusion**

This instanter Reply Brief Memorandum confirms that the transition from Cardiac Science Inc to the Cardiac Science Corporation was not a name change as characterized by Attorney Skaar, but a total change in legal identity, ownership and management. Cardiac Science Inc. has been dissolved as a Delaware corporation, does not maintain a principal place of business in Irvine, California and continues to mislead the Court through false Corporate Disclosures pursuant to Fed. R. Civ. P.1(a). For this and the other reasons contained in Hutchins' Motion for Relief, this Court should grant Hutchins' Motion for Relief from Summary Judgment Pursuant to Rule 60(b)(3) and Local Rule 7.3(B).

Respectfully submitted

Dated: 12/12/05

The Plaintiff
Donald C. Hutchins, Pro Se

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606, (413) 739-4060 (facsimile)

5

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first-class-mail to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Colleen Moran O'Neil, Esq.
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, OH 44114-2688

Dated: 12/12/05

Donald C. Hutchins

6