# EXHIBIT A

# STRADLING YOCCA CARLSON & RAUTH

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
TELEPHONE (949) 725-4000
FACSIMILE (949) 725-4100

KEVIN W. KIRSCH
DIRECT DIAL: (949) 725-4142
KKIRSCH@SYCR.COM

SAN FRANCISCO OFFICE
44 MONTGOMERY STREET, SUITE 4200
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE   (415) 283-2240
FACSIMILE   (415) 283-2255

SANTA BARBARA OFFICE
302 OLIVE STREET
SANTA BARBARA, CALIFORNIA 93101
TELEPHONE   (805) 564-0065
FACSIMILE   (805) 564-1044

June 29, 2004

***VIA FEDERAL EXPRESS***

Gary Martinelli, Esq.
P.O. Box 15407
Suite 912, Tower Square
1500 Main Street
Springfield, Massachusetts 01115

   Re:   Donald C. Hutchins

Dear Mr. Martinelli:

   We are in receipt of Mr. Hutchins' June 5, 2004 correspondence to Randall T. Skaar. STRADLING YOCCA CARLSON & RAUTH has been retained to represent Cardiac Science, Inc. ("Cardiac Science") in this matter. Please direct all future communications to our office.

   Mr. Hutchins has raised three issues: (1) he claims that the acquisition of Complient by Cardiac Science triggers an alleged "7-1/2% exit strategy" allegedly "negotiated by the Lindseths in 1994"; (2) he claims that the scope of the June 1, 1994 Agreement (the "1994 License Agreement") is limited to United States Patent Nos. 4,583,524; and (3) he claims that County Line Limited Partnership and its subsequent assignees have abandoned their rights under the 1994 License Agreement. In addition, Mr. Hutchins has threatened Cardiac Science with SEC action in the event that an agreement is not reached.

   Prior to addressing the first three points, we would like to take the opportunity to advise Mr. Hutchins that threats of SEC action are not well received by Cardiac Science. Cardiac Science maintains the highest level of integrity in its business dealings and takes such frivolous and ill conceived threats extremely seriously. Cardiac Science is already reviewing the publication of the current threat for possible action against Mr. Hutchins. Should Mr. Hutchins elect to publish such allegations again in a less discrete manner, Cardiac Science will vigorously protect its reputation and business.

   As to Mr. Hutchins' first substantive point, the alleged "7-1/2% exit strategy" allegedly "negotiated by the Lindseths in 1994" does not touch or concern Cardiac Science. Cardiac Science was not a party to any such alleged oral agreement. Further, the legal instrument giving rise to Cardiac Science's current ownership of the rights under the 1994 License Agreement was in the form

DOCSOC/1053211v1/16761-0000

Gary Martinelli
June 29, 2004
Page Two

of an asset purchase. Any issue over any such alleged breach of any alleged oral agreement is between Mr. Hutchins and the Lindseths, Complient, et al.

With respect to Mr. Hutchins' second point, Cardiac Science does not agree with his extremely narrow reading of sections 1.8, 1.9 and 4.6, *inter alia*, of the 1994 License Agreement. Cardiac Science purchased and will exercise all of the rights contained and outlined in the 1994 License Agreement.

With respect to Mr. Hutchins' third point, the alleged abandonment position appears to be based on two arguments: (1) Mr. Hutchins' assertion that Complient is no longer an ongoing concern and (2) Complient's alleged failure to maintain the Licensed Patents. Issue number one is irrelevant. Cardiac Science is the assignee under the 1994 License Agreement and is performing under the 1994 License Agreement. Issue No. 2 appears to reflect a misunderstanding on Mr. Hutchins' part of the duties and obligations owed under the 1994 License Agreement. Pursuant to Section 4.4 of the 1994 License Agreement, it is the responsibility of Mr. Hutchins and CPR-Prompts to maintain, sustain, reexamine, reissue or extend the Licensed Patents. The Licensee merely has an obligation to pay or reimburse reasonable expenses associated therewith. Cardiac Science is not aware of any claim by Mr. Hutchins that any licensee under the 1994 License Agreement has failed to reimburse the licensor for any such expense. In addition, Cardiac Science has paid in full all royalty amounts due and owing under the 1994 License Agreement to Mr. Hutchins' through the quarter ended March 31, 2004. Further, there is no forfeiture provision in the 1994 License Agreement. Finally, the licensor has not provided formal notice of any material breach pursuant to sections 8.2 and 9.1 triggering the 90 day opportunity to cure.

Any position taken in this correspondence is merely part of an effort to respond to the assertions raised by Mr. Hutchins in his June 5, 2004 correspondence. The positions are not meant to be an exhaustive list of the defenses which could be raised to each of the allegations asserted by Mr. Hutchins. Further, any citation to specific portions of the 1994 License Agreement is not meant to preclude the possibility that other portions of the 1994 License Agreement or other documents may be probative to the issues addressed by Mr. Hutchins.

Very truly yours,

STRADLING YOCCA CARLSON & RAUTH

Kevin W. Kirsch

KWK:cml

DOCSOC/1053211v1/16761-0000