UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| vi. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et. al., ) | |
| ) | |
| Defendants ) | |

**AMENDED MEMORANDUM OF LAW IN SUPPPORT OF
PLAINTIFF'S MOTION FOR JOINDER UNDER
R. 19(a)(1) AND R. 19(a)(2)(ii) OF CIVIL PROCEDURE**

The Plaintiff, Donald C. Hutchins ("Hutchins") files this memorandum in support of the Plaintiff's Motion For Joinder Under R. 19(a)(1) and R. (a)(2)(ii) of Civil Procedure.

**I.   SUMMARY OF POSITION**

The Affidavit of Steven Lindseth ("Lindseth") attached herein as Exhibit A testifies to the fact that the Complient Corporation ("Complient") is a defendant in this Civil Action 04-30126-MAP. Lindseth also swears that "On October 21, 2003, substantially all of the assets of Complient were sold to an entity known as Cardiac Science, Inc. by and through an Asset Purchase Agreement entered into on that date by and among Complient, Cardiac Science and CPR Limited Partnership ("CPR L.P."). I oversee the winding up and liquidation of Complient."

3

At the Hearing of September 9, 2004 Cardiac Science pleaded that remedies for certain allegations contained in Hutchins' Complaint could only come from the Complient Corporation and the Court agreed. On November 18, 2004 Judge Michael A. Ponsor endorsed order granting Hutchins' Motion for Joinder of the Complient Corporation to this action.

As a venture capitalist, Steven Lindseth has acted and continues to act as the controlling stockholder, general partner, and overseer of the venture funding raised to promote County Line Limited, CPR Prompt LLC, CPR L.P., Catalog Products, Inc. and the Complient Corporation. The State of Ohio lists Lindseth as chief agent or representative for each of these entities as documented in Exhibit B attached.

As a venture capitalist Mr. Lindseth is involved prior to, during and upon the exit of such entities as the Complient Corporation. After selling Complient to Cardiac Science, Lindseth turned his attention to Axentis L.L.C., a software company that he spun off from the Complient Corporation as explained in Exhibit C attached. Hutchins did not participate in the proceeds from this spin-off as required under terms of the 1994 License Agreement being contended in Civil Action: 04-30126-MAP. Investors such as JP Morgan/Chase, National City, The Cleveland Clinic gained from the spin off of Axentis as disclosed in Exhibit C. These same investors and Mr. Lindseth shared in the distribution of Cardiac Science stock upon the dissolution of the Complient Corporation in October of 2003. Civil Action 30126-MAP relates to the omission of Hutchins in the distribution of stock produced by the sale to Cardiac Science.

It is imperative that Steven Lindseth be joined to this action as a defendant so that complete relief is accorded among those parties already joined. The Complient

4

Corporation has been dissolved and can not function under the laws of Delaware. Mr. Lindseth has been involved in the formation of and upon the exit of County Line Limited, CPR LLC, Axentis and the Complient Corporation as a representative of the investors. Steven Lindseth is outside the limited liability protection that the Complient Corporation can provide individual persons under the law. The Complient Corporation has no assets and no ability to pay damage claims. Lindseth must assume the liabilities to which he obligated County Line Limited, CPR Prompt LLC, CPR L.P., Catalog Products, Inc. and the Complient Corporation. .

## II.   ARGUMENT

The standard used to consider a request for joinder is found in Rule 19 of the Code of Civil Procedure. The tests are:

"(1) in the person's absence complete relief cannot be accorded among the parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Hutchins and Cardiac Science meet the test that in absence of Steven Lindseth relief can not be accorded among the parties.

Cardiac Science and Hutchins meet the test that in the absence of Steven Lindseth both will be subject to inconsistent obligations by reason of the claimed interest

## **CONCLUSION**

For all of the foregoing reasons, the Plaintiff's Motion to order Steven Lindseth be made a party to Civil Action: 04-30126-MAP should be granted.

> The Plaintiff
> Donald C. Hutchins, Pro Se
>
> _____
> 1047 Longmeadow Street
> Longmeadow, Massachusetts 01106
> (413) 567-0606

Dated: December 9, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et., al., )<br>)<br>Defendants )<br>) | Civil Action: 04-30126-MAP |

## ORDER FOR JOINDER

The Court makes the following findings and orders that Steven Lindseth, c/o Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, Ohio 44114-2688, Attn: Colleen Moran O'Neil, Esq., be joined as a Defendant to this action under Rule 19 (a)(1) and Rule 19(a)(2)(ii) of civil procedure.

The Court finds that without the joining of the Steven Lindseth, complete relief cannot be accorded among the parties and the absence of Steven Lindseth will leave any of the persons already parties subject to a substantial risk of incurring inconsistent obligations by reason of the claimed interest.

_____
Justice of the United States District Court

Dated: _____

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et al, )<br>)<br>Defendants )<br>) | **CERTIFICATION UNDER<br>LOCAL RULE 15.1 BY<br>DONALD C. HUTCHINS** |

NOW COMES DONALD C. HUTCHINS who states that:

In accordance with Local Rule 15.1, ADDITION OF NEW PARTIES, that I shall file PLAINTIFF'S AMENDED MOTION FOR JOINDER on December 20, 2005.

December 9, 2005

_____
DONALD C. HUTCHINS

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I had served by Richard Moriarty, 43 Greenacre Ave., Longmeadow, Massachusetts 01106, a copy of Plaintiff's Motion For Joinder and the foregoing Certificate under Local Rule 15.1 on the appropriate party by registered mail to:

Steven Lindseth, c/o Colleen Moran O'Neil, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH 44114-2688.