DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et. al., ) | |
| ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR REMOVAL PURSUANT TO FED. R. CIV. 11 and TITLE 28, PART IV, ¶ 1446 (a) and LOCAL RULE 81.1 and M.G.L. c. 223, § 5 FORUM NON CONVENIENS**

## INTRODUCTION

The Plaintiff, Donald C. Hutchins respectfully requests that this Honorable Court grant Plaintiff's Motion for Removal of Civil Action No. 05 1115, Superior Court, Hampden County, Commonwealth of Massachusetts because district courts have been granted personal jurisdiction due to diversity of citizenship by the Constitution and federal legislation.

Civil Action No. 05 1115 was filed to enforce a judgment in Ohio Case No. CV 04 540066. Case No. CV 04 540066 was filed by the Complient Corporation in response to Hutchins' Civil Action 04-30126-MAP as is clearly stated in paragraph 3 of Complient Corporation's Complaint herein attached as Exhibit A. The Federal Court action was commenced by Hutchins on or about July 2, 2004 and preceded Ohio Case No. CV 04 540066 and Civil Action 05 1115.

Hutchins, as a Defendant in a Counterclaim and Summary Judgment claim presently pending in this Court is defending identical claims for abuse of process asserted by the Complient Corporation in this forum. Complient filed the its Counterclaims in Civil Action 04-30126-MAP prior to the date the judgment in the Ohio case was entered.

M.G.L. c. 223A, § provides that "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition that may be just." A Motion to Dismiss Complaint due to *forum non conveniens* was filed by the Springfield law office of Crevier & Ryan, LLP on behalf of Hutchins on December 14, 2005 as herein attached as Exhibit B. Attorney O'Neil who is representing Complient in Civil Action 04-30126-MAP has asked for an extension of time to answer Attorneys Ryan and Crevier.

Complient asked for damages of $25,000 on two counts in the Ohio Case while also asking for a declaratory judgement to "resolve the 7.5% payment provision of Section 3.10." The asset sale to Cardiac Science places a value of $3,525,000 on Cardiac Science stock rather than the total of $50,000 demanded as damages by Complient as plaintiff in Case No. CV 04 540066. This low demand when so much is at stake with the 7.5% payment was clearly an attempt by Complient to obstruct justice by deceiving the Ohio court into believing that damages fell below the federal limits of $75,000 set by Congress for actions that involve citizens of different states.

The Judgment of 278,384.00 is another clear indication that the Ohio action exceeded the $75,000 federal guideline for diversity jurisdiction both prior, during and as the outcome of the Ohio kangaroo court action as found in Exhibit C attached. This Exhibit C also includes more unchallenged lies in the form of another affidavit from

4

Steven Lindseth who continues to preside over the dissolved Complient Corporation independently as the lead investor.

## ARGUMENT

Paragraph 1441 (a) states:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Paragraph 1446 (a) states:

"A defendant or defendants desiring to remove any civil action or criminal prosecution for a State court shall file in the district court of the United States for the district and division within which such action is pending."

Paragraph 1447 (a) states:

"In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State or otherwise."

Local Rule 81.1 (a) REMOVAL states:

"Within thirty (30) days after filing a notice for removal of an action from state court to this court pursuant to 28 U.S.C. ¶ 1446, the party filing the notice shall file certified or attested copies of all records and proceeding in the state court and a certified or attested copy of all docket entries in the state court."

Rule 12(b) (9) of the Massachusetts Rules of Civil Procedure provides that a defendant to an action may move to dismiss an action due to the "pendency of a prior action in the courts of the Commonwealth." The SJC stated, in a pre-Rules decision, that "[a] court of law will not permit a defendant to be vexed by two actions of law, for the same causes, in the same jurisdiction, by the same plaintiff, and ordinarily will order an abatement of the second action." Stahler v. Sevinor, 324 Mass, 18,23 (1949).

The Federal Courts recognize the same concept as well. In <u>Integrated Technologies Limited v. Biochem Immunosystems</u>, (U.S.) Inc., 2 F.Supp.2d 97, 102-103. The concept was reiterated <u>Curtis v. Citibank</u>, 226 F.3d 133, 139, (2d Cir. 2000) where the Court stated: "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."

## **CONCLUSION**

A Hearing is scheduled for January 4, 2006, in Civil Action: 04-30126-MAP before this Court to resolve the same issues and between the parties that tangled in Ohio Case No. CV 04 540066 that led to Massachusetts Action No. 05 1115. The same genuine issues presented by Hutchins in CV 04 540066, that will be aired January 4, 2006 in 04-30126-MAP, were never tried in the Ohio rush to summary judgment. Participation by all the parties including Cardiac Science, the Complient Corporation and Donald C. Hutchins who are called to the Hearing in this forum is the most just and economical path to resolution. The Hampden County Superior Court welcomes this removal.

Plaintiff agrees to comply with Local Rule 81.1 and all other procedures required for removal of Massachusetts Action No. 05 1115 to this Court. For all of the foregoing reasons, the Plaintiff's prays that his Motion for Removal be granted and that the Court issue all necessary orders and process to bring it before all proper parties.

The Plaintiff
Donald C. Hutchins, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
Dated: December 23, 2005    (413) 567-0606

6

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 12/23/05                                         _____
                                                        Donald C. Hutchins

7