# EXHIBIT B

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier *
Michael P. Ryan
Timothy J. Ryan
Katherine R. Parsons ♦◊

\* Also admitted in NY
♦ Also admitted in RI
◊ Also admitted in CT

December 14, 2005

Jack J. Mikels, Esq.
Michael A. Wirtz, Esq.
Jack Mikels & Associates, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454

Re:   Complient Corporation v. Donald C. Hutchins, et al
      Hampden County Superior Court- Civil Action No. 05 1115

Dear Attorney Mikels:

Enclosed please find a Motion to Dismiss which has been prepared in connection with the above referenced matter. This is being served upon you in accordance with Rule 9A of the Superior Court Rules.

Thank you for your attention to this matter.

Very truly yours,

Michael P. Ryan

Enclosure

Document3

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05 1115

COMPLIENT CORPORATION )
)
          Plaintiff )
vs. )
)
DONALD C. HUTCHINS and )
CPR PROMPT CORPORATION )
)
          Defendants )

## MOTION TO DISMISS COMPLAINT DUE TO FORUM NON COVENIENS

Now come the Defendants, Donald C. Hutchins and CPR Prompt Corporation, who move, through counsel, to dismiss this action due to *forum non conveniens*. The Plaintiff commenced this action in an effort to enforce an out of state judgment for abuse of process that was obtained against the Defendants in the State of Ohio.[1]

Donald C. Hutchins, as a Defendant in a Counterclaim presently pending in Western Division of the U.S. District Court for the District of Massachusetts (04-30126-MAP)(the "Federal Court Action"), is defending identical claims for abuse of process asserted by Complient Corporation in said Federal Court Action.

M.G.L. c. 223A, §5 provides that "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

---

[1] The Defendants herein have not yet exhausted their rights to seek relief from the judgment that the Plaintiff's seek to enforce by means of the instant action. Rule 60 (b)(5) of the Ohio Rules of Civil Procedure, like Mass. R. Civ. P. 60(b)(5), provides for relief from judgment "for any other reason justifying relief from judgment." The Defendants have not ruled out filing a motion for relief from judgment in accordance with said Rule 60(b)(5).

1

## PROCEDURAL HISTORY

The above captioned action was commenced by the Plaintiff herein on or about November 16, 2005. It seeks to enforce a Judgment obtained by the Plaintiff against the Defendants in the State of Ohio.

The action in Ohio was commenced by the Plaintiff herein on or about August 27, 2004 (the "Ohio Case"). Mr. Hutchins appeared pro se in the Ohio Case. Judgment in the Ohio case was entered against the Defendants named herein on September 29, 2005.

The Federal Court action was commenced by the Defendant, Donald Hutchins ("Mr. Hutchins"), on or about July 2, 2004. Mr. Hutchins filed an Amended Complaint in the Federal Court action on or about December 22, 2004. The Plaintiff herein, as Defendant and Plaintiff in Counterclaim, filed an Answer to the Amended Complaint and Counterclaim on May 16, 2005. The Counterclaim was filed prior to both the instant action and the date that judgment in the Ohio case was entered. Further, the factual allegations and claims for relief set forth in the Counterclaim mirror the allegations and claims for relief asserted in the Ohio case.

## ARGUMENT

I. <u>The Interests of Substantial Justice Require an Order Dismissing the Instant Action in Recognition of the Doctrine of Forum Non-Conveniens</u>

M.G.L. c. 223A, §5 states that "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

A decision whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and

2

depends greatly on the specific facts of the proceeding before the court. W.R. Grace & Co. v. Hartford Accident And Indemnity Company, 407 Mass. 572 (1990); citing, Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303 (1933).

The Defendants seek to dismiss the instant action on the grounds of *forum non conveniens* because they believe that they should not be subjected to defend the same claims that are being litigated in the Federal Court Action.

Both the Courts of the Commonwealth of Massachusetts and the Federal Courts agree that a person should not be required to defend the same claims in duplicate proceedings. While the procedural rules and case law decisions speak only to duplicate cases pending in the same jurisdiction (Massachusetts/Federal), the Defendants herein contend that the concepts underlying the rules and decisions apply to the instant action pending in state court and the duplicate claims pending in the Federal Court Action.

The Defendants request that the Court employ the doctrine of *forum non conveniens* to protect them from having to defend against a claim asserted in a state court proceeding while said same claim is being litigated in a pending Federal court proceeding. As the case law discussed below shows, such a decision would be in the "interests of substantial justice."

Rule 12(b)(9) of the Massachusetts Rules of Civil Procedure provides that a defendant to an action may move to dismiss an action due to the "pendency of a prior action in the courts of the Commonwealth." The SJC stated, in a pre-Rules decision, that "[a] court of law will not

3

WHEREFORE, the Defendants request that their Motion to Dismiss be allowed.

THE DEFENDANTS
DONALD C. HUTCHINS and
CPR PROMPT CORPORATION

_____
Michael P. Ryan, Esq. BBO# 555420
CREVIER & RYAN, LLP
1500 Main Street, Suite 2020
P.O. Box 15532
Springfield, MA 01115-5532
(413) 787-2400

## CERTIFICATE OF SERVICE

I, Michael P. Ryan, do hereby certify that on December 14, 2005 I have served the foregoing document, pursuant to the provisions of Superior Court Standing Order I-88, upon the parties hereto by mailing a copy of the same, first class mail, postage prepaid, to:

Jack J. Mikels, Esq.
Michael A. Wirtz, Esq.
Jack Mikels & Associates, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454

_____
Michael P. Ryan

permit a defendant to be vexed by two actions of law, for the same cause, in the same jurisdiction, by the same plaintiff, and ordinarily will order an abatement of the second action." Stahler v. Sevinor, 324 Mass. 18, 23 (1949).

The Federal Courts recognize the same concept as well. In Integrated Technologies Limited v. Biochem Immunosystems, (U.S.) Inc., 2 F.Supp.2d 97, 102-103 (D.Mass. 1998)(Woodlock, J.), the U.S. District Court of Massachusetts stated:

> If a claim is both transactionally related to one which is the subject of a pending lawsuit and was in existence at the time the first lawsuit was filed, then, for all the same policy reasons that underlie the doctrine of claim preclusion, it is incumbent on plaintiff either to 1) include the second claim in the original complaint or 2) bring the second claim in the first action by a motion to amend filed early enough to be allowed without undue disruption of the existing case. Neither the defendant nor the judicial system should have to bear the considerable expense or inconvenience of plaintiff's failure to do so.

The concept was reiterated Curtis v. Citibank, 226 F.3d 133, 139 (2d Cir. 2000) where the Court stated: "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."

## CONCLUSION

There can be no argument that both the Massachusetts Courts and the Federal Courts agree that a defendant should not be made to defend the same claims in separate proceedings. The Defendants herein contend that they face just such a predicament. For these reasons and the reasons set forth above, the Plaintiff's Complaint should be dismissed and it should be left to pursue the claims which have already been asserted and which are being litigated in the Federal Court Action.