UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CARDIAC SCIENCE, INC. ) <br> ) <br> Defendants ) <br> ) | Civil Action: 04-30126-MAP |

**DEFENDANT COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR JOINDER OF PARTIES**

### I.  INTRODUCTION

Defendant Complient Corporation ("Complient") respectfully requests that Plaintiff Donald C. Hutchins' ("Hutchins") Motion for Joinder of Parties (the "Motion"), which requests that Steven Lindseth be joined to this action as a Defendant, be denied.  Hutchins' Motion should be denied because he failed to establish that Mr. Lindseth's presence in this action is necessary for a full resolution of the claims existing among the parties.  Further, Hutchins failed to establish the necessity of piercing Complient's corporate veil to impose liability upon one of its officers, leading to the conclusion that Hutchins' Motion for Joinder of Steven Lindseth should be denied.

Contrary to Hutchins' claims, Mr. Lindseth is not a stockholder of Complient, let alone its "controlling stockholder."  Thus, Hutchins' Motion for Joinder is based on a fabrication that he was undoubtedly aware of when he filed his Motion given that it was he who produced

{JJL0685.DOC;1}

Complient's stockholder list in this case -- a list that does not contain Mr. Lindseth's name. Hutchins' Motion is yet another example of his continued misuse of the judicial system.

Hutchins has repeatedly sued Complient, its stockholders and various legal entities associated with Complient. This is the second time he has tried to sue Mr. Lindseth personally, without any basis for doing so. Hutchins' vexatious filings against Complient resulted in a judgment entered against him in the State of Ohio for damages in excess of $250,000. Despite that judgment, Hutchins continues with his relentless campaign of harassment against Complient and persons and entities associated with Complient. Enough is enough, is enough. Complient respectfully requests that Hutchins' Motion for Joinder be denied.

## II.    FACTUAL BACKGROUND

On June 23, 2005, the Court granted summary judgment to Defendant Cardiac Science on the totality of Hutchins' claims. Complient's Motion for Summary Judgment, filed on July 29, 2005, and Hutchins' Motion for Summary Judgment, filed on September 7, 2005, remain pending. These Motions, among others, are set for hearing on January 4, 2006. On December 20, 2005, one year after his Amended Complaint was filed and just two weeks prior to the hearing of these dispositive Motions, Hutchins filed his Motion for Joinder relative to Steven Lindseth in apparent hope of adding yet another Defendant to this case. Hutchins has neither the facts nor legal authority to support this eleventh hour effort.

The linchpin of Hutchins' arguments in support of joining Mr. Lindseth as a Defendant is that Mr. Lindseth is the "controlling stockholder" of Complient and, as such, complete relief cannot be achieved in his absence. This claim, however, is false. In fact, Mr. Lindseth is not a stockholder of Complient at all, as established by the very evidence Hutchins invoked in support of his Motion for Joinder of Complient. See Exhibit M to Amended Complaint, filed December

22, 2004 (listing stockholders of Complient). In addition, Hutchins claims that Mr. Lindseth is the general partner of one or more of the entities he cites. This claim is likewise false. <u>See</u>, <u>e.g.</u>, Agreement of Limited Partnership, attached as Exhibit I to Complient's Motion for Summary Judgment which sets forth that County Line, L.P. was the general partner of CPR L.P. and Catalog Products, Inc. was the limited partner thereof).

Further, Hutchins claims that, because Complient dissolved, it has no assets upon which he could collect should he somehow be successful in this case. In addition to the complete lack of merit to Hutchins' claims against Complient (<u>see</u> Complient's Motion for Summary Judgment), Hutchins adduced no evidence whatsoever to support his claim that Complient is somehow insolvent and to justify, in any way, his request to pierce the corporate veil of Complient in hopes of pinning some wishful liability upon one of its officers.

The factual bases upon which Hutchins claims joinder of Mr. Lindseth to this case is necessary are simply wrong. As explained below, there is also no legal merit to this request.

### III.   LAW & ARGUMENT

Hutchins claims in his Motion for Joinder that Mr. Lindseth must be joined and compelled to defend himself in Massachusetts so that relief can be "accorded among the parties" and, further, to prevent "inconsistent obligations" to both Cardiac Science and Hutchins. This argument in nonsensical, given that he will not obtain <u>any</u> relief from Cardiac Science in light of the judgment entered in Cardiac Science's favor and given that Cardiac Science does not have a cross-claim against Complient. Therefore, Hutchins' efforts to invoke the interests of Cardiac Science to support the alleged necessity of joining Mr. Lindseth are nonsense.

Further, as set forth above, the alleged factual bases Hutchins cites to compel Mr. Lindseth's joinder to this case are wrong. Hutchins' failure to provide the necessary factual

support for joining Mr. Lindseth at this late stage of the proceedings and, further, to support the piercing of Complient's corporate veil, warrant the denial of Hutchins' Motion for Joinder of Steven Lindseth.

Hutchins relies on Rule 19(a)(1) of the Federal Rules of Civil Procedure as the claimed legal basis for Mr. Lindseth's joinder to this case. Rule 19(a)(1) permits the joinder of a party where complete relief cannot be accorded in the absence of the person sought to be joined. Fed. R. Civ. P. 19(a)(1). In support of this argument, Hutchins claims that Mr. Lindseth is the controlling stockholder of Complient, that Mr. Lindseth received shares of Cardiac Science stock upon completion of the asset sale between Complient and Cardiac Science, and that Complient has no assets. Hutchins, however, provides no evidence whatsoever to support these spurious allegations. In fact, evidence Hutchins invoked in the past contradicts these claims. See Exhibit I to Amended Complaint.

Hutchins' Motion asks the Court indirectly to pierce Complient's corporate veil and join Mr. Lindseth, one of its officers, to this case. Piercing the corporate veil is a drastic measure and there simply is no basis whatsoever for doing so in this case.

Ohio law, which applies to any claims related to the License Agreement which forms the alleged basis for Hutchins' claims, allows the corporate veil to be pierced when:

    (1)    control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own;

    (2)    control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and

    (3)    injury or unjust loss resulted to the plaintiff from such control and wrong.

<u>Belvedere Condominium Unit Owners' Ass'n. v. R.E. Roark Cos.</u>, 67 Ohio St. 3d 274, 288-89, 617 N.E.2d 1075, 1086 (1993).[1] Hutchins simply has not established any of these elements to justify disregarding the corporate form and his unsupported and incorrect assertions do not justify doing so. <u>See</u> <u>Ohio City Orthopedics v. Medical Billing & Receivables, Inc.</u>, No. 81930, 2003 Ohio App. LEXIS 1804 (Oho 8th Dist. Apr. 10, 2003) (copy attached) (summary judgment to corporate officer upheld where mere assertions of alter ago against corporate officer and controlling shareholder insufficient to warrant disregard of the corporate form). Accordingly, Hutchins' Motion for Joinder relative to Steven Lindseth should be denied.

---

[1] If Massachusetts law were to apply, Hutchins would face a veil piercing test at least as strict as that imposed by Ohio. <u>See</u> <u>Birbara v. Locke</u>, 99 F.3d 1233 (1st Cir. 1996) (noting that Massachusetts law on veil piercing strictly regards the corporate form and that the corporate form will only be disregarded in rare circumstances).

{JJL0685.DOC;1}    5

## IV.    CONCLUSION

Based on the foregoing arguments and authorities, it is clear that joinder of Complient to this action is not warranted pursuant to the tenets of Federal Rule of Civil Procedure 19. Hutchins failed to establish that joinder of Mr. Lindseth to this case is supported by or necessary under the applicable facts or law.  Accordingly, Complient respectfully requests that Hutchins' Motion for Joinder be denied.

        Respectfully submitted,

          /s/   John J. Egan_____
        JOHN J. EGAN (151680)
        EGAN, FLANAGAN & COHEN, P.C.
        PO Box 9035
        67 Market Street
        Springfield, MA  01102-9035
        (216) 622-8200
        FAX (216) 241-0816

        WILLIAM E. COUGHLIN (OH #0010874)
        COLLEEN MORAN O'NEIL (OH #0066576)
        JEFFREY J. LAUDERDALE (OH #0074859)
        CALFEE, HALTER & GRISWOLD LLP
        1400 McDonald Investment Center
        800 Superior Avenue
        Cleveland, Ohio  44114
        (216) 622-8200
        (216) 241-0816 (facsimile)

        Attorneys for Complient Corporation

## CERTIFICATE OF SERVICE

A copy of the foregoing Complient Corporation's Memorandum in Opposition to Plaintiff's Motion for Joinder is being served via first-class mail this 3rd day of January, 2006:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts  01106

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

And

Randall T. Skaar, Esq.
Scott G. Ulbrich
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Attorneys for Defendant Cardiac Science, Inc.


  /s/   John J. Egan_____
One of the attorneys for Complient Corporation