DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et. al., )<br>)<br>Defendants ) | Civil Action: **04-30126-MAP** |

**DEFENDANT IN COUNTERCLAIM, DONALD C. HUTCHINS'
MEMORANDUM IN SUPPORT OF AMENDED NOTICE OF REMOVAL
PURSUANT TO
FED. R. CIV. 11 and TITLE 28, PART IV, ¶ 1446 (a), LOCAL RULE 81.1,**

**INTRODUCTION**

The Defendant in Counterclaim, Donald C. Hutchins respectfully requests that this Honorable Court grant a Notice of Removal of Civil Action No. 05 1115, Superior Court, Hampden County, Commonwealth of Massachusetts because the issues and damages claimed by Complient in its Counterclaims against Hutchins parallel those of Ohio Case No. CV 04 540066 that if sustained would lead to a duplicate assessment of damages.

Civil Action No. 05 1115 was filed to enforce a judgment in Ohio Case No. CV 04 540066 in which Hutchins is the Defendant. Case No. CV 04 540066 which is under appeal, was filed by the Complient Corporation in response to Hutchins' Civil Action 04-30126-MAP as is clearly stated in paragraph 3 of Complient Corporation's Complaint herein attached as Exhibit A. The Federal Court action was commenced by Hutchins on or about July 2, 2004 and preceded Ohio Case No. CV 04 540066 and Civil Action 05 1115.

3

Hutchins, as a Defendant in a Counterclaim and Summary Judgment claim presently pending in this Court is defending identical claims for abuse of process asserted by the Complient Corporation in this forum. Complient filed the its Counterclaims in Civil Action 04-30126-MAP prior to the date the judgment in the Ohio case was entered.

M.G.L. c. 223A, § provides that "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition that may be just." A Motion to Dismiss Complaint due to *forum non conveniens* was filed by the Springfield law office of Crevier & Ryan, LLP on behalf of Hutchins on December 14, 2005 as herein attached as Exhibit B. Attorney O'Neil who is representing Complient in Civil Action 04-30126-MAP has asked for an extension of time to answer Attorneys Ryan and Crevier.

The Judgment of 278,384.00 which is under appeal is another clear indication that the Ohio action exceeded the $75,000 federal guideline for diversity jurisdiction both prior, during and as the outcome of the Ohio kangaroo court action as found in Exhibit C attached. This Exhibit C also includes more unchallenged lies in the form of another affidavit from Steven Lindseth who continues to preside over the dissolved Complient Corporation independently as the lead investor.

## ARGUMENT

Paragraph 1441 (a) states:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Paragraph 1446 (a) states:

4

"A defendant or defendants desiring to remove any civil action or criminal prosecution for a State court shall file in the district court of the United States for the district and division within which such action is pending."

Paragraph 1447 (a) states:

"In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State or otherwise."

Local Rule 81.1 (a) REMOVAL states:

"Within thirty (30) days after filing a notice for removal of an action from state court to this court pursuant to 28 U.S.C. ¶ 1446, the party filing the notice shall file certified or attested copies of all records and proceeding in the state court and a certified or attested copy of all docket entries in the state court."

Rule 12(b) (9) of the Massachusetts Rules of Civil Procedure provides that a defendant to an action may move to dismiss an action due to the "pendency of a prior action in the courts of the Commonwealth." The SJC stated, in a pre-Rules decision, that "[a] court of law will not permit a defendant to be vexed by two actions of law, for the same causes, in the same jurisdiction, by the same plaintiff, and ordinarily will order an abatement of the second action." Stahler v. Sevinor, 324 Mass, 18,23 (1949).

The Federal Courts recognize the same concept as well. In Integrated Technologies Limited v. Biochem Immunosystems, (U.S.) Inc., 2 F.Supp.2d 97, 102-103. The concept was reiterated Curtis v. Citibank, 226 F.3d 133, 139, (2d Cir. 2000) where the Court stated: "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."

## CONCLUSION

In Civil Action: 04-30126-MAP before this Court incorporates the same issues contained in Ohio Case No. CV 04 540066 that led to Massachusetts Action No. 05 1115.

The damages claimed by Complient in its Counterclaims against Hutchins parallel those of Ohio Case No. CV 04 540066 that if sustained would lead to a duplicate assessment of damages.

Plaintiff agrees to comply with Local Rule 81.1 and all other procedures required for removal of Massachusetts Action No. 05 1115 to this Court. For all of the foregoing reasons, the Plaintiff's prays that his Notice of Removal be allowed and that the Court issue all necessary orders and process to bring it before all proper parties.

The Defendant in Counterclaim
Donald C. Hutchins, Pro Se

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

Dated: January 4, 2006

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis. Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 1/4/06                               _____
                                              Donald C. Hutchins

6