# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT
CIVIL NO.  05  1115

---

COMPLIENT CORPORATION,
                                   Plaintiff,
v.

DONALD C. HUTCHINS and
CPR PROMPT CORPORATION,
                                   Defendants.

---

## COMPLAINT

COUNT I

1.     The Plaintiff, Complient Corporation ("Complient"), is a corporation duly formed and organized in Delaware, with its principal place of business at 4670 Richmond Road, Warrensville Heights, Ohio.

2.     The Defendant, Donald C. Hutchins ("Hutchins"), is an individual residing at 1047 Longmeadow Street, Longmeadow, Hampden County, Massachusetts.

3.     The Defendant, CPR-Prompt Corporation ("CPR"), is a Massachusetts corporation having its principal place of business at 1047 Longmeadow Street, Longmeadow, Hampden County, Massachusetts.   CPR and Hutchins are hereinafter collectively referred to as "the Defendants".

4.     This action is filed as a suit on a foreign judgment obtained by Complient against the Defendants to domesticate the judgment in order to effectuate collection against assets believed to be located in Hampden County, Massachusetts, and within the jurisdiction of this Court.

5.    In an action in the Cuyahoga County, Ohio, Court of Common Pleas, entitled <u>Complient Corporation v. Donald C. Hutchins and CPR Prompt Corporation</u>, and identified as Case No. 04-CV-540066, Complient obtained a Final Judgment (the "Final Judgment") against the Defendants, jointly and severally, in the amount of $178,384.00 in compensatory damages and $100,000.00 in punitive damages, plus costs taxed to Defendants and attorney fees which have not yet been fully calculated and established. The Final Judgment also provided declaratory relief declaring that a provision contained in a License Agreement signed between Hutchins and a predecessor of Complient, which purported to entitle Hutchins to 7.5% of the proceeds of certain sales of Complient's assets, was not triggered by virtue of the sale of certain of Complient's assets to a company called Cardiac Science, Inc.

6.    The Final Judgment was entered on September 28, 2005. A duly certified copy of the Final Judgment is attached hereto as Exhibit "A" and made a part hereof by reference.

7.    No part of the Final Judgment has been satisfied and interest continues to accrue on the Final Judgment.

8.    The Defendants are believed to have assets located in the Commonwealth of Massachusetts including Hutchins' interest in real estate located at 1047 Longmeadow Street, Longmeadow, Hampden County, that could be liquidated or otherwise used to satisfy the Final Judgment in whole or in part.

WHEREFORE, Plaintiff Complient Corporation requests that the Final Judgment entered in the Court of Common Pleas, Cuyahoga County, Ohio, be registered in the

Superior Court of the Commonwealth of Massachusetts, Hampden County, in accordance with the provisions of the Annotated Laws of Massachusetts, Chapter 235, § 23A.

WHEREFORE, Plaintiff moves this honorable court to grant a real estate attachment in the amount of $280,000.00 or such other amount as this Court may deem just, of all interest in real estate of Hutchins in Hampden County, including real estate located at 1047 Longmeadow Street, Longmeadow, MA.

COMPLIENT CORPORATION
By its attorneys,

Date: November16, 2005

Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO # 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
(617) 472-5600

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

COMPLIENT CORPORATION )      CASE No.  CV 04 540066
)
Plaintiff )
vs )
)
DONALD C. HUTCHINS, et al. )      FINAL JUDGMENT
)
Defendants )
)

EILEEN GALLAGHER, JUDGE

    Trial conducted on the issue of damages.  Defendant failed to appear.


    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that final judgment be entered for Plaintiff, Complient Corporation, and against Defendants, Donald C. Hutchins and CPR Prompt Corporation, jointly and severally, in the amount of $178,384.00 in compensatory damages and $100,000 in punitive damages and declaring that the 7.5% payment provisions of Section 3.10 of the License Agreement was not triggered by virtue of the Asset Purchase Agreement among Cardiac Science, Inc., CPR L.P., and Complient Corporation.  Costs taxed to Defendants.  Attorney fees are also awarded but have not yet been fully calculated.  A hearing will be conducted upon motion of the Plaintiff to establish that amount.

IT IS SO ORDERED.

RECEIVED FOR FILING

SEP 2 9 2005

GERALD E. FUERST, CLERK
By _____ Deputy

9/28/05
DATE

VOL 6412 P00782

JUDGE EILEEN A. GALLAGHER

THE STATE OF OHIO }        I. GERALD E. FUERST, CLERK OF
Cuyahoga County  } SS.    THE COURT OF COMMON PLEAS
WITHIN AND FOR SAID COUNTY.
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS
DAY OF _____ A.D. 20___
GERALD E. FUERST, Clerk
By _____ Deputy

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT
CIVIL NO.    **05 1115**

---

COMPLIENT CORPORATION,
                                        Plaintiff,

v.

DONALD C. HUTCHINS and
CPR PROMPT CORPORATION,
                                        Defendants.

---

## MOTION FOR *EX PARTE* REAL ESTATE ATTACHMENT AND STATEMENT IN SUPPORT THEREOF

Complient Corporation, Plaintiff herein, hereby moves pursuant to Mass.R.Civ.P. 4.1 that this Honorable Court issue an Order approving an *ex parte* real estate attachment in the amount of $280,000.00 or such other amount as this Court may deem just, of all interest in real estate of Donald Hutchins in Hampden County, including real estate located at 1047 Longmeadow Street, Longmeadow, MA.

As grounds therefore, Plaintiff states that this is a suit to enforce a foreign judgment in excess of $278,000 including punitive damages in the sum of $100,000, that the Defendants have failed to honor their obligations of the judgment and that no liability insurance exists.

WHEREFORE, Plaintiff moves this honorable court to grant a real estate attachment in the amount of $280,000.00 or such other amount as this Court may deem just.

Plaintiff submits an Affidavit in support of this Motion.

Plaintiff,
COMPLIENT CORPORATION
By its attorneys,

Jack J. Mikels BBO #345560
Michael A. Wirtz (BBO #636587)
Janell E. De Gennaro, BBO# 656306
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02269
(617) 472-5600

f/amik/Complient/Complaint

2

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                    SUPERIOR COURT
                                                CIVIL NO.   05 1115

COMPLIENT CORPORATION,
                        Plaintiff,
v.

DONALD C. HUTCHINS and
CPR PROMPT CORPORATION,
                        Defendants.

## AFFIDAVIT IN SUPPORT OF MOTION FOR
## EX PARTE REAL ESTATE ATTACHMENT

I, Steven Lindseth, President, on oath do hereby depose and state as follows:

1.      I am President of the Plaintiff, Complient Corporation ("Complient").   I am knowledgeable of the transactions and litigation between Complient and the defendants, Donald C. Hutchins ("Hutchins") and CPR Prompt Corporation ("CPR") (collectively with Hutchins, the "Defendants").  All statements herein are based upon my personal knowledge or upon records kept under my supervision and control.  So far as such statements are based on information and belief, I believe them to be true.

2.      This case involves a suit to enforce a judgment in the amount of $ 278,384.00 (the "Judgment") that Complient obtained against the Defendants in the Cuyahoga County, Ohio, Court of Common Pleas, entitled Complient Corporation v. Donald C. Hutchins and CPR Prompt

Corporation, and identified as Case No., CV 04-540066 (the "Ohio Action"). An exemplified copy of said Judgment is attached hereto as Exhibit "A".

3.    The Judgment includes punitive damages against the Defendants in the sum of $100,000.00 plus costs and attorney fees that have not yet been fully calculated and established.

4.    The period to appeal the judgment has passed and no appeal has been sought by the Defendants. Nor have they satisfied the judgment or given any assurance to Complient that prompt, full payment will be made.

5.    Prior to Complient's commencement of the Ohio Action, Hutchins had unsuccessfully instituted a series of frivolous lawsuits against Complient and/or its shareholders. Hutchins' lawsuits hampered Complient's business dealings. The pendency of one such lawsuit prevented Complient from redeeming certain shares of common stock it had obtained in an unrelated transaction, thus causing Complient economic damage. The Court in the Ohio Action found that Hutchins' actions amounted to tortious interference, upon which it awarded Complient punitive damages.

6.    On information and belief, Hutchins has no unencumbered real assets except for equity in the real estate located at 1047 Longmeadow Street, Longmeadow, Massachusetts (the "Property"). The Property is Hutchins' only real asset of which I am aware.

7.    If the Property is sold, conveyed, or otherwise encumbered; it is unlikely that Complient will be able to satisfy the Judgment. Therefore, a real estate attachment is required to preserve recovery of the same.

8.    I believe that, if given advanced notice of this motion for real estate attachment, Hutchins will attempt to convey and or transfer the Property in order to avoid Complient's lien and payment of the Judgment.

Signed under the pains and penalties of perjury this _15_ day of November, 2005.

Steven Lindseth, President

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

COMPLIENT CORPORATION          )          CASE No.  CV 04 540066
                               )
              Plaintiff        )
                               )
       vs                      )
                               )
DONALD C. HUTCHINS, et al.     )          FINAL JUDGMENT
                               )
              Defendants       )
                               )

(F)

EILEEN GALLAGHER, JUDGE

Trial conducted on the issue of damages.  Defendant failed to appear.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that final judgment be entered for Plaintiff, Complient Corporation, and against Defendants, Donald C. Hutchins and CPR Prompt Corporation, jointly and severally, in the amount of $178,384.00 in compensatory damages and $100,000 in punitive damages and declaring that the 7.5% payment provisions of Section 3.10 of the License Agreement was not triggered by virtue of the Asset Purchase Agreement among Cardiac Science, Inc., CPR L.P., and Complient Corporation.  Costs taxed to Defendants.  Attorney fees are also awarded but have not yet been fully calculated.  A hearing will be conducted upon motion of the Plaintiff to establish that amount.

IT IS SO ORDERED.

RECEIVED FOR FILING

SEP 2 9 2005

GERALD E. FUERST, CLERK
By _____ Deputy

9/28/05
DATE

VOL. 3412 PG 0782

_____
JUDGE EILEEN A. GALLAGHER

THE STATE OF OHIO )
Cuyahoga County   ) SS.
I, GERALD E. FUERST, CLERK OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY.
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS _____ DAY OF _____ A.D. 20____
GERALD E. FUERST, Clerk
By _____ Deputy

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT
CIVIL NO.    05  1115

COMPLIENT CORPORATION,
                              Plaintiff,
v.

DONALD C. HUTCHINS and
CPR PROMPT CORPORATION,
                              Defendants.

## CERTIFICATION REGARDING NO INSURANCE

I, Michael A. Wirtz, hereby certify that, upon my best information and belief, Defendants have no liability insurance from which a judgment in this action could be satisfied.

I further state that, in that this action involves a suit on a foreign judgment including punitive damages, no such insurance is reasonably likely to exist.

Signed under the penalties of perjury this 16th day of November, 2005.

Michael A. Wirtz (BBO #636587)

f/amik/Complient/Complaint

3