UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et. al., )<br>)<br>Defendants )<br>) | Civil Action: 04-30126-MAP |

### MEMORANDUM IN SUPPPORT OF DEFENDANT IN COUNTERCLAIM, DONALD C. HUTCHINS' MOTION TO SCHEDULE JURY TRIAL

The Defendant in Counterclaim, Donald C. Hutchins ("Hutchins") files this Memorandum in support of his Motion to schedule a jury trial at the earliest possible date.

### I. SUMMARY OF POSITION

The Complient Corporation filed a Motion for Default Judgment against Hutchins on July 29, 2005. Complient's Counterclaim charged Hutchins with tortious interference and abuse of process and included damage claims against Hutchins in the amount of $252,542.00.

Hutchins' Summons and Complaint to this action included a Demand for Jury Trial. Answers to the Complaint from each Defendant included a Demand for Jury Trial. There has been no Case Management Conference and no schedule since the Complient Corporation was enjoined. Hutchins has supplied the sworn affidavit of Attorney Gary Martinelli who authored the License Agreement and over 50 documents as evidence while Complient has relied on legal maneuvers and the persuasion of its advocates.

The Court opened a Motion Hearing of January 4, 2006 by noting the complexity of this case and the Court's limited understanding of the facts at issue. The presentation

2

by Attorney O'Neil in support of Complient's Summary Judgment Motion for "Breach of Contract" did not meet the Rule 56 standard because there are genuine material issues to be tried. Attorney O'Neil focused on Section 3.10, which is only a small part of Complient's many breaches to the 1994 License Agreement. She focused solely on the actions of the Complient Corporation ignoring the unresolved issues that also include Steven Lindseth's related entities such as CPR LP, County Line, CPR Prompt LLC, Catalog Products, etc. There follows a small portion of those outstanding issues in dispute:

1. County Line LLP and its successor licensees ("Licensee") have failed to provide sales records and royalty payments to Hutchins since September of 2003 contradicting Attorney O'Neil's testimony that royalty payments have continued to the present time.

2. Licensee did not inform Hutchins of the sale or transfer of Hutchins' licensed properties as required by the Contract.

3. Licensee failed to notify Hutchins of any transfers of his properties to CPR LLP, CPR Prompt LLC, Complient, Cardiac Science, or any other ventures controlled by Steven Lindseth who signed the License Agreement in June of 1994.

4. Attorney O'Neil misleads the Court into believing that Hutchins instigated the actions that took place in Ohio. In all of these actions Complient was the Plaintiff and Hutchins was the Defendant.

5. Hutchins' licensed properties including responsibilities to the FDA for a class II medical devise are dispersed to the winds and lost to Hutchins breaching terms of the 1994 License Agreement.

6. Hutchins sought a TRO for Cardiac Science stock that was held by a trustee for distribution to the Complient stockholders. This TRO, which this Court refused to grant, triggered Complient's claims of tortious interference and abuse of process. This stock was lost to Hutchins and indemnified to Cardiac Science disproving Attorney O'Neil's claims that Hutchins was responsible for this tortious interference and abuse of process.

7. Attorney O'Neil has refused to disclose that her law firm is a stockholder in Complient. A successful TRO by Hutchins would have reduced the law firm's

shares of Cardiac Science stock by 7.5%. Complient was not in a position to be injured because the Corporation was dissolved through the Asset Purchase Agreement and the stock had been earmarked for distribution to the Complient stockholders.

## II. CONCLUSION

This litigation is entering its 18th month. Based on the forgoing, Donald C. Hutchins respectfully requests the Court to establish a date for a jury trial to resolve the Breach of Contract. When a trial date is set, the parties may be more inclined to discuss settlement and relieve this Court of the burden of decisions based on disputed material facts.

> The Defendant in Counterclaim
> Donald C. Hutchins, Pro Se
>
> _____
> 1047 Longmeadow Street
> Longmeadow, Massachusetts 01106
> (413) 567-0606

Dated: January 5, 2006

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 1/5/06       _____
                    Donald C. Hutchins

4