UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARDIAC SCIENCE, INC., et al; ) <br> ) <br> Defendants. ) <br> ) | Civil Action: 04-30126-MAP |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**I.   INTRODUCTION**

Hutchins originally filed, on December 23, 2005, a "Motion to Remove" the Hampden County collection action. After being advised at the January 4, 2006, hearing, that a "Motion to Remove" is technically improper, Hutchins then filed an "Amended Notice of Removal," dated January 4, 2006. Both requests for removal are fatally defective.

The Hampden County collection action was filed in November, 2005 to enforce a judgment obtained by Complient Corporation against Hutchins and his company, CPR Prompt Corporation, in an action which proceeded to judgment in the State of Ohio, Cuyahoga County Court of Common Pleas. See Exhibit C to Hutchins' Notice of Removal. Both Hutchins and

{CM02185.DOC;1}

CPR Prompt Corporation are citizens and residents of Massachusetts. See Cardiac Science Amended Complaint, dated December 3, 2004, ¶ 5.

Hutchins was due to respond to the Hampden County Complaint on or before December 13, 2005. On December 14, 2005, one day late, Hutchins, by and through counsel, filed a Motion to Dismiss the Hampden County case on the alleged grounds of *forum non conveniens*. Complient opposed Hutchins' Motion to Dismiss, which Motion is being scheduled for hearing in Hampden County. See Exhibit B to Hutchins' Notice of Removal. CPR Prompt Corporation did not join in Hutchins' Notice of Removal and Hutchins has not made any filings in the Hampden County action relative to his efforts at removal.

## II.   LAW & ARGUMENT

Hutchins' attempt at removal is fatally deficient in numerous respects. A defendant's ability to remove is governed by 28 U.S.C. Section 1441. Section 1441(b) provides that a defendant may remove a state action to federal court where the complaint is based on a federal question or diversity of citizenship. See 28 U.S.C. § 1441(b). There is no federal question at issue in the Hampden County collection action; it is simply an action to enforce an out of state judgment. See Exhibit C to Hutchins' Notice of Removal. Further, contrary to Hutchins' claims, the Hampden County collection action is not removable on the basis of diversity of citizenship.

CPR Prompt Corporation, a defendant in the Hampden County collection action, did not join in Hutchins' Notice of Removal. This omission renders Hutchins' Notice defective and warrants remand. Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 44 L.Ed. 1055 (1900) (setting forth rule of unanimity for removal). Even if CPR Prompt's consent

to removal could somehow be implied, the Hampden County collection action still cannot be removed on the basis of diversity.

Section 1441(b) limits a defendant's ability to remove a case to federal court on the basis of diversity of citizenship. Specifically, Section 1441(b) requires that an action "shall only be removable if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Both Hutchins and CPR Prompt Corporation are citizens and residents of Hampden County, Massachusetts. See Amended Complaint against Cardiac Science and Complient, ¶ 5. Accordingly, Hutchins may not remove the Hampden County collection action. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 136 L.Ed. 2d 437 (1996) (state court action which could have been brought in federal court on basis of diversity may be removed so long as none of the defendants is a citizen of the state in which such action is brought); Hart v. Dow Chemical Corp., 963 F.2d 1142 (8th Cir. 1992) ("1441(b) makes diversity jurisdiction removal in removal cases narrower than if the case were originally filed in federal court by the Plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action is filed.") Barry v. New England Telephone & Telegraph, No. 85-1144-MA, 1985 U.S. Dist. LEXIS 20354 (Apr. 26, 1985) (Defendant citizen of Massachusetts could not remove to Massachusetts District Court).

In addition to the fatal deficiencies to Hutchins' attempt to remove based on diversity jurisdiction, Hutchins waived his ability to remove by filing the Motion to Dismiss in Hampden County. See Hill & Mainhurry Ltd. v. Citicorp., 804 F. Supp. 514 (S.D.N.Y. 1992) (filing of motion to dismiss for forum *non conveniens* constituted action on merits in state case and waived right to remove). Further, Hutchins failed to comply with 28 U.S.C. Section 1446(d) because he

has not filed anything in the state court action relative to his removal attempts. See 28 U.S.C. § 1446(d) (removing party shall "promptly" file notice of removal with clerk of the state court). Accordingly, Hutchins' removal attempt is improper in numerous respects and this case should be remanded.

### III.  CONCLUSION

Hutchins' removal efforts are nothing more than thinly-veiled attempts to forum shop and revisit the judgment obtained by Complient in Ohio.  For all of the above reasons, Hutchins' efforts to remove and consolidate the Hampden County collection action are defective and should be rejected.  Accordingly, Complient respectfully requests that the Hampden County collection action be remanded.

Respectfully submitted,

 /s/ John J. Egan
JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA  01102-9035
(413) 737-0260
FAX (413) 737-0121

WILLIAM E. COUGHLIN (Ohio Bar # 0010874)
COLLEEN MORAN O'NEIL (Ohio Bar # 0066576)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 (facsimile)
Attorneys for Complient Corporation

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion to Remand and Memorandum in Support thereof is being served by operation of the Court's electronic filing system and First Class United States Mail this 30 th day of January, 2006, upon:

Donald C. Hutchins
1047 Longmeadow Street
Longmeadow, Massachusetts 01106

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

And

Randall T. Skaar, Esq.
Scott G. Ulbrich
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

Attorneys for Defendant Cardiac Science, Inc.

    /s/ John J. Egan
One of the attorneys for Complient Corporation