FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT

2006 JUN 16  A 11: 28

DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DONACD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et. al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENTUNDER FED.R.CIV.P.56

The Plaintiff, Donald C. Hutchins ("Hutchins") files this memorandum in support of the Plaintiff's Motion for Summary Judgment under Fed.R.CIV.P.56 of Civil Procedure.

### SUMMARY OF POSITION

The Defendant Complient Corporation ("Complient") was dissolved in 2003 and the State of Delaware allows legal remedies to be available to litigants for only a three-year period after dissolution. As a dissolved business entity Complient has no financial assets available to the Plaintiff Donald C. Hutchins ("Hutchins"), should Hutchins prevail in this action. In the face of this stark reality Plaintiff asks that the Court award a Judgment in Plaintiff's favor on specific claims in Count VIII of the Amended Complaint (Breach of Contract) on grounds that:

3

1. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that Donald C. Hutchins and the Complient Corporation and its 99% owned subsidiary CPR LP as successors to County Line Limited are all parties to the June 1, 1994 License Agreement. The Complient Corporation and CPR LP shall hereinafter be collectively referred to as ("Licensee")

2. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the June 1, 1994 License Agreement carries specific instructions for the parties with regard to: Dispute resolution through the AAA; Abandonment of registrations and patents; Notification or transfer of intellectual properties; Sub-licensing; Payment of royalties; Quarterly reports; Return of properties to patent owner; Transfer of license between affiliated parties and Sale of License to foreign entities.

3. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Licensee has never provided written notice to Donald C. Hutchins of the transfer of assets to Cardiac Science.

4. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that since September of 2003, the Licensee has paid no royalties or sent any quarterly reports to Hutchins breaching the June 1, 1994 Agreement.

5. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that since September of 2003 the Licensee has paid

no patent license fees to federal or foreign patent offices as required by the June 1, 1994 Agreement.

6. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Licensee has not paid the $10,000 minimum royalty payment to Hutchins for the years 2003, 2004, 2005 breaching the June 1, 1994 Agreement.

7. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Licensee as successor to County Line Limited did not notify Hutchins of the existence and terms of the APA between Cardiac Science and Complient. The Licensee did not notify Hutchins about the transfer of Hutchins' properties to Cardiac Science either prior to, during or after October of 2003 thereby breaching the June 1, 1994 Agreement.

8. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Complient Corporation has never provided Hutchins with written notice that it intended to close its Cleveland office and suspend its sales of Hutchins' licensed products in breach of the June 1, 1994 Contract.

9. Plaintiff's claims of breach of contract must succeed because while the obligation of the Complient Corporation to the 7.5% return is unresolved in this Court, the Licensee has stated that this 7.5% return is the obligation of CPR LP. In that the Plaintiff accepts that there is no hope of collecting from the insolvent Complient Corporation, he is willing to treat the 7.5%

5

return from Complient as moot in favor of being awarded the aforementioned undisputed claims of breach of contract.

## CONCLUSION

Plaintiff's motion is supported by this Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, the documents attached thereto, and all the files, records and proceedings in this matter. For all of the foregoing reasons, the Plaintiff's Motion for Summary Judgment should be granted.

                                           The Plaintiff
                                           Donald C. Hutchins, Pro Se

Dated: June 16, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to:

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035

Colleen Moran O'Neil, Esq., Calfee, Halter & Griswold LLP, 1400 Mc Donald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688.

Dated: 6/16/06

Donald C. Hutchins