```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

DONALD C. HUTCHINS,            )
        PLAINTIFF              )
                               )
     v.                        )   C.A. No. 04-30126-MAP
                               )
CARDIAC SCIENCE, INC.,         )
ET AL.,                        )
        DEFENDANTS             )

ORDER REGARDING DEFENDANT CARDIAC
SCIENCE, INC.'S COUNTERCLAIM
(Dkt. Nos. 42 & 43)

June 20, 2006

PONSOR, D.J.

This is a suit brought by pro se Plaintiff Donald C. Hutchins against Cardiac Science, Inc. ("Cardiac Science") and Complient Corporation. Plaintiff's amended complaint alleges that Cardiac Science is liable for copyright and patent infringement, abuse of process, and tortious interference with contract.

On January 25, 2005, Cardiac Science denied Plaintiff's allegations and asserted a counterclaim against Plaintiff seeking damages for breach of contract, abuse of process, tortious interference with contract, and interference with prospective advantage. In addition, Cardiac Science requested declaratory judgments establishing its compliance with the terms of an October 21, 2003 Asset Purchase Agreement, its non-infringement of Plaintiff's intellectual

property rights, and its rights as a licensee under the October 21, 2003 Asset Purchase Agreement, as well as preliminary and permanent injunctive relief, enjoining Plaintiff from continuing to: (i) assert an ownership interest in certain intellectual property, (ii) allege infringement on the part of Cardiac, its customers, and/or prospective customers, and (iii) breach a June 1, 1994 License Agreement.[1]

On May 16, 2005, Cardiac Science moved for summary judgment on every claim brought against it by Plaintiff and for the declaratory judgment claims set forth in its counterclaim. No motion was brought asserting summary judgment on any of the other counterclaims. Cardiac Science then sent a letter to the court and Plaintiff dated June 13, 2005, in which it noted that the fourteen-day deadline for Plaintiff's opposition had passed and Plaintiff had not yet offered a response. See Local Rule 7.1(b)(2) (requiring opposition to a motion within fourteen days after its service, "unless another period is fixed by rule or statute, or by order of the court").

---

[1] The record indicates that Plaintiff has not tendered an answer to these counterclaims, although Plaintiff did provide an answer to identical counterclaims asserted by Cardiac Science in response to Plaintiff's original complaint. (See Dkt. No. 22, Def.'s Answer & Counterclaim; Dkt. No. 32, Pl.'s Answer to Counterclaim.)

Ten days later, having heard nothing from Plaintiff, the court allowed Cardiac Science's motion for summary judgment based on its merits and Plaintiff's failure to file a timely opposition.[2]

Since obtaining summary judgment on Plaintiff's claims and its declaratory judgment claims, Cardiac Science has opposed three motions filed by Plaintiff[3] and filed a motion of its own to enjoin Plaintiff from filing any motions against it without leave of court, unless and until Plaintiff is successful in an appeal of the summary judgment granted in Cardiac Science's favor.[4]  However, Cardiac Science has taken no action concerning the monetary damages or injunctive relief it sought in its counterclaim.

Accordingly, the court hereby orders counsel for Cardiac Science to file a status report no later than July 17, 2006, indicating whether Cardiac Science will continue to pursue relief on its other pending counterclaims.

It is So Ordered.

                                              /s/ Michael A. Ponsor
                                              MICHAEL A. PONSOR
                                              U. S. District Judge

---

[2] On July 19, 2005, the court denied Plaintiff's motion for relief from this ruling pursuant to Fed. R. Civ. P. 60(b).

[3] These three motions, along with fifteen others, are currently under advisement.

[4] On December 29, 2005, the court allowed this motion.

Case 3:04-cv-30126-MAP    Document 174    Filed 06/20/2006    Page 4 of 4