UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et. al., ) | |
| ) | |
| Defendants ) | |

### MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION FOR JOINDER UNDER R. 19(a)(1) AND R. 19(a)(2)(ii) OF CIVIL PROCEDURE

The Plaintiff, Donald C. Hutchins ("Hutchins") files this memorandum in support of the Plaintiff's Motion for Joinder Under R. 19(a)(1) and R. (a)(2)(ii) of Civil Procedure.

### I. SUMMARY OF POSITION

The predecessor to the Defendant Complient Corporation was a business entity named CPR Prompt LLC. During the late 1990s CPR Prompt LLC acquired approximately 15 safety supply distributors to market products built on the intellectual properties that it had licensed from Hutchins. *SOS Technologies* of Michigan was one of the safety supply houses that were acquired. Included with the safety supply line of *SOS Technologies* were software programs developed under contract to Ford Motor Company to track safety compliance in the various Ford facilities. Engineers at CPR Prompt LLC

3

updated these SOS's safety compliance programs to serve a wider general compliance market. At that point the name was changed from CPR Prompt LLC to the Complient Corporation ("Complient").

In January of 2003 Steven Lindseth announced that Complient had spun off this compliance software division into a new entity called Axentis LLC ("Axentis") as reported in Exhibit A herein attached. Many of the original investors such as JP Morgan, National City and Cleveland Clinic Foundation who owned shares in the successive companies, County Line Limited, CPR Prompt LLC and the Complient were given a stock interest in Axentis as shown in Exhibit B attached. Lindseth family members enjoyed the same financial advantage.

In 2003 the remaining Complient Corporation was sold to Cardiac Science, Inc. The report contained in Exhibit C states, "After selling his company, Complient Corporation, last week, Mr. Lindseth will turn his attention to Axentis LLC, a software company spun off the Complient nearly two years ago." Both the spin off of Axentis and the sale of Complient to Cardiac Science, Inc. should have triggered the exit feature of Section 3.10 of the 1994 License Agreement between Hutchins and Lindseth's County Line Limited. The nexus of this action is the failure of the Lindseth group to notify Hutchins of the 2003 sale to Cardiac Science that was designed to trigger the payment of 7.5% of the proceeds of the sale to Hutchins.

The transfer of a stock interest in Axentis from Complient to such investors as JP Morgan, National City and Cleveland Clinic denotes a sale or transfer. Under terms of standard accounting practice, these transfers should have triggered that same Section 3.10 of the 1994 License Agreement and invoke the same 7.5% payment to Hutchins. At the

very least, Hutchins should have been given 7.5% of the stock in Axentis that had been allotted to by JP Morgan, National City and Cleveland Clinic and the Lindseths. Just as in the sale of Complient to Cardiac Science, Lindseth took the fraudulent route and elected to deny information on the Axentis sale to Hutchins thereby denying him the 7.5%.

## II. ARGUMENT

The standard used to consider a request for joinder is found in Rule 19 of the Code of Civil Procedure. The tests are:

"(1) in the person's absence complete relief cannot be accorded among the parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Hutchins, Cardiac Science Inc. and the Complient Corporation meet the test that in absence Axentis LLC relief can not be accorded among the parties.

Cardiac Science, Inc., the Complient Corporation and Hutchins meet the test that in the absence Axentis LLC each will be subject to inconsistent obligations by reason of the claimed interest. For example, Cardiac Science and Complient are dissolved and in no position to pay damage claims to Hutchins. While the former officers of these companies have lost the corporate shield, it would be inconsistent to expect that they would be held responsible for these damages.

5

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion to order Axentis LLC be made a party to Civil Action: 04-30126-MAP should be granted.

                                                The Plaintiff
                                                Donald C. Hutchins, Pro Se

Dated: June 12, 2006

                                                1047 Longmeadow Street
                                                Longmeadow, Massachusetts 01106
                                                (413) 567-0606

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to:

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035

Colleen Moran O'Neil, Esq., Calfee, Halter & Griswold LLP, 1400 Mc Donald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

\* \* \* \* \*

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to:

Axentis LLC, 4670 Richmond Road, Suite 300, Warrensville Heights, Ohio 44128.

Dated: 6/12/06

                                                Donald C. Hutchins