UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et al; )<br>)<br>Defendants ) | Civil Action: **04-30126-MAP** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

The Plaintiff, Donald C. Hutchins files this memorandum in support of the Plaintiff's Emergency Motion for a Temporary Restraining Order.

### I.  SUMMARY OF POSITION

The Defendant Complient Corporation ("Complient") was dissolved in 2003 and the State of Delaware allows legal remedies to be available to litigants for only a three-year period after dissolution. As a dissolved business entity Complient has no financial assets available to the Plaintiff Donald C. Hutchins ("Hutchins"), should Hutchins prevail in this action. In the face of this stark reality Plaintiff has filed a motion for summary judgment that has not been answered by Complient. The motion for summary judgment asked that the Court award a Judgment in Plaintiff's favor on specific claims in Count VIII of the Amended Complaint (Breach of Contract). Hutchins asks that this Court rule on his motion for summary judgment as quickly as possible.

3

## II. ARGUMENT

### A. Hutchins is Entitled to Injunctive Relief

The standard used to consider a request for a temporary restraining order is the same as that used for a preliminary injunction. See Quincy Cablesystems, Inc. v. Sully's Bar, Inc., 640 F.Supp. 1159,1160 (D.Mass.1986). To issue injunctive relief correctly, a judge initially must consider whether the plaintiff has demonstrated that without the relief he would suffer irreparable harm, not capable of remediation by a final judgment in law or equity. See Packaging Indus. Group, Inc. v. Cheney, 380 Mass, 6117 n. 11 (1980). The Plaintiff also must show that there is a likelihood that he would prevail on the merits of the case at trial. See id. The judge then must balance these two factors against the showing of irreparable harm which would ensue from the issuance, or the denial, of an injunction and the 'chance of success on the merits' presented by the defendant. See id. at 617. An injunction may issue properly only if the judge concludes that the risk of irreparable harm to a plaintiff, in light of the chances of success on his claim, outweigh[s] the defendant's probable harm and likelihood of prevailing on the merits of the case." See Commonwealth v. Mass. CRINC, 392 Mass. 79,87-88 (1984).

In support of the Plaintiff's Motion, the Plaintiff will show that he is entitled to injunctive relief as he can demonstrate 1) a likelihood of success on the merits; 2) a risk of irreparable harm; and 3) the potential harm to the plaintiff outweighs the potential harm to the defendant. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609,616-617(1980).

4

B.  **Hutchins is likely to succeed on the merits of the case**.

1. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that Donald C. Hutchins and the Complient Corporation and its 99% owned subsidiary CPR LP as successors to County Line Limited are all parties to the June 1, 1994 License Agreement.

2. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the June 1, 1994 License Agreement carries specific instructions for the parties with regard to: Dispute resolution through the AAA; Abandonment of registrations and patents; Notification or transfer of intellectual properties; Sub-licensing; Payment of royalties; Quarterly reports; Return of properties to patent owner; Transfer of license between affiliated parties and Sale of License to foreign entities.

3. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Licensee has never provided written notice to Donald C. Hutchins of the transfer of assets to Cardiac Science.

4. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that since September of 2003, the Licensee has paid no royalties or sent any quarterly reports to Hutchins breaching the June 1, 1994 Agreement.

5. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that since September of 2003 the Licensee has paid

5

no patent license fees to federal or foreign patent offices as required by the June 1, 1994 Agreement.

6. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Licensee has not paid the $10,000 minimum royalty payment to Hutchins for the years 2003, 2004, 2005 breaching the June 1, 1994 Agreement.

7. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Licensee as successor to County Line Limited did not notify Hutchins of the existence and terms of the APA between Cardiac Science and Complient. The Licensee did not notify Hutchins about the transfer of Hutchins' properties to Cardiac Science either prior to, during or after October of 2003 thereby breaching the June 1, 1994 Agreement.

8. Plaintiff's claims of breach of contract must succeed because the undisputed facts show that the Complient Corporation has never provided Hutchins with written notice that it intended to close its Cleveland office and suspend its sales of Hutchins' licensed products in breach of the June 1, 1994 Contract.

9. Plaintiff's claims of breach of contract must succeed because while the obligation of the Complient Corporation to the 7.5% return is unresolved in this Court, the Licensee has stated that this 7.5% return is the obligation of CPR LP. In that the Plaintiff accepts that there is no hope of collecting from the insolvent Complient Corporation, he is willing to treat the 7.5%

6

return from Complient as moot in favor of being awarded the aforementioned undisputed claims of breach of contract.

### C. There is a great risk of irreparable harm if Hutchins' request for a temporary restraining order is denied.

If the plaintiff, Hutchins, is not granted the relief In terms of the accelerated decision that he has requested, he will suffer irreparable harm. Hutchins has already suffered excessive harm through the loss of income from Complient over the past three years.

However, the greatest harm to Hutchins will come from the delay of a ruling on his request for summary judgment. Complient has used the tardiness of decisions in this action to foster their bogus actions against Hutchins in other forums. It is an undisputed fact that Complient and its predecessors County Line Limited and CPR LP have breached the majority of the terms of the 1994 License Agreement for the past 3-years. As a subterfuge Complient has defended itself behind the unresolved Section 3.10, of the more than 30 sections, of the Agreement.

Hutchins acknowledges that damages from the Complient's breach of Section 3.10 are moot and uncorrectable in light of Complient's pending legal non-existence. While financial relief from the other breaches cited in Count VIII of the Amended Complaint may have the same fate, Hutchins needs a decision so he can be relieved of the continuing harm and allow the Court to move on.

### D. The potential harm to Complient is outweighed by the potential harm to the Plaintiff.

A review of the facts will show that irreparable harm to Hutchins far outweighs any harm that may be suffered by the Complient Corporation. The summary judgment

7

sought by Hutchins will not harm Complient in any way. Complient now exits only as a legal file in the offices of Calfee, Halter & Griswold LLP. Very soon it will be legally nonexistent as a corporate body established under the laws of the State of Delaware. In its present state it can do damage to Hutchins with no concerns of liability to Hutchins.

Hutchins is a person in reality and also under terms of the law. As a person he has been and will continue to be harmed as long as the Court delays it decision on Hutchins' motion for summary judgment against Complient.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion for an Emergency Temporary Restraining Order should be granted.

Dated: June 28, 2006

The Plaintiff
Donald C. Hutchins, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to: John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035

Colleen Moran O'Neil, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: 6/28/06

Donald C. Hutchins

8