UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CARDIAC SCIENCE, INC. ) <br> ) <br> Defendants ) <br> ) | Civil Action: 04-30126-MAP |

**DEFENDANT COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR JOINDER OF AXENTIS**

**I.   INTRODUCTION**

Plaintiff Donald C. Hutchins ("Hutchins") is a vexatious litigator. Hutchins' Motion for Joinder of Axentis (the "Motion") is but another of many examples of this. Hutchins has sued or tried to sue in the Massachusetts District Court the State of Ohio, the American Arbitration Association, Cardiac Science, Cardiac Science's attorneys, Complient, Complient's attorneys, former officers and directors of Complient, Zoll Medical, and now Axentis, related to alleged claims under a License Agreement he and his company entered into in 1994 with a predecessor of Complient.[1] As explained below, there is simply no factual or legal basis to subject Axentis to Hutchins' abusive litigation tactics and add it as a Defendant to this case. Accordingly, the Motion should be denied.

---

[1] None of the enumerated persons or entities are a party to the License Agreement at issue.

## II.     FACTUAL BACKGROUND

Hutchins' Motion is based on a false premise. Specifically, Hutchins claims that Axentis should be joined as a Defendant because, as he claims (incorrectly), its formation triggered the 7.5 percent payment provision of Section 3.10 of a License Agreement entered into by and among Hutchins, his company, and a predecessor of Defendant Complient. This argument assumes that any sale or transfer of any of Complient's assets triggered the 7.5 percent payment provision of Section 3.10. This is not the case.

Section 3.10 of the License Agreement provides:

> 3.10  After the date of this Agreement, LICENSEE will assign all of its rights and obligations under this Agreement to an Affiliate of LICENSEE. Such Affiliate will cause each partner of such Affiliate who purchases or otherwise acquires a partnership interest of such Affiliate directly from such Affiliate to agree to pay to CPR-Prompt seven and one-half percent (7.5%) of the net proceeds of any sale of any or all of such partnership interest to any person or entity which is not a partner of such Affiliate.

See License Agreement, attached hereto and incorporated herein as Exhibit A.

County Line L.P., the Licensee, in accordance with Section 3.10 cited above, assigned its rights and obligations under the License Agreement to its Affiliate, CPR L.P. Complient is the 99% general partner of CPR L.P. See Complient's Motion for Summary Judgment, Section II(A) and Exhibit I thereto. Two Ohio Courts previously decided that Section 3.10 of the License Agreement is triggered only upon a transfer or sale of the partnership interests in CPR L.P. to an unrelated third party. See Judgment Entries, attached hereto and incorporated herein as Exhibits B and C. Further, an Ohio Court ruled previously that the sale of certain of Complient's assets to Cardiac Science in October, 2003 did not include the sale of Complient's general partnership interest in CPR L.P. and, further, did not trigger the 7.5% payment provision

of Section 3.10.  <u>See</u> Exhibit C.  The same holds true for the spin off of certain of Complient's assets to form Axentis.

Axentis was formed in January, 2003.  <u>See</u> Exhibit B to Hutchins' Motion.  Complient retained its 99% general partnership interest in CPR L.P. after the sale of certain of its assets to Cardiac Science in October, 2003.  <u>See</u> Complient's Motion for Summary Judgment, Section II(D), Exhibit C thereto and attachments.  Therefore, as of October, 2003, Complient was the general partner of CPR L.P., and this remains the case.  Axentis, accordingly, does not hold or own any partnership interest in CPR L.P.  Indeed, Hutchins does not claim that Axentis holds or owns any such interest.  Instead, he claims, as he has done incorrectly for years, that the sale, transfer and now spin-off of <u>any</u> assets of Complient triggers the 7.5% payment provision of Section 3.10.  This, again, is simply not what Section 3.10 provides.  <u>See</u> Exhibits B and C; Exhibit A, Section 3.10.

Further, Hutchins claims that, because Complient dissolved, it has no assets upon which he could collect should he somehow be successful in this case.  In addition to the complete lack of merit to Hutchins' claims against Complient (<u>see</u> Complient's Motion for Summary Judgment), Hutchins adduced no evidence whatsoever to support his claim that Complient is somehow insolvent and justify, in any way, his request to join Axentis to this case.

### III.   LAW & ARGUMENT

Hutchins claims in his Motion for Joinder that Axentis must be joined and compelled to defend itself in Massachusetts so that relief may be "accorded among the parties" and, further, to prevent "inconsistent obligations" to both Cardiac Science and Hutchins.  This argument in nonsensical, given that he will not obtain <u>any</u> relief from Cardiac Science in light of the judgment entered in Cardiac Science's favor and given that Cardiac Science does not have a

cross-claim against Complient. Therefore, Hutchins' efforts to invoke the interests of Cardiac Science to support the alleged necessity of joining Axentis are nonsense.

Further, as set forth above, the alleged factual bases Hutchins cites to compel Axentis' joinder to this case are wrong. Axentis has no interest whatsoever in CPR L.P. Absent such an interest, there is simply no factual or legal basis to join Axentis as a Defendant to this case.

Hutchins relies on Rule 19(a)(1) of the Federal Rules of Civil Procedure as the claimed legal basis for Axentis' joinder to this case. Rule 19(a)(1) permits the joinder of a party where complete relief cannot be accorded in the absence of the person or entity sought to be joined. Fed. R. Civ. P. 19(a)(1). In support of this argument, Hutchins claims only that Axentis was spun off from Complient and that Complient has dissolved. These arguments do not justify the joinder of Axentis to this case. The formation of Axentis did not trigger the 7.5% payment provision of Section 3.10 as it did not involve the purchase or sale of the partnership interests in CPR L.P. (because such interests have not been sold).

Given Hutchins' numerous Motions for Joinder in this case and his history of filing suit involving the License Agreement, it is clear he would like to join any person or entity with any relation whatsoever to Complient as a Defendant to this case. Rule 19 does not permit such joinder absent a basis for same.

## IV.   CONCLUSION

It is clear that joinder of Axentis to this action is not warranted pursuant to the tenets of Federal Rule of Civil Procedure 19.  Hutchins failed to establish that joinder of Axentis to this case is supported by or necessary under the applicable facts or law.  Accordingly, Axentis respectfully requests that Hutchins' Motion for Joinder be denied.

        Respectfully submitted,

        _/s/ Jeffrey J. Lauderdale_____
        WILLIAM E. COUGHLIN (0010874)
        COLLEEN MORAN O'NEIL (0066576)
        JEFFREY J. LAUDERDALE (0074859)
        CALFEE, HALTER & GRISWOLD LLP
        1400 McDonald Investment Center
        800 Superior Avenue
        Cleveland, Ohio  44114
        (216) 622-8200
        (216) 241-0816 (facsimile)

        JOHN J. EGAN (151680)
        EGAN, FLANAGAN & COHEN, P.C.
        PO Box 9035
        67 Market Street
        Springfield, MA  01102-9035
        (216) 622-8200
        FAX (216) 241-0816

        Attorneys for Defendant Complient Corporation
        and non-party Axentis, Inc.

## CERTIFICATE OF SERVICE

I certify that, on July 10, 2006 I electronically filed a copy of the foregoing Defendant Complient Corporation's Memorandum in Opposition to Plaintiff's Motion for Joinder of Axentis and that parties to the case, registered with the Court's electronic filing system, will receive electronic notice of such filing.  A copy of the foregoing was also served upon the following via first-class U.S. mail on today's date:

>Donald C. Hutchins
>1047 Longmeadow Street
>Longmeadow, Massachusetts 01106
>Pro Se

>/s/ *Jeffrey J. Lauderdale*
>One of the Attorneys for Defendant,
>Complient Corporation