

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| COMPLIENT CORPORATION | ) | CASE NO: 429394 |
| Plaintiff, | ) | |
| | ) | JUDGE MATIA |
| v. | ) | |
| | ) | |
| CPR PROMPT CORPORATION, et al., | ) | **JUDGMENT ENTRY** |
| | ) | |
| Defendants. | ) | |

This matter came on for hearing upon Plaintiff Complient Corporation's ("Complient") Motion for Default Judgment ("Plaintiff's Motion") against Defendant CPR Prompt Corporation ("CPR Prompt") pursuant to Civ. R. 55(A). Upon consideration of Plaintiff's Motion, the proof of service of the Complaint upon CPR Prompt, and the Affidavit of Steven Lindseth, this Court finds that service has been perfected against Defendant CPR Prompt, that CPR Prompt has failed to answer the Complaint within the time set forth in the Ohio Rules of Civil Procedure, that CPR Prompt is in default of answering the Complaint and, therefore, that Complient is entitled to a default judgment against CPR Prompt pursuant to Civ. R. 55(A).

WHEREFORE, this Court hereby grants Plaintiff Complient Corporation's Motion for Default Judgment against CPR Prompt Corporation. It is the order of this Court that Plaintiff Complient Corporation is hereby granted a default judgment pursuant to Civ. R. 55(A) against Defendant CPR Prompt Corporation as follows:

> Pursuant to Section 3.10 of the License Agreement, in the event that the partners of CPR L.P., including, but not limited to Plaintiff Complient Corporation, sell all r part of their respective partnership interest in CPR L.P. to an unrelated third party, Defendant CPR Prompt is entitled to 7.5%

DOCKETED
JUN 28 2001

VOL 2601 PG 449

of the net proceeds of that sale. Section 3.10 of the License Agreement does not entitle CPR Prompt to 7.5% of the sale of any or all assets of any entity other than CPR L.P.

IT IS SO ORDERED.

*[signature]*
JUDGE DAVID MATIA

RECEIVED FOR FILING

MAY 3 0 2001

GERALD E. FUERST, CLERK
BY _____ DEP.

{JAB2482.DOC;1}    2    VOL 2601 PG 450