UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et. al., )<br>)<br>Defendants )<br>) | Civil Action: 04-30126-MAP |

**PLAINTIFF DONALD C. HUTCHINS' MEMORANDUM IN ANSWER TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT VIII OF THE AMENDED COMPLAINT**

On June 30, 2006, Attorney Jeffrey Lauderdale ("Lauderdale") filed a tardy Opposition to Plaintiff, Donald C. Hutchins' ("Hutchins") Motion for Summary Judgment on Count VIII of the Amended Complaint. It is assumed that the Court will overlook Attorney Lauderdale's untimely answer. However this Court should not overlook the numerous misrepresentations contained in this Opposition or that:

1. Lauderdale does not deny that The Defendant Complient Corporation ("Complient") and its 99% owned subsidiary CPR LP as successors to County Line Limited are all parties to the June 1, 1994 License Agreement. This is evidenced in part by the quarterly royalty checks paid to Hutchins from 1994 until Complient was dissolved in 2003.

2. Lauderdale does not deny that Plaintiff Complient breached many of the terms of the contract prior to dissolution and all terms after the dissolution as stated in Hutchins' Motion for Summary Judgment.

3. Lauderdale does not deny that Complient never provided written notice to Hutchins of the transfer of assets to Cardiac Science, has paid no royalties or sent any quarterly reports to Hutchins and has paid no patent license fees to federal or foreign patent offices as required by the June 1, 1994 Agreement.

4. Lauderdale does not deny that Complient has not paid the $10,000 minimum royalty payment to Hutchins for the years 2003, 2004, 2005 (which it paid every year since 1994) and never provided Hutchins with written notice that it intended to close its Cleveland office and suspend its sales of Hutchins' licensed products.

Attorney Lauderdale attempts to confuse the Court with his reference to the American Arbitration Association ("AAA"). The AAA action was filed against Hutchins by CPR LP the 99% owned subsidiary of Complient. CPR LP exists only on paper as a legal shill for Complient. It was recently disclosed through court records that Complient paid the CPR LP legal fees in the AAA action.

Hutchins has acknowledged in his Motion for Summary Judgment that there is no hope of collecting the 7.5% return from the insolvent Complient Corporation as specified in Section 3.10 of the contract. Hutchins is willing to treat the previously disputed and unresolved terms of Section 3.10 as moot in favor of being awarded the aforementioned undisputed claims of breach of contract. A favorable judgment will not satisfy

2

Complient's financial obligation to Hutchins because Complient is insolvent however it will satisfy Hutchins' need for a favorable judgment.

## CONCLUSION

Hutchins has only acted as the defendant in actions brought by Complient against him and the CPR Prompt Corporation. The actions brought by Complient have been specific to the interpretation of Section 3.10 of the contract. Other terms of the contract were never in dispute. Complient has never denied the breaches in the other terms of the contract for which Hutchins seeks relief through his Motion for Summary Judgment.

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: July 10, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to:

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035

Colleen Moran O'Neil, Esq., Calfee, Halter & Griswold LLP, 1400 Mc Donald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688.

Dated: 7/10/06

Donald C. Hutchins

3