# EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| COMPLIENT CORPORATION, | ) | CASE NO. 540066 |
| | ) | |
| Plaintiff, | ) | JUDGE EILEEN GALLAGHER |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD C. HUTCHINS, et al., | ) | **APPLICATION FOR ADDITIONAL** |
| | ) | **ATTORNEYS' FEES AND COSTS** |
| Defendants. | ) | **PURSUANT TO COURT ORDER OF** |
| | ) | **SEPTEMBER 27, 2005** |

## I.   INTRODUCTION & STATEMENT OF DAMAGES

On August 24, 2005, the Court entered summary judgment in Plaintiff Complient Corporation's ("Complient") favor on all claims. On September 27, 2005, the Court held a hearing to determine the damages to award Complient and entered the following Judgment Entry:

> It is hereby ordered, that final judgment be entered for Pltf, Complient Corporation and against Defts, Donald C. Hutchins and CPR Prompt Corp., jointly and severally in the amount of $178,384.00 in compensatory damages and $100,000 in punitive damages and declaring that the 7.5% payment provisions of section 3.10 of the License Agreement was not triggered by virtue of the Asset Purchase Agreement among Cardiac Science, Inc., CPR L.P. and Complient Corporation. Costs taxed to Defts. Attorney fees are also awarded but have not been fully calculated. A hearing will be conducted upon motion of the Pltf to establish that amount... osj. final vol.3412 pg.0782 notice issued court cost assessed as directed.

Judgment Entry, September 27, 2005.

Pursuant to the September 27, 2005 Judgment Entry, Complient hereby applies to the Court for all attorneys fees and costs incurred by Complient associated with Defendant Donald C. Hutchins ("Hutchins") tortious conduct.

{CM02348.DOC;1}

Specifically, since February of 2001, Complient and persons and entities related to Complient, have been forced to participate in six separate litigations[1] as a result of Hutchins' unfounded and abusive claims regarding the rights and obligations under a License Agreement entered into by and between Complient's predecessor, Hutchins and his company, CPR Prompt, LLC on June 1, 1994. This series of cases is described in greater detail below. To date, Complient has incurred $271,671.73 in fees and $10,286.40 in costs. These fees and costs are comprised of:

| CASE | FEES | COSTS | TOTAL |
|---|---|---|---|
| Complient v. CPR Prompt (Cuyahoga, No. 429394) | $29,664.52 | -0- | $29,664.52 |
| CPR L.P. v. CPR Prompt (AAA Case, No. 35-133-00022-01) | $22,740.34 | $169.28 | $22,909.62 |
| Hutchins v. Lindseth, (Mass. D.C., No. 01-30120-KPN) | $70,399.01 | $2,913.05 | $73,312.06 |
| Complient v. Hutchins, (Cuyahoga, No. 540066) | $67,011.51 | $5,157.04 | $72,168.55 |
| Hutchins v. Cardiac Science, (Mass. D.C., No. 04-30126) | $81,856.35 | $2,047.03 | $83,903.38 |
| **TOTALS** | **$271,671.73** | **$10,286.40** | **$281,958.13** |

---

[1] Although Hutchins has been a party to six proceedings involving the License Agreement, the table below lists only five cases because Complient has not been invoiced for fees associated with the most recently filed case.

{CM02348.DOC;1}   2

Copies of the invoices for the foregoing fees and expenses are attached hereto and incorporated herein as Exhibits A through E. Further, the Affidavit of Attorney Timothy Brick is attached hereto as Exhibit F in support of the requested award.

## II. BACKGROUND

The background of this dispute is set forth in the Complaint filed by Complient on August 27, 2004, and is incorporated herein by reference. Hutchins is a vexatious litigator. Hutchins has litigated the same issues against Complient or related persons or entities for years in numerous separate actions. In fact, this is the sixth action Hutchins has been a party to involving the same basic issues: (1) what obligations (if any) are owed Hutchins under the June 1, 1994 License Agreement; and (2) is he entitled to 7.5% of the proceeds of the sale of Complient Corporation to a third party. Each of the Courts that has addressed these issues has ruled against Hutchins.

### A. The 2001 Proceedings.

In February, 2001, Complient filed Complient Corp. v. Hutchins, Case No. 429394 before the Common Pleas Court for Cuyahoga County, Ohio ("Hutchins I"), as a result of Hutchins' repeated claims that he was entitled to some portion of the value of the assets of Complient. Hutchins filed a counterclaim in that case seeking a declaration that he was entitled to 7.5% of the value of Complient upon its sale to a third party. Complient prevailed in that case and the Court issued a declaratory judgment contrary to Hutchins' interpretation of the License Agreement. In Hutchins I, the Court's declaratory judgment held that the License Agreement did not entitle Hutchins or his company to 7.5% of the value of Complient. See Exhibit G, copy of court docket for Case No. 429394. Complient incurred $29,664.52 in attorneys' fees in Hutchins I. See Exhibit A. See also Brick Affidavit, ¶ 8.

{CM02348.DOC;1}                                 3

Concomitant to the filing of Hutchins I, CPR L.P., the Affiliate under the License Agreement, filed claims against Hutchins and his company for a declaratory judgment as to the construction and effect of the License Agreement with the American Arbitration Association ("AAA") in keeping with the terms of the License Agreement. This proceeding was assigned AAA Case Number 35-133-00022-01 and is hereinafter referred to as the "AAA Matter." Although Hutchins filed a counterclaim in the AAA proceeding, he refused to participate. After months of Hutchins refusing to participate in pretrials, CPR L.P. voluntarily dismissed the AAA Matter. Complient is CPR L.P.'s 99% general partner and incurred $22,740.34 in attorneys' fees and $169.28 in costs in the AAA Matter. See Exhibit B. See also Brick Affidavit, ¶ 8.

Hutchins then filed Hutchins v. Lindseth, Massachusetts District Court Case No. 01-30120-KPN ("Lindseth I"). In Lindseth I, Hutchins asserted various RICO claims against Complient's shareholders and again claimed he was entitled to 7.5% of the value of Complient. Hutchins' claims in Lindseth I were dismissed for lack of personal jurisdiction. See Exhibit H, copy of court docket for Case No. 01-30120-KPN. In representing its shareholders in the Lindseth I litigation, Complient incurred $70,399.01 in attorneys' fees and $2,913.05 in costs. See Exhibit C. See also Brick Affidavit, ¶ 9.

### B. In 2004, Hutchins Renewed His Efforts to Obtain a Judicial Reformation of the License Agreement.

Complient and CPR L.P. sold certain of their assets to Cardiac Science Corporation in October, 2003. Hutchins then filed Hutchins v. Cardiac Science, Massachusetts District Court Case No. 04-30126 ("Cardiac Science"), in June of 2004, to which Complient was added as a party in November, 2004.

Prior to the addition of Complient to the Cardiac Science case, Complient filed the present case in August, 2004. In this case, the Court granted judgment in Complient's favor in September,

{CM02348.DOC;1}                                     4

on all claims, including Complient's claims of abuse of process and tortious interference with contract and declaratory judgment against Hutchins resulting from his filing of the Cardiac Science case. See Exhibit I, copy of court docket for Cardiac Science case. To date, Complient has incurred $67,011.51 in attorneys' fees and $5,157.04 in costs. See Exhibit D. See also Brick Affidavit, ¶ 11.

In Cardiac Science, Hutchins again claimed, among other things, that Complient and Cardiac Science breached the License Agreement by not paying him 7.5% of the value of Complient. Cardiac Science was granted summary judgment on Hutchins' claims and Complient's Motion for Summary Judgment is pending. Although the Cardiac Science case remains pending, Complient seeks a final determination of fees. To date, Complient has incurred $81,856.35 in attorneys' fees and $2,047.03 in costs as a result of the Cardiac Science case. See Exhibit E. See also Brick Affidavit, ¶ 10.

Despite losing his claims repeatedly, Hutchins nonetheless filed a new frivolous lawsuit in February, 2006 against Jon Lindseth, a former shareholder and director of Complient in, Hutchins v. Lindseth, Massachusetts District Court Case No. 06-30023-MAP ("Lindseth II"). In Lindseth II, Hutchins asserts five negligence claims against Mr. Lindseth claiming that he failed to pay Hutchins the value of Complient allegedly owed to him upon the sale of certain of its assets and that Mr. Lindseth failed to comply with his obligation under an unenforceable prior draft of the License Agreement. Mr. Lindseth filed a Motion to Dismiss Hutchins' claims on the grounds of lack of personal jurisdiction, *res judicata*, and failure to state a claim given that Mr. Lindseth is not and was not a party to any agreement with Hutchins. See Exhibit J, copy of court docket for Lindseth II. Complient has undertaken the representation of Mr. Lindseth in Lindseth II and, Complient has not been billed as of the date of this filing for fees incurred.

a result of the six litigation proceedings described above, Complient has incurred $271,671.73 in attorneys' fees and $10,286.40 in costs for a total of $281,958.13. Pursuant to the Court's September 27, 2005 Judgment Entry and applicable Ohio law, Complient respectfully submits that it is entitled to an award in this amount.

## III. LAW & ANALYSIS

The Court's September 27, 2005, Judgment Entry provides that Complient is entitled to an award of attorneys' fees and costs as a result of Hutchins' tortious interference and abuse of process. Complient further submits that the fees and costs of $281,958.13 for the six litigation proceedings over the past five years are reasonable and in keeping with DR 2-106(b).

As the attached Affidavit of Timothy Brick, a partner at the Cleveland law firm of Gallagher, Sharp, demonstrates, the attorneys' fees and costs Complient seeks to recover are reasonable and comport with DR 2-106(B). See Brick Affidavit, ¶¶ 15-18. Mr. Brick is an attorney qualified to provide expert opinion and testimony on the reasonableness of attorneys' fees and costs incurred in this particular matter See Brick Affidavit, ¶¶ 1-7. Further, Mr. Brick attests to the fact that the fees and costs Complient seeks to recover from Hutchins related to his repeated litigation involving the License Agreement amount to $271,671.73 in attorneys' fees and costs of $10,286.40. See Brick Affidavit, ¶ 17.

Attorney Brick's Affidavit details: (1) the materials reviewed in forming his opinions in this case; (2) his opinions as to the reasonableness of the staffing of the case; (3) the attorneys who performed the services; and, significantly, (4) his opinion as to the reasonableness of the fees and costs incurred by Complient based on his knowledge of hourly rates and fees charged by comparable firms in the Cleveland legal community and the legal work performed on Complient's behalf. See Brick Aff., ¶¶ 8-18. The attorneys fees sought by Complient are

{CM02348.DOC;1}                                          6

...onable pursuant to the factors for the determination of same under DR 2-106(B) and are in accordance with the fees typically charged in the local legal community for the services in connection with the litigations involving Hutchins. See Brick Aff., at ¶¶ 15-18.

## IV. CONCLUSION.

For all the foregoing reasons, Complient respectfully requests that this Court enter an Order in its favor in the amount of $271,671.73 in attorneys' fees and $10,286.40 in costs.

Respectfully submitted,

*Colleen M. O'Neil*
WILLIAM E. COUGHLIN (0010874)
COLLEEN M. O' NEIL (0066576)
JEFFREY J. LAUDERDALE (0074859)
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio, 44114
(216)622-8200 (Telephone)
(216)241-0816 (Facsimile)

Attorneys for Plaintiff,
Complient Corporation