UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 JUL 25  A 11: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et al; ) | |
| ) | |
| Defendants ) | |

### PLAINTIFF DONALD C. HUTCHINS' AMENDED ANSWER TO DEFENDANT COMPLIENT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Donald C. Hutchins ("Hutchins") submits this amended answer to defendant Complient Corporation's ("Complient") Motion for Summary Judgment based on new evidence divulged by Complient that contradicts Complient's Statement of Material Facts contained in its Motion.

### INTRODUCTION

. The Court of Common Pleas of Cuyahoga County, Ohio has recognized the Complient Corporation ("Complient") in Case No. 540066 as being, "Complient and persons related to Complient" as disclosed in Exhibit A attached. Because the Complient Corporation brought Ohio Case No. 540066 into this action as part of it's Motion for Summary Judgment it is correct that this Court recognize Complient in the identical context.

Page 2 of Exhibit A indicates that the Complient Corporation assumed responsibility and paid all the legal fees for six different actions against Hutchins. Complient initiated four of the six actions beginning in the year 2001 with Cuyahoga, No. 429394 and AAA Case No. 35-133-00022-01. The legal logs that accompanied Exhibit

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS )
)
Plaintiff )
) Civil Action: **04-30126-MAP**
v. )
)
CARDIAC SCIENCE, INC., et al; )
)
Defendants )

FILED
IN CLERK'S OFFICE

2006 JUL 25 A 11: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF DONALD C. HUTCHINS' AMENDED ANSWER TO DEFENDANT COMPLIENT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Donald C. Hutchins ("Hutchins") submits this amended answer to defendant Complient Corporation's ("Complient") Motion for Summary Judgment based on new evidence divulged by Complient that contradicts Complient's Statement of Material Facts contained in its Motion.

### INTRODUCTION

. The Court of Common Pleas of Cuyahoga County, Ohio has recognized the Complient Corporation ("Complient") in Case No. 540066 as being, "Complient and persons related to Complient" as disclosed in Exhibit A attached. Because the Complient Corporation brought Ohio Case No. 540066 into this action as part of it's Motion for Summary Judgment it is correct that this Court recognize Complient in the identical context.

Page 2 of Exhibit A indicates that the Complient Corporation assumed responsibility and paid all the legal fees for six different actions against Hutchins. Complient initiated four of the six actions beginning in the year 2001 with Cuyahoga, No. 429394 and AAA Case No. 35-133-00022-01. The legal logs that accompanied Exhibit

A show the legal persons consolidated with Complient to be CPR L.P., Jon Lindseth, Steven Lindseth, Axentis, CPR Prompt L.P and County Line Limited.

Ohio Case No. 540066 is currently under appeal before the Supreme Court of Ohio as Case GEN-2006-0741 per Exhibit B attached.

Complient's Motion for Summary Judgment should be denied because the material evidence produced by Complient in support of its denial of fraud, fraudulent misappropriation and sale of patent and breach of contract is contradicted by the legal logs that accompanied Exhibit A.

### LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Local Rule 56.1 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried.

### ARGUMENT

Defendant's motion should be denied because:

1. **Complient is not a separate legal entity from CPR L.P.**

   Complient claims CPR L.P. to be a separate entity. Exhibit A clearly shows that CPR L.P. is part of the Complient Corporation. Local Rule 56.1 provides that motions for summary judgment shall include a concise statement of the material facts of record to which the moving party contends there is no genuine issues to the tried. Hutchins opposes Complient's motion for summary judgment by exposing Complient's Statement of Material Facts and Steven Lindseth's Affidavit as falsifications.

2. **Plaintiff is prepared to Present Substantial Evidence and Testimony at trial to Support His Claims of Fraud, Fraudulent Misappropriation and Sale of Patent, Tortuous Interference of with Contract and Breach of Contract.**

   Hutchins has substantial evidence and expert testimony available to prove his allegations and to be successful at trial. Hutchins should not be denied his right to trial now that he is in possession of Exhibit A that includes a 74-page log of hundreds of legal fee annotations that substantiate his claims against Complient in his quest to retrieve his intellectual properties.

2

## CONCLUSION

Hutchins brought this patent infringement litigation against Cardiac Science Inc. eight months after Complient was dissolved and out of business. In reaction to Civil Action: 04-30126-MAP, the investors in Complient were lead by Jon Lindseth into mounting a massive campaign to destroy Hutchins as documented by Exhibit A.

Hutchins claims were validated when the investors in Complient were forced to indemnify Cardiac Science by returning approximately $3 million in stock to Cardiac Science for the purpose of paying damages to Hutchins. The $3 million was confiscated by Cardiac Science and never paid to Hutchins.

The legal logs of Exhibit A outline how the participants, CPR L.P., Jon Lindseth, Steven Lindseth, Axentis, CPR Prompt L.P and County Line Limited united under the Complient banner to undermine Civil Action: 04-30126-MAP. The Complient Corporation assumed responsibility and paid all the legal fees for six different actions against Hutchins. Complient initiated four of the six actions beginning in the year 2001 with Cuyahoga, No. 429394 and AAA Case No. 35-133-00022-01.

The Complient Corporation is free to dispute any of the entries in the log. They have the burden to show that the $282,000 in legal fees was not used to dissuade Hutchins from pursuing his intellectual properties. It is clear that the Complient Corporation is not entitled to Summary Judgment on any claims at issue as a matter of law because there remain genuine issues to be tried.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: July 24, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

3

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to:

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035

Jeffrey J. Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: July 24, 2006

_____
Donald C. Hutchins

4