UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br> )<br>    Plaintiff )<br> )<br>v. )<br> )<br>CARDIAC SCIENCE, INC. )<br>    and )<br> )<br>COMPLIENT CORPORATION )<br> )<br>    Defendants )<br> ) | Civil Action 04-30126-MAP |

## AMENDED COMPLAINT

### Parties

1.) The plaintiff, Donald C. Hutchins ("Hutchins") is an individual residing at 1047 Longmeadow Street, Longmeadow, Hamden County, Massachusetts and a citizen of the United States.

2.) The defendant, Cardiac Science, Inc. ("Cardiac Science") was incorporated in the State of Delaware with a principal place of business at 1900 Main Street, Suite 700, Irvine, California 92614. Subsequently Cardiac Science was sold to the Quinton Corp. and currently does business as Cardiac Science Corporation.

3.) The defendant, Complient Corporation ("Complient") was joined to this action per ENDORSED ORDER entered 11/18/2004. The Complient Corporation is incorporated in the State of Delaware. There is no place of business listing by the State of Ohio. The given address is Complient Corporation, c/o Calfee, Halter & Griswold LLP, 1400

McDonald Investment Center, 800 Superior Avenue, Cleveland, Ohio 44114-2688, Attention: Gerald A. Monroe, Esq.

CPR LLP is a limited partnership organized in the State of Ohio. CPR LLP has no "place of business" listing by the State of Ohio. The given address for CPR LLP is, c/o Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, Ohio 44114-2688, Attention: Gerald A. Monroe, Esq. The Complient Corporation claims a 99% ownership interest in CPR LLP. As a result CPR LLP is not an independent entity and its financial records must be joined to the Complient Corporation.

### Jurisdiction

4.) The court has jurisdiction over this matter pursuant to Section 271 U.S.C.

5.) Hutchins lives in Longmeadow, Massachusetts and is a citizen of the United States.

6.) The succession of Cardiac Science Inc., Quinton and Cardiac Science Corporation has headquarters in Washington State and California.

### Background

7.) At a hearing held on July 18, 2006 in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. 540066 Complient filed a number of self-incriminating Exhibits listed herein as Complient Case No. 04-540066 Exhibits "O" through "U".

8.) These Exhibits indicate that the Complient Corporation assumed responsibility and paid all the legal fees for six different actions against Hutchins. Complient initiated four of the six actions beginning in the year 2001 with Cuyahoga, No. 429394 and AAA Case No. 35-133-00022-01.

9.) The legal logs that accompanied these Exhibits show the legal persons consolidated with Complient for which Complient paid all the legal fees to be CPR L.P., Jon Lindseth, Steven Lindseth, Axentis, CPR Prompt L.P and County Line Limited.

10.) Exhibit "O" includes the fee log for Ohio Case No. 429394 that Complient brought against Hutchins in 2001. The log starts with the entry of January 22, 2001, "Scott Wilson's Response to Martinelli letter". This is the first entry of many entries that show that J. Lindseth, S. Lindseth, S. Wilson, J. Longmuir and C. O'Neil filed a bogus lawsuit in Ohio to defraud Hutchins of his intellectual properties.

11.) Exhibit "P" includes the fee log for AAA Case, No. 35-133-00022-01 that Complient brought against Hutchins in 2001. The "AAA" action was brought in the name of CPR L.P. the 99% owned subsidiary Complient. This log is certain proof that CPR L.P. was not a separate legal entity and that the AAA action was a part of the fraud to deprive Hutchins of his rights under the 1994 License Agreement. A reading of this log shows the key conspirators include J. Lindseth, S. Lindseth, S. Wilson, J. Longmuir and C. O'Neil.

12.) Exhibit "Q" includes the fee log for federal Case No. 01-30120-KPN. Hutchins brought this federal case against the investors of Complient in reaction to the Ohio (Exhibit O) and AAA (Exhibit P) actions previously filed by Complient. Evidence presented by Hutchins showed that CPR. L.P. was not an independent entity. This action was dismissed on grounds of personal jurisdiction.

13.) Exhibit "Q" clearly shows that Hutchins' allegations were true and that CPR L.P. and Complient must be judged as one entity under the law and standard accounting principles. A reading of this log shows the key conspirators again to be J. Lindseth, S.

Lindseth, S. Wilson, J. Longmuir and C. O'Neil plus the investors in County Line Limited and its successor Complient such as J.P. Morgan, Medtronic and National City. The Complient Corporation paid all the legal fees covered under Exhibit "Q".

14.) Exhibit "R" includes the log for Ohio Case No. 5400066 that was filed by Complient against Hutchins after Hutchins filed a patent infringement action against Cardiac Science in this Court.

15.) Rather than follow the accepted course of joining with Cardiac Science in 04-30126 ("126") now before the Court, Complient conspired to bring a separate action in Ohio where Hutchins would not have the resources to defend.

16.) Exhibit "R" reveals that on October 28, 2004 Attorney O'Neil "Reviewed and analyzed Ohio law for potential claims against Hutchins." "Drafted Complaint against Hutchins for abuse of process and tortious interference." It is clear that Attorney O'Neil searched for anything that would disrupt Hutchins federal patent litigation against Cardiac Science. The log indicates that in the same week she conspired with Attorney Skaar, the attorney representing Cardiac Science, on methods to work together to defeat Hutchins.

17.) Exhibit "S" includes the log for federal action No. 04-30126 ("126") that is currently before this Court. The first entry of this log states, "Interoffice conferences and correspondence regarding indemnification claim of Cardiac Science." Within the next few months Complient indemnified Cardiac Science by releasing the approximately $3 million in stock to Cardiac Science that was being sought by Hutchins in '126.

4

18.) The conspirators that are logged in for federal case '126 include J. Lindseth, S. Lindseth, S. Wilson, J. Longmuir and C. O'Neil plus many entries for Attorney Skaar who represents Cardiac Science in this Action.

19.) An examination of the Exhibits reveals a carefully-planned and well-executed plan plotted between the investors in Complient, CPR L.P., Axentis, CPR Prompt L.P and County Line Limited and led by Jon and Steven Lindseth to deprive Hutchins of his intellectual properties.

20.) Ohio Case CV04540066 is clearly the attempt of these conspirators to obstruct justice in Civil Action 04-30126-MAP that is currently before this Court.

21.) The Exhibits clearly show that Complient and CPR L.P. are one entity. Complient misrepresented this fact to Cardiac Science in the Asset Purchase Agreement. This led to the indemnification to Cardiac Science by Complient of about $3 million in stock that should have gone to Hutchins.

22.) The legal logs give testimony to this conspiracy that has deprived Hutchins of his intellectual properties. Hutchins has received no royalty payments for over three years. The combination of Cardiac Science, CPR L.P. and Complient has breached their joint duty as licensee because CPR Prompt products continue to be sold in violation of patent and copyright law.

23.) The Court of Common Pleas of Cuyahoga County, Ohio has recognized the Complient Corporation in Case No. 540066 as being, "Complient and persons related to Complient." Complient and those persons recognized by the Ohio Court as Complient are the "Defendants."

## Count I

(Patent Infringement by Means of Sales)

24.) Hutchins adopts by reference the allegations of paragraphs 1 through 23.

25.) Hutchins has not agreed to any transfer of his intellectual properties by the Defendant or any other licensee of Hutchins' intellectual properties.

26.) The Defendant has infringed Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 of Patent RE 34,800 through the illegal sale of CPR Prompt® units not authorized by Hutchins as patent owner.

## Count II

(Patent Infringement by Means of Manufacture)

27.) Hutchins adopts by reference the allegations of paragraphs 1 through 26.

28.) The Defendant has infringed Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 of Patent RE 34,800 through the illegal manufacture of CPR Prompt® units not authorized by Hutchins as patent owner.

## Count III

(Fraud)

29.) Hutchins adopts by reference the allegations of paragraphs 1 through 28.

30.) The attached Exhibits clearly show that the Defendant fraudulently misrepresented the June 1, 1994 License Agreement between Country Line Limited and Hutchins to induce the asset sale to Cardiac Science through the use of false and unsigned documents to which Hutchins was not a party.

31.) By fraudulently misleading Cardiac Science on the terms of the License Agreement dated June 1, 1994, the Complient Corporation has caused great financial

damage to Hutchins. Hutchins has received no royalties due from Complient since the fall of 2003. Hutchins has received no payment due him by Complient through the asset sale to compensate for loss of his valuable intellectual properties.

### Count IV

(Conspiracy)

32.) Hutchins adopts by reference the allegations of paragraphs 1 through 31

33.) Complient Case No. 04-540066 Exhibits "O" through "U" clearly indicate that Jon Lindseth, Steven Lindseth, Attorney Wilson, Attorney Longmuir, Attorney O'Neil conspired to defraud Hutchins of his property. Joining these conspirators through participation in obstructive litigation instituted by Complient in the past five years have been investors such as J.P. Morgan, Medtronic and National City. Many log entries show that Cardiac Science participated and that Calfee is a stockholder in Complient. The theme joining all these conspirators is the fact that Complient paid all the legal fees to support this conspiracy.

### Count V

(Abuse of Process)

34.) Hutchins adopts by reference the allegations of paragraphs 1 through 33.

35.) The succession of legal actions shown in the Exhibits are intended by the Defendant to intimidate Donald C. Hutchins, diminish his resources and destroy his will to defend his intellectual properties

### Count VI

(Breach of Contract)

36.) Hutchins adopts by reference the allegations of paragraphs 1 through 35.

37.) Donald C. Hutchins and the Complient Corporation as successor to County Line Limited are both parties to the June 1, 1994 License Agreement.

38.) The June 1, 1994 License Agreement carries specific instructions for the parties with regard to: Dispute resolution through the AAA; Abandonment of registrations and patents; Notification or transfer of intellectual properties; Sub-licensing; Payment of royalties; Quarterly reports; Return of properties to patent owner; Transfer of license between affiliated parties; Sale of License to foreign entities.

39.) The Defendant has never provided written notice to Donald C. Hutchins of the transfer of assets to Cardiac Science.

40.) The log of payments contained in the Exhibits show that Complient paid all the legal bills for CPR L.P. CPR L.P. is not now or never was an independent entity from Complient.

41.) Since September of 2003, the Complient Corporation has paid no royalties or sent any quarterly reports to Hutchins breaching the June 1, 1994 Agreement.

42.) Since September of 2003 the Complient Corporation has paid no patent license fees as required by the June 1, 1994 Agreement.

43.) The Complient Corporation has not paid the $10,000 minimum royalty payment to Hutchins breaching the June 1, 1994 Agreement.

44.) The Complient Corporation has never provided Hutchins with written notice that it intended to close its Cleveland office and suspend its sales of Hutchins' licensed products in breach of the June 1, 1994 Contract.

45.) The Complient Corporation as successor to County Line Limited did not notify Hutchins of the existence and terms of the APA between the Defendants and Cardiac

Science. They did not notify Hutchins about the illegal transfer of Hutchins' properties to Cardiac Science either prior to, during or after October of 2003 thereby breaching the June 1, 1994 Agreement.

46.) Steven Lindseth and Complient are well aware that Section 3.10 of the June 1, 1994 Agreement entitles Hutchins to 7.5% of the return upon divestiture to a non-affiliated party.

47.) Reports filed with the Security and Exchange Commission indicate that The Defendants paid a $47,000,000 acquisition price to the Complient Corporation. As a result Hutchins is due 7-1/2% of the proceeds, which equals $3,525,000.

48.) As a result of this breach, Donald C. Hutchins has suffered damages in excess of $3,525,000.

WHEREFORE, (Hutchins) prays that judgment be entered in his favor as follows:

(a) On Count I, that a judgment be entered against the Defendant, in the sum of $270,000 plus interest and costs as fixed by the Court and that the Defendant be ordered to cease any further infringement of Hutchins' intellectual properties.

(b) On Count II, that a judgment be entered against the Defendant in the sum of $360,000 plus interest and costs as fixed by the Court and that the Defendant be ordered to cease any further infringement of Hutchins' Patents RE 34,800 and 5,913,685.

(c) On Count III, that a judgment be entered against the Defendant and its affiliates and stockholders for damages in the sum of $700,000 plus interest and costs as fixed by the Court.

(d) On Count IV, that a judgment be entered against the Defendant and its affiliates and stockholders for damages in the sum of $900,000 plus interest and costs as fixed by the Court.

(e) On Count V, that a judgment be entered against the Defendant and its affiliates and stockholders for damages in the sum of $740,000 plus interest and costs as fixed by the Court.

(f) On Count VI, that a judgment be entered against the Defendant ordering the Defendant to transfer the indemnity paid to Cardiac Science to the account of Donald C. Hutchins.

(g) The infringements, fraud, misappropriation, abuse of process and breach of contract were willful on the part of the Defendant. That the Defendant contemptuously infringed on Hutchins' intellectual properties with the mistaken belief that Hutchins, as "the little guy," could not afford the legal costs to protect these properties through the federal court system. On any and all Counts that a judgment be entered against the Defendant to increase damages up to three times the damages assessed in accordance Title 35 United States Code, Section 285.

49.)   Demand for Trial by Jury.

The Plaintiff, DONALD C. HUTCHINS, Pro Se

Dated: August 2, 2006

_____
1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 781-6280

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to:

John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035

Jeffrey J. Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: August 2, 2006

_____
Donald C. Hutchins

11