UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CARDIAC SCIENCE, INC. ) <br> ) <br> Defendants ) <br> ) | Civil Action: 04-30126-MAP |

**DEFENDANT COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DEFINE THE DEFENDANT COMPLIENT**

**I.   INTRODUCTION**

In his "Motion to Define the Defendant Complient," Plaintiff, Donald C. Hutchins ("Hutchins"), requests that this Court "define" Defendant, Complient Corp., as an entity, to include several non-parties to this action, including CPR L.P.; Axentis, Inc; Steve Lindseth; Jon Lindseth; CPR Prompt LLC; and County Line L.P.  It is unclear exactly why Hutchins seeks such a definition, but he appears to be requesting that this Court declare each of the above-named non-parties to be responsible for each other's debts, as well as any potential liabilities of Complient, simply because Complient has paid certain legal fees for those non-parties in connection with various litigation that Hutchins initiated, and which involved the same subject matter as this action.

{JJL1054.TMP;3}

There simply is no legal basis for the definition that Mr. Hutchins seeks. Although Complient is in fact the legal successor to County Line L.P. and CPR Prompt LLC, the other non-parties referenced in Mr. Hutchins' Motion (i.e., CPR L.P., Axentis, and Stephen Lindseth and Jon Lindseth) all are separate persons or entities, distinct from Complient, with their own legal existence. Accordingly, Hutchins' Motion to Define Complient should be denied.

## II.     LAW AND ARGUMENT

This entire litigation is based on the language of a License Agreement entered into between County Line L.P. and Hutchins' company, CPR Prompt Corp., in 1994. Section 3.10 of that License Agreement provides:

> 3.10  After the date of this Agreement, LICENSEE will assign all of its rights and obligations under this Agreement to an Affiliate of LICENSEE. Such Affiliate will cause each partner of such Affiliate who purchases or otherwise acquires a partnership interest of such Affiliate directly from such Affiliate to agree to pay to CPR-Prompt seven and one-half percent (7.5%) of the net proceeds of any sale of any or all of such partnership interest to any person or entity which is not a partner of such Affiliate.

See License Agreement, attached as Exhibit A to Complient's Memorandum in Opposition of Motion to Join Axentis. County Line, the Licensee, in accordance with Section 3.10 cited above, assigned its rights and obligations under the License Agreement to an affiliate, CPR L.P., and County Line became the 99% general partner of CPR L.P. Through a series of mergers and reorganizations, County Line eventually became CPR Prompt LLC, which in turn became Complient Corp., the instant defendant. Accordingly, Complient now holds the 99% general partnership interest of CPR L.P.   See Complient's Motion for Summary Judgment, Section II(A) and Exhibit I thereto.

A.  **CPR L.P. is a Distinct Legal Entity and Not Liable For Any Alleged Liabilities of Complient.**

Complient and CPR L.P. are separate and distinct entities. The law is clear in the First Circuit and elsewhere that a "partner is a separate entity from the partnership." In re San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 969 (1st Cir. 1993) (quoting In re Bank Ctr., Ltd., 15 Bankr. 64, 65 (Bankr. W.D. Pa. 1981)). See also Howe v. Sheppard, 12 F. Cas. 675, 677 (1st Cir. 1836) ("The partnership was not liable for the separate debt of one of the partners; nor bound to contribute towards its payment. There is no equity to compel a partnership to pay the separate debts of a partner, founded upon the mere fact of that relation."). Hence, there is no legal basis by which to define Complient to include CPR L.P. Although Complient, as the general partner of CPR L.P., ultimately may be liable for certain debts incurred by CPR L.P., and thus has paid any legal fees CPR L.P. has incurred in connection with the ongoing litigation with Hutchins, CPR L.P. is not at all liable for debts incurred by Complient. See id. Accordingly, there is no legal basis to define Complient to include CPR L.P. and Hutchins' Motion should be denied.

B.  **Axentis is a Legal Entity Distinct From Complient and Is Not Liable For Any Alleged Liabilities Incurred by Complient.**

Axentis, Inc., is a sister corporation of Complient. The two corporations, however, are separate and legally distinct. Axentis is a software company and has nothing to do with emergency medical response devices, CPR L.P., Hutchins, or Hutchins' inventions. Since its formation, Complient always was, and still is, the general partner of CPR L.P. That partnership interest never has belonged to Axentis and Axentis, accordingly, is not involved in this litigation in any way. It is completely distinct from Complient. See Crown Cent. Petroleum Corp. v. Cosmopolitan Shipping Co., 602 F.2d 474, 476 (2d Cir. 1979) ("[A] corporation, absent findings

of fraud or bad faith, is entitled to a presumption of separateness from a sister corporation even though both are owned and controlled by the same persons.").

Nonetheless, Hutchins argues, apparently, that Complient and Axentis are one and the same because Complient paid Axentis' legal fees when Hutchins attempted to join Axentis to this litigation. However, Complient did not pay Axentis' legal fees because the two entities are indistinct or as an act of charity. Rather, Complient paid Axentis' legal fees pursuant to an indemnification agreement entered into between Complient and Axentis when Complient transferred some assets to Axentis in 2001. Simply put, the agreement provides that Complient shall indemnify and defend Axentis (referred to as "Newco" in the agreement) for any claims brought against Axentis which arise out of Complient's continuing business, as this litigation clearly does. See December 31, 2001 Agreement Between Complient and Axentis (an excerpt of which is attached hereto at Exhibit A), at ¶ 3.2(b). Therefore, there is no legal basis by which to define Complient to include Axentis. Hutchins' Motion to Define Complient should be denied.

**C.    The Lindseths are Not Liable For Any Liabilities Allegedly Incurred by Complient.**

Jon Lindseth and Steven Lindseth are shareholders of Complient. It is indisputable that a corporation has a separate legal existence from its shareholders. See Pagan v. Calderon, 448 F.3d 16, 17 (1st Cir. 2006) ("As a general rule, a corporation and its shareholders are distinct juridical persons and are treated as such in contemplation of law.").

Further, Jon Lindseth is a former officer of Complient and Steven Lindseth is an officer at present. Like its shareholders, a corporation's officers are not liable for the debts of the corporation. See, e.g., Fin. Acquisition Ptnrs. v. Blackwell, 440 F.3d 278, 287 (5th Cir. 2006) ("Corporate officers are not liable for acts solely because they are officers . . . ."); Dersch Energies v. Shell Oil Co., 314 F.3d 846, 852 (7th Cir. 2002) ("Accordingly, shareholders,

directors and officers are generally not liable for a corporation's obligations.") (quoting <u>Davis v. Haas & Haas, Inc</u>., 296 Ill. App. 3d 369 (Ill. App. Ct. 1998)).

Nonetheless, Hutchins seeks to hold the Lindseths liable for any potential liabilities of Complient, and vice versa, solely because Complient paid the legal bills that the Lindseths incurred defending each of the ridiculous lawsuits that Hutchins filed personally against them (and that Hutchins lost).  <u>See</u> Motion to Define Complient, at 2.  However, Complient paid the Lindseths' legal bills under its contractual obligation to indemnify its directors and officers for any costs incurred defending a lawsuit alleged to have arisen out of their corporate duties, which the litigation with Hutchins undoubtedly is.  <u>See</u> Bylaws of Complient Corporation (an excerpt of which is attached hereto at Exhibit B), at Art. VI, § a..  Accordingly, the fact that Complient paid the Lindseths' legal bills for the Hutchins litigation does not establish that they are in fact all the same entity; it only indicates that there was an indemnification agreement in place.  Therefore, because the Lindseths, as shareholders and officers of Complient, are not responsible for Complient's debts, Hutchins' Motion to Define Complient should be denied.

### III.  CONCLUSION

For the foregoing reasons, Donald Hutchins' Motion to Define the Defendant Complient should be denied.

                                              Respectfully submitted,

                                              *s/ Jeffrey J. Lauderdale*
WILLIAM E. COUGHLIN (0010874)
COLLEEN MORAN O'NEIL (0066576)
JEFFREY J. LAUDERDALE (0074859)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 (facsimile)

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA  01102-9035
(216) 622-8200
FAX (216) 241-0816

Attorneys for Defendant,
Complient Corporation

## CERTIFICATE OF SERVICE

I certify that, on August 7th, 2006, I electronically filed a copy of the foregoing Defendant Complient Corporation's Memorandum in Opposition to Plaintiff's Motion to Define the Defendant Complient and that parties to the case, registered with the Court's electronic filing system, will receive electronic notice of such filing. A copy of the foregoing was also served upon the following via first-class U.S. mail on today's date:

> Donald C. Hutchins
> 1047 Longmeadow Street
> Longmeadow, Massachusetts 01106
> Pro Se

                                        *s/ Jeffrey J. Lauderdale*
                                        One of the Attorneys for Defendant,
                                        Complient Corporation