# EXHIBIT

# B

Case 3:04-cv-30126-MAP    Document 193-3    Filed 08/07/2006    Page 1 of 3

{JJL0742.DOC;1}

Section 6. <u>Powers and Duties</u>. All officers, as between themselves and the Corporation, shall have such authority and perform such duties as are customarily incident to their respective offices, and as may be specified from time to time by the Board of Directors, regardless of whether such authority and duties are customarily incident to such office. In the absence of any officer of the Corporation, or for any other reason the Board of Directors may deem sufficient, the Board of Directors may delegate for the time being the powers or duties of such officer, or any of them, to any other officer or to any Director. The Board of Directors may from time to time delegate to any officer the authority to appoint and remove subordinate officers and to prescribe their authority and duties.

Section 7. <u>Compensation</u>. The compensation of the officers shall be fixed from time to time by the Board of Directors or, if delegated by the Board, by the Chairman of the Board, Vice Chairman of the Board, Chief Executive Officer or President. Any such decision by any such officer shall be final unless expressly overruled or modified by action of the Board of Directors, in which event such action of the Board of Directors shall be conclusive of the matter. Nothing contained herein shall preclude any officer from serving the Corporation in any other capacity, including that of Director, or from serving any of its stockholders, subsidiaries or affiliated corporations in any capacity, and receiving a proper compensation therefor.

## ARTICLE VI

## INDEMNIFICATION OF DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS

Section 1. <u>Indemnification of Directors and Officers</u>. The Corporation shall indemnify, to the fullest extent now or hereafter permitted by law, any Director or officer of the Corporation who was or is a party or is threatened to be made a party to, or is involved in, any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (hereafter, a "proceeding"), by reason of the fact that such person, or a person of whom he or she is the legal representative, is or was a Director or officer of the Corporation, or is or was serving at the request of the Corporation as a director, manager, officer, partner, trustee, employee or agent of another corporation, limited liability company, partnership, joint venture, trust or other enterprise (including service with respect to employee benefit plans), whether the basis of such proceeding is alleged action in an official capacity as a director, manager, officer, partner, trustee, employee or agent or in any other capacity while serving as a director, manager, officer, partner, trustee, employee or agent, against all expense, liability and loss (including attorneys' fees, judgments, fines, excise taxes or penalties and amounts paid or to be paid in settlement) actually and reasonably incurred or suffered by such person in connection therewith. Such indemnification shall continue as to a person who has ceased to be a director, manager, officer, partner, trustee, employee or agent and shall inure to the benefit of such person's heirs, executors and administrators; <u>provided, however</u>, that, except as provided in Section 4 of this Article VI, the Corporation shall indemnify any such person seeking indemnification in connection with a proceeding (or part

thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors.

Section 2. <u>Indemnification of Employees and Agents</u>. The Corporation may indemnify any employee or agent of the Corporation who is not a director or officer of the Corporation to an extent greater than that required by law only if and to the extent that the Board of Directors may, from time to time in their discretion, so determine.

Section 3. <u>Advancement of Expenses</u>. Expenses, including attorneys' fees, incurred by a Director or officer of the Corporation in defending any proceeding referred to in Section 1 of this Article VI, shall be paid by the Corporation, in advance of the final disposition of such proceeding, upon receipt of an undertaking by or on behalf of the Director or officer to repay such amount if it shall ultimately be determined that such Director or officer is not entitled to be indemnified by the Corporation as authorized in this Article VI, which undertaking may be secured or unsecured, in the discretion of the Board of Directors.

Section 4. <u>Procedures and Presumptions Under This Article</u>. If a claim under Section 1 of this Article VI is not paid in full by the Corporation within thirty (30) days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall be entitled to be paid also the expense of prosecuting such claim. It shall be a defense to any such action (other than an action brought to enforce a claim for expenses incurred in defending any proceeding in advance of its final disposition where the required undertaking, if any is required, has been tendered to the Corporation) that the claimant has not met the standards of conduct which make it permissible under the General Corporation Law for the Corporation to indemnify the claimant for the amount claimed, but the burden of proving such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel, or its stockholders) to have made a determination prior to the commencement of such action that indemnification of the claimant is proper in the circumstances because the claimant has met the applicable standard of conduct set forth in the General Corporation Law, nor an actual determination by the Corporation (including its Board of Directors, independent legal counsel, or its stockholders) that the claimant has not met such applicable standard of conduct, shall be a defense to the action or create a presumption that the claimant has not met the applicable standard of conduct.

Section 5. <u>Indemnification Provided in this Article Not Exclusive</u>. The indemnification and advancement of expenses provided under this Article VI shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under any law, the Certificate of Incorporation, these By-laws, any agreement, vote of stockholders or of disinterested Directors or otherwise, both as to action in their official capacity and as to action in another capacity while holding such office. Without limiting the generality or effect of the foregoing, the Corporation may enter into one or more

{GAM2650.DOC;1}                           -8-