UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS | ) |
| Plaintiff | ) |
|  | ) Civil Action: 04-30126-MAP |
| vi. | ) |
|  | ) |
| CARDIAC SCIENCE, INC., et al., | ) |
| Defendants | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE *INSTANTER* REPLY BRIEF IN ANSWER TO DEFENDANT'S OPPOSITION TO MOTION TO DEFINE THE DEFENDANT COMPLIENT**

On August 7, 2006 the Defendant Complient Corporation ('Complient") filed its Memorandum in Opposition to Plaintiff's Motion to Define the Defendant, Complient. As part of Section II, Paragraph 1 of its Memorandum Complient has misrepresented to this Court the basis of this litigation.

Complient is dead wrong when it states that, "this entire litigation is based on the language of a License Agreement." In truth Civil Action 04-30126-MAP is and has always been a patent infringement action as evidenced by Exhibit A attached.

Units that carry Hutchins' copyrights, trademark and patent numbers are being sold every day in the United States, Canada and Europe with no accountability to Hutchins. The last documented accountability came in the fall of 2003 from the Complient Corporation as licensee. Federal law gives Hutchins the right to pursue these properties through this Court and he did so in filing this action against Cardiac Science a company that at the time of filing was manufacturing and selling CPR Prompt® products.

2

The United States Patent office looks to this Court for a judgment on the ownership and rights attributable to the intellectual properties designated on Patent Office form AO 120. It is also significant that this Court stated on September 13, 2004, "that the complaint sufficiently articulates claims for copyright and patent infringement in Counts I, II, III." The amended complaints reinforce the issues of infringement on whatever entity this Court judges to be licensee. Hutchins' priority is to reclaim his intellectual properties.

This litigation is based on the infringement of Hutchins' copyrights and patents starting in the fall of 2003. Allusion by Complient to Section 3.10 of the 1994 License Agreement is simply a sideshow promoted by Complient to mask these infringements and the identity of those parties that are infringing.

Respectfully submitted,

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: August 10, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to: John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035, Jeffrey Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: August 10, 2006

Donald C. Hutchins

3