UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS, | )  Civil Action 04-30126-MAP |
| )  |
| Plaintiff, | )  Judge Michael A. Ponsor |
| ) |
| v. | ) |
| ) |
| CARDIAC SCIENCE, INC., <u>et al.</u>, | ) |
| ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE UNAUTHORIZED
<u>AMENDED COMPLAINT</u>**

**I.   INTRODUCTION**

Plaintiff, Donald C. Hutchins, has purported to file an Amended Complaint wherein he seeks to add a "conspiracy" count against a group of non-parties to this litigation. This conspiracy theory, contained at Count IV of Hutchins' Amended Complaint, alleges that upwards of twelve persons and entities, including J.P. Morgan and National City Bank, concocted a conspiracy to defraud Hutchins of "his property." Further, Hutchins alleges that although the alleged conspirators are not parties to this action, the conspiracy claim nonetheless is proper because Defendant, Complient Corporation, had "paid all the legal fees to support this conspiracy." *See* Amended Complaint, at ¶ 33. However, because Hutchins failed to seek leave

{JJL1099.TMP;1}

to file his Amended Complaint, and because justice requires that no leave be granted in any event, Hutchins' Amended Complaint should be stricken.

## II.    LAW AND ANALYSIS

Fed. R. Civ. P. 12(f) states that "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." The Court should strike Hutchins' Amended Complaint because he failed to follow the dictates of the Civil Rules before he filed it, and because the amendments are redundant, immaterial, impertinent, **and** scandalous.

First, Civil Rule 15(a) provides, in pertinent part, that, after an answer is filed, "a party may amend his pleading only by leave of court or by written consent of the adverse party." Hutchins simply filed his Amended Complaint without even bothering to ask the Court for leave. For these reasons, it is an unauthorized pleading that is a nullity. Hutchins also did not seek Complient's consent to amend his complaint, and such consent is expressly refused herein, in particular because the new claims alleged by Hutchins in his Amended Complaint are repetitive, aimed at non-parties to the litigation, based on nonsense, and wholly fail to state a claim upon which relief may be granted.

It is true that, in the abstract, leave of Court to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Here, however, Hutchins has not even asked for leave. Moreover, justice requires that leave should be denied. Hutchins has added no new claim upon which relief may be granted. *See, e.g., Boston & Me. Corp. v. Hampton*, 987 F.2d 855, 868 (1st Cir. 1993) ("[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend."). Hutchins' proposed amendments are merely cosmetic, intended

only to repeat specious allegations no different in character than those he already has lodged in this litigation and elsewhere, and which add nothing to this proceeding.

Here, Hutchins attempts to amend his Complaint only to add a scandalous litany of allegations against Complient, Cardiac Science, their attorneys, and others.  Principally, Hutchins has added several paragraphs to the background section of his original Complaint (as amended in December 2004) alleging that Complient and Cardiac Science "conspired" against Hutchins because they allegedly discussed a common defense to Hutchins' frivolous claims against them, and because Complient's attorneys researched whether Complient might have some potential causes of action against Hutchins. *See* Amended Complaint, at ¶¶ 7-20.  This cacophony of allegations, however, fails to indicate any wrongful conduct and adds nothing to this case or Hutchins' Complaint.

Further, Hutchins' "conspiracy" claim alleges no wrongdoing by any named party, but merely asserts that certain non-parties conspired to defraud Hutchins of his property.  Absent from his Amended Complaint, however, are the details of this conspiracy, or the identification of the property of which Hutchins was defrauded.  Accordingly, the claim fails to state a claim upon which relief may be granted.

Moreover, this case has progressed too far for Hutchins to be allowed to amend his Complaint to add a new claim, especially one that is as baseless as Hutchins' "conspiracy" claim.  In fact, this case has progressed so far that summary judgment motions have been filed by all parties involved (and granted in favor of Defendant, Cardiac Science, Inc.).  Justice therefore requires that Hutchins' Amended Complaint be stricken.

This case is now over two years old and Hutchins already amended his Complaint once.  Further, Hutchins' conspiracy theory was the basis of another lawsuit filed by Hutchins in this

Court, entitled *Hutchins v. Lindseth, et al.*, No. 01-CV-30120 (D. Mass. *filed* June 27, 2001), in 2001.[1]  That lawsuit alleged RICO violations against all of the same parties referenced in the text of Hutchins' new "conspiracy" count and was dismissed.  Thus, Hutchins' "conspiracy" claim is not new, and (judging by the fact that he alleged it in the other case in 2001) he could have raised it either at the time of his original Complaint or when he first amended that Complaint in December 2004.  Thus, justice does not permit that he be allowed to amend his Complaint to raise it again, at this point, some twenty-five months after this litigation began.

The "conspiracy" claim already has been decided, and was dismissed, by this Court.  Accordingly, there is no reason for this Court to allow Hutchins to raise his "conspiracy" claim again, especially at this point in the proceedings, two years after this case had been filed.  The claim is frivolous and fails to state a claim upon which relief may be granted.  Therefore, the Amended Complaint should be stricken.

---

[1] To date, Hutchins has filed eight lawsuits in this Court that all relate to the same subject matter as this lawsuit. Hutchins has prevailed in **none** of these lawsuits.

{JJL1099.TMP;1}                                    4

### III.   CONCLUSION

Hutchins filed, without the required leave of Court, an Amended Complaint adding a new claim that fares poorly under Civil Rule 12(b)(6).  Leave to amend in this case would be futile and should therefore be denied.  For this and the foregoing reasons, Complient requests that the Court apply Civil Rule 12(f) to strike the Amended Complaint.

Respectfully submitted,

_____s/ Jeffrey J. Lauderdale_____
WILLIAM E. COUGHLIN (OH 0010874)
COLLEEN M. O'NEIL (OH 0066576)
JEFFREY J. LAUDERDALE (OH 0074859)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 (facsimile)

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035
(413) 727-0260
Fax:  (413) 737-0121

Attorneys for Defendant,
Complient Corporation

## CERTIFICATE OF SERVICE

I certify that, on August 16, 2006, I electronically filed, and sent, via first-class U.S. mail, postage prepaid, a copy of the foregoing Defendant Complient Corporation's Motion to Strike Unauthorized Amended Complaint and Memorandum in Support thereof, upon the following:

>Donald C. Hutchins
>1047 Longmeadow Street
>Longmeadow, Massachusetts 01106
>Pro Se

__s/ Jeffrey J. Lauderdale__
One of the Attorneys for Defendant,
Complient Corporation
