UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DONALD C. HUTCHINS,

           Plaintiff,          Civil Action No. 3:04-cv-30126 MAP

v.

CARDIAC SCIENCE, INC., ET AL.

           Defendants.

**DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS UNDER
LOCAL RULE 1.3**

**INTRODUCTION**

In the present motion for sanctions, Plaintiff accuses Counsel for Cardiac Science, Randall Skaar of conspiring to obstruct justice by speaking with counsel for co-defendants and of misleading the court with false statements. These accusations are completely baseless. The present motion completely lacks merit and should be denied.

**PROCEDURAL BACKGROUND**

Cardiac Science purchased license rights to Plaintiff's asserted intellectual property on October 21, 2003. Plaintiff sued Cardiac Science for infringement of the asserted intellectual property and other causes of action on July 2, 2004. This Court granted Cardiac Science Summary Judgment on June 23, 2005, including a declaratory judgment that Cardiac Science's license rights to Plaintiff's asserted intellectual properties are in full force and effect. Plaintiff added Complient as a defendant in this matter on November 18, 2004. On December 29, 2005, this court granted Cardiac

Science's motion to enjoin Plaintiff from filing any further motions against Cardiac Science without leave of court.

## ARGUMENT

### A. Plaintiff's Allegation of Conspiracy is Baseless

Plaintiff alleges that because Counsel for Cardiac Science and Counsel for Complient discussed this case that they were illegally conspiring against Hutchins. Plaintiff provides no evidence that would satisfy a claim of conspiracy. *See* Grant v. John Hancock Mutual, Life Insurance Co., 183 F.Supp.2d 344, 362 (D.Mass. 2002). *See also* Para. 4 of the Declaration of Randall Skaar attached hereto as Exhibit 1. Clearly the mere fact that Counsel for Cardiac Science and Counsel for Complient had a conversation is evidence of nothing. Plaintiff's allegation of conspiracy is completely baseless.

### B. Counsel for Cardiac Science Has Not Deceived the Court

1. Counsel for Cardiac Science Represents Cardiac Science and Has Never Represented Aristotle

As a basis for his motion for sanctions, Plaintiff alleges that Counsel for Cardiac Science deceived the court during the September 9, 2004 hearing when Counsel for Cardiac Science stated that he represented Cardiac Science. There was no misrepresentation, Counsel for Cardiac Science does not now nor has he ever represented Aristotle. *See* Skaar Declaration Para. 2.

2. <u>Counsel for Cardiac Science did not Misrepresent the Present Ownership of the Hutchins License Agreement.</u>

As a further basis for sanctions, Plaintiff alleges that Counsel for Cardiac Science deceived the court during the September 9, 2004 hearing by stating that CPR LP "holds the IP assets." It is Plaintiff that is making a misrepresentation. Counsel for Cardiac Science's statement is taken out of context. In context, it is clear that when Counsel for Cardiac Science stated to the court that CPR LP held Hutchins' IP assets, he was answering a question from the court regarding the evolution of the Complient related entities, not making an assertion about who presently owns the license rights to the patents at issue. *See* Skaar Declaration Para. 3.

3. <u>Counsel for Cardiac Science did not Conspire to Obstruct Justice</u>

Plaintiff alleges that Counsel for Cardiac Science's statement that the evolution of the Complient related companies is not relevant to the claims asserted against Cardiac Science is another basis for sanctions. The relationship between Complient and CPR LP has no bearing on the claims Plaintiff asserted against Cardiac Science. This court has already granted Cardiac Science summary judgment on all the claims Plaintiff asserted against Cardiac Science. Cardiac Science is not responsible for any duties Hutchins believes are owed to him by Complient or any of its related companies. Plaintiff alleges that Cardiac Science conspired to obstruct justice by, "encouraging Complient to file in Ohio." (Also, *See* Skaar Declaration Para. 4). In Massachusetts, conspiracy requires at least either unified coercion or a joint plan to commit a tortious act. See <u>Grant,</u> 183 F.Supp.2d at 362-363. Neither conspiracy theory is present here. There is no allegation or evidence of coercion. Further, Cardiac Science has absolutely no influence or control over Complient's litigation strategy. Finally, even if Cardiac Science did encourage

Complient to file suit against Hutchins in Ohio, there is nothing tortious with respect to Complient's actions in filing suit. Without, at a minimum, coercion or a common tortious plan, there can be no conspiracy.

4.   <u>Cardiac Science Paid All Royalties It Owed Hutchins and Counsel for Cardiac Science has no Knowledge as to Whether Aristotle has Paid or Owes Plaintiff Any Royalties</u>

Yet another basis for sanctions alleged by Plaintiff is that Counsel for Cardiac Science knew Aristotle was not paying royalties and did not inform the court. Whether Aristotle is or is not paying royalties is not an issue before this court. Aristotle is not a party to this action. This court has already granted Cardiac Science summary judgment on all the claims Plaintiff asserted against Cardiac Science, including a declaratory judgment that Cardiac Science did not breach the license agreement. Cardiac Science has fulfilled its royalty obligations to Hutchins. Neither Cardiac Science nor Counsel for Cardiac Science has knowledge of whether or not Aristotle is meeting its royalty obligations. *See* Skaar Declaration Para. 5.

## CONCLUSION

Plaintiff's present motion completely lacks merit. The motion merely recites naked accusations of conspiracy and deceit without any evidence or legal analysis. Plaintiff's motion for sanctions against Counsel for Cardiac Science should be denied.

Respectfully submitted,

PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.

Dated: September 14, 2006      By:    <u>s/ Scott G. Ulbrich</u>
Randall T. Skaar  (#165,013)
Scott G. Ulbrich  (#305,947)
4800 IDS Center
80 South Eighth Street

Minneapolis, Minnesota 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

*and*

Paul H. Rothschild
**BACON & WILSON P.C.**
33 State Street
Springfield, Massachusetts 01103
Phone: (413) 781-0560
Fax: (413) 739-7740
Attorneys for Cardiac Science, Inc.

## CERTIFICATE OF SERVICE

I certify that, on September 14, 2006, I electronically filed a copy of the foregoing Defendant Cardiac Science's Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions Under Local Rule 1.3 and that parties to the case, registered with the Court's electronic filing system, will receive electronic notice of such filing. A copy of the foregoing was also served upon the following via first-class U.S. mail on today's date:

Mr. Donald Hutchins
1047 Longmeadow Street
Longmeadow, MA   01106-2201


Dated: September 14, 2006        By:    s/ Scott G. Ulbrich

Attorneys for Defendant Cardiac Science, Inc.