UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2006 SEP 19 P 1:37
U.S. DISTRICT COURT
DISTRICT OF MASS.

DONALD C. HUTCHINS

Plaintiff

v.

CARDIAC SCIENCE, INC., et al.,

Defendants

Civil Action: **04-30126-MAP**

**ANSWER TO DEFENDANT CARDIAC SCIENCE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS UNDER LOCAL RULE 1.3**

**INTRODUCTION**

The Plaintiff, Donald C. Hutchins filed a motion for sanctions accusing Attorney Randall Skaar of obstructing justice through his court filings on behalf of Cardiac Science and his appearance at a hearing before this Court on September 9, 2004. The Court ordered Attorney Skaar to file a responsive answer by September 14th 2006. Attorney Skaar's Opposition and his sworn declaration that he attached are deceptive because they do not answer the specific questions posed in the motion for sanctions. A complete transcript of the hearing of September 9th is on file with the clerk as are the many statements that Attorney Skaar has filed defending the validity of the Asset Purchase Agreement. Attorney Skaar's explanations contained in his memorandum are easily tested against his words in the hearing transcript and the filings of Cardiac Science in this action. A reading of the transcript proves that Attorney Skaar misguided the Court into not allowing the Temporary Restraining Order.

## ATTORNEY SKAAR DOES NOT DENY THE BASIS FOR SANCTIONS

Attorney Skaar's September 14th opposition and the declaration that accompanied it evaded specific allegations contained in Hutchins' motion for sanctions. Attorney Skaar does not deny the following:

**A. As early as August 16, 2004 Defendants' counsel conspired against Hutchins.**

**B. On August 11, 2004 Aristotle purchased the CPR Prompt product line from Cardiac Science, Inc.**

**C. The Transcript of Hearing held before the Honorable Michael A. Ponsor shows that Defendants' Counsel deceived the Court.**

## ARISTOTLE'S GENERAL COUNSEL VERIFIES HUTCHINS' ALLEGATIONS OF OBSTRUCTION OF JUSTICE

A telephone call from Attorney Bill Smith to Hutchins on September 12, 2006 attached as Exhibit A, is testimony to Hutchins' claims of obstruction of justice.

## ATTORNEY SKAAR'S CONTINUED MISREPRESENTATIONS HAVE HAD A DOMINO EFFECT ON A SIMPLE PATENT INFRINGEMENT ACTION THAT HAS HARMED THIS COURT, HUTCHINS AND OTHER PARTIES.

Since October of 2003 products bearing Patent No. Re. 34,800, the CPR Prompt trademark and copyrights have been sold without Hutchins' permission in violation of Title 35 U.S.C. 101§ 271(a). Protecting Hutchins' intellectual rights lies in the subject matter jurisdiction of this Court. Hutchins has received no financial remuneration for these illicit sales in terms of royalties or license fees. Attorney Skaar was aware prior to

this litigation that Cardiac Science was manufacturing and selling products that bear Hutchins' patent number and trademark.

Attorney Skaar refused to meet with Attorney Martinelli to resolve these issues which led to this patent litigation. Instead Attorney Skaar elected to hide behind the flawed Asset Purchase Agreement to legitimatize the Cardiac Science infringement. Attorney Skaar was also aware of the outright sale of Hutchins Patent No. Re.34,800 to the Aristotle Corporation prior to the TRO hearing of September 9th 2004.

Now Attorney Skaar is forced to continue this charade as he deals with the misrepresentations that were made to the Aristotle Corporation. He will have to explain to Aristotle how he withheld vital information in negotiating with Aristotle such as, the 2-million dollar indemnification from Complient, patent action 04-72028 Parker v. Cardiac Science (Parker is a cross –licensee of Hutchins' Re. 34,800) patent action 04-30126-MAP Hutchins v. Cardiac Science and why Aristotle is exposed to and will have to defend its ongoing infringement that can include damages extending back six years.

In his Memorandum Attorney Skaar relies on a summary judgment against Hutchins. This judgment was based on a tardy response by Hutchins to the summary judgment motion and not upon the facts of infringement. A notice of appeal has been filed and the appeal will move to the federal circuit upon final judgment in this action. Cardiac Science has not challenged the validity of patent no. Re. 34,800 so the federal circuit will look to the facts of infringement.

Now is the time to question the picture Attorney Skaar has presented the Court with his deceptions. There is no question that if Attorney Skaar had been forthright at the TRO hearing of September 9, 2004, the indemnification funding would have remained

with the trustee pending the outcome of this action. No party would have been harmed. Aristotle would have a viable license to practice Hutchins' patent. Complient would have dissolved quietly and this endless confrontation would be off the docket.

The Plaintiff
Donald C. Hutchins, Pro Se

Dated, September 19, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to: Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402. Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103 John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035, Jeffrey Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 Mc Donald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: September 19, 2006

Donald C. Hutchins

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS<br>Plaintiff<br>v.<br>CARDIAC SCIENCE, INC.<br>Defendant | **AFFIDAVIT OF**<br>**DONALD C. HUTCHINS** |

NOW COMES DONALD C. HUTCHINS and upon being duly sworn, states that:

1. I am over 18 years of age and have personal knowledge of the matters attested to herein.

2. On September 12, 2006 I received a telephone call from Attorney Bill Smith the general counsel of the Aristotle Corporation. Mr. Smith offered me a cash settlement for infringing my intellectual properties currently in dispute with the Complient Corporation and Cardiac Science, Inc.

3. As part of this conversation Mr. Smith told me that Aristotle had made an outright purchase of my intellectual properties from Cardiac Science that included the CPR Prompt trademark and U.S. Patent No. Re 34,800.

4. Attorney Skaar participated in the sale of these intellectual properties that included an inventory of CPR Prompt related goods.

5. Attorney Bill Smith said that the sales contract with Cardiac Science and the negotiations did not include any reference to CPR LP that continues to claim ownership of these properties as part of the 1994 License Agreement.

6. Attorney Smith had no knowledge of the litigation between Hutchins and Cardiac Science regarding Patent No. Re.34,800 that was ongoing during the negotiation and sale to Aristotle.

7. Attorney Smith had no knowledge of the Canadian and European patents that continue in force and are a part of the 1994 License Agreement.

8. Attorney Smith had no knowledge of the 2-million dollar stock indemnification paid by Complient to Cardiac Science to be used to pay the damage claims due Hutchins as the result of the patent infringement.

9. Attorney Skaar had filed for indemnified against Complient prior to the hearing of September 9, 2004. During the hearing he misrepresented to the Court that CPR LP was the holder of the properties being contested with the full knowledge that this was a lie perpetuated by the Asset Purchase Agreement with Complient.

10. Attorney Skaar was aware at the hearing of September 9, 2004 that the CPR LP was not a party to the sale to Aristotle and held no interest in the disputed properties.

11. It is undisputed that the outright sales and purchase of Patent No. Re. 34,800 and the CPR Prompt trademark properties were completed prior to the hearing held before this Court on September 9, 2004.

12. In defending Cardiac Science for patent infringement at the hearing of September 9th Attorney Skaar did not reveal that Cardiac Science had made this outright sale to the Aristotle Corporation.

13. At this hearing Attorney Skaar stated that CPR LP held rights to Patent Re.34,800 and the CPR Prompt trademark and had granted these rights to Cardiac Science under terms of the Asset Purchase Agreement. Attorney Skaar was aware at this hearing that the CPR LP was a sham created by Steven Lindseth to avoid the 7-1/2% exit payment to me.

14. This CPR LP sham was the foundation of the indemnification payment from Complient to Cardiac Science that was negotiated by Attorney Skaar.

FURTHER AFFIANT SAYETH NAUGHT.

[signature]
DONALD C. HUTCHINS

Sworn to before me and subscribed in my presence the 18th day of September, 2006.

[signature: Marjorie K. Litasz]
NOTARY PUBLIC
My Commission Expires April 28, 2011