The considerations governing entry of judgment by default have been usefully summarized.

> When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered . . . . This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default . . . . In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these are the amount of money potentially involved; [and] . . . whether plaintiff has been substantially prejudiced by the delay involved . . . . Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake . . . .

10A Charles A. Wright et al., Federal Practice & Procedure § 2685.

Complient's motion for a default judgment will be denied for the following reasons. First, the amount of money at stake is significant: $252,542. Second, Plaintiff appears to have made a good faith mistake in thinking he did not have to respond to these allegations since they had already been asserted by Complient in another judicial proceeding. Finally, this ruling will cause Complient no

41

prejudice as it has already been awarded damages and attorneys' fees in excess of $370,000 on identical claims in the Complient II action.  See Four Corners Serv. Station, Inc. v. Mobil Oil Corp., 51 F.3d 306, 313 (1st Cir. 1995) (noting that while a party injured by a tortious act is entitled to compensatory damages, these damages "may not exceed the amount necessary to make the injured party whole" (citations omitted) (emphasis in original)); see also Mason v. Okla. Tpk. Auth., 115 F.3d 1442, 1459 (10th Cir. 1997) ("If a federal claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery." (citation omitted)).

B.    Plaintiff's Motion for Declaratory Judgment (Dkt. No. 105).

Plaintiff seeks a declaratory judgment stating that Complient has not met its burden of establishing that any material issue in this case was previously raised and decided in Complient II.  Because the judgment against Plaintiff in Complient II came at the summary judgment stage, this motion must be denied.

42

C.    <u>Plaintiff's Motion to Enjoin Cardiac Science to</u>
      <u>Disclose the Identity of the Current Licensee (Dkt. No.</u>
      <u>120)</u>.

      In light of recent revelations regarding Cardiac

Science's sale of Plaintiff's intellectual property to

Aristotle Corporation in August of 2004 (<u>see</u> Dkt. No. 210,

Skaar Decl. ¶ 3), this motion is now moot.

D.    <u>Plaintiff's Motion to Join Stradling, Yocca, Carlson &</u>
      <u>Rauth (Dkt. No. 127)</u>.

      This motion will be denied as moot.  <u>See</u> <u>infra</u> Section

IV.L.

E.    <u>Plaintiff's Motion to Join Steven Lindseth (Dkt. No.</u>
      <u>129</u>.

      Plaintiff contends that Steven Lindseth must be joined

as a defendant to this action because Complient no longer

exists and cannot pay damages.  In addition, Plaintiff

argues that Lindseth's presence in this suit is necessary to

keep Plaintiff and Cardiac Science from incurring

"inconsistent obligations."

      The joinder of parties is governed by Rule 19 of the

Federal Rules of Civil Procedure, which seeks to "further[]

several related policies, including the public interest in

preventing multiple and repetitive litigation, the interest

43

of the present parties in obtaining complete and effective
relief in a single action, and the interest of absentees in
avoiding the possible prejudicial effect of deciding the
case without them." Z & B Enters. v. Tastee-Freez Int'l,
Inc., 162 Fed. Appx. 16, 18 (1st Cir. 2006) (citation
omitted).  In making a Rule 19 determination, the court must
first consider "whether a person fits the definition of
those who should 'be joined if feasible' under Rule 19(a).
That is to say, is the person (what used to be called) a
'necessary' party?" Pujol v. Shearson/Am. Express, 877 F.2d
132, 134 (1st Cir. 1989) (Breyer, J.) (citation omitted).[26]

Pursuant to Rule 19(a), a party should be joined, when
feasible,

> if (1) in the person's absence complete relief
> cannot be accorded among those already parties, or
> (2) the person claims an interest relating to the
> subject of the action and is so situated that the
> disposition of the action in the person's absence
> may (i) as a practical matter impair or impede the
> person's ability to protect that interest or (ii)
> leave any of the persons already parties subject
> to a substantial risk of incurring double,

---

[26] If the person is not a necessary party under Rule
19(a), the court need not determine whether he is what used to
be called an "indispensable" party under Rule 19(b).  See
Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 n.2 (1st
Cir. 1998).

> multiple, or otherwise inconsistent obligations by
> reason of the claimed interest.

Fed. R. Civ. P. 19(a).  In applying Rule 19(a), a court must
"decide whether considerations of efficiency and fairness,
growing out of the particular circumstances of the case,
require that a particular person be joined as a party."
Pujol, 877 F.2d at 134.

Plaintiff asserts that both he "and Cardiac Science
meet the test that in [the] absence of Steven Lindseth
relief cannot be accorded among the parties."  (Dkt. No.
130, Pl.'s Am. Mem. Supp. Mot. Joinder 3 (citing Fed. R.
Civ. P. 19(a)(1).)  Since Cardiac Science did not assert any
cross-claims against Complient, there is no danger that
Steven Lindseth's absence from this action will prejudice
Cardiac Science in any way.  Likewise, because the court
will allow Complient's Motion for Summary Judgment, Steven
Lindseth's presence will not be necessary to ensure that
Plaintiff is not injured by Complient's alleged insolvency.

Plaintiff's invocation of Rule 19(a)(2)(ii) is equally
unavailing.  In order to persuade a court to allow joinder
under this provision, a party must demonstrate that "the
possibility of being subject to multiple obligations is

45

real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria." Gen. Council of Assemblies of God v. Fraternidad de Iglesia de Asamblea de Dios Autonoma Hispana, Inc., 382 F. Supp. 2d 315, 320 (D. P.R. 2005) (quoting 7 Charles A. Wright et al., Federal Practice & Procedure § 1604)). In this case, Plaintiff has not identified what "inconsistent obligations" he might incur should Steven Lindseth not be made a party to this case. The risk envisioned by Plaintiff is therefore speculative rather than substantial, and his motion to join Steven Lindseth will be denied.

F.    Plaintiff's Motion for Removal (Dkt. No. 134).

In light of Plaintiff's filing of an amended notice of removal (see Dkt. No. 137), this motion will be denied as moot.

G.    Plaintiff's Motion to Schedule a Jury Trial (Dkt. 139).

Having decided to allow Complient's Motion for Summary Judgment, the court will deny Plaintiff's request to schedule a jury trial on Count Eight of his amended complaint.

**46**

H.    Plaintiff's Motion to Strike (Dkt. No. 141).

In this motion, Plaintiff appears to be asking the
court to strike certain statements made by Complient's
counsel during the most recent oral argument based upon
counsel's failure to make certain disclosures.  This motion
will be denied.  Plaintiff has not specified which
statements should be stricken.  Moreover, the statements
made by counsel on January 4, 2006 have not affected the
court's resolution of the matters before it.

I.    Complient's Motion to Remand (Dkt. No. 149).

Complient filed the Hampden County collection action in
November, 2005 to enforce the judgments it obtained against
Plaintiff and his company in Complient II.  On December 23,
2005, Plaintiff filed a "motion for removal," and on January
5, 2006, he filed an amended notice of removal.  (See Dkt.
No. 137.)

Under 28 U.S.C. § 1441, a defendant may remove a state
court action to federal court when the complaint is based on
a federal question or diversity of citizenship.  28 U.S.C. §
1441(b).  In this case, Plaintiff makes no effort to frame
the Hampden County collection action as one involving a

47

federal question.  Accordingly, the only question is whether
the action may be removed based upon the fact that Plaintiff
and CPR Prompt are citizens of Massachusetts, and Complient
is a citizen of Ohio.

Unfortunately for Plaintiff, § 1441(b) limits the right
of removal to cases in which "none of the parties in
interest properly joined and served as defendants is a
citizen of the State in which such action is brought."  28
U.S.C. § 1441(b) (emphasis added).  In other words, §
1441(b) does not permit Massachusetts defendants to remove
an action to federal court on the basis of diversity when
they have been sued by an Ohio corporation in a
Massachusetts state court.  See Barbara Brawn & Ameriklean,
Inc. v. Donald Coleman & Seiu, 167 F. Supp. 2d 145, 148 n.4
(D. Mass. 2001) ("Although the case initially could have
been brought [by South Carolina plaintiffs] in federal court
as a diversity matter, . . . the Defendants cannot remove
the action [from a Massachusetts Superior court] on that
basis because the Defendants both reside in
Massachusetts."); see also Farm Constr. Servs., Inc. v.
Fudge, 831 F.2d 18, 21-22 (1st Cir. 1987).

Because Plaintiff has not satisfied his burden
establishing the existence of federal jurisdiction, the
court will allow Complient's motion to remand.[27]

J.   Plaintiff's Second Motion for Declaratory Judgment
     (Dkt. No. 151).

Plaintiff seeks a declaration from this court that he
is the sole owner of copyright registration numbers Txu-213-
859, Txu-210-208, the '800 patent, the '685 patent, and the
registered trademark "CPR Prompt®." According to Plaintiff,
such a declaration is needed to resolve the current
"confusion in the marketplace" concerning the ownership and
control of these intellectual properties.

While Plaintiff states that over fifty distributors are
presently marketing CPR Prompt® units, he has not identified
any of these alleged infringers.  Because the court is
unwilling to render a declaratory judgment affecting parties

_____

[27] Plaintiff's primary purpose in seeking to remove the
Hampden County collection case to this court seems to be to
avoid "a duplicate assessment of damages." As the court has
already noted in ruling on Complient's motion for a default
judgment on its counterclaims, the law does not permit double
recoveries.    If  Plaintiff's  appeal  of  Complient  II  is
unsuccessful and Complient prevails in the Hampden County
collection action, Complient will not be entitled to monetary
relief in conjunction with its counterclaims in this case.

49

who have not had a chance to contest Plaintiff's allegations, this motion will be denied.

K.   <u>Plaintiff's Motion to Join CPR L.P. (Dkt. No. 154)</u>.

Plaintiff argues that CPR L.P.'s status as a party to the APA makes its presence in this action necessary and indispensable.  Generally speaking, "a party to a contract which is the subject of the litigation is considered a 'necessary' party." <u>Blacksmith Investments, LLC v. Cives Steel Co., Inc.</u>, 228 F.R.D. 66, 74 (D. Mass. 2005) (citation omitted).  However, the First Circuit has made it clear that one aim of Rule 19 is to prevent "the single lawsuit from becoming fruitlessly complex or <u>unending</u>." <u>Pujol</u>, 877 F.2d at 134 (emphasis added) (citation omitted).  In light of Plaintiff's failure to account for the delay in seeking to join CPR L.P., fairness dictates that this motion be denied. <u>See</u> <u>Serrano Medina v. United States</u>, 709 F.2d 104, 106 (1st Cir. 1983) (affirming district court's conclusion that the allowance of plaintiff's "eleventh-hour" addition of new parties "would result in undue prejudice to the defendants,"

as it would "require additional research and discovery").[28]

L.   <u>Plaintiff's Motion to Withdraw his Motion to Join
     Stradling, Yocca, Carlson & Rauth (Dkt. No. 163)</u>.

     This motion has not been opposed and will be allowed.

M.   <u>Plaintiff's Motion for Sanctions Against Counsel for
     Complient (Dkt. No. 165)</u>.

     Citing Local Rule 1.3,[29] Plaintiff seeks sanctions

against Colleen O'Neil, an attorney for Complient, based on

(1) her misrepresentation of <u>Complient II</u>; (2) her decision

to make CPR Prompt a co-defendant in <u>Complient II</u>; and (3)

her decision to seek (and obtain) summary judgment against

Plaintiff in <u>Complient II</u> on the ground of <u>res judicata</u>.

     In support of his first accusation, Plaintiff claims

that Attorney O'Neil has attempted to use <u>Complient II</u> for

the purposes of <u>res judicata</u> in the case at bar despite a

finding by the Cuyahoga County Court of Appeals that the

record did not permit such a use.  Plaintiff has not

---

[28] It also bears noting that CPR L.P.'s interests appear
identical to those of Complient and that CPR L.P. has
disclaimed an interest in this action.  <u>See</u> <u>Tell v. Trs. of
Dartmouth Coll.</u>, 145 F.3d 417, 419 (1st Cir. 1998).

[29] This provision provides that a "[f]ailure to comply
with any of the directions or obligations set forth in, or
authorized by, these Local Rules may result in dismissal,
default, or the imposition of other sanctions as deemed
appropriate by the judicial officer."  Local Rule 1.3.

attached a copy of the purportedly favorable decision to his
motion.

Other filings by Plaintiff indicate that the Supreme
Court of Ohio is currently reviewing a decision by an
intermediate court of Ohio concerning Complient II. (See
Dkt. No. 188, Ex. B., Ohio Sup. Ct. Case Information Re:
Complient v. Hutchins, GEN-2006-0741 (citing a Cuyahoga
County, 8th District decision dated March 16, 2006).).
However, Plaintiff's status as the "appellant" before the
Ohio Supreme Court strongly suggests that the Cuyahoga
County Court of Appeals did not find in Plaintiff's favor.[30]

As for Attorney O'Neil's alleged misconduct in
litigating the Complient II action, Complient is correct in
noting that this court lacks jurisdiction to impose

---

[30] Plaintiff has also argued that his pending appeal of
Complient II prevents it from operating as res judicata.
While the pendency of an appeal prevents a judgment from
operating as res judicata in some jurisdictions, "the law of
Ohio is well settled . . . that the pendency of an appeal does
not preclude the application of collateral estoppel." N.Y.
Life Ins. Co. v. Tomchik, No. 98-CO-38 & 98-CO-71, 1999 WL
159227, at *2-3 (Ohio App. 7 Dist. Mar. 17, 1999); see also
Cully v. Lutheran Med. Ctr., 523 N.E.2d 531, 532 (Ohio App. 8
Dist. 1987) (per curiam); but see Uebel v. Bd. of Ed. of
Edgewood City Sch. Dist., No. CA2001-05-104, 2002 WL 336931,
at *2 (Ohio App. 12 Dist. Mar. 4, 2002).

sanctions for supposed misrepresentations made before another tribunal.  Thus Plaintiff's motion must be denied.

N.    **Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 170)**.

This motion will be denied for the reasons set forth in Section III.A.3.

O.    **Plaintiff's Motion to Join Axentis (Dkt. No. 175)**.

In this motion, Plaintiff seeks to join an entity "spun off" by Complient in January 2003, an action which Plaintiff alleges should have triggered the 7.5% payment provision found in § 3.10 of the License Agreement.  This motion is untimely and will be denied for the reasons set forth in Section IV.K.[31]

P.    **Plaintiff's Motion to Define Complient (Dkt. No. 187)**.

Plaintiff seeks an order from this court "defining" Complient as the corporation itself, as well as persons and entities related to it, including Jon Lindseth, Steven Lindseth, CPR L.P., and Axentis.  In support of this request, Plaintiff cites documentation, recently disclosed in the Cuyahoga County proceeding, which shows that

---

[31] Like CPR L.P., Axentis has disclaimed an interest in this action.

Complient has paid all the legal fees for the above persons
and entities over the course of this protracted litigation.

This motion will be denied.  "The doctrine of corporate
disregard is an equitable tool that authorizes courts, in
rare situations, to ignore corporate formalities, where such
disregard is <u>necessary to provide a meaningful remedy for
injuries</u> and to avoid injustice."  <u>Attorney Gen. v. M.C.K.,
Inc.</u>, 736 N.E.2d 373, 380 (Mass. 2000) (emphasis added)
(citation omitted); <u>accord Yo-Can, Inc. v. Yogurt Exch.</u>, 778
N.E.2d 80, 90 (Ohio App. 7 Dist. 2002) ("Successfully
piercing the corporate veil places personal liability on
individual shareholders <u>for the corporation's liabilities</u>."
(emphasis added)).  Consequently, to invoke the doctrine, "a
plaintiff must first establish an independent basis to hold
the corporation liable."  <u>In re Casini</u>, 307 B.R. 800, 811
(Bkrtcy. D. N.J. 2004) (citing <u>Peacock v. Thomas</u>, 516 U.S.
349, 354 (1996); <u>Trs. of the Nat'l Elevator Indus. Pension
v. Andrew Lutyk</u>, 332 F.3d 188, 192 (3rd Cir. 2003)); <u>see
also Novomoskovsk Joint Stock Co. "Azot" v. Revson</u>, No. 95
Civ. 5399 JSR, 1998 WL 651076, at *6 (S.D.N.Y. 1998).

Because Plaintiff has not established an independent

basis to hold Complient liable, the court need not consider whether the relationship between Complient and the above entities or persons renders them one and the same.

Q.    <u>Complient's Motion to Strike Plaintiff's Second Amended Complaint (Dkt. No. 198)</u>.

On August 2, 2006, Plaintiff filed a second amended complaint, adding a claim for conspiracy against non-parties to this litigation and deleting allegations of copyright infringement, fraudulent misappropriation and sale of patent, and tortious interference with contract.

The Federal Rules of Civil Procedure provide that a party seeking to amend his complaint after a responsive pleading is served may only do so "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). In this case, Plaintiff has neither attempted to obtain Complient's consent nor filed a motion to amend. Consequently, the motion to strike will be allowed, and the court will disregard Plaintiff's purported second amended complaint.

### V. <u>CONCLUSION</u>

For the reasons stated above, the court hereby: ALLOWS Complient's Motion for Summary Judgment (Dkt. No. 66);

DENIES Complient's Motion for Default Judgment (Dkt. No.
67); DENIES Plaintiff's Motion for Summary Judgment (Dkt.
No. 87); DENIES Plaintiff's Motion for Declaratory Judgment
(Dkt. No. 105); DENIES, as moot, Plaintiff's Motion to
Enjoin Cardiac Science to disclose the identity of the
current licensee (Dkt. No. 120); DENIES, as moot,
Plaintiff's Motion to Join Stradling, Yocca, Carlson & Rauth
(Dkt. No. 127); DENIES Plaintiff's Motion to Join Steven
Lindseth (Dkt. No. 129); DENIES Plaintiff's Motion for
Removal (Dkt. No. 134); DENIES Plaintiff's Motion to
Schedule a Jury Trial (Dkt. No. 139); DENIES Plaintiff's
Motion to Strike (Dkt. No. 141); ALLOWS Complient's Motion
to Remand (Dkt. No. 149); DENIES Plaintiff's Second Motion
for Declaratory Judgment (Dkt. No. 151); DENIES Plaintiff's
Motion to Join CPR L.P. (Dkt. No. 154); ALLOWS Plaintiff's
Motion to Withdraw his Motion to Join Stradling, Yocca,
Carlson & Rauth (Dkt. No. 163); DENIES Plaintiff's Motion
for Sanctions Against Counsel for Complient (Dkt. No. 165);
DENIES Plaintiff's Motion for Partial Summary Judgment (Dkt.
No. 170); DENIES Plaintiff's Motion to Join Axentis (Dkt.
No. 175); DENIES Plaintiff's Motion to Define Complient

56

(Dkt. No. 187); and ALLOWS Complient's Motion to Strike the Second Amended Complaint (Dkt. No. 198).

In light of these rulings, four items remain: (1) Plaintiff's motion for relief from the court's September 28, 2005 order denying Plaintiff's motion for a temporary restraining order (Dkt. No. 107); (2) Plaintiff's motion for relief from the court's June 23, 2005 order allowing Cardiac Science's motion for summary judgment (Dkt. No. 108); (3) Plaintiff's motion for sanctions against counsel for Cardiac Science (Dkt. No. 191); and (4) Complient's counterclaims. As previously noted, the court will address the first three items in a forthcoming memorandum and order. The court hereby orders Complient to file a status report no later than October 16, 2006, indicating whether it will continue to pursue relief on its counterclaims, notwithstanding the results of the Complient II litigation.

It is So Ordered.

MICHAEL A. PONSOR
U. S. District Judge

57