UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| vi. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et al; ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A DECLARATORY JUDGMENT ASSERTING PLAINTIFF'S CONDUCT IN FILING THE COMPLAINT DOES NOT CONSTITUTE TORTIOUS INTERFERENCE**

**SUMMARY OF POSITION**

On July 2, 2004 Plaintiff Donald C. Hutchins ("Hutchins") filed CA 04-30126-MAP as a simple patent infringement action against Cardiac Science, Inc. ("Cardiac Science") because Cardiac Science was selling devices that carried Hutchins' patent numbers without permission. Patent holder permission for manufacture and sale are the basis of patent, copyright and trademark law. At the time of the filing, the Defendant Complient Corporation had been dissolved for nine months, had no place of business, had no telephone and no presence as a legal entity. By July of 2004 Hutchins had received no communication from Complient in over one-year.

The Complaint's as a patent infringement filing is validated by its classification as code #830 of the Civil Cover Sheet and the Appendix C, Local Cover Sheet. Also filed

3

was a Commissioner of Patent and Trademarks Form AO 120, *Report on the Filing or Determination of an Action Regarding a Patent or Trademark.*

The Defendant Complient Corporation ("Complient") has continually demeaned Hutchins *pro se* status by characterizing Hutchins' Complaint as, "Frivolous and unfounded litigation" and "a wrongful and illegitimate filing." While Hutchins can easily handle the personal name calling, it is unjust for Complient to allege "tortious interference" because going back to Keeble v. Kickeringill in 1707 this term has a legal connotation in economic tort law. This litigation has been ongoing for over 28 months and the Court knows that Hutchins' conduct in filing the Compliant did not constitute tortious interference. It is therefore necessary for the Court to assert that Hutchins' conduct in filing the Compliant did not meet the legal test of tortious interference.

## ARGUMENT

The courts have defined that the claim of tortious interference requires proof that Hutchins did the following:

1. **Acted improperly and without privilege.**

    CA 04-30126-MAP ("126") was filed as a simple patent infringement case against Cardiac Science, a company that was selling Hutchins' patented devices without permission from Hutchins. There is no indication that Hutchins acted improperly. He took the only course open to patent holders. After notifying Cardiac Science of the infringement with no accommodation, Hutchins filed a patent action in federal court.

4

2.  **Acted purposely and maliciously with intent to injure.**

    When filing '126 Hutchins was and continues to be the injured party. On the date of filing he had received no royalty payments for over two years. He had lost the use of his intellectual properties in a succession of outright sales of these properties ending with the Aristotle Corporation.

    Injure whom? Complient was dissolved and a non-existent legal entity. The Complient investors had received about 80% of the Cardiac Science stock from the trustee. Cardiac Science finally received the remaining 20% as indemnification. However this stock did not come from Complient. It was originally destined for distribution to the Complient investors and was later returned to Cardiac Science as indemnification.

    One could fantasize that the Complient investors were injured by the loss of a small part of the stock distribution. This is the small part of the stock distribution that was indemnified from the trustee to Cardiac Science. However one doubts that investors such as the venture capital companies Medtronic, National City, J.P. Morgan, etc. noticed the loss. The bottom line is that Hutchins did not intend to injure the Complient Corporation that in his mind was dissolved and a non-entity.

3.  **Induced a third party or parties not to enter into or continue a business relationship.**

    Hutchins' actions in the '126 patent infringement Complaint can not be construed as an attempt to induce any third party or parties to enter into or continue a business relationship. There is and has been no third party involved.

5

4.  **Caused Complient some financial injury.**

Complient was out of business when Hutchins filed the '126 Complaint. The only remnant remaining of the Complient Corporation was the list of Complient investors receiving incremental Cardiac Science stock payments from the restricted contingency trust through the trustee under rules of the APA. The Complient Corporation suffered no financial injury due to Hutchins conduct in filing the Complaint.

## CONCLUSION

There is no evidence that Hutchins acted improperly, maliciously, induced a third party or intentionally caused the Complient Corporation financial injury through the filing of patent action CA 04-30126-MAP against Cardiac Science. It is therefore necessary for the record of this action for the Court to assert that Hutchins' conduct in filing the Compliant did not constitute tortious interference.

The Plaintiff, DONALD C. HUTCHINS, Pro Se

Dated: October 6, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625

6

CERTIFICATE OF SERVICE

    I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by United Parcel Service to:

John J. Egan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
P.O. Box 9035
Springfield, MA 01102-9035

and

Jeffrey J. Lauderdale, Esq.
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue.
Cleveland, OH 44114-2688

Dated: 10/6/06

Paul H. Rothschild, Esq.
Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

and

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2100

_____
Donald C. Hutchins

7

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et al; )<br>)<br>Defendants )<br>) | Civil Action: 04-30126-MAP |

## DECLARATORY JUDGMENT

The Court finds that there is no evidence that Hutchins acted improperly, maliciously, induced a third party or intentionally caused the Complient Corporation financial injury through the filing of patent action CA 04-30126-MAP in this Court against the Cardiac Science Corporation on July 2, 2004.

The Court declares that the conduct of Donald C. Hutchins in filing the Complaint in this action against the Cardiac Science Corporation does not constitute tortious interference against the Complient Corporation or tortious interference against Complient Corporation's management, investors, partners or affiliates.

_____
Justice of the United States District Court

Dated: _____

8