UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD C. HUTCHINS | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action: **04-30126-MAP** |
| CARDIAC SCIENCE, INC. and COMPLIENT CORPORATION | ) | |
| Defendants | ) | |

## PLAINTIFF DONALD C. HUTCHINS' MEMORANDUM IN SUPPORT OF HIS MOTION FOR RELIEF FROM SUMMARY JUDGMENT PURSUANT TO RULE 60(b)(2)

### I.    NEWLY DISCOVERED EVIDENCE PURSUANT TO 60(b)(2).

On motion the Court may relieve a party from an order subject to 60(b)(2) "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Civil Action 04-30126-MAP ("126) has not taken the standard course of the typical patent infringement action in that the defendants have successfully misdirected the Court's attention to the 7.5 % exit obligation to Hutchins. This is only one of 20 terms in the contract that the Complient Corporation has failed to meet. Also the management conference set for 3/15/2005 was never held. As a consequence there was no discovery period that applied to Complient to allow Plaintiff, Donald C. Hutchins ("Hutchins") access to information guarded by Complient.

The Court also did not call for any Rule 19(a) "Statement of Undisputed Facts"
between the parties. This omission has allowed the Court to assume that there are no
disputed facts between the parties and resulted in the tainted Summary Judgment in favor
of Complient. The Court should know that there are many genuine issues of disputed
facts found in the filings of both Hutchins and Complient.

However, facts, arguments, affidavits and testimony presented by Complient have
continued to unravel with the explosion of newly discovered evidence coming in the 29th
month of this litigation. This newly discovered evidence is:

## A.    Aristotle Corporation.

It was recently discovered and revealed to the Court that the Cardiac
Science Corporation transferred Hutchins' intellectual properties to the Aristotle
Corporation in 2004 prior to the motion hearing of 9/9/04. Only recently and at
the insistence of this Court has Cardiac Science updated its Corporate Disclosure
Statement to reflect the facts it has concealed.

## B.    The misrepresentations of Attorney Skaar.

The misrepresentations of Attorney Skaar at proceedings held before
Judge Michael Ponsor on 9/9/04 have led the Court to grant Hutchins' [108]
Motion for relief from the court's 6/23/05 order that allowed Cardiac Science an
unearned motion for summary judgment.

Additional misrepresentations from Attorney Skaar can be found on pages
29, 31 and 36 of the Transcript of this hearing. With these misrepresentations he
attempted to divorce Cardiac Science from responsibility to Hutchins under terms
of the APA and the 1994 License Agreement.

3

Page 29, Skaar – "So now Complient was in partnership - - was a general partner in a partnership with CPR Limited Partnership. CPR Limited Partnership actually holds the IP (intellectual property) assets of Mr. Hutchins, among other things."

THE COURT: "So this is not a corporation. It's an assembly of people and other entities working together in some kind of partnership?"

Page 29 - Skaar: "Well, they call themselves a corporation."

Page 29 - Skaar: "I just received yesterday from Complient Corporation a courtesy copy of a complaint that they have filed against Mr. Hutchins in Ohio on these same issues."

THE COURT: "Is that in a federal district court or the state court?"

Page 29 - Mr. Skaar: "State court." "I think they are the first one to address that issue head-on."

Page 31, Skaar: "So Cardiac Science doesn't have - - there's nothing to enjoin Cardiac Science from doing. Their duties are done... there's nothing to enjoin anyway ... we don't control the trusted stock or trustee."

Page 36, Skaar: "Of course, we'd sue Complient for indemnification because we just paid a bunch of money for it, but this is way too premature.

It was not "way too premature" for Attorney Skaar, within days of the

9/9/04 hearing Attorney Skaar represented Cardiac Science in an indemnification

action against Complient. Cardiac Science was rewarded with the return of about

3 million dollars in stock value from the stockholders of Complient. Hutchins

never did see any money from this indemnification that was designed to cover

Hutchins' damage claims against Cardiac Science.

Having studied the APA and 1994 License Agreement for many weeks,

Attorney Skaar was still confused over the corporate structure of Complient. At

the hearing he was forced to accept the Court's statement contained the transcript

that reads, THE COURT: "So this is not a corporation. It's an assembly of people

and other entities working together in some kind of partnership?"

It is clear that the allegations held by Hutchins from the beginning are

true. CPR L.P. was simply a bogus partnership established by Steven Lindseth to

4

defraud Hutchins of his opportunity to participate in the equity of the County Line venture as did the other investors when Complient was liquidated in 2003.

While addressing the terms of the 1994 License Agreement at this hearing Attorney Skaar acknowledged the collusion between Cardiac Science and Complient. Skaar indicated that Complient had filed the day before in Ohio State Court, "in an action that addressed these same issues." His statement serves to highlight the disputed fact of who was first to file. Hutchins in Civil Action: 04-30126-MAP ("126") or Complient in Ohio? When Skaar agreed that these same issues were being addressed at the hearing in answer to Hutchins Complaint, it follows that Hutchins was first to file for resolution of these issues when he filed '126.

## C.    Memorandum Regarding Motions for Summary Judgment [216].

The misrepresentations to the Court by Cardiac Science in its filings, affidavits and arguments have had a devastating effect on these proceedings as represented in the Memorandum Regarding Cross Motions for Summary Judgment ("Memorandum") as docketed [216] dated September 27, 2006. In page after page of this Memorandum the Court ascribes value to Complient's pleadings that are founded on the misrepresentations and duplicity of Cardiac Science.

## D.    Defendant Is Not Entitled To *Res Judicata* From The Ohio Decisions.

In its Motion for Summary Judgement Complient relied almost exclusively on *res judicata* from the Ohio decisions. Case law provides that, "A judgment is not final for the purposes of *res judicata* ... when it is being appealed

5

or when the time limits fixed for perfecting the appeal have not expired." Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992). Cuyahoga County, Ohio Case No. CV-04-540066 is currently under appeal with the Cuyahoga County Ohio Eighth Appellate District, Cleveland, Ohio.

Cuyahoga County, Ohio Case No. CV-04-540066 ('066") was recently removed from the Court of Common Pleas to United States District Court for the Northern District of Ohio on grounds of subject matter and Constitutional question. It is docketed as Civil Action No. 1:06CV2366, before Judge Gaughan.

The bottom line is that the judgments in Ohio action '066 are not final and can not be used for the purposes of *res judicata* in this Civil Action: 04-30126-MAP.

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT

The defendant Complient Corporation ("Complient") must establish, on a motion for summary judgment, that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. id. at 324. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 30 (1ˢᵗ Cir. 1990) (citing Fed R. Civ. P.56( c )).

## III.    GENUINE ISSUES OF MATERIAL FACT WERE NEVER TRIED

Hutchins presented pleadings, depositions, answers to interrogatories, admissions, together with affidavits, that show that there are genuine issues of material fact to preclude this summary judgment as a matter of law. Among the multitude of genuine issues of fact that remain in dispute between the parties and unresolved by this Court are:

A.    Whether CPR L.P. is a legal independent entity under the law or simply a 99% owned subsidiary of Complient as understood by federal tax law and standard accounting practice?

B.    Whether the many transfers of ownership interest in CPR L.P. were ever communicated to Hutchins as required by the 1994 License Agreement?

C.    Whether a party to a contract can void the contract in the absence and legal dissolution of the other party?

D.    Whether Hutchins had the right to reclaim and in fact did legally reclaim his intellectual properties upon the demise of the 1994 License Agreement?

E.    Whether CPR L.P. is the owner/custodian of Hutchins' intellectual properties or have they have been transferred to Cardiac Science and then to Aristotle?

F.    Whether CPR L.P. has ever paid royalties, minimum yearly royalties, patent license fees to the Patent Office, furnished reports or met any of the terms of the 1994 License Agreement as indications that it is the true custodian of Hutchins' properties?

G.   Whether Complient is a corporation or as the Court proposed at the
     hearing held before Judge Michael Ponsor on 9/9/04, "an assembly of
     people and other entities working together in some kind of partnership?"

H.   What is the responsibility of the "assembly of people" to Hutchins in
     terms of the 1994 License Agreement? Can this "assembly of people"
     united in litigation against Hutchins fall under the corporate shield or can
     this shield be lifted depending upon the actions of parties involved in the
     "assembly"?

I.   Does this Courts description of Complient as an "assembly of people"
     include CPR L.P., Jon Lindseth, Steven Lindseth, etc. who have conspired
     against Hutchins by filing the action in Ohio?

J.   Whether Hutchins should be the legal beneficiary to the indemnification
     released by the trustee from the Complient stockholders back to Cardiac
     Science?

K.   The answer to the constitutional question of whether a complaint filed in
     state court should be allowed to obstruct justice in patent litigation that
     Congress has placed as subject matter jurisdiction with the federal court
     system?

L.   Whether the affidavit based testimony of Attorney Gary Martinelli be
     heard with regard to the disputed facts of the 1994 License Agreement?

M.   Whether Complient has proven that each and every issue of this federal
     action was raised and decided in the Ohio action?

8

## IV. OTHER PARTIES ARE LOOKING TO THE RELIEF FROM THE ALLOWANCE OF SUMMARY JUDGMENT (Dkt. No. 66) FOR GUIDANCE

Hutchins was deposed as an expert witness on October 12, 2006 in federal Case 04-71028 (E.D. Mich.) Parker v. Cardiac Science. This deposition involved questions about Hutchins' intellectual properties, Hutchins' cross license with Parker, the APA between Cardiac Science and Complient and the 1994 License Agreement. Evidence was produced that proved that Hutchins was first to invent. This gave Hutchins' patent a superior position in the patent action Parker's v. Cardiac Science although the questions on the validity of the APA between Cardiac Science and Complient continue in dispute between these parties. These are two of the many companies that look to this summary judgment for guidance.

It was clear that disputed facts of 04-30126-MAP parallel the disputes in six separate ongoing federal actions. Complient, Cardiac Science, Parker, CPR L.C., Zoll Medical, Medtronic, Hutchins, Aristotle Corporation and Axentis are some of the major companies involved in these disputes with millions of dollars at stake. The parties involved in this October 12th deposition have looked to this Summary Judgment for guidance in each of these other actions. Newly discovered evidence substantiates Hutchins' position that there were disputed facts that were not resolved prior to the allowance of docketed No. 66.

## V. CONCLUSION

This matter is not ripe for summary judgment. Complient has not produced a Rule 19-a "Statement of Undisputed Facts." In its Motion for Summary Judgement Complient relied almost exclusively on *res judicata* from the Ohio decision. Complient

has not met that standard because a judgment is not final for the purposes of *res judicata*

…when it is being appealed, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The defendant Complient Corporation must establish, on a motion for summary

judgment, that there is no genuine issue as to any material fact and that it is entitled to

judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322. Complient has

not met that standard. Hutchins asks that this Court grant him relief from Complient

Corporation's Motion for Summary Judgment (Dkt. No. 66).

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated October 17, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 781-6280

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to: Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South Eighth St., Minneapolis, MN 55402. Paul T. Rothschild, Esq., Bacon & Wilson P.C., 33 State Street, Springfield, MA 01103 John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035, Jeffrey Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 Mc Donald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: _10/17/06_

Donald C. Hutchins