UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>) Civil Action: **04-30126-MAP**<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et. al., )<br>)<br>Defendants )<br>) | |

### DONALD C. HUTCHINS' CLARIFICATION BRIEF ADDRESSING STATUS CONFERENCE SET FOR 11/1/2006

Plaintiff, Donald C. Hutchins ("Hutchins") presents this clarification Brief to clarify his position regarding further proceedings pursuant to status conference set for 11/1/2006 before Judge Michael A. Ponsor. Hutchins recognizes that Civil Action: 04-30126-MAP has not followed the traditional path of a patent infringement action. The case management conference scheduled to be held before Magistrate Judge Neiman [19] was never held. Periods for discovery to include the Complient Corporation were never scheduled.

Exasperating the lack of direction was the early Summary Judgement awarded to Cardiac Science that triggered an appeal. This decision was reversed 9/29/2006 when Hutchins' 108 Motion for relief from the court's 6/23/05 order allowing Cardiac Science's Motion for Summary Judgment was granted. Both Hutchins and Cardiac Science demanded a jury trial with the filing of this Cause: 28:1338 Trademark Infringement Complaint. As a consequence it is expected that the Court will set a trial

2

date and that the disputed facts will come before a petit jury. A trial date is needed to cause all the parties to have their feet put to the fire in anticipation of settlement.

The Court can look back to the early TRO Hearing that was held on September 9, 2004, 7 weeks after the Patent Infringement Complaint was filed and realize that the misrepresentations of Attorney Skaar twisted the result in favor of Cardiac Science. If the TRO had favored Hutchins the trusted funds would have remained with the trustee pending the results of a trial or settlement.

Attorney Skaar did utter a truth at that TRO Hearing as he said on page 36 of Transcript:

MR. SKAAR: "And again this screams all for Complient to be here because really this needs to be - - he is alleging that breach happened when Complient owned it, and I think if Mr. Hutchins can get through all this and show that in fact he did take his IP (intellectual properties) back, then he could sue us for patent infringement because we wouldn't have a viable license. Of course, we'd sue Complient for indemnification because we just paid a bunch of money for it, but this is way too premature."

Since that TRO Hearing 26 months ago the Court has learned and it is undisputed between the parties that Attorney Skaar did sue Complient and Cardiac Science did receive about $2 million from the Complient stockholders for indemnification based on Hutchins' allegations in the TRO. (Please note that Hutchins has received none of this indemnification.) We also know that Hutchins was successful in bringing Complient into this case. What this case continues to lack is verdict on when the breach happened and if in fact Hutchins did take his IP back. Attorney Skaar is correct in his statement that, "this screams all for Complient to be here because really this needs to be... ."

It is well founded that Complient can not use the Ohio case in terms of *res judicata* because this Ohio case is in appeal and has been removed to federal court. It is not yet clear how this Court will react to Hutchins' Motion for Relief from Summary

3

Judgment filed 10/18/06 based on newly discovered evidence and the fact that many disputed facts remain open.

In the interest of bringing this action back to an orderly course that would be economical to the Court and all the parties, Hutchins suggests that actions pending in this Court between Hutchins and Complient be stayed pending the results of the trial with Cardiac Science before a petit jury. Hutchins suggests that Complient should be a party to this trial not for damage claims but for their testimony on unanswered questions of fact.

While it is recognized that Complient was dissolved over three years ago, is out of business and has no funds to pay damage claims, Complient can provide evidence on the indemnity it paid to Cardiac Science to cover Hutchins' claims contained in the TRO and the original Complaint. Complient can provide evidence on the termination of royalty payments to Hutchins and responsibility for the other terms of the 1994 License Agreement. Complient can also attempt to explain the relationship of its 99% owned partnership CPR L.P. to Cardiac Science and to the Aristotle Corporation that currently claims to be the licensee.

Hutchins expects that his presentation to a jury would take no longer than two hours because it would be bolstered by hard, documented evidence. Hutchins' only witness would be Attorney Gary Martinelli who represented Hutchins in the creation of the 1994 license agreement. A jury would insure that the disputed facts undecided by both the rescinded and standing summary judgments would have foundation.

There are six separate federal cases, many large companies and millions of dollars at stake. Parties that are looking to decisions in Civil Action 04-30126-MAP for

direction include Cardiac Science, Axentis, Medtronic, Zoll Medical, William Parker, Hutchins and Complient as well as Massachusetts Mutual Insurance Company that has investments that include Cardiac Science bonds.

The scheduling of a jury trial that includes all the parties is the best hope for a settlement. Even without a settlement a short jury trial would answer the disputed facts and then lead to a final conclusion of this action. Absent a jury trial this action is ripe for appeal and eventually remand back to this Court in anticipation of a jury trial.

It is Hutchins' hope that this Brief will establish his position regarding further proceedings in this action that are to be decided at a Hearing before Judge Ponsor on November 1, 2006 at 02:00.

                    Respectfully submitted

                    The Plaintiff

                    Donald C. Hutchins, Pro Se

Dated: October 19, 2006        _____
                                          1047 Longmeadow Street
                                          Longmeadow, Massachusetts 01106
                                          (413) 567-0606

### CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035, Jeffrey J. Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH 44114.

Dated: 10/19/06                    _____
                                             Donald C. Hutchins