# EXHIBIT A

Case 3:04-cv-30126-MAP    Document 233-2    Filed 10/24/2006    Page 1 of 3

**Donald C. Hutchins**
**1047 Longmeadow Street**
**Longmeadow, MA 01106**

**INADMISSIBLE/**
**RULE OF EVIDENCE 408**

Thursday, October 19, 2006

**VIA UPS OVERNIGHT**
**Tracking no. 01 1001 317 0**

Randall T. Skaar, Esq.
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402

     RE:   Donald C. Hutchins v. Cardiac Science, Inc.
            Civil Action No. 04-30126-MAP
            Status Conference 11/1/2006 before Judge Michael A. Ponsor

Dear Attorney Skaar,

     At the Status Conference set for 11/1/2006 the parties will be asked if they have held settlement discussions. While I realize that it is difficult for attorneys to communicate with *pro se* parties, I present the following proposal for your consideration. I assume that, as with any settlement offer, this offer will be communicated to the management of your client, the Cardiac Science Corporation.

     Since my Complaint was filed on July 2, 2004 Cardiac Science has received two streams of income related to this action. The first came in the form of indemnification from the stockholders/treasury of the Complient Corporation pursuant to Section 11.2(a.) of the APA. The second stream of income to Cardiac Science came in 2004 with the sale of my intellectual properties to the Aristotle Corporation.

     I am asking for three separate major terms for settlement. All three terms would have to be met to accomplish a settlement.

     Term one (1): Payment of damages by Cardiac Science from these two streams of income to Donald C. Hutchins.

4

Term two (2): My settlement offer demands that the Complient Corporation (including its management, affiliates, investors, etc.) have all litigation against me, my family and the CPR Prompt Corporation dismissed without prejudice, all liens lifted and all damage claims against Complient forgiven.

Term three (3): I would cease my current litigation and claims against the Aristotle Corporation without prejudice. I would enter a new license agreement between myself and Aristotle that would recognize any valid accumulated payments owed me since Complient/CPR L.P. abandoned the properties in 2003. The new agreement would also allow Aristotle the non-exclusive use of specific intellectual properties not covered by the 1994 agreement plus any currently infringing property such as copyrights that have life extending into the future.

I believe that you are in the best position to contact both Complient and Aristotle to coordinate my offer and create a legal document that would include my settlement terms. I do not intend to contact these other two parties at this time. My acceptance of a settlement will be determined by what a would consider a fair cash offer from Cardiac Science and the agreement to terms two (2) and three (3) by the other parties.

I was deposed October 12th in Parker v. Cardiac Science 04-71028 ("028"). Attorney Scott Ulbrich was in attendance and asked me if I would testify if I were called to Michigan. I have little knowledge of the Parker litigation. However, it appeared to me that I furnished information that was useful to Attorney Ulbrich's position. I believe that a settlement in Civil Action No. 04-30126-MAP would leave '028 far less complicated and more easily resolved.

I have no desire to continue Civil Action No. 04-30126-MAP if the parties can reach a settlement. If that is not possible, I shall continue to battle as I have for the past 29 months through the appeal process. I shall also continue the infringement action against Aristotle and continue defending myself in Complient's Ohio action that is now under appeal and also removed to federal court.

I believe that it would be in the best interest of all the parties to settle at this time prior to a costly jury trial. I also expect that Aristotle would be relieved with a settlement so they would not have to go down the same path that Cardiac Science has traveled. A settlement would insure Aristotle against a costly defense against me and the need for an indemnification action against Cardiac Science and Complient.

Sincerely,

Donald C. Hutchins

5