UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Donald C. Hutchins,

                Plaintiff,                Case No. 04-30126 - MAP

v.

Cardiac Science, Inc., et al.

                Defendants.

**DEFENDANTS CARDIAC SCIENCE'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY ISSUES AT THE STATUS CONFERENCE**

### I. INTRODUCTION

Subsequent to this Court's Order of September 29, 2006, Cardiac Science, through its counsel, conducted a full review of this case and its representations to the Court. Defendant Cardiac Science did misrepresent the state of the ownership of the Hutchins IP after the sale to Aristotle on August 11, 2004. Counsel for Cardiac Science is acutely aware of his duties as an officer of the Court, and could not be more embarrassed by the appearance of impropriety that has resulted from the clearly false statements made to the Court. Counsel for Cardiac Science has no good explanation as to what happened in this regard. However, the misrepresentations were negligent, not intentional. Cardiac Science does not believe, however, that Hutchins has been significantly harmed by the misrepresentations.

When Cardiac Science sold the Complient assets, which included the Hutchins IP, to Aristotle on August 11, 2004, Aristotle agreed to hold Cardiac Science harmless for all causes of actions that accrued after August 11, 2004. Cardiac Science had no motivation to conceal the sale of the assets from the Court, nor Hutchins. In fact, just the opposite is true.

## II. HISTORY OF OWNERSHIP AND ROYALTIES OF THE HUTCHINS IP

The Hutchins IP consisted of a single U.S. Patent with some foreign counterparts, one trademark: CPR-PROMT and related copyrights. Hutchins' agreement with Complient required royalties to be paid to Hutchins so long as the agreement was in effect. (Dkt. No. 56, Ex. 1, ¶8.1). Cardiac Science purchased the Hutchins IP only as a small part of a much larger asset purchase from Complient on October 21, 2003. The Complient purchase consisted of 6 other patents, 5 patent applications, 7 trademarks, 7 unregistered trademarks, manikin inventory, software, receivables and numerous trade names, domain names, copyrights, as well as other assets. (Dkt. No. 56, Ex. 3). Cardiac Science sold the assets it purchased from Complient to Aristotle on August 11, 2004, and ceased business activities related to the assets purchased from Complient at that time. The Aristotle-Cardiac Science Asset Purchase Agreement is attached hereto as Exhibit A.

The Complient-Hutchins agreement was executed in June of 1994, and royalties were to be paid to Hutchins quarterly, but with a $10,000 annual minimum. Cardiac Science paid less than the minimum $10,000 in royalties between October 2003 and August 11, 2004, and thus on August 26, 2004, Cardiac Science issued Hutchins a check for $6,794.21 as a balancing payment for the minimum royalty. Cardiac Science included a complete accounting. (Dkt. No. 56, Ex. 5). Further, the declaration from Roderick DeGreef indicates that Cardiac Science had completed its payments to Hutchins, implicating the sale to Aristotle. (Dkt. No. 56, Ex. 6). In addition, the accounting given to the Court showed that Cardiac Science had made no royalty payments after mid-2004, even though Cardiac Science summary judgment motion was filed in May of 2005, also implicating the sale to Aristotle.

Finally, U.S. Patent No. RE34,800, the patent for which Hutchins asserts infringement, expired on November 21, 2004.

## III. ARGUMENT

### A. CARDIAC SCIENCE'S MISREPRESENTATION WAS NOT MATERIAL TO ANY ISSUE BEFORE THE COURT.

1. Cardiac Science was the licensee during the relevant time period for Plaintiff's claims at issue.

Cardiac Science never intended to prove that it had title to the Hutchins IP on May 13, 2005, the day it submitted its memorandum of law in support of summary judgment. Cardiac Science intended to show, and did show, that it had good title to the Hutchins' IP between October 21, 2003, the day it purchased the Hutchins IP from Complient, and July 2, 2004, the day Hutchins filed suit against Cardiac Science over the IP.

Cardiac Science considered the subsequent sale of the IP to be irrelevant to Hutchins claims. Although in error in its characterization of the timing of its ownership of the Hutchins IP, Cardiac Science had no intention of deceiving the Court about the subsequent sale by Cardiac Science to Aristotle. In fact, discussions were had in open court on January 4, 2006, regarding the fact that Cardiac Science no longer owned the Hutchins IP. Counsel for Cardiac Science told the court at that hearing that the identity of the new owner was a matter of public record. Cardiac Science did not believe the timing of the divestiture of the Hutchins' IP was relevant, so long as it occurred after July 2, 2004.

All Mr. Hutchins claims: Patent infringement, copyright infringement, etc., flowed from before the July 2, 2004 Complaint date. The claims of Plaintiff all depended on the Court finding that as of July 2, 2004, Cardiac Science did not have good title to the Hutchins IP. The

facts show that by virtue of the Complient-Cardiac Science Asset Purchase Agreement on October 21, 2003, Cardiac Science did have good title from October 21, 2003 through July 2, 2004. (Dkt. No. 56, Ex. 3).

    2.    <u>Cardiac Science had nothing to gain from deceiving the Court or Mr. Hutchins with respect to the identity of the current owner of the Hutchins IP</u>.

On August 11, 2004, Aristotle and Cardiac Science entered into an Asset Purchase Agreement which included the assets purchased from Complient. The 1994 Complient-Hutchins Agreement was only a small part of the assets sold to Aristotle. When Cardiac Science sold the Hutchins IP, along with substantial other assets, to Aristotle on August 11, 2004, it stopped selling all products covered by the Hutchins IP. Further, the Aristotle Agreement at ¶2.4 states that at the closing Aristotle shall assume, "any Liability arising <u>after the Closing</u> under the Seller Contracts included in the Assets or otherwise in the operation of the business by the Buyer," and further that Cardiac Science shall only retain, "liability arising out of or relating to any claim (whenever asserted) of breach or noncompliance with the terms and conditions of the CPR License Agreement in the period <u>prior to the closing</u>." (Ex. A, ¶2.4, emphasis added). Finally, if Aristotle has failed to pay royalties to Hutchins after August 11, 2004, Cardiac Science does not have a duty to indemnify Aristotle. (Id., ¶¶11.2-11.3). Lastly, Hutchins' primary IP, U.S. Patent RE34,800 expired on November 21, 2004. Thus, there was no motivation for Cardiac Science or its counsel to attempt to deceive the Court or Mr. Hutchins about the ownership of the Hutchins IP after July 2, 2004.

    3.    <u>Any claim that accrued after July 2, 2004 is still available to Plaintiff.</u>

Though highly aware of the Court's conclusions on the matter as clearly articulated in its September 29, 2006 Order, Cardiac Science does not believe its misrepresentation about when it owed the Hutchins IP, affect any causes of action that accrued for Plaintiff after July 2, 2004.

4

However, Cardiac Science did not breach the Complient-Hutchins Agreement by failing to notify Hutchins of the sale to Aristotle, because the Complient-Hutchins Agreement has no such requirement. (*See* Dkt. No. 56, Ex. 1). Further, Cardiac Science believes, which is supported by case law, that any cause of action Hutchins may have as a result of Cardiac Sciences subsequent sale of the Hutchins IP to Aristotle, or a breach of the license agreement that occurred after July 2, 2004, would need to be the subject of a new pleading and was not at issue in this case. *See* e.g. Integrated Technologies Limited v. Biochem Immunosystems, Inc., 2 F.Supp.2d 97, 102 (D.Mass. 1998); Albrecht v. Long Island Railroad, 134 F.R.D. 40, 41-42 (E.D.N.Y. 1991).

Plaintiff has not lost any perceived claim he may have against Cardiac Science that accrued after July 2, 2004. Had Cardiac Science failed to make a royalty payment after July 2, 2004, it would have given rise to a new cause of action for Hutchins, but would not have affected Hutchins claims as pleaded. The law requires that any cause of action that accrues after the date of the Complaint be brought in a separate action or be part of an amended pleading. *See* Id.

Any claims Hutchins believes he has against Cardiac Science for its sale of the Hutchins IP after July 2, 2004, or other perceived causes of action that accrued after that date against Cardiac Science, remain unaffected by the Courts order for Summary Judgment and remain fully available to Hutchins.

Finally, in response to Plaintiff's Settlement Proposal (Dkt. No. 233, Ex. A), on October 24, 2006, Cardiac Science, through counsel, offered Plaintiff $10,000.00 in consideration of the complete dismissal of all Plaintiff's claims against Cardiac Science. Plaintiff refused the offer.

## Conclusion

Cardiac Science submits the foregoing to explain the events so the Court might better consider how to move forward at this juncture. Counsel is without a good explanation as to how

or why the misrepresentations were made, but hopes the Court sees that Cardiac Science had nothing to gain by those misrepresentations, and that the same were not intentional and they did not affect the merits of its motion for summary judgment.

In reviewing Hutchins filings since the Court's September 29, 2006 Order, however, it does not appear that Hutchins is seeking anything further from Cardiac Science. It appears that Hutchins is attempting to leverage Cardiac Science's error into again attempting to gain access to the 7.5% payment he never received from Complient. No matter how Cardiac Science's misrepresentations are construed, they cannot implicate that payment. Cardiac Science stands ready to re-brief the summary judgment motion, supply new evidence the court feels is necessary, or have the jury trial Hutchins requests, as the court deems fit.

Respectfully Submitted,

PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.

Dated: October 24, 2006        By:    s/ Randall T. Skaar
Randall T. Skaar (#165,013)
Scott G. Ulbrich (#305,947)
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266

*and*

Paul H. Rothschild
BACON & WILSON P.C.
33 State Street
Springfield, Massachusetts 01103
Phone: (413) 781-0560
Fax: (413) 739-7740

Attorneys for Cardiac Science, Inc.

**CERTIFICATE OF SERVICE**

I certify that, on October 24, 2006, I electronically filed a copy of the foregoing Defendant Cardiac Science's Motion for Reconsideration and that parties to the case, registered with the Court's electronic filing system, will receive electronic notice of such filing. A copy of the foregoing was also served upon the following via first-class U.S. mail on today's date:

Mr. Donald Hutchins
1047 Longmeadow Street
Longmeadow, MA   01106-2201


Dated:  October 24, 2006            By:    s/ Randall T. Skaar