UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC., et. al., )<br>)<br>Defendants )<br>) | Civil Action: **04-30126-MAP** |

**INSTANTER CLARIFICATION BRIEF**
**ADDRESSING DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR**
<u>**DECLARATORY JUDGMENT PURSUANT TO TORTIOUS INTERFERENCE**</u>

Defendant Complient Corporation's ("Complient") has requested that Plaintiff Donald C. Hutchins' ("Hutchins") "Motion for Declaratory Judgment Asserting Plaintiff's Conduct in Filing the Complaint Does Not Constitute Tortious Interference" (the "Motion") be denied. With this request for denial, Complient falsely asserts that tortious interference was asserted in its Motion for Summary Judgment. This Court never considered tortious interference as a fact or factor in the Summary Judgment deliberation.

In his Motion Hutchins asks the Court to declare that Hutchins' conduct in filing the Complaint does not constitute tortious interference. After 28 months since the Complaint was filed, this Court is in the best position to judge if Hutchins' actions in Civil Action 04-30126-MAP constitute tortious interference. This Court would have dismissed this patent infringement case against Cardiac Science months ago if the Court recognized the Complaint as nothing but tortious interference aimed at Complient.

Active federal patent actions in the jurisdictions of Ohio, Michigan and Massachusetts look to this case for guidance on whether Hutchins is guilty of tortious interference. A declaratory judgment in Hutchins' favor would declare to the world that Hutchins is not guilty of tortious interference. Inventors should know that filing a complaint of patent infringement in federal court does not place the inventor in harms way. The well-recognized doctrine of injunction in patent litigation should not be jeopardized by the threat of local lawsuits from third parties claiming injury.

                                              Respectfully submitted

                                              The Plaintiff
                                              Donald C. Hutchins, Pro Se

Dated: October 25, 2006

                                              1047 Longmeadow Street
                                              Longmeadow, Massachusetts 01106
                                              (413) 567-0606

CERTIFICATE OF SERVICE

      I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson. P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035, Jeffrey J. Lauderdale Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH 44114.

Dated: 10/25/06

                                              Donald C. Hutchins

4