FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS, <br><br> Plaintiff <br><br> v. <br><br> CARDIAC SCIENCE, INC., et. al., <br><br> Defendants | Civil Action: **04-30126-MAP** |

**PLAINTIFF DONALD C. HUTCHINS' MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF THE LOGGING OF WRIT OF CERTIORIARI (OHSC NO. 06-741)**

Donald C. Hutchins ("Hutchins") requests that this Court take judicial notice of logging of Ohio Supreme Court Case No. 06-741 with the Supreme Court of the United States. Clayton R. Higgins, Jr. Clerk to William K. Suter will docket this case after minor corrections to the filing. The originating action is Court of Common Pleas of Cuyahoga County Case Number CV04540066 ("066") that the Complient Corporation has attempted to introduce to this Court in terms of *res judicata*. The Court of Appeals of Ohio is Case No: 88877 Complient Corporation vs. Donald C. Hutchins.

"It is well-accepted that federal courts may take judicial notice of proceeding in other courts if these proceedings have relevance to the matters at hand." Kowalski v. Gagne 914 F.2d 299, 305 (1st Cir. 1990). It is also well accepted that judicial proceedings in other courts can not be used in terms of *res judicata* while such proceedings are in

appeal. Therefore Complient can not rely on Ohio Complient Corporation vs. Donald C. Hutchins in this action before this Court.

The Ohio Supreme Court denied jurisdiction. Because there is no applicable case law that applies it is incumbent upon the United States Supreme Court to resolve these federal subject matter questions:

### QUESTIONS PRESENTED TO THE SUPREME COURT

1. Whether a state may impose its jurisdiction and obstruct a legally filed and ongoing federal patent infringement action subject to the limits of the Due Process Clause of the Fourteenth Amendment.

2. Whether a state may deprive a citizen of another state of intellectual property without due process of law subject to the limits of the Fifth Amendment.

3. Whether the principle of "privity" and Ohio's prohibition against *pro se* representation for corporate entities can be applied in terms of *res judicata* against a co-defendant acting *pro se* in defense of his intellectual properties rights granted by Congress through 35 U.S.C. § 101-376.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated: November 17, 2006

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

2

CERTIFICATE OF SERVICE

    I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035, Jeffrey J. Lauderdale Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH 44114.

Dated: 11/17/06

Donald C. Hutchins