UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et. al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM IN SUPPPORT OF PLAINTIFF, DONALD C. HUTCHINS'
MOTION TO COMPEL DISCOVERY**

Plaintiff, Donald C. Hutchins ("Hutchins") hereby respectfully moves this Court to compel Defendant, Cardiac Science Inc. ("Cardiac Science") to produce two sets of documents pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

**I.   SUMMARY OF POSITION**

On September 13, 2004 Judge Michael A Ponsor ordered that the request for production of documents be served no later than 10/12/2004. Cardiac Science failed to voluntarily supply relevant documents and neglected Hutchins' request for documents. The Case Management Conference set for 3/15/2005, [21] to resolve the discovery issues was never held as entered 12/08/2004 by Bethaney Healy.

Cardiac Science failed to disclose the existence of two sets of documents that are extremely pertinent to this action. Hutchins therefore moves this Court to compel Cardiac Science to produce these two sets of documents within 14 days.

2

A.  **Documents Related to the Sale by Cardiac Science of the CPRPrompt® Product Line to the Aristotle Corporation**

Cardiac Science concealed all evidence and documentation related to the sale of Hutchins' intellectual properties to the Aristotle Corporation ("Aristotle") that took place in 2004 during the time of discovery. Attorney Skaar has apologized to the Court for his failure to disclose the sale to Aristotle. It is imperative for the Court to understand the misrepresentations regarding the control and ownership of Hutchins' intellectual properties contained in these documents. It is also crucial for this Court to know of the price paid to Cardiac Science for Hutchins' intellectual properties under the terms of this sale stated publicly to be in the millions of dollars.

B.  **All Documents Related to the Request for Indemnification Served on the Complient Corporation by Cardiac Science, Inc. and An Accounting of the Indemnification**

On July 28, 2004 Cyndi Bonk served a Request for Indemnification on Steven Lindseth of the Complient Corporation that was signed by Attorney Randall T. Skaar that referenced CA-04-30126 now before this Court as the cause of action. Attorney Skaar, Cardiac Science and the Complient Corporation have concealed this Indemnification Action and its results from this Court. It is imperative that Hutchins have documentation related to this Indemnification in preparation for the jury trial set for 9/10/2007.

3

II. **CONCLUSION**

To achieve an equitable prosecution in this action the Plaintiff prays that this Court will compel Cardiac Science to produce the documentation requested in sections A and B within 14 days.

                                      Donald C. Hutchins, Pro Se

                                      1047 Longmeadow Street
                                      Longmeadow, Massachusetts 01106
                                      (413) 567-0606

Dated: March 2, 2007

CERTIFICATE OF SERVICE

    I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402. Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield. MA 01102-9035

Dated: March 2, 2007                                                    Donald C. Hutchins