UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD C. HUTCHINS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action: **04-30126-MAP** |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC., et. al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### PLAINTIFF, DONALD C. HUTCHINS' LOCAL RULE 56.1
### <u>STATEMENT OF DISPUTED MATERIAL FACTS</u>

This Statement of Disputed Material Facts is submitted pursuant to Local Rule

56.1 of the United States District Court for the District of Massachusetts in support of

Plaintiff, Donald C. Hutchins' Answer to Cardiac Science Inc.'s Motion for Summary

Judgment. These disputed material facts referenced herein have been continually

disputed between the parties in the past three years and never resolved by the Court or by

the admissions of either party. The filings by Cardiac Science, the Complient

Corporation and Hutchins attest to the existence of these disputed material facts. These

disputes can also be read from the transcripts of several hearings on these issues before

this Court. Because they are already well document, the disputed facts are summarized

as follows:

       1.     Hutchins disputes Cardiac Science's claim of holding a legitimate license

to manufacture and sell products covered by Hutchins' Patents, Copyrights and

Registered Trademarks.

2.      Hutchins disputes Cardiac Science's claims that it was provided adequate knowledge of the 1994 License Agreement by the Complient Corporation prior to signing the Asset Purchase Agreement.  Proof of Complient's deception is documented in the indemnification paid by Complient to Cardiac Science as the result of this ongoing patent litigation.

3.      Hutchins disputes Cardiac Science's claim that the Complient Corporation notified Hutchins of the Asset Purchase Agreement or fulfilled any of the other duties of transfer required under the 1994 License Agreement with County Line Limited and its successor Complient.

4.      Hutchins disputes Cardiac Science's claim that Hutchins intellectual properties were not sold to Cardiac Science and that the bogus CPR Limited Partnership continues to own Hutchins' properties.  Proof of deception lies in the fact that Cardiac Science claimed undisputed ownership of these properties at the time of the sale to the Aristotle Corporation while involved in this infringement action.

5.      Hutchins disputes Cardiac Science's claim that the lies admitted to by Attorney Skaar did not have an extremely adverse effect on Hutchins in this action.

6.      Hutchins disputes Cardiac Science's claim that it was not indemnified by Complient with the return of stock worth millions of dollars to comply with a Request for Indemnification served on Steven Lindseth of the Complient Corporation that was signed by Attorney Randall T. Skaar that referenced CA-04-30126 now before this Court as the cause of action.

7.    Hutchins disputes Cardiac Science's claim that Attorney Randall Skaar did not conspire with the attorneys representing Complient to the detriment of Hutchins in this action.

8.    Hutchins disputes Cardiac Science's claim that Attorney Gary Martinelli's testimony would not aid the Court's understanding of the issues in this case. Certainly as co-author with Attorney Kaufman of the 1994 Agreement, Martinelli is in the best position to interpret this document for the Court.

9.    Hutchins disputes Cardiac Science's claim that Exhibit 6 of the Motion for Summary Judgment demonstrates royalty payments by Cardiac Science to Hutchins. The alleged payments cover only monies owed by Complient for the 2nd and 3rd quarter of 2003 prior to the Asset Purchase Agreement.

10.    Hutchins disputes Cardiac Science's claim that Exhibit 7, the Asset Purchase Agreement with the Aristotle Corporation recognizes Hutchins' intellectual properties or the 1994 License Agreement.

11.    Hutchins disputes Cardiac Science's claim that Cardiac Science Inc. continues as a Defendant in this action. In his apology to the Court Attorney Skaar admitted that Cardiac Science has changed hands several times since the filing of this action.

12.    Hutchins disputes Cardiac Science's claim that CPR, LP could function as anything more than internal partnership under control of County Line and its Successor Complient. Under standard accounting principles and IRS rulings and through revelations in the recent Enron trials, a 99% owned partnership is not an independent entity. CPR, LP can only function as a wholly owned subsidiary of Complient.

13.    Hutchins disputes Cardiac Science's claim that Cardiac Science ever contacted Hutchins so that he could exercise his rights under the 1994 License Agreement.  Hutchins was given no notification or any opportunity to send Cardiac Science or Complient a written notice of breach, the opportunity to arbitrate or a notice of termination.  Complient was dissolved and Cardiac Science concealed its identity to Hutchins even though Hutchins is mentioned over seven times in the APA attached as Exhibit 3 in the Cardiac Science Motion for Summary Judgment.

14.    Hutchins disputes as false the statements made by Cardiac Science in Argument, Section I of its Motion for Summary Judgment.  Hutchins admits to none of these allegations.

15.    Hutchins disputes as false the statements made by Cardiac Science in Argument, Section II of its Motion for Summary Judgment.  Hutchins admits to none of these allegations.

16.    Hutchins disputes as false the statements made by Cardiac Science in Argument Section III of its Motion for Summary Judgment.  Hutchins admits to none of these allegations.

17.    Hutchins disputes as false the statements made by Cardiac Science in Argument Section IV of its Motion for Summary Judgment.  Hutchins admits to none of these allegations.

18.    Hutchins disputes as false the claim made by Cardiac Science in Argument Section IV of its Motion for Summary Judgment that quotes his answer to abuse of process.  In its Exhibit 4, Cardiac Science's quotes two lines selected from Hutchins' 5-hours of testimony that includes over 160 pages.  Cardiac Science has not

produced the 140 pages in which Hutchins continually disputes the actions of Complient

and Cardiac Science with regard to the 1994 License Agreement.

19.    Hutchins disputes as false the statements made by Cardiac Science in

Argument Section V of its Motion for Summary Judgment.  Hutchins does not admit and

has never admitted that he believed that CPR, LP the 99% wholly owned affiliate of

County Line, had any independent authority pursuant to the terms of the 1994 License

Agreement.

20.    Hutchins vehemently disputes Cardiac Science's conclusion that it is

entitled to summary judgment on all claims at issue, as a matter of law.  As the non-

moving party Hutchins has offered at least 20 genuine disputed issues as to material fact.

The pleadings, depositions, answers to interrogatories and admissions on file, together

with the affidavits Hutchins, Steven Lindseth and the discredited Attorney Skaar, who

has removed himself from the case, clearly show that there are genuine issue as to

material fact.

Respectfully submitted,

Donald C. Hutchins, Pro Se

Dated: March 28, 2007

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 734-2625

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402. Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103: John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: March 28, 2007

Donald C. Hutchins

5