UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD C. HUTCHINS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE, INC. )<br>and )<br>COMPLIENT CORPORATION )<br>)<br>Defendants )<br>) | Civil Action: **04-30126-MAP** |

**PLAINTIFF'S DONALD C. HUTCHINS' ANSWER AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P.56**

**INTRODUCTION**

Plaintiff Donald C. Hutchins, ("Hutchins") submits this memorandum in opposition to Defendant Cardiac Science Inc, ("Cardiac Science") Motion for Summary Judgment. On March 28, 2007 Hutchins filed a Local Rule 56.1 Statement of Disputed Material Facts that included 20 issues currently in dispute. Because there is no basis for granting summary judgment to defendant under Federal Rule of Civil Procedure 56, defendant's motion should be denied to allow plaintiff to bring these disputed material facts before a jury at the trial scheduled for September 10, 2007.

1.  Plaintiff's claims of copyright infringement must succeed because the facts show that Cardiac Science continued to infringe Hutchins' Copyright Registration No. TXu-213-859 and Hutchins' Copyright Registration No. TXu-210-208 prior to their sale to the Aristotle Corporation ("Aristotle").

2. Plaintiff's claims of patent infringement must succeed because the facts show that Cardiac Science had no license rights to any of Hutchins' patents and trademarks that Cardiac Science misrepresented and illegally sold to Aristotle for $1,875,000.

3. Plaintiff's claims of patent infringement must succeed because the facts show that Cardiac Science and the Complient Corporation ("Complient") have attempted to confiscate Hutchins' intellectual properties through the use of the Courts as threatened by Defendants' attorneys prior to the time the Complaint was filed.

4. Plaintiff's claims of tortious interference with contract must succeed based on admitted fact the Complient stockholders under rules of the APA relinquished stock held in trust back to Cardiac Science as indemnification to Cardiac Science as a result of this infringement action 04-30126-MAP ("126"). This indemnification was intended to be held by Cardiac Science to pay damages to Hutchins pending the outcome of this action.

## MATERIAL FACTS

On March 28, 2007 Hutchins filed a Local Rule 56.1 Statement of Disputed Material Facts that included 20 issues currently in dispute. Pursuant to Local Rule 56.1, these are genuine issues of material fact to be tried before the jury scheduled for September 10, 2007.

## SCHEDULING ORDER

In its Scheduling Order of February 9, 2007 the Court acknowledged the previous transgressions of Randall T. Skaar, counsel for Cardiac Science and allowed the

2

Defendant to re-submit its Motion for Summary Judgment, "with a factual underpinning that fully corresponds to the real situation confronting the parties." While Cardiac Science appears to have removed Attorney Skaar from this case, the counsel in relief is pitching the same misrepresentations when he contends that there are no genuine disputed issues of material facts. In opposition to this Motion for Summary Judgment Hutchins filed a Local Rule 56.1 Statement of Disputed Material Facts that included 20 issues currently in dispute. It is clear that Cardiac Science has not met the Court's test for a "factual underpinning that fully corresponds to the real situation."

Hutchins appreciates the opportunity to present these disputed facts to a jury. Let a jury measure whether Attorney Skaar's early misrepresentations were substantial to the point of hurting Hutchins and extending this action in a timetable beyond reason. Let a jury consider the 3 million-dollar indemnification from Complient to Cardiac Science as a result of '126. Let a jury reflect on the Asset Sale of Hutchins' intellectual properties to Aristotle for $1,875,000 through an Agreement that lacked any mention of Hutchins, the bogus CPR LP or the 1994 License Agreement. The jury will quickly realize that in 2004 Cardiac Science gained a total windfall of about 5 million dollars at Hutchins' expense while at the same time concealing these transactions from the Court.

## LEGAL STANDARD FOR DENIAL OF SUMMARY JUDGMENT

Local Rule 56.1 states in part, "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contending that there is a genuine issue to be tried." Hutchins accomplished this on March 28, 2007 when he filed a Local Rule 56.1 Statement of Disputed Material Facts that included 20 issues currently in dispute.

## CONCLUSION

For the reasons set forth above and as testified to by Donald C. Hutchins in his many affidavits, Plaintiff respectfully submits that the Defendant, Cardiac Science Inc. is not entitled to Summary Judgment on any claims at issue, as a matter of law because there are genuine issues to be tried.

                                                  Respectfully submitted

                                                  The Plaintiff
                                                  Donald C. Hutchins, Pro Se

Dated: March 28, 2007

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606
(413) 739-4060 (facsimile)

## CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate parties by sending a copy by United States mail to: Randall T. Skaar, Esq. Patterson, Thuente, Skaar & Christensen, P.A., 4800 IDS Center, 80 South 8th St. Minneapolis, Minnesota; 55402, Paul H. Rothschild, Esq. Bacon & Wilson, P.C., 33 State St., Springfield, MA 01103; John J. Egan Esq., Egan, Flanagan and Cohen, P.C., 67 Market St., Springfield, MA 01102-9035

Dated: 3/28/07

                                                  Donald C. Hutchins