UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HUTCHINS ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action: **04-30126-MAP** |
| ) | |
| v. ) | |
| ) | |
| CARDIAC SCIENCE, INC., et. al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT PURSUANT TO RULE 60(b)(2)(3)(5)(6) AND RULE 56(d)((g)**

Plaintiff, Donald C. Hutchins ("Hutchins") hereby respectfully moves this Court pursuant to Rule 60(b)(2)(3)(5)(6) and Rule 56(d)(g) of the Federal Rules of Civil Procedure for Relief from Judgment entered September 27, 2006 ("Judgement") granting Defendant, the Complient Corporation's ("Complient") Motion for Summary Judgment.

**I.    RULE 60. RELIEF FROM JUDGMENT OR ORDER**

    A.    Rule 60(b)(2) on Motion the Court may relieve Hutchins of this judgement upon newly discovered evidence. Scheduling Order [248] dated February 9, 2007 shows that Cardiac Science has admitted to misrepresentations discovered by Hutchins after the court's June 23, 2005 Order allowing Cardiac Science's Motion for Summary Judgment. Two examples of misrepresentations currently included in the case file are the indemnification by Complient and the sale to the Aristotle Corp. in which

2

both Cardiac Science and Complient were participants. The concealment of these documents and the gag rule on Hutchins on Motion from Cardiac Science severely restricted Hutchins' effort to oppose Complient's Motion for Summary Judgment.

B. Rule 60(b)(3), on Motion the Court may relieve Hutchins of this judgement upon misrepresentation or other misconduct of an adverse party. Attorney Skaar played the role as spokesman for both Cardiac Science and Complient regarding the Asset Purchase Agreement ("APA") in docketed [8] [9] [10] [11] [13] and at a Hearing before this Court on September 9, 2004 ("9/9 Hearing"). The transcript of this hearing and Complient's legal billing records clearly indicate that Attorney Skaar conspired with Complient and argued the mutual defense of both parties as a legal authority on the APA. Attorney Skaar has admitted that he did not represent Cardiac Science in preparing the APA and had had no exposure to the 1994 License Agreement now in contention. Evidence from the case file and Scheduling Order [248] are proof that Attorney Skaar misrepresented his knowledge of the APA and used legal defenses supplied by Complient. Rule 60(b)(3) provides relief for the misconduct of Attorney Skaar while he represented the interests of Complient.

C. Rule 60(b)(5) on Motion the Court may relieve Hutchins of this judgement upon knowledge that a prior judgment on which it (it being Complient's allowed Summary Judgment) is based and is no longer equitable that the judgment should have a prospective application. Complient's Motion for

3

Summary Judgment used what Complient incorrectly refers to as a "final judgment" in the Ohio Case in terms of *res judicata* as its primarily foundation of support. The Court's Memorandum of September 27, 2006 allots a significant number of pages weighing the disputed issues of *res judicata*, privity, default judgments, language of contracts, etc. in terms of Ohio law. These same issues were before this Court prior to the filing of Ohio CV0540066 ("066") as confirmed by Attorney Skaar on page 29, line 11 through 14 of the Transcript for the '9/9 Hearing attached herein as Exhibit A. It is clear that Hutchins was first to file Civil Action: 04-30126-MAP ("126") over Ohio '066 in Ohio. Judge Gallagher extended Ohio '066 for months while awaiting resolution of federal '126. A trial was set for December 12, 2005. However in August 2005 Judge Gallagher succumbed to the political power of the Lindseth family in Cleveland and allowed Complient's summary judgment motion with no hearing or other form of litigation.

D. Rule 60(b)(6) on Motion the Court may relieve Hutchins of this judgement for any other reason justifying relief. Here are three additional reasons of significance that prohibit applying '066 to '126 in terms of *res judicata*: (1) On March 23, 2006 the Appeals Court of the Eighth District remanded Ohio '066 to the originating Pleas Court saying that the judgment is not final because Hutchins' cross claims were never adjudicated. (2) The Supreme Court of Ohio is hearing the originating Ohio action '066 as Appeals Case No. 2006-2190. (3) Originating '066 is now on Writ of

4

Certiorari before the United States Supreme Court as Case No. 06-1102. Complient has notified the Supreme Court that it will not oppose the constitutional questions posed by Hutchins. These questions ask whether a state court damage action be allowed to obstruct ongoing federal patent litigation.

## II. RULE 56(d)((g) RELIEF FROM JUDGMENT OR ORDER

    A.    Rule 56(d) on Motion the Court may relieve Hutchins of this judgement when judgment is not rendered upon the whole case. The Court's Scheduling Order dated February 9, 2007 recognizes Attorney Skaar's transgressions. Due to these transgressions the Court has established dates for a Summary Judgment filing and a trial commencing September 10, 2007

    B.    Rule 56(g) on Motion the Court may relieve Hutchins of this judgement if affidavits are made in bad faith. Exhibit B attached herein contains the recently discovered Cardiac Science "Request for Indemnification" that was attached to the affidavit of Steven Lindseth to support the Ohio damage claims of '066. Paragraphs 1-5 are self-incriminating for both Complient and Cardiac Science in that they state the basis for the indemnification to be Hutchins' claims in federal '126 and for the restitution of stock from the APA trustee to Cardiac Science. Exhibit B refutes the testimony of Attorney Skaar at the '9/9 Hearing when he said that Cardiac Science did not control the trusted stock and could not retrieve these monies to pay damages to Hutchins in '126.


## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

The defendant Complient Corporation must establish, on a motion for summary judgment, that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. id. at 324. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 30 (1st Cir. 1990) (citing Fed R. Civ. P.56( c )). Complient did not meet this standard when it gained its summary judgment.

## IV. GENUINE ISSUES OF MATERIAL FACT WERE NEVER TRIED

Hutchins presented pleadings, depositions, answers to interrogatories, admissions, together with affidavits, that show that there were genuine issues of material fact to preclude this summary judgment as a matter of law. The multitude of genuine issues of fact that remain in dispute between the parties and unresolved by this Court are easily understood through the examination of Exhibit A and B attached:

    A.    Whether Complient ever properly transferred Hutchins' intellectual properties to Cardiac Science? Judge Ponsor posed this question as recorded on page 37, lines 4-10 of Transcript Exhibit A. Hutchins believes that these properties were not properly transferred and he retains ownership and control of these properties placing Cardiac Science in the position of infringer and the sale to the Aristotle Corporation, an act of

6

larceny. Complient has continually opposed Hutchins on this material fact.

B. "What kind of beast is Complient?" Judge Ponsor posed this disputed fact on Page 10, line 1 of Exhibit A. Hutchins agrees with the Court's answer on line 24, "It's an assembly of people and other entities working together some kind of partnership." Attorney Skaar expresses his confusion on lines 5-8 of page 29 when he answers, They call themselves a corporation, but they are as a corporation a general partnership I believe in another entity and it is complicated but I don't think it's necessarily relevant to what's going on today." Attorney Skaar fails to understand the legal make-up and independence of the Complient Corporation and CPR LP are vital genuine issues of disputed fact. The true corporate identity of the entity that transferred Hutchins' property to Cardiac Science is the $3,795,000 question that all the parties have demanded a jury to decide. See Exhibit B, ¶5.

C. Whether the APA was a triggering event that would pay Hutchins 7 ½ percent of each investors' return under section 3.10 of the 1994 License Agreement. Attorney Skaar as recorded on lines 9-13 of page 30 of Exhibit A and Complient states that the transfer with the APA was not a triggering event. Hutchins disagrees making this a genuine issue of disputed fact.

D. The Court recognized another issue of disputed fact as reported on Page 33, lines 3-6 that observes, "Even if Mr. Hutchins eventually obtained a

7

judgment from you, you would not be able to pay that judgment out of the stock that you pledge to Complient."Attorney Skaar misleads the Court with his answer, "that's correct." Attorney Skaar was not truthful as disclosed in Exhibit B, the Request for Indemnification that Attorney Skaar served upon Complient shortly after the Hearing. Cardiac Science received the indemnification and concealed it with other funds upon the sale to the Quinton Corporation. As a result, monies from Complient destined for Hutchins have disappeared.

E. Hutchins disputes whether this Court should have dismissed the counter claims posed by Complient in their Motion for Summary Judgment. This Court never addressed these counterclaims and the counterclaims contained many genuine issues of disputed fact. Hutchins was denied the opportunity to litigate these disputed facts when Complient was allowed to withdraw the counterclaims without prejudice.

F. Hutchins disputes Complient's allegation that federal Case '126 was sufficiently analogous to Ohio '066 to be used in terms of *res judicata*. The parties to '066 and '126 are different. There are federal infringement, contract and fraud claims in '126. The only claim that was made by Complient in '066 was the tortious interference damage claim against Hutchins for filing the '126 infringement action against Cardiac Science.

G. The only remotely similar question addressed by '066 is found in paragraph 23/24 of the Complaint:

> 23. An actual and justifiable controversy exists between Complient and the Defendants with respect to the construction and effect of Section

8

> 3.10 of the License Agreement of which declaratory relief is necessary.
>
> 24. A declaration is therefore necessary and appropriate under these circumstances in order that Complient may ascertain the construction and effect of Section 3:10 of the License Agreement.

Complient asked Judge Gallagher to consider justifiable questions of disputed fact when it filed '066. Hutchins adversarial counterclaim was never heard and these questions of disputed fact were never litigated in Judge Gallagher's Court. The only documentation submitted by Complient to gain Summary Judgment in '126 was a copy a judgment in '066 that is not a final judgment.

H.  Among the genuine issues of disputed fact never addressed in either '066 or '126 prior to the time Complient gained this Summary Judgment are: The relationship of CPR LP to the 1994 License Agreement and the APA between Cardiac Science, CPR LP and Complient; The representations that Cardiac Science and Complient are legal entities before the law; The misrepresentations involving disputed facts stated by Attorney Skaar as spokesman for Cardiac Science, CPR LP and Complient; The concealment of the Aristotle sale by both Complient and Cardiac Science; The misrepresentation of Complient as a corporate entity that Hutchins has consistently claimed to be a group of venture capitalists hiding under the disguise of various partnerships.

It should be noted that the Complient investors who actually indemnified Cardiac Science under terms of APA have never filed a damage claim or counterclaim in '126 against Hutchins.

V.   **CONCLUSION**

Page 36, lines 14-23 of the Transcript for the '9/9 Hearing attached herein as Exhibit A recite the following

MR. SKAAR: And again this screams all for Complient to be here because really this needs to be -- he is alleging that breach happened when Complient owned it, and I think if Mr. Hutchins can get through all this and show that in fact he did take his IP back, then he could sue for patent infringement because we wouldn't have a viable license. Of course, we'd sue Complient for indemnification because we just paid a bunch of money for it, but this is way too premature."

Hutchins and Attorney Skaar are in total agreement when Attorney Skaar says that Complient needs to be here. Hutchins has gotten "through all this" and is prepared to offer facts to a jury that should get his IP back. Case '126 was filed as and continues to be an infringement suit.

The Scheduling Order of February 9, 2007 [248] that recognized Hutchins' rights to the jury trial expressed the Court's disappointment that a settlement was not reached. The settlement suggested by Judge Ponsor was doomed at its inception because Attorney Skaar was asked to answer for both the defendants. However, Complient had nothing to gain in the settlement as it salivated over the seizure of Hutchins' home. Complient is dissolved and its investors had already paid the three million-dollar indemnity to Cardiac Science.

Hutchins prays that this Court will grant his Motion for Relief from the Judgment entered September 27, 2006. Between the sale to Aristotle and the indemnification from the Complient stockholders, Cardiac Science is holding over 5 million dollars of ill-gotten gains. A jury is in the best position to examine the disputed facts and decide the

10

valid beneficiary of the indemnification and the proceeds from the sale of Hutchins' properties to the Aristotle Corporation.

Dated April 3, 2007

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

1047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

CERTIFICATE OF SERVICE

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to: John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035. Jeffrey Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: April 3, 2007

Donald C. Hutchins

11