UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS, | ) | Civil Action:  04-30126-MAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE MICHAEL A. PONSOR |
| v. | ) | |
| | ) | |
| CARDIAC SCIENCE, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT**

On April 3, 2007, Plaintiff, Donald C. Hutchins, filed a motion, pursuant to various provisions of Fed. R. Civ. P. 60(b) and 56, requesting relief from the Order of this Court granting summary judgment to Defendant, Complient Corporation (the "Motion").  Hutchins' Motion demonstrates a fundamental misunderstanding of Rules 60 and 56.  His Motion should be denied because all of the "evidence" he presents in his Motion either was before this Court prior to its decision on Complient's Motion for Summary Judgment or is irrelevant and does not entitle him to relief.

Moreover, this is the *second* motion for relief that Hutchins has filed with respect to the summary judgment awarded to Complient.  Hutchins' first motion for relief, filed on October 18, 2006, alleged the existence of "newly discovered evidence" under Fed. R. Civ. P. 60(b)(2).  This

Court denied Hutchins' first motion for relief on February 9, 2007.  Undeterred, Hutchins has

based his current Motion, at least in part, on the same "evidence" presented in his first motion.

Accordingly, the issue of whether the majority of Hutchins' "newly discovered evidence"

entitles him to relief from Complient's award of summary judgment already has been decided

against Hutchins.  This Court should deny Hutchins' Motion for that reason, as well as those set

forth below.

## I.    LAW AND ANALYSIS

### A.    Hutchins' Motion Should Be Denied Under Rule 60(b).

Hutchins bases his Motion, in part, on various subsections of Rule 60(b), which provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered
> Evidence; Fraud, Etc. On motion and upon such terms as are just,
> the court may relieve a party or a party's legal representative from
> a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has been
> reversed or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any other
> reason justifying relief from the operation of the judgment. The
> motion shall be made within a reasonable time, and for reasons (1),
> (2), and (3) not more than one year after the judgment, order, or
> proceeding was entered or taken.

Specifically, Hutchins has based his Motion on Rule 60(b)(2) (newly discovered evidence); Rule

60(b)(3) (misconduct of an adverse party); Rule 60(b)(5) (invalidation of a prior judgment upon

which judgment is based, etc.); and Rule 60(b)(6) (the catch-all provision).  However, Hutchins'

Motion should be denied because: (1) all "evidence" raised by Hutchins in his Motion was

before this Court at the time Complient's Motion for Summary Judgment was adjudicated,

including the alleged misconduct of the attorneys for Defendant, Cardiac Science, Inc

("Cardiac"); (2) the Ohio judgment upon which summary judgment in this matter was partly based is ***not*** void, in spite of Hutchins' contentions to the contrary, and is an operative, enforceable order; and (3) even if Hutchins' numerous, overlapping appeals of a judgment rendered to Complient by an Ohio state court against Hutchins somehow entitled him to Rule 60 relief in this case, which they do not, ***all*** of those appeals have been dismissed by the Ohio appellate courts in question, and the United States Supreme Court has ***denied*** Hutchins' Petition for a Writ of Certiorari.

> **1.     Hutchins is Not Entitled to Relief Under Rule 60(b)(2) Because he Has Not Presented Any "Newly-Discovered Evidence."**

Under Rule 60(b)(2), a party moving for relief from summary judgment must persuade the district court that it meets ***all*** of the following requirements: "(1) the evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted." U.S. Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 52 (1st Cir. 2002) (citing Mitchell v. United States, 141 F.3d 8, 18 (1st Cir. 1998)).  Although Hutchins seeks relief from summary judgment rather than a trial, the "standard for relief under Rule 60(b)(2) is equally applicable to evidence discovered after a summary judgment." U.S. Steel, 315 F.3d at 52 n.9.

In his Motion, Hutchins cites two pieces of alleged "newly discovered evidence:" (1) the fact that Complient indemnified Cardiac with respect to certain costs incurred in defending this lawsuit; and (2) the sale of certain assets by Cardiac to a company called The Aristotle Corporation ("Aristotle").[1]  However, both of these pieces of "evidence" were before this Court

---

[1] The alleged Aristotle sale served as a basis for Hutchins' first motion for relief from Complient's summary judgment award.  See Motion for Relief from Summary Judgment ("First

at the time that Complient was granted summary judgment.  <u>See</u>, <u>e.g.</u>, Memorandum in Support of Plaintiff's Motion for an Emergency Temporary Restraining Order [Docket No. 97] (filed September 12, 2005), at 2-3 (stating that Complient had indemnified Cardiac); September 29, 2006 Memorandum and Order ("Court Order") [Docket No. 217], at 6 n. 3 ("Cardiac Science issued a demand for indemnity to Complient based on Plaintiff's Complaint"); Court Order, at 6 ("It now appears undisputed that on August 11, 2004, Cardiac Science conveyed its interest in the License Agreement to Aristotle Corporation.").    Accordingly, this alleged "newly discovered" evidence was not only known to Hutchins prior to the award of summary judgment to Complient, but it was presented to this Court time and time again.  For that reason alone, Hutchins' reliance on Rule 60(b)(2) is misplaced.

Moreover, this "evidence" is not "of such a nature that it would probably change the result were a new trial to be granted."  <u>U.S. Steel</u>, 315 F.3d at 52.   Whether Complient indemnified Cardiac for costs incurred with respect to this lawsuit has no bearing on Complient's liability herein.   The indemnification was the result of a contractual relationship between Complient and Cardiac based on the **nature** of Hutchins' claims, but informs nothing with respect to the **merits** of those claims.

Further, whether Cardiac sold its assets to Aristotle, or any other party, has nothing at all to do with Complient.  Accordingly, even if this "evidence" were indeed "newly discovered," which it clearly is not, Hutchins still is not entitled to relief under Rule 60(b)(2) because the

---

Motion for Relief") [Docket No. 227] (filed October 18, 2006), at 3.  This Court denied that motion on February 9, 2007.  Accordingly, the question whether this "newly discovered evidence" entitles Hutchins to relief already has been decided against Hutchins.  For this reason also, Hutchins' Motion should be denied, to the extent it is based on Rule 60(b)(2).

"evidence" he presents in his Motion has no relevance to Hutchins' claims against Complient.

Accordingly, Hutchins' Motion should be denied to the extent it relies on Rule 60(b)(2).

> **2.    Hutchins is Not Entitled to Relief Under Rule 60(b)(3) Because the Misconduct he Alleges was Before this Court at the Time of Summary Judgment and Has Nothing to do With Complient in any Event.**

In order to gain relief from judgment under Rule 60(b)(3), a movant must show, *inter alia*, that misconduct by an adverse party "foreclosed full and fair preparation or presentation of his case." <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 21 (1st Cir. 2002). Hutchins cites as "misconduct" certain alleged misrepresentations made by one of the attorneys representing *Cardiac*, with respect to whether *Cardiac* still was the owner of the license to Hutchins' patents at a certain point during the pendency of this litigation.[2] <u>See</u> Motion for Relief, at 3.

First, the attorney in question never represented Complient in this matter, and thus, his alleged misrepresentations cannot be imputed to Complient. Moreover, as stated above, the fact that Cardiac sold certain of its assets to Aristotle was "evidence" that was before this Court at the time it granted summary judgment to Complient. Accordingly, it was available for this Court's consideration at that time and cannot now warrant relief to Hutchins post-judgment.

Further, as stated above, whether Cardiac still owns the license to Hutchins' patents, or whether it has passed it to another entity, is irrelevant to Hutchins' claims *against Complient*. It is undisputed that Complient sold certain of its assets to Cardiac prior to the filing of this lawsuit. What Cardiac did with those assets subsequently is unbeknownst, and irrelevant, to Complient. Accordingly, Hutchins' Motion should be denied to the extent it is based on Rule 60(b)(3).

---

[2] Although Hutchins' first motion for relief cited Rule 60(b)(2), and not Rule 60(b)(3), he nonetheless raised these same alleged misrepresentations in that motion as well. <u>See</u> First Motion for Relief, at 3. Because this Court already has found that these alleged misrepresentations by Cardiac did not entitle Hutchins to relief from the judgment to Complient, Hutchins' current Motion should be denied as well, to the extent it is based on those same alleged misrepresentations.

3.     **Hutchins is Not Entitled to Relief Under Rule 60(b)(5) Because the Ohio Judgment Upon Which this Court's Summary Judgment Order was Partly Based is Valid.**

Moreover, Hutchins claims that he is entitled to relief under Rule 60(b)(5) because the state court order upon which the summary judgment in favor of Complient partly was based was not a final order. Hutchins is wrong.

In late 2005, the Cuyahoga County, Ohio, Court of Common Pleas issued a judgment in favor of Complient against Hutchins, and entered a monetary award of approximately $278,000.00, with an amount of attorneys' fees to be determined. This order was, and is, valid, and never has been reversed, vacated, or stayed by ***any*** court.

Prior to the determination of attorneys' fees, however, Hutchins prematurely attempted to appeal the decision to the Ohio Court of Appeals. Because the amount of attorneys' fees to be awarded was still an open question before the trial court at that time, the order, although valid and enforceable, was not yet appealable. Accordingly, the Ohio Court of Appeals dismissed the appeal, on purely procedural grounds, as premature. Hutchins curiously attempted to appeal that procedural decision of the Ohio Court of Appeals to the Ohio Supreme Court, which declined jurisdiction and likewise dismissed the appeal.

On July 19, 2006, after a hearing on attorneys' fees, the Ohio trial court entered an award of attorneys' fees to Complient; issued a final, appealable order; and closed the case. Although Hutchins has filed various notices of appeal of the Ohio court's order, all appeals have been dismissed and the court's ruling has never been reversed, vacated, or stayed by any court. Accordingly, there is no question that the judgment of the Ohio trial court is valid. The fact that Hutchins originally appealed that court's decision prematurely, thereby eliciting a decision from the Ohio Court of Appeals that the matter was not yet appealable, has no bearing on the ***validity***

of the judgment.  Therefore, to the extent Hutchins' Motion is based on Rule 60(b)(5), it must be dismissed.

### 4.    Hutchins is Not Entitled to Relief Under Rule 60(b)(6).

Hutchins' reliance on Rule 60(b)(6) to demonstrate the propriety of post-judgment relief is related to his reliance of Rule 60(b)(5).  Specifically, Hutchins alleges that he is entitled to Rule 60(b)(6) relief because the Ohio judgment upon which this Court's award of summary judgment to Complient was partly based is currently on appeal in the United States Supreme Court and the Supreme Court of Ohio.  Hutchins seems to imply that he should be entitled to relief because one (or both) of those Supreme Courts might invalidate Complient's judgment against Hutchins.[3]   However, because neither of those Supreme Courts ever has accepted jurisdiction over any of Hutchins' appeals, and because those appeals **all** now have been dismissed, Hutchins' Motion for Relief should be denied.

Hutchins' reference to cases allegedly pending in the Supreme Courts of the United States and Ohio shows a fundamental misunderstanding of the nature of those courts' jurisdiction, if not an intentional effort to confuse and mislead this Court.  As stated above, neither of those Supreme Courts ever has accepted jurisdiction of any of Hutchins' numerous appeals, and there currently is nothing — and there never was **any** appeal — pending between Complient and Hutchins in either Court.

---

[3] Hutchins raised this same argument (i.e., that an appeal of the Ohio case entitles him to relief from Complient's award of summary judgment) in his First Motion for Relief, albeit under Rule 60(b)(2) instead of Rule 60(b)(6).  See First Motion for Relief, at 5-6.  Because this Court already has denied Hutchins' argument that the existence of pending appeals entitles him to relief from summary judgment, Hutchins' current Motion should be denied as well to the extent it is based on that theory.

When the Ohio Supreme Court declined jurisdiction over Hutchins' premature appeal, as referenced above, Hutchins, undeterred, filed a Petition for Writ of Certiorari with the United States Supreme Court. Because the only justiciable issue involved in that case was whether a particular order of an Ohio state trial court was a "final, appealable order" — a purely state law issue with no federal nexus or overall federal importance — Complient declined to respond to Hutchins' Petition and filed a waiver with the Court that indicated it would not file a brief unless the Court requested one. As this Court no doubt is aware, a respondent's decision to waive its right to respond to a Petition for Writ of Certiorari is routine in instances where the Supreme Court is unlikely to be interested in the case, and certainly not unusual, as Hutchins suggests. Moreover, although the clerk of the Supreme Court "docketed" Hutchins' Petition as <u>Donald C. Hutchins v. Complient Corp</u>., Case No. 2006-1102, the Supreme Court ***denied*** the Petition on April 16, 2007. Accordingly, there never was any case "pending" between Hutchins and Complient in the U.S. Supreme Court.

Furthermore, there likewise is not currently, and never was, any case pending between Hutchins and Complient in the Supreme Court of Ohio. Hutchins had attempted to appeal the July 19, 2006 final, appealable order of the Ohio trial court (issued after the above-referenced hearing on attorneys' fees) to the Ohio Court of Appeals. However, Hutchins filed his appeal from that final order late. Accordingly, the Ohio Court of Appeals dismissed the appeal. In response to that dismissal, Hutchins, again, filed a Memorandum in Support of Jurisdiction with the Ohio Supreme Court, which Complient opposed. The Ohio Supreme Court declined jurisdiction and dismissed Hutchins' appeal, without comment, on March 14, 2007. Prior to its denial, the Memorandum in Support of Jurisdiction had been docketed before the Ohio Supreme Court as Case No. 2006-2190.

Accordingly, the appeals referenced by Hutchins were all dismissed and are, in any event, irrelevant to this proceeding. There currently are no appeals pending between Complient and Hutchins in any court and, therefore, Hutchins' Motion for Relief should be denied, to the extent it relies on Rule 60(b)(6), because he has failed to demonstrate "any other reason justifying relief from the operation of the judgment."

**B.      Hutchins' Motion, to the Extent it Relies on Rule 56, Should Be Denied.**

Hutchins also bases his Motion for Relief, in part, on various subsections of Rule 56, including Rule 56(d) (judgment not rendered on the whole case); and Rule 56(g) (bad faith affidavits). However, Hutchins' Motion should be denied because (1) Rule 56(d) is inapplicable, does not provide for post-judgment relief, and has no bearing on Complient's summary judgment in any event; and (2) the affidavit at issue was not submitted in support of Complient's Motion for Summary Judgment, is accurate, and does not support Hutchins' theory of liability against Complient.

**1.      Hutchins' Reliance on Rule 56(d) is Misplaced and Puzzling.**

Hutchins argues that he is entitled to post-judgment relief under Fed. R. Civ. P. 56(d) because this Court did not dispose of all pending claims at the time it granted summary judgment to Complient. In other words, Hutchins seems to want to impose an "all or nothing" proposition on this Court, requiring it either to extinguish all pending claims on summary judgment or none of them. Obviously, Hutchins completely misunderstands the meaning of Rule 56(d), as such a requirement would be contrary to that section's text.

Specifically, Section 56(d) provides:

> (d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and

> by interrogating counsel, shall if practicable ascertain what
> material facts exist without substantial controversy and what
> material facts are actually and in good faith controverted. It shall
> thereupon make an order specifying the facts that appear without
> substantial controversy, including the extent to which the amount
> of damages or other relief is not in controversy, and directing such
> further proceedings in the action as are just. Upon the trial of the
> action the facts so specified shall be deemed established, and the
> trial shall be conducted accordingly.

Fed. R. Civ. 56(d). Obviously, what this section provides is that when a court grants summary judgment to fewer than all defendants, or grants a partial summary judgment with respect to some of the outstanding claims, but not all of them, the Court shall schedule the remaining claims for trial. That is exactly what this Court has done in this instance. Accordingly, Hutchins' Motion, to the extent it relies on Rule 56(d) for relief, should be denied.

### 2.     Hutchins is Not Entitled to Relief Under 56(g).

Lastly, Hutchins argues that he is entitled to relief under Fed. R. Civ. P. 56(g) because an affidavit that was submitted by Steven Lindseth, a representative of Complient, incriminated Complient in this action. Hutchins is wrong.

Section 56(g) provides:

> (g) Affidavits Made in Bad Faith. Should it appear to the
> satisfaction of the court at any time that any of the affidavits
> presented pursuant to this rule are presented in bad faith or solely
> for the purpose of delay, the court shall forthwith order the party
> employing them to pay to the other party the amount of the
> reasonable expenses which the filing of the affidavits caused the
> other party to incur, including reasonable attorney's fees, and any
> offending party or attorney may be adjudged guilty of contempt.

Fed. R. Civ. P. 56(g). First of all, this section does not provide a basis for post-judgment relief. Rather, it merely provides that if a party should submit an affidavit in bad faith in support of its motion for summary judgment, the Court, in addition to denying the motion, shall order the party

providing the affidavit to pay whatever costs the other party incurred in opposing that affidavit. Accordingly, Hutchins' Motion for Relief should be denied.

Furthermore, Rule 56(g) is inapplicable in this instance because the affidavit of which Hutchins complains was not "presented pursuant to [Rule 56]." Fed. R. Civ. P. 56(g). Rather, Hutchins alleges that the affidavit in question was presented in the underlying Ohio state court case, referenced above. <u>See</u> Motion for Relief, at 5 ("Exhibit B attached herein [sic] contains the recently discovered Cardiac Science "Request for Indemnification" that was attached to the affidavit of Steven Lindeseth ***to support the Ohio damage claims*** of [the Ohio case]." (Emphasis added).

Moreover, Hutchins does not even argue that the affidavit is inaccurate and, therefore, it cannot be said to have been made in "bad faith." Indeed, Hutchins argues only that the affidavit is "self-incriminating," but does not argue that Mr. Lindseth's declarations are untrue. Motion for Relief, at 5. Accordingly, the affidavit does not violate the strictures of Rule 56(g) because there is no indication, and no allegation, that the affidavit contains any misrepresentations.

Lastly, the affidavit has no bearing whatsoever on Hutchins' claims against Complient in this case. Specifically, Hutchins alleges that "Paragraphs 1-5 [of the affidavit] are self-incriminating for both Complient and Cardiac Science in that they state the basis for the indemnification to be Hutchins' claims in [this case] and for the restitution of stock from the APA trustee to Cardiac Science." Motion for Relief, at 5. In other words, Hutchins appears to be arguing, again, that because Mr. Lindseth declared in his affidavit that indemnification payments were made to Cardiac as a result of Hutchins filing this lawsuit, Hutchins' claims against Complient necessarily have merit. As explained above, such a leap is illogical. Whether

Complient indemnified Cardiac speaks only to the contractual relationship between the two entities and informs nothing with respect to the *merits* of Hutchins' claims.

## II.     CONCLUSION

For the foregoing reasons, Hutchins' Motion for Relief should be denied.

Respectfully submitted,

_____*s/ Colleen M. O'Neil*_____
WILLIAM E. COUGHLIN (0010874)
COLLEEN MORAN O'NEIL (0066576)
JEFFREY J. LAUDERDALE (0074859)
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio  44114
(216) 622-8200
(216) 241-0816 (facsimile)

JOHN J. EGAN (151680)
EGAN, FLANAGAN & COHEN, P.C.
PO Box 9035
67 Market Street
Springfield, MA  01102-9035
(216) 622-8200
(216) 241-0816 (facsimile)

Attorneys for Defendant,
Complient Corporation

## CERTIFICATE OF SERVICE

I certify that, on April 18, 2007, I electronically filed a copy of the foregoing Defendant Complient Corporation's Memorandum in Opposition to Motion for Relief from Summary Judgment and that parties to the case, registered with the Court's electronic filing system, will receive electronic notice of such filing.  A copy of the foregoing was also served upon the following, via first-class U.S. mail, on today's date:

> Mr. Donald C. Hutchins
> 1047 Longmeadow Street
> Longmeadow, Massachusetts 01106
>
> Plaintiff, *Pro Se*

> ___*s/ Colleen M. O'Neil*_____
> One of the Attorneys for Defendant,
> Complient Corporation