UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action: **04-30126-MAP** |
| CARDIAC SCIENCE, INC., et. al., | ) ) ) | |
| Defendants | ) ) ) | |

## PLAINTIFF'S ANSWER AND OBJECTIONS TO MISREPRESENTATIONS CONTAINED IN COMPLIENT CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT

Plaintiff, Donald C. Hutchins ("Hutchins") objects to the misrepresentations contained in Complient Corporation's ("Complient") Memorandum in Opposition to Plaintiff's Motion for Relief from Summary Judgment. These misrepresentations by Complient include in part:

A.    In its memorandum Complient misrepresents to the Court the fact claimed in

Hutchins' Motion that Scheduling Order [248] dated February 9, 2007 shows that

Cardiac Science has admitted to misrepresentations discovered by Hutchins after

the court's June 23, 2005 Order allowing Cardiac Science's Motion for Summary

Judgment. The accuracy of Hutchins' allegation is easily understood with a

simple reading of the calendar dates of these events.

B.    In its memorandum Complient misrepresents to the Court the fact claimed in

Hutchins' Motion that Attorney Skaar played the role as spokesman for both

Cardiac Science and Complient regarding the Asset Purchase Agreement

("APA") in docketed [8] [9] [10] [11] [13] and at a Hearing before this Court on September 9, 2004 ("9/9 Hearing").  Rule 60(b)(3) provides relief for the misconduct of Attorney Skaar while he represented the interests of Complient.

C.    In its memorandum Complient misrepresents to the Court the fact claimed in Hutchins' Motion that Rule 60(b)(5) applies because these same issues were before this Court prior to the filing of Ohio CV0540066 ("066") as confirmed by Attorney Skaar on page 29, line 11 through 14 of the Transcript for the '9/9 Hearing.  It is clear that Hutchins was first to file Civil Action: 04-30126-MAP ("126") over Ohio '066 in Ohio.

D.    In its memorandum Complient misrepresents to the Court the fact claimed in Hutchins' Motion that the Court's Scheduling Order dated February 9, 2007 recognizes Attorney Skaar's transgressions.  Due to Attorney Skaar's transgressions Hutchins was denied the opportunity to provide a proper defense against Complient's motion for summary judgment..

E.    In its memorandum Complient misrepresents to the Court the facts claimed in Hutchins' Motion that on March 23, 2006 the Appeals Court of the Eighth District remanded Ohio '066 to the originating Pleas Court saying that the judgment is not final because Hutchins' cross claims were never adjudicated.

Respectfully submitted

The Plaintiff
Donald C. Hutchins, Pro Se

Dated April 24, 2007

4047 Longmeadow Street
Longmeadow, Massachusetts 01106
(413) 567-0606

2

<u>CERTIFICATE OF SERVICE</u>

I, Donald C. Hutchins, 1047 Longmeadow Street, Longmeadow, Massachusetts 01106, hereby certify that I served a copy of the foregoing on the appropriate party by sending a copy by first class mail to: John J. Egan, Esq., Egan, Flanagan and Cohen, P.C., 67 Market Street, Springfield, MA 91102-9035, Jeffrey Lauderdale, Esq., Calfee, Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, OH 44114-2688

Dated: April 24, 2007

Donald C. Hutchins

3